**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| SALEH et al., | ) |
| | ) |
| Plaintiffs, | ) Case No. 05-cv-1165 (JR) |
| v. | ) |
| | ) |
| TITAN et al. | ) |
| Defendants. | ) |
| | ) |

**MOTION OF *SALEH* PLAINTIFFS FOR LEAVE TO AMEND**

Plaintiffs hereby move the Court, pursuant to Federal Rules of Civil Procedure 15(a) and 21, for leave to amend their complaint.

As set forth in the accompanying memorandum of points and authorities, the Third Amended Complaint reflects the impact of the Court's August 12, 2005 Order in the related *Ibrahim v. Titan Corp*., No. 04-1248 (JR) action, adds additional parties, serves as Plaintiff Hadod's amended complaint permitted by that order, and reflects the change in controlling jurisprudence resulting from the transfer to this Court.

Pursuant to Local Rule 7(f), plaintiffs respectfully request oral argument on this motion.

WHEREFORE, plaintiffs respectfully request that the Court grant leave to amend their complaint.

Dated: September 12, 2005
          /s/ Susan L. Burke
Susan L. Burke (D.C. Bar # 414939)
Jonathan H. Pyle (admitted *pro hac vice*)
BURKE PYLE LLC
3527 Lancaster Avenue
Philadelphia, PA 19104
Telephone: (215) 387-4705
Facsimile: (215) 387-4713

Jennifer Green
Judith Brown Chomsky
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, NY 10012
Telephone:     (212) 614-6439
Facsimile:      (212) 614-6499

Shereef Hadi Akeel (admitted *pro hac vice*)
AKEEL & VALENTINE, P.C.
401 South Old Woodward Avenue
Suite 430
Birmingham, MI 48009
Telephone:     (248) 594-9595
Facsimile:      (248) 594-4477

Joseph Margulies
Locke Bowman
MACARTHUR JUSTICE CENTER
UNIVERSITY OF CHICAGO LAW SCHOOL
1111 East 60th Street
Chicago, IL 60637
Telephone:     (773) 702-9560
Facsimile:      (773) 702-0771

Susan Feathers
UNIVERSITY OF PENNSYLVANIA
       LAW SCHOOL
3400 Chestnut Street
Philadelphia, PA 19104-6204
Telephone:     (215) 898-0459
Facsimile:      (215) 573-5808

*Counsel for Plaintiffs and Class Plaintiffs*

## CERTIFICATE OF SERVICE

I, Jonathan H. Pyle, do hereby certify that on the 12th day of September 2005, I caused a true and correct copy of the foregoing Motion of *Saleh* Plaintiffs for Leave To Amend to be served via electronic mail and U.S. First Class Mail, postage prepaid, upon the following individuals at the addresses indicated:

F. Whitten Peters  
Thomas M. Craig  
Williams and Connolly  
725 12th Street, North West  
Washington, DC 20005  
wpeters@wc.com  
*Counsel for Defendant Titan Corp.*

J. William Koegel Jr.  
John F. O'Connor  
Steptoe & Johnson LLP  
1330 Connecticut Avenue, North West  
Washington, DC 20036  
wkoegel@steptoe.com  
*Counsel for Defendants CACI International, CACI Inc. – Federal*

Adam L. Rosman  
Ellen D. Marcus  
Zuckerman Spaeder LLP  
1800 M Street, North West  
Washington, DC 20036  
arosman@zuckerman.com  
*Counsel for Defendant Adel Nakhla*

Henry E. Hockeimer Jr.  
Hangley Aronchick Segal & Pudlin, P.C.  
One Logan Square, 27th Floor  
Philadelphia, PA 19103-6933  
heh@hangley.com  
*Counsel for Defendant Steven Stefanowicz*

James W. Hundley  
Briglia & Hundley, P.C.  
Mosby Professional Building  
10560 Main Street, Suite 314  
Fairfax, VA 22030  
jhundley@briglia-hundley.com  
*Counsel for Defendant Steven Stefanowicz*

Alison L. Doyle  
Shari L. Klevens  
McKenna Long & Aldridge LLP  
1900 K Street, North West  
Washington, DC 20006-1108  
adoyle@mckennalong.com  
*Counsel for Defendant John B. Israel*

Craig T. Jones  
The Candler Building, Suite 410  
127 Peachtree Street, North East  
Atlanta, GA 30303  
cjones@edmondfirm.com  
*Counsel for Ibrahim Plaintiffs*

L. Palmer Foret  
Two Wisconsin Circle  
Suite 660  
Chevy Chase, MD 20815  
LPForet@aol.com  
*Counsel for Ibrahim Plaintiffs*

_____  
Jonathan H. Pyle  
BURKE PYLE LLC  
3527 Lancaster Avenue  
Philadelphia, PA 19104  
Telephone:   (215) 387-4705  
Facsimile:   (215) 387-4713

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| SALEH et al., )<br><br>           Plaintiffs, )<br>v.                                                 )<br>                                                  )<br>TITAN et al.                              )<br>           Defendants.             )<br>                                                  ) | Case No. 05-cv-1165 (JR) |

**MEMORANDUM IN SUPPORT OF THE MOTION OF *SALEH*
PLAINTIFFS FOR LEAVE TO AMEND**

Plaintiffs seek leave under Fed. R. Civ. P. 15(a) and 21 to amend their complaint. The proposed Third Amended Complaint is attached as Exhibit A. The Third Amended Complaint reflects the impact of the Court's August 12, 2005 Order in the related *Ibrahim v. Titan Corp.*, No. 04-1248 (JR) action, serves as plaintiff Hadod's amended complaint permitted by that order, and reflects the change in controlling jurisprudence resulting from the transfer to this Court. Granting leave to file the Third Amended Complaint at this early procedural point in the litigation serves the interests of justice and the parties.

**STATEMENT OF PROCEDURAL FACTS IN *SALEH* ACTION**

On June 9, 2004, plaintiffs filed their class action complaint in the Southern District of California alleging that Defendants formed a conspiracy to torture and abuse them. On June 30, 2004 and July 30, 2004, before Defendants filed any responsive pleading, plaintiffs amended their complaint. On September 10, 2004, the Defendants filed motions to dismiss, arguing, among other things, that the political question doctrine and the derivative sovereign immunity available to government contractors protect them from any litigation concerning their conduct in

Iraq.  *See Motions To Dismiss filed by Defendants CACI International, Inc., CACI Inc. – Federal, CACI N.V., Titan Corporation, Stefanowicz and Nahkla (filed on Sept. 10, 2004).*

On November 10, 2004, after the parties had briefed the motions to dismiss but before any hearing, CACI International Inc. and its subsidiaries (hereinafter "the CACI Corporate Defendants") filed a motion to transfer the action to the Eastern District of Virginia.  *Motion of Defendants CACI International Inc., CACI, Inc. – Federal, and CACI N.V. To Transfer Venue (filed Nov. 10, 2004).*  Titan Corporation and its subsidiaries (hereinafter "Defendant Titan") asked the Court to rule on the motion to dismiss before proceeding to rule on the motion to transfer, but the Court denied that request.  *Transcript of Feb. 14, 2005 Oral Argument at 25-26, 60.*  However, on March 21, 2005, the Southern District of California (J. Rhoades) transferred the action to the Eastern District of Virginia over plaintiffs' objections.  *Order Granting Motion To Transfer Action (Mar. 21, 2005).*  Plaintiffs unsuccessfully sought a writ of mandamus to prevent the transfer.

On May 10, 2005, after the action was transferred to the Eastern District of Virginia, plaintiffs moved to transfer the action to this Court to be consolidated with the ongoing *Ibrahim v. Titan Corp.*, No. 04-1248 action (hereinafter "*Ibrahim* action").  *See Plaintiffs' Motion To Transfer Venue to the District Court for the District of Columbia (filed on May 10, 2005).*  On June 3, 2005, the Eastern District of Virginia (J. Hilton) granted the transfer for reasons of judicial economy.  *See June 3, 2005 Order.*  The CACI Corporate Defendants filed a petition for a writ of mandamus in the Court of Appeals for the Fourth Circuit, which has not yet been granted or denied.

On August 12, 2005, this Court ordered the scheduling of a joint status conference for this action and the related *Ibrahim* action.  The CACI Corporate Defendants have informed the

Court of Appeals for the Fourth Circuit that this Court will hold a status conference on both the *Saleh* and *Ibrahim* actions on September 16, 2005.

### STATEMENT OF RELEVANT PROCEDURAL FACTS FROM THE RELATED *IBRAHIM* ACTION

On July 27, 2004, several torture victims filed the separate *Ibrahim* action (represented by separate counsel) in this Court.  Because the *Ibrahim* plaintiffs are putative class members, plaintiffs sought by motion filed in the Southern District of California to stay the *Ibrahim* action from proceeding in this Court until the question of whether the action would proceed as a class had been resolved.  *See Plaintiffs' Motion To Enjoin Duplicative Action (filed on Sept. 10, 2004)*.  The *Saleh* plaintiffs also filed a motion for class certification.  *See Plaintiffs' Motion for Class Certification (filed on Nov. 22, 2004)*.

On November 22, 2004, the District Court in the Southern District of California held a hearing on the Motion To Enjoin.  On December 29, 2004, the Court ruled that it lacked jurisdiction over the *Ibrahim* plaintiffs and denied the motion.  The District Court did not set a date or hold a hearing on the Motion for Class Certification, which resulted under the Local Rules in Defendants not filing any response to the Motion.

Two of the *Ibrahim* plaintiffs initiated contact with the undersigned counsel seeking representation.  On November 10, 2004, the undersigned counsel filed a notice of dismissal in the *Ibrahim* action for plaintiff Haj Ali Shallal Abbas Al-Uweissi ("plaintiff Haj Ali"). Immediately thereafter, on November 12, 2004 counsel filed a motion to add plaintiffs Haj Ali, Mustafa, Natheer, Othman, Hassan, and John Doe No. 3 to the pending *Saleh* action in the Southern District of California.  On January 24, 2005, defendants opposed the motion.  The Southern District of California did not hear oral argument or rule on the motion prior to transferring the action to the Eastern District of Virginia.  In the attached proposed Third

- 3 -

Amended Complaint ("TAC"), plaintiffs add plaintiffs Haj Ali, Mustafa, Natheer, Othman, and Hassan[1] as plaintiffs and class representatives.

On April 21, 2005, this Court held a hearing on the defendants' motions to dismiss the *Ibrahim* action. The undersigned counsel did not participate in any way in the briefing because plaintiff Haj Ali had been voluntarily dismissed from the action. After the hearing, the undersigned counsel learned that they had been retained by plaintiff Jilal Mehde Hadod ("plaintiff Hadod") and on May 10, 2004, filed a notice of appearance in the *Ibrahim* action on behalf of plaintiff Hadod and alerted the Court that they intended to seek leave to add Plantiff Hadod to the *Saleh* action. Undersigned counsel also filed a supplemental pleading, which alerted the Court and the parties that plaintiff Hadod alleged (as did the *Saleh* plaintiffs) that Defendants acted under the color of authority. On June 2, 2005 and June 3, 2005, Defendants opposed the filing and argued that the record on the motion to dismiss should be closed without the supplemental briefing. On June 9, 2005, because the issues in the supplemental briefing clearly merit full briefing, and because those issues are better served by being briefed in the context of Defendants' motions to dismiss in the *Saleh* action, plaintiff Hadod withdrew the supplemental briefing and notified that Court that he would be seeking leave to join the *Saleh* action upon the resolution of the dispute over venue.[2]

The venue dispute is ongoing. The CACI Defendants petitioned the Court of Appeals for the Fourth Circuit for a writ of mandamus. The Court of Appeals ordered the *Saleh* plaintiffs to

---

[1] Plaintiffs do not wish to reveal the full names of Mustafa, Natheer, Othman, and Hassan publicly because they are minors. During discovery, of course, plaintiffs will provide defendants with the opportunity to serve discovery on them and to take their depositions.

[2] On June 8, 2005, counsel for the other *Ibrahim* plaintiffs filed a motion seeking to disqualify the undersigned from serving as Plaintiff Hadod's counsel. The undersigned filed an opposition, which set forth and established with competent evidence the facts that Plaintiff Hadod terminated the other counsel and retained the undersigned counsel. The motion to disqualify has not been ruled on to date.

file an opposition to the petition, which they did on July 1, 2005. *See Plaintiffs' Response to Petition for Writ of Mandamus*. A copy of the pleadings in the Court of Appeals for the Fourth Circuit is attached as Exhibit B. As of the date of this filing, the Court of Appeals had not issued an order or set the matter for hearing.

On August 12, 2005, this Court ruled on defendants' motions to dismiss filed in the *Ibrahim* action. The Court dismissed Counts I (Alien Tort Statute), II (RICO), V (false imprisonment), VII (conversion), and IX (government contract law). *See August 12, 2005 Order and Memorandum (hereinafter "August 12, 2005 Order")*. The Court also held that "Plaintiffs' allegations describe conduct that is abhorrent to civilized people, and surely actionable under a number of common law theories" and denied Defendants' motion to dismiss the remaining counts. *August 12, 2005 Order at 7*.

## STATEMENT OF FACTS

Plaintiffs propose to amend their Complaint in several respects:

*First*, the TAC adds Jilal Mehde Hadod, formerly a plaintiff in the *Ibrahim* action, as a plaintiff and class representative. Plaintiff Hadod, by virtue of the August 12, 2005 Order, has thirty days to amend his complaint.[3] The attached TAC serves as plaintiff Hadod's amended complaint and reflects the August 12, 2005 Order as follows: The TAC excludes the claims for false imprisonment, conversion and government contract law claims.

---

[3] The undersigned counsel note that the Court Order also directed the parties not to file any additional briefing. *See August 12, 2005 Order*. Given that Plaintiff Hadod's amended complaint had to be filed within thirty days (i.e. by September 12, 2005), and given that his amended complaint was identical to the *Saleh* plaintiffs' amended complaint, the undersigned thought it appropriate to file the amended complaint at this juncture despite the fact that doing so required the filing of a brief seeking leave to amend. If the Court views this action as contravening the directive not to file any briefing before the September 16, 2005, status conference, the undersigned respectfully request that the TAC be filed only as to Plaintiff Hadod to meet the September 13, 2005, deadline.

Although plaintiff Hadod's claims under the Alien Tort Statute were dismissed by the Court, plaintiff Hadod repleads those claims with new factual allegations that support a different result. Namely, plaintiff Hadod and the other *Saleh* plaintiffs allege that Defendants acted under the color of the United States' authority, although they were acting without contractual permission from the United States and in contradiction to United States' policy and law when they tortured and abused plaintiff Hadod and the other plaintiffs.

*Second*, the TAC amends the parties to include additional defendants. Specifically, the TAC names as defendants the CACI subsidiary (CACI Premier Technology, Inc.) identified by the CACI Corporate Defendants as the subsidiary providing interrogators to Iraq. *See Memorandum of Points and Authorities in Support of the Motion of Defendants CACI International, Inc., CACI, Inc. – Federal, and CACI N.V. To Transfer Venue (filed on Nov. 10, 2004), at 4-5.*[4] The TAC also names two additional CACI employees (or former employees) who participated in the torture and abuse of the plaintiff class. (These individuals have not yet been served with process.)

*Third*, the TAC also amends the parties insofar as it substitutes class representative plaintiffs and limits the class allegations to a Rule 26(b)(3) class. The TAC adds plaintiff Hadod and plaintiffs Haj Ali, Umer Abdul Mutalib Abdul Latif, Ahmed Shehab Ahmed, Mustafa, Natheer, Othman, and Hassan as representative class plaintiffs. The TAC also voluntarily eliminates plaintiffs Sami Abbas Al-Rawi, Mwafaq Sami Al-Rawi, Rasheed, John Doe No. 1, and Jane Doe No. 2, as class representatives, although they remain putative class members. As noted above in the procedural history, although plaintiffs filed a motion for class certification

---

[4] Plaintiffs have alleged that the CACI Corporate Defendants, in order to build a capacity for interrogation services, acquired all of the assets of Premier Technology Group, Inc. (the entity now known as CACI Premier Technology, Inc.) in 2003. *Second Amended Complaint ¶ 47(d)*.

when the action was pending in the Southern District of California, Defendants never opposed or responded in any way to that motion. Plaintiffs intend to file a renewed motion for class certification under the law of this Circuit. Plaintiffs respectfully request that the appropriate timing of the motion and hearing on class certification be addressed by the Court and the parties at the upcoming September 16, 2005, joint status conference.

*Fourth*, the TAC excludes from the scope of the class those prisoners who are United States citizens. The TAC also eliminates the claims arising under the Constitution and the Religious Land Use and Institutionalized Persons Act, which will be pursued for the former class members who are United States citizens through related actions.

*Fifth*, the TAC voluntarily eliminates as a defendant the foreign subsidiary of the CACI Corporate Defendants, CACI N.V. This elimination reflects the impact of the Court's August 12, 2005, Order in the *Ibrahim* action, which granted the dismissal of all counts as to defendant CACI N.V.

*Sixth*, the TAC eliminates the causes of action for false imprisonment, conversion and government contract law claims. This elimination reflects the impact of the August 12, 2005 Order, which dismissed those counts on similar allegations. In light of the recent decision by the Court of Appeals for the District of Columbia Circuit in *Hamdan v. Rumsfeld*, No. 04-5393 (D.C. Cir. July 15, 2005), the TAC also eliminates the cause of action arising under the Geneva Convention.

*Seventh*, the TAC amends the counts arising under RICO to make more clear the theory of RICO liability. Although the August 12, 2005 Order dismissed the RICO counts, the *Ibrahim* plaintiffs had alleged no "acts involving defendants that go beyond personal injury," and thus did not have standing. *August 12, 2005 Order at 18.* Here, certain plaintiffs allege RICO injuries

and allege that the RICO injuries resulted from defendants' conduct by way of, inter alia, defendants' conspiracy with certain government officials. In addition, the TAC amends the RICO counts to limit the substantive Section 1962(c) count to Defendant Titan and the CACI Corporate Defendants, who are vicariously liable for their employees' predicate acts of threatening murder. The RICO conspiracy count under Section 1962(d) is asserted as to all of the Defendants.

*Eighth*, the TAC updates the factual allegations found in the Second Amended Complaint. The TAC includes a substantial number of new and revised allegations that reflect new evidence relating to Defendants and their role in the torture scandal. Although discovery has not commenced, additional evidence has been made available from the United States and other sources. The additional evidence obtained to date supports plaintiffs' prior allegations to the effect that Defendants acted as if cloaked with United States' authority when in fact they had none.

*Ninth*, the TAC reflects the change of venue to the District of Columbia and the reasoning of *Halberstam v. Welch*, 705 F.2d 472, 478 (D.C. Cir. 1983) and other controlling decisions in this Circuit by articulating conspiracy and aiding and abetting counts for each tort claim. The initial Complaint alleged (under each tort claim) action by conspiracy and by ratifying the acts of others; so Defendants have been on notice since June 9, 2004, that plaintiffs intended to prove conspiracy and aiding and abetting as the basis for liability.

*Tenth,* the TAC alleges damages in excess of the jurisdictional amount required for diversity jurisdiction under 28 U.S.C. § 1331.

**ARGUMENT**

**I.    LEAVE TO AMEND IS FREELY GRANTED.**

Rule 15(a) of the Federal Rules of Civil Procedure requires that leave to amend shall be "freely given when justice so requires." Fed. R. Civ. P. 15(a). The Supreme Court has explained that justice requires leave to be granted unless the movant has acted in bad faith or in a dilatory manner, or has repeatedly failed to cure deficiencies by amendments previously allowed, or the amendment would be either futile or unduly prejudice the opposing party. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

The Court of Appeals considers prejudice to the defendants to be the most important factor to consider on a motion for leave to amend. In *Harrison v. Rubin*, 174 F.3d 249 (D.C. Cir. 1999), the Court of Appeals overturned the District Court's denial of plaintiffs' motion to amend, holding that where there was no "evidence of prejudice," leave to amend should have been granted even though "[t]wo years ha[d] passed since the filing of her complaint, [t]he case [was] nearing trial, and the parties ha[d] almost concluded their pre-trial discovery." *Id.* at 250, 252.

This Court has set a high bar for the kind of prejudice that would warrant denying a motion for leave to amend. In *M.K. v. Tenet*, 216 F.R.D. 133 (D.D.C. 2002), this Court allowed the plaintiffs to make substantial amendments to their complaint, despite defendants' claims of delay and prejudice. In *Tenet*, as here, plaintiffs moved to amend before defendants filed their answers and before discovery had begun. The Court noted that:

> In a case such as this in which discovery has yet to occur, it would defy logic to deny the plaintiffs an opportunity to amend the complaint on the basis that additional discovery will result. While it is conceivable that a great deal of discovery may result from the addition of new claims, 30 defendants, and nine plaintiffs in the proposed second amended complaint, this does not constitute evidence of undue prejudice to deny the plaintiffs' instant motion.

*Id.* at 140.  Similarly, defendants in the instant matter would not be prejudiced by the proposed amendment given the early stage of the litigation.

Commentators have observed that the standard on a motion for leave to amend is permissive.  According to Moore's Federal Practice, District Courts "should be guided by the underlying purpose of allowing amendments to facilitate a decision on the merits.  The policy in favor of allowing amendments is *extremely liberal*."  3 James Wm. Moore et al., *Moore's Federal Practice* § 15.14[1] (3d ed. 1999) (emphasis added).

Here, the interests of justice clearly require that the leave to amend be granted.  Plaintiffs are acting promptly to reflect the impact of the August 12, 2005 Order.  Although that Order directly controls only plaintiff Hadod's amended complaint, judicial economy is best served by permitting the *Saleh* complaint to be amended to reflect the reasoning of the August 12, 2005 Order given the similarity and relatedness of the two actions.  Although the TAC excludes most of the claims that the August 12, 2005 Order dismissed, the TAC continues to assert the RICO (for certain plaintiffs) and Alien Tort Statute claims (for all plaintiffs).  Granting leave to file the TAC is not futile as to those claims, however, for the reasons set forth below Section II (RICO) and III (Alien Tort Statute).

Plaintiffs have not unduly delayed in moving to amend their Complaint.  Plaintiffs are acting promptly to amend the complaint to reflect new evidence obtained before the commencement of discovery.  This case was filed in the Southern District of California on June 9, 2004. CACI moved to transfer the case to the Eastern District of Virginia, but only after delaying for five months, by which time the motions to dismiss had almost been fully briefed.  The District Court (J. Rhoades) did not issue its opinion until March 21, 2005, following which the Eastern District of Virginia transferred the case to this Court on June 3, 2005.  The factual

allegations of the Second Amended Complaint are based on plaintiffs' knowledge as of July 30, 2004, and the counts were prepared on the presumption that Ninth Circuit law would apply.  In the TAC, plaintiffs have amended the factual allegations to reflect recently acquired evidence of the defendants' culpability and have modified the counts of the Complaint based on the law in this Circuit.  Plaintiffs have also amended to reflect the reasoning set forth in the August 12, 2005 order.  Plaintiffs' amended complaint drops one defendant, adds two other defendants, adds eight plaintiffs, voluntarily eliminates five plaintiffs and drops five causes of action.  These changes are far less drastic than those in *Tenet*, where leave to amend was nonetheless granted.

Defendants will not be prejudiced the amendment of the complaint.  As they have not yet answered the complaint, answering an amended complaint will be not burden defendants.  The complaint alleges no new causes of action.  In fact, the amendment removes several causes of action, thereby lessening the burden on defendants.  The amended complaint also clarifies the legal theories under which defendants are liable for each cause of action by stating as three separate counts the theories of liability that in the Second Amended Complaint were combined in a single count.  Even absent a motion for leave to amend, Defendants' pending motions to dismiss would have to be revised to reflect the jurisprudence in this Circuit.  By acting promptly and amending at this early procedural juncture, plaintiffs expedite and narrow the needed briefing for all parties.

## II.  THE TAC RICO CLAIMS ARE NOT FUTILE IN LIGHT OF THE AUGUST 12, 2005 ORDER BECAUSE THE *SALEH* PLAINTIFFS HAVE STANDING.

The August 12, 2005, Order dismissed the *Ibrahim* plaintiffs' RICO claims for lack of standing.  *See August 12, 2005 Order at 18*.  Unlike the *Ibrahim* plaintiffs, however, the *Saleh* plaintiffs have alleged that they suffered injuries to their businesses and properties as a result of the Defendants' violation of Section 1962(c) of RICO.  *See TAC at ¶¶ 38, 100, 113, 120, 130,*

*139, 150, 173, 325, 329.* For that reason, the August 12, 2005 Order does not control and the TAC RICO claims are not futile.

**III.    THE TAC ALIEN TORT STATUTE CLAIMS ARE NOT FUTILE IN LIGHT OF THE AUGUST 12, 2005 ORDER BECAUSE THE COURT EXPRESSLY REFRAINED FROM RULING ON "COLOR OF AUTHORITY" CLAIMS.**

The August 12, 2005 Order dismissed the *Ibrahim* plaintiffs' Alien Tort Statute claims as barred by controlling precedent.[5] Unlike the *Ibrahim* plaintiffs, however, the *Saleh* plaintiffs allege facts that bring their claims outside the reasoning of the August 12, 2005 Order. Namely, the *Saleh* plaintiffs (and former *Ibrahim* plaintiff Hadod) allege that Defendants were cloaked in the "color" of the United States' authority. *See, e.g., TAC at ¶¶ 64, 90* (asserting that defendants gave orders to military personnel and represented themselves by clothing and actions to be United States military personnel).

The question of whether Alien Tort Statute claims resting on such factual allegations can withstand a motion to dismiss under the law of this Circuit is a question the Court expressly noted it was ***not*** answering in the August 12, 2005 Order. In footnote 3 of the August 12, 2005 Order, the Court stated plaintiff Hadod's withdrawal of the allegations of acting under the color of state authority eliminated the need to determine "whether there is any tension between the state actor inquiry under the ATS and a similar inquiry under preemption involving an affirmative government contractor defense but not immunity." *August 12, 2005 Order at 7 n.3*.

---

[5] The August 12, 2005 Order dismissed the *Ibrahim* Plaintiffs' ATS claims on the grounds that the international laws cited by Plaintiffs condemned official state torture, not torture by private parties. *August 12, 2005 Order at 5-7.* The Court reasoned that, although the Supreme Court has not spoken to the issue of whether torture by private parties is actionable under the ATS, the Court of Appeals for the District of Columbia answered that question "no" in both *Tel Oren v. Libyan Arab Republic*, 726 F.2d 774 (D.C. Cir. 1984), *cert. denied*, 470 U.S. 1003 (1985) and *Sanchez-Espinoza v. Reagan*, 770 F.2d 202 (D.C. Cir. 1985). *Id.*

- 12 -

Thus, although the *Saleh* plaintiffs have voluntarily eliminated from the TAC the parties (CACI N.V.) and the causes of action dismissed in the August 12, 2005 Order (conversion, false imprisonment, government contracts law), the *Saleh* plaintiffs are not engaged in a futile exercise by continuing to assert their Alien Tort Statute claims and by updating the factual allegations that underpin those claims.

Defendants cannot complain they have been prejudiced by having to confront these "color of authority" issues in the context of briefing in the *Saleh* action rather than in the *Ibrahim* action because they expressly opposed having to reopen the *Ibrahim* briefing. *See Defendant the Titan Corporation's Opposition to Plaintiff Jilal Mehde Hadod's Motion for Leave To File A Supplemental Memorandum of Law or, in the alternative, Motion to File a Response to Plaintiff Hadod's Memorandum (filed on June 2, 2005); Opposition of the CACI Defendants to the Motion for Leave To File Supplemental Memorandum by Jilal Mehde Hadod (filed on June 3, 2005).*

At most, Defendants can complain that plaintiff Hadod is seeking to get a second hearing on Alien Tort Statute claims that have already been dismissed. But it is black letter law that a party who learns new facts can seek to resurrect and replead claims previously dismissed by amending the complaint to reflect the new facts. *See Ramirez de Arellano v. Weinberger*, 745 F.2d 1500, 1545 (D.C. Cir. 1984), *vacated on other grounds*, 471 U.S. 1113 (1985); *Azevedo v. Housing Authority of City of Sarasota*, 147 F.R.D. 255, 258 (M.D. Fla. 1993). Thus Defendants suffer no real prejudice even as to plaintiff Hadod.

### IV.   THE ADDITION OF EIGHT PLANITIFFS IS PROPER.

The addition of plaintiffs Haj Ali, Hadod, Umer Abdul Mutalib Abdul Latif, Ahmed Shehab Ahmed, Mustafa, Natheer, Othman, and Hassan ("Joining Plaintiffs") is proper. Fed. R.

Civ. P. 21 provides that "[p]arties may be dropped or added on motion of any party or of its own initiative at any stage of the action and on such terms as are just." Joining Plaintiffs meet the "permissive joinder" requirements of Rule 20(a) of the Federal Rules of Civil Procedure, which allows joinder of plaintiffs who 1) "assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences" if 2) "any question of law or fact common to all these persons will arise in the action." This Court has observed that Rule 20(a) is highly flexible:

> "The well-established policy underlying permissive joinder is to promote trial convenience and expedite the resolution of lawsuits."
> . . . "[T]he impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; *joinder of claims, parties and remedies is strongly encouraged*."

*Disparte v. Corp. Exec. Bd.*, 223 F.R.D. 7 (D.D.C. 2004) (quoting *Puricelli v. CNA Insurance Co.*, 185 F.R.D. 139, 142 (N.D.N.Y. 1999); *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966)) (emphasis added).

The right to relief asserted by each of the Joining Plaintiffs arises out of the same series of transactions and occurrences as those that are at issue in this case. Joining Plaintiffs are class members who were injured by defendants and their co-conspirators. Like plaintiffs, Joining Plaintiffs were detained in prisons or detention facilities in Iraq subsequent to the fall of the Hussein regime. Like plaintiffs, they were subjected to conditions and treatment that violate United States domestic law, international treaties, and customary international humanitarian and human rights law, and suffered injuries as a result of those conditions and abuses. The facts surrounding their abuses are similar to the facts surrounding plaintiffs' abuses.

Furthermore, questions of law and fact are common both to plaintiffs and Joining Plaintiffs. Common factual questions include, inter alia, questions regarding the conspiracy

among defendants and certain governmental officials to harm detainees in Iraq. Common legal questions include, *inter alia*, whether defendants are liable under the Alien Tort Statute to those they tortured or caused to be tortured. If joined in the action, Joining Plaintiffs' claims will be considered under the same legal standards as those that govern plaintiffs' claims.

## V.     THE ADDITION OF THREE DEFENDANTS IS PROPER.

For similar reasons, the addition of CACI PT, Timothy Duggan and Daniel E. Johnson as defendants pursuant to Fed. R. Civ. P. 21 is proper. Joining Defendants can be joined because they meet the "permissive joinder" requirements of Rule 20(a).

Plaintiffs' claims against Duggan and Johnson arise out of the same series of transactions and occurrences that gave rise to the other claims. Plaintiffs assert the same causes of action against the CACI PT as they assert against the other corporate defendants and assert the same causes of action against Timothy Duggan and Daniel E. Johnson as they assert against the other individual defendants. The same questions of law and fact will arise for the new defendants as for the original defendants. There is an identity of interest between CACI PT and the other CACI Corporate Defendants, as CACI has assumed throughout this litigation. Timothy Duggan and Daniel E. Johnson, whose culpability became known to plaintiffs subsequent to the filing of the Second Amended Complaint, were CACI interrogators who worked with Steven Stefanowicz at Abu Ghraib prison and engaged in the same categories of wrongful acts.

## CONCLUSION

Fed. R. Civ. P. 15(a) requires leave to amend be freely granted in the interests of justice. Here, the interests of justice are well served by granting the *Saleh* plaintiffs leave to amend their complaint to reflect the impact of the August 12, 2005 Order and for the other reasons set forth

- 15 -

above. Plaintiffs respectfully request that the Court grant the motion. A proposed Order is attached.

Dated: September 12, 2005                     /s/ Susan L. Burke
                                                        Susan L. Burke (D.C. Bar # 414939)
Jonathan H. Pyle (admitted *pro hac vice*)
BURKE PYLE LLC
3527 Lancaster Avenue
Philadelphia, PA 19104
Telephone:   (215) 387-4705
Facsimile:   (215) 387-4713

Jennifer Green
Judith Brown Chomsky
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, NY 10012
Telephone:   (212) 614-6439
Facsimile:   (212) 614-6499

Shereef Hadi Akeel (admitted *pro hac vice*)
AKEEL & VALENTINE, P.C.
401 South Old Woodward Avenue
Suite 430
Birmingham, MI 48009
Telephone:   (248) 594-9595
Facsimile:   (248) 594-4477

Joseph Margulies
Locke Bowman
MACARTHUR JUSTICE CENTER
UNIVERSITY OF CHICAGO LAW SCHOOL
1111 East 60th Street
Chicago, IL 60637
Telephone:   (773) 702-9560
Facsimile:   (773) 702-0771

Susan Feathers
UNIVERSITY OF PENNSYLVANIA
    LAW SCHOOL
3400 Chestnut Street
Philadelphia, PA 19104-6204
Telephone:   (215) 898-0459
Facsimile:   (215) 573-5808

*Counsel for Plaintiffs and Class Plaintiffs*

# CERTIFICATE OF SERVICE

I, Jonathan H. Pyle, do hereby certify that on the 12th day of September 2005, I caused a true and correct copy of the foregoing Memorandum in Support of the Motion of *Saleh* Plaintiffs for Leave To Amend to be served via electronic mail and U.S. First Class Mail, postage prepaid, upon the following individuals at the addresses indicated:

F. Whitten Peters
Thomas M. Craig
Williams and Connolly
725 12th Street, North West
Washington, DC  20005
wpeters@wc.com
*Counsel for Defendant Titan Corp.*

J. William Koegel Jr.
John F. O'Connor
Steptoe & Johnson LLP
1330 Connecticut Avenue, North West
Washington, DC  20036
wkoegel@steptoe.com
*Counsel for Defendants CACI International, CACI Inc. – Federal*

Adam L. Rosman
Ellen D. Marcus
Zuckerman Spaeder LLP
1800 M Street, North West
Washington, DC  20036
arosman@zuckerman.com
*Counsel for Defendant Adel Nakhla*

Henry E. Hockeimer Jr.
Hangley Aronchick Segal & Pudlin, P.C.
One Logan Square, 27th Floor
Philadelphia, PA  19103-6933
heh@hangley.com
*Counsel for Defendant Steven Stefanowicz*

James W. Hundley
Briglia & Hundley, P.C.
Mosby Professional Building
10560 Main Street, Suite 314
Fairfax, VA  22030
jhundley@briglia-hundley.com
*Counsel for Defendant Steven Stefanowicz*

Alison L. Doyle
Shari L. Klevens
McKenna Long & Aldridge LLP
1900 K Street, North West
Washington, DC  20006-1108
adoyle@mckennalong.com
*Counsel for Defendant John B. Israel*

Craig T. Jones
The Candler Building, Suite 410
127 Peachtree Street, North East
Atlanta, GA  30303
cjones@edmondfirm.com
*Counsel for Ibrahim Plaintiffs*

L. Palmer Foret
Two Wisconsin Circle
Suite 660
Chevy Chase, MD  20815
LPForet@aol.com
*Counsel for Ibrahim Plaintiffs*

/s/ Jonathan H. Pyle
Jonathan H. Pyle
BURKE PYLE LLC
3527 Lancaster Avenue
Philadelphia, PA 19104
Telephone:   (215) 387-4705
Facsimile:   (215) 387-4713