# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

In re CACI International Inc, ) 
CACI, INC. – FEDERAL, and CACI ) Case No. 05-1636
N.V., )
)
           Petitioners. )

## ADDENDUM TO PETITIONERS'
## PETITION FOR WRIT OF MANDAMUS

By their petition for a writ of mandamus filed on June 9, 2005, Petitioners CACI International Inc, CACI, INC. – FEDERAL, and CACI N.V. (collectively, the "CACI Defendants") seek issuance of a writ directing the district court to vacate its June 3, 2005 order transferring this action (for a second time) to the United States District Court for the District of Columbia. One of the bases set forth in the petition is the fact that the district court was presented with no evidence to support a finding – and, indeed, the district court made no finding – that this action originally could have been brought in the District of Columbia, a requirement in 28 U.S.C. § 1404(a) that limits the district court's power to transfer venue to another district.

Both of those premises remain true; the district court did not make any finding that this action could have been brought in the District of Columbia and Plaintiffs presented no facts from which the Court could reach such a conclusion. However, the CACI Defendants incorrectly state in footnote 8 of their petition that Plaintiffs did not file a reply in support of their motion to transfer venue. *See* Supplemental O'Connor Decl., Ex. A. While Plaintiffs did file a reply brief in support of their transfer motion, that reply does nothing to change the fact that the district court exceeded its judicial power in transferring the case to the District of Columbia.

In their reply brief, Plaintiffs did not present evidence that the individual defendants have *any* contact with the District of Columbia, much less the minimum contacts sufficient to confer personal jurisdiction over them. *International Shoe v. Washington*, 326 U.S. 310, 316 (1945). Instead, Plaintiffs rely on RICO's provision for nationwide service of process, and the fact that Plaintiffs' RICO claims have not yet been dismissed. Supplemental O'Connor Declaration, Ex. A at 5-6. However, as the CACI Defendants pointed out in their petition, a party cannot use RICO's nationwide service of process provisions as a Trojan horse to manufacture personal jurisdiction over non-RICO claims when the RICO claims are patently frivolous, immaterial, or insubstantial. *ESAB Group, Inc. v. Centricut, Inc.*, 126 F.3d 617, 626 (4th Cir. 1997); *see also* Pet. at 20-24. Therefore,

Plaintiffs cannot use their facially frivolous RICO claims to stave off transfer when, the CACI Defendants respectfully submit, the dismissal of those RICO claims is a foregone conclusion.

Plaintiffs' reply brief in the district court also suggested that "Plaintiffs could have obtained jurisdiction in the District of Columbia under the theory that personal jurisdiction over a defendant may be established based on his co-conspirator's overt acts within the forum." Supplemental O'Connor Decl., Ex. A at 7. But Plaintiffs have not identified a single alleged overt act in support of this supposed conspiracy that occurred in the District of Columbia. Thus, their claim of co-conspirator jurisdiction fails on that point alone.[1] In addition, the single District of Columbia case upon which Plaintiffs rely holds that co-conspirator personal jurisdiction is inconsistent with due process, even where an alleged co-conspirator took overt acts within the forum in furtherance of the conspiracy,

---

[1] Plaintiffs' reply in the district court also suggested that Defendants were playing fast and loose with the facts by challenging personal jurisdiction in the District of Columbia while not challenging it in the Eastern District of Virginia. However, as Judge Rhoades found in transferring this action to the Eastern District of Virginia, all of the interrogation and linguist contracts were negotiated and administered by the corporate defendants or their affiliates from their offices in the Eastern District of Virginia. *Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1159-60 (S.D. Cal. 2005). Thus, there is a principled difference between the Eastern District of Virginia and the District of Columbia concerning the activities of the corporate defendants and the individual defendants in performing under the interrogation and linguist contracts at issue.

unless the defendant challenging personal jurisdiction purposefully availed himself of contacts with the forum by having "knowledge, control, approval or discretion" over the alleged overt acts in the forum. *Youming Jin v. Ministry of State Sec.*, 335 F. Supp. 2d 72, 83 (D.D.C. 2004). Moreover, consistent with the law of this Circuit, the District of Columbia Circuit holds that "[b]ald speculation or a conclusory statement that individuals are co-conspirators is insufficient" to permit a plaintiff to proceed on a theory of co-conspirator personal jurisdiction. *Second Amend. Found. v. U.S. Conference of Mayors*, 274 F.3d 521, 524 (D.C. Cir. 2001); *see also* Pet. at 23 (citing Circuit case law requiring facts to support a reasonable inference of a conspiracy).

Respectfully submitted,

J. William Koegel, Jr. (VA Bar No. 38243)
John F. O'Connor
Frank H. Griffin, IV
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, DC 20036
Tel.: (202) 429-3000
Fax: (202) 429-3902

By: /s/ J. William Koegel, Jr.
J. William Koegel, Jr.

Attorneys for CACI International Inc,
CACI INC.-Federal, and CACI N.V.

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing, as well as the Supplemental Declaration of John F. O'Connor, were served this 14th day of June, 2005, in the manner indicated below, on the following:

>Susan L. Burke (by electronic transmission and overnight delivery)
>MONTGOMERY, MCCRACKEN, WALKER & RHOADS, LLP
>123 South Broad Street
>Philadelphia, Pennsylvania 19109
>slburke@mmwr.com
>
>**Attorneys for the Saleh Plaintiffs**
>
>F. Whitten Peters (by electronic transmission)
>Ari Zymelman
>WILLIAMS & CONNOLLY
>725 12th Street, N.W.
>Washington, D.C. 20005
>wpeters@wc.com
>azymelman@wc.com
>
>**Attorneys for Defendant Titan Corporation**
>
>James Hundley (by electronic transmission)
>BRIGLIA & HUNDLEY, P.C.
>10560 Main Street, Suite 314
>Fairfax, Virginia 22030
>jhundley@briglia-hundley.com
>
>Henry E. Hockeimer, Jr. (by electronic transmission)
>HANGLEY ARONCHICK SEGAL & PUDLIN, P.C.
>One Logan Square, 27th Floor
>Philadelphia, Pennsylvania 19103-6933
>heh@hangley.com
>
>**Attorneys for Defendant Steven Stefanowicz**

Alison Doyle (by electronic transmission)
Shari L. Klevens
MCKENNA LONG & ALDRIDGE LLP
1900 K Street, N.W.
Washington, D.C. 20006
adoyle@mckennalong.com
sklevens@mckennalong.com

**Attorneys for Defendant John Israel**

Adam L. Rosman (by electronic transmission)
Ellen D. Marcus
Eric Delinsky
ZUCKERMAN SPAEDER
1201 Connecticut Avenue, N.W.
Washington, D.C. 20036
arosman@zuckerman.com
emarcus@zuckerman.com
edelinsky@zuckerman.com

**Attorneys for Defendant Adel Nakhla**

_/s/ John F. O'Connor_
John F. O'Connor