UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| | |
|---|---|
| In re CACI International Inc, CACI, INC. – FEDERAL, and CACI N.V., <br><br> Petitioners. | Case No. 05-1636 |

## SECOND ADDENDUM TO PETITIONERS' PETITION FOR WRIT OF MANDAMUS

Petitioners CACI International Inc, CACI, INC. – FEDERAL, and CACI N.V. (collectively, the "CACI Defendants") hereby submit this second addendum to their mandamus petition to advise the Court of developments in the district court and in the United States District Court for the District of Columbia with respect to *Saleh v. Titan Corporation*, No. 05-CV-0427 (E.D. Va.), the case to which Petitioners' mandamus petition pertains.

On June 6, 2005, the district court entered its order granting Plaintiffs' motion to transfer the *Saleh* case to the District of Columbia. On the morning of June 7, 2005, Petitioners filed a motion to stay transfer pending resolution of a mandamus petition that Petitioners intended to file in this Court. Later that day, Petitioners learned that the clerk's office had deposited the *Saleh* case file with

United Parcel Service for delivery to the District of Columbia court prior to the clerk's office opening to the public on June 7, 2005. On June 9, 2005, before the *Saleh* case file had been received by the District of Columbia court, this Court received and docketed Petitioners' petition for writ of mandamus seeking a writ directing the district court to vacate its transfer order. After the docketing of Petitioners' mandamus petition in this Court, the *Saleh* case file was received by the District of Columbia court on June 10, 2005. Although Petitioners had advised the District of Columbia court that their mandamus petition had been docketed in this Court on June 9, 2005, and requested that the District of Columbia court refrain from docketing the case pending this Court's ruling on Petitioners' mandamus petition,[1] the District of Columbia court docketed the *Saleh* case on or about June 15, 2005. See *Saleh v. Titan Corp.*, No. 05-CV-1165 (D.D.C.).

---

[1] The steps taken by Petitioners to avoid the docketing of the *Saleh* case in the District of Columbia include the following: (1) filing a motion to stay transfer in the Eastern District of Virginia on June 7, 2005; (2) filing a motion in the Eastern District of Virginia asking the district court to request that the clerk's office in the District of Columbia court return the case file upon its delivery; (3) convening a conference call on June 9, 2005 to request that the district court ask the District of Columbia court not to docket the *Saleh* case upon its receipt and to return the file to the Eastern District of Virginia; (4) sending two letters on June 9, 2005 asking the Chief Judge of the U.S. District Court for the District of Columbia not to docket the *Saleh* case upon its receipt; and (5) filing a miscellaneous action in the District of Columbia court on June 10, 2005, advising that court of the docketing of Petitioners' mandamus petition in the Fourth Circuit and requesting that the District of Columbia court refrain from docketing the case and return the case file to the Eastern District of Virginia. As of the date of this Second

Petitioners do not believe that the docketing of the *Saleh* case in the District of Columbia court *after* the docketing of Petitioners' mandamus petition has any effect on this Court's jurisdiction to entertain Petitioners' mandamus petition. *See In re Warrick*, 70 F.3d 736, 739-40 (2d Cir. 1995) (holding that court of appeals retains jurisdiction to consider mandamus petition even if case is docketed in the transferee court *before* filing of then mandamus petition, provided that the petitioner moved diligently to seek appellate review); *NBS Imagine Sys., Inc. v. U.S. Dist. Court*, 841 F.2d 297, 298 (9th Cir. 1988) (same); *Starnes v. McGuire*, 512 F.2d 918, 924 n.6 (D.C. Cir. 1974) (holding that a transferor court does not lose jurisdiction when its court of appeals had docketed a challenge to a transfer order because the transferee district court "is without power to complete a valid physical transfer"); *A.C. Nielson Co. v. Hoffman*, 270 F.2d 693, 695 (7th Cir. 1959) (holding that court of appeals retained jurisdiction to consider mandamus petition filed before the docketing of the case in the transferee district, and that docketing in the transferee district did not divest it of jurisdiction). In opposing return of the

---

Addendum, the Eastern District of Virginia had not ruled on Petitioners' motions to stay docketing and to request return of the case file from the District of Columbia court, although Judge Hilton had indicated that he was disinclined to request return of the case file. On June 10, 2005, Chief Judge Hogan denied Petitioners' letter request that the District of Columbia court refrain from docketing the case. On June 17, 2005, after the case had already been docketed in the District of Columbia, the District of Columbia court denied Petitioners' motion in the miscellaneous action asking the Court to refrain from docketing the *Saleh* case.

case file to the Eastern District of Virginia, the *Saleh* plaintiffs similarly advised the District of Columbia court that docketing the *Saleh* case in the District of Columbia would not affect this Court's power to grant mandamus relief.

While the docketing of this action in the District of Columbia court has no effect on this Court's jurisdiction, it may affect the appropriate form of relief if the Court were to grant Petitioners' petition. If the Court were to grant Petitioners' petition, the appropriate form of relief is the issuance of a writ directing the district court to request that the District of Columbia court return the case file to the Eastern District of Virginia. *See, e.g., Warrick*, 70 F.3d at 741 (directing district court to request return of case file from transferee district); *NBS Imagine Sys.*, 841 F.2d 297, 298 (9th Cir. 1988).

Respectfully submitted,

J. William Koegel, Jr. (VA Bar No. 38243)
John F. O'Connor
Frank H. Griffin, IV
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, DC 20036
Tel.: (202) 429-3000
Fax: (202) 429-3902

By: _____
J. William Koegel, Jr.

Attorneys for CACI International Inc,
CACI INC.-Federal, and CACI N.V.

# CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served this 21st day of June, 2005, in the manner indicated below, on the following:

### District Court

The Honorable Claude M. Hilton (by overnight delivery)
United States District Judge
United States District Court
   for the Eastern District of Virginia
401 Courthouse Square
Alexandria, Virginia  22314

### Counsel of Record

Susan L. Burke (by electronic transmission and overnight delivery)
MONTGOMERY, MCCRACKEN, WALKER & RHOADS, LLP
123 South Broad Street
Philadelphia, Pennsylvania 19109
slburke@mmwr.com

**Attorneys for the Saleh Plaintiffs**

F. Whitten Peters (by electronic transmission)
Ari Zymelman
WILLIAMS & CONNOLLY
725 12th Street, N.W.
Washington, D.C. 20005
wpeters@wc.com
azymelman@wc.com

**Attorneys for Defendant Titan Corporation**

James Hundley (by electronic transmission)
BRIGLIA & HUNDLEY, P.C.
10560 Main Street, Suite 314
Fairfax, Virginia 22030
jhundley@briglia-hundley.com

Henry E. Hockeimer, Jr. (by electronic transmission)
HANGLEY ARONCHICK SEGAL & PUDLIN, P.C.
One Logan Square, 27th Floor
Philadelphia, Pennsylvania 19103-6933
heh@hangley.com

**Attorneys for Defendant Steven Stefanowicz**

Alison Doyle (by electronic transmission)
Shari L. Klevens
MCKENNA LONG & ALDRIDGE LLP
1900 K Street, N.W.
Washington, D.C. 20006
adoyle@mckennalong.com
sklevens@mckennalong.com

**Attorneys for Defendant John Israel**

Adam L. Rosman (by electronic transmission)
Ellen D. Marcus
Eric Delinsky
ZUCKERMAN SPAEDER
1201 Connecticut Avenue, N.W.
Washington, D.C. 20036
arosman@zuckerman.com
emarcus@zuckerman.com
edelinsky@zuckerman.com

**Attorneys for Defendant Adel Nakhla**

_/s/_____
John F. O'Connor