**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**SALEH, *et al.*,**

**Plaintiffs,**

**v.**

**THE TITAN CORPORATION, *et al.*,**

**Defendants.**

**Civil Action No. 05-01165 (JR)**

**RESPONSE OF DEFENDANT L-3 COMMUNICATIONS TITAN CORPORATION TO PLAINTIFFS' MOTION FOR AN EXPEDITED STATUS CONFERENCE**

Defendant L-3 Communications Titan Corporation ("Titan") hereby responds to plaintiffs' motion for an expedited status conference. Defendants CACI International Inc, CACI, INC. - FEDERAL, and CACI, N.V. (collectively "CACI"), Adel Nakhla, Steven A. Stefanowicz, and John B. Israel join in this response.

Defendants also request a status conference in this action to address scheduling and other matters, but suggest that the Court schedule a status conference in the normal course as there is no need for an expedited conference, and several of the defendants' counsel have short-term availability issues. As the Court may recall, Plaintiffs first filed this action in the Southern District of California in 2004. On CACI's motion to transfer, that Court transferred the action to the Eastern District of Virginia on March 21, 2005. At the time of this first transfer, the parties had motions to dismiss pending, and the parties supplemented those motions to dismiss in the Eastern District of Virginia to conform to Fourth Circuit precedent.

Upon the case's arrival in the Eastern District of Virginia, Plaintiffs asked the court to transfer the action a second time, this time to the District of Columbia. On June 3, 2005, the Eastern District of Virginia transferred the action to this Court. On September 12, 2005, Plaintiffs filed a motion for leave to file a Third Amended Complaint. The Fourth Circuit issued

a writ of mandamus on September 13, 2005 directing the Eastern District of Virginia to seek return of the case file and to reconsider its prior transfer order. There was no action of any consequence in the Eastern District of Virginia in the succeeding four months, until the Eastern District of Virginia issued a short order on January 13, 2006, affirming its prior transfer to this Court. As of today's date, the case has not been re-docketed in this Court.

At present, there are a number of unresolved motions to dismiss that were originally filed in the Southern District of California and/or in the Eastern District of Virginia. All of those motions will need to be re-briefed to reflect that the law of this Circuit now governs. In addition, as plaintiffs note, matters in the parallel *Ibrahim* case, also pending in this Court, have continued apace, with the Court granting in part and denying in part defendants' motions to dismiss and inviting summary judgment briefs on issues identified by the Court.

While there is good reason for a status call, there is no reason to hold such a status call on a rushed basis, particularly when some of defendants' counsel have availability issues in the short term. Contrary to the statements of plaintiffs here, there is no urgency associated with the date for the *Ibrahim* plaintiffs to respond to pending summary judgment motions, January 27, 2006. Defendants understand that the *Ibrahim* plaintiffs' response will be in the form of a Rule 56(f) affidavit. Neither plaintiffs nor their counsel are involved in the *Ibrahim* action, nor have they filed a motion to intervene. That the *Saleh* case recently was transferred once again is irrelevant. Plaintiffs' interest in the *Ibrahim* case does not depend on where their own case is pending.

In fact, the *Saleh* plaintiffs' urgent interest in *Ibrahim* is curious, since the *Saleh* plaintiffs have consistently stated that they have different claims, based on different theories. Moreover, counsel for the *Saleh* plaintiffs continues to assert that the resolution of the preemption/immunity issues raised in the *Ibrahim* summary judgment briefs will not necessarily be applicable to the *Saleh* case and that the *Saleh* plaintiffs will not be bound by any determination in *Ibrahim.* Strangers to a case, notwithstanding their own sense of entitlement, have no right to file papers in a case between other parties.

In any event, whether the *Saleh* plaintiffs have a right to participate in any way in the *Ibrahim* case should be resolved on formal briefing. Given the nature of the issues, defendants submit that the Court may benefit from the submission of briefs on the *Saleh* plaintiffs' claim of an entitlement to participate in discovery in a separate case, one that procedurally is at a different place than the *Ibrahim* case. Moreover, it certainly does not matter whether a status conference in *Saleh* has happened before the *Ibrahim* plaintiffs' response to summary judgment motions filed in the *Ibrahim* case. And even if plaintiffs are eventually allowed to participate in the *Ibrahim* summary judgment discovery in some fashion, that decision can easily be made after January 27.

The issue raised by the *Saleh* plaintiffs with regard to Mr. Hadod is similarly no justification for an expedited conference. While plaintiffs at one time had a motion pending to file a Third Amended Complaint that, if granted, would have added Mr. Hadod as a plaintiff, that motion is no longer pending because Eastern District of Virginia Local Rule 7(D) treats all motions as withdrawn which are not set for a hearing within thirty days. While plaintiffs might seek to renew their motion for leave to file a Third Amended Complaint, such a motion can be handled in due course under the Court's regular schedule for consideration of such motions. In the event that plaintiffs desire a different schedule than that provided for in the Court's local rules, this is an issue that can be addressed at a status conference, but there is no present need for expedition of such a conference.

Which brings us to the matter of convenience of defendants' counsel, an issue upon which plaintiffs place little weight. Plaintiffs first approached counsel for two of the defendants in *Saleh* on Friday, January 20, 2006, and asked for an immediate position concerning a motion for an expedited status conference. Plaintiffs requested a response so immediate that CACI and Titan were not even given time to consult with the counsel for all of the individual defendants. We have now consulted and can suggest that February 3, 6, or 7 are all available dates for all defense counsel (some of whom are located outside of the metropolitan Washington, D.C. area). Also available, but less desirable, would be January 30 or 31st. Setting a conference date with

sufficient time to permit the parties to meet and confer would allow the conference to be more productive.

Accordingly, Titan on behalf of all the defendants, respectfully requests that a status conference be scheduled at a time of mutual convenience of the parties and the Court with sufficient notice to allow for time for all parties to meet and confer, and that no filings in *Ibrahim* by non-parties be permitted until such time as the appropriate motions have been considered and ruled upon.

Respectfully submitted,

F. Whitten Peters (DC Bar No. 255083)
Ari S. Zymelman (DC Bar No. 421593)
F. Greg Bowman (DC Bar No. 486097)

WILLIAMS & CONNOLLY LLP
725 12th Street, N.W.
Washington, D.C. 20005
(202) 434-5000

*Attorneys for Defendant L-3 Communications Titan Corporation*

Dated: January 24, 2006