# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SALEH, et al., <br><br> Plaintiffs, <br> v. <br><br> TITAN CORPORATION, et al., <br><br> Defendants. | Civil Action No. 1:05-cv-01165-JR |

## PLAINTIFFS' REPLY IN SUPPORT OF MOTION
## FOR AN EXPEDITED STATUS CONFERENCE

Plaintiffs hereby reply to defendants' Opposition (called a "Response") to the Motion for an Expedited Status Conference. A few points made by defendants merit reply.

*First*, defendants claim that the *Saleh* plaintiffs' concerns about participating in discovery relating to the government contractor defense are invalid because the *Saleh* plaintiffs assert that they "will not be bound by any determination in *Ibrahim*." *Opposition at 2*. That statement misses the point. Although it is clear that as a matter of law the *Saleh* plaintiffs could not, consistent with due process, be bound by a decision in *Ibrahim* action if they did not participate in the briefing, that fact, standing alone does not lead to the nonsensical conclusion that the Court should take up the very same legal issue (government contractor defense) raised by the very same defendants (Titan and CACI) two times in quick succession. Doing so would unnecessarily burden the Court and eliminate the very judicial economies and efficiencies that led the Eastern District of Virginia (J. Hilton) to transfer (twice) the *Saleh* action to this Court.

*Second*, defendants claim that the *Saleh* plaintiffs are "strangers" to the *Ibrahim* case. *Opposition at 2*. That is not accurate. The *Ibrahim* plaintiffs are putative class members and therefore *Saleh* counsel, as putative class counsel, believe they have an obligation to protect their interests. Thus, even if the *Saleh* action had not been transferred to this Court, *Saleh* counsel

would be ethically obligated to seek to participate directly in the *Ibrahim* briefing relating to the government contractor defense.  Fortunately, the transfer of the *Saleh* action prior to any progress on the *Ibrahim* litigation eliminates the need for any litigation on that particular issue.

*Third*, defendants claim that the *Saleh* plaintiffs have always taken the position that the two cases are different.  There is indeed a major difference between the *Saleh* and *Ibrahim* actions, namely the *Saleh* plaintiffs allege that the defendants acted in concert and conspired with military and government officials to commit illegal acts and therefore were acting under color of law.  The *Ibrahim* action does not allege state action or a conspiracy with state actors.  However, as is made clear by the *Saleh* plaintiffs' motion to transfer, which has been granted—twice—by the Eastern District of Virginia, there are such substantial similarities between the two actions that it makes sense to transfer the *Saleh* action to this Court in order to permit consolidated discovery.  *See Order dated January 13, 2006 at 2-3* ("[D]iscovery requests for the Saleh Complaint and the Ibrahim Complaint will likely be similar, if not identical, because both complaints contain similar factual allegations against identical corporate defendants.").

*Fourth*, defendants claim that *Saleh* counsel placed "little weight" on defense counsel's convenience and failed to provide adequate time for them to consult with each other.  This is not accurate.  Immediately after receiving the transfer Order, *Saleh* counsel spoke directly (and separately) to the two lead counsel (F. Whitten Peters for Titan and J. William Koegel for CACI) and told them that plaintiffs were going to seek an immediate status conference in order to receive guidance on the applicability of the January 27, 2006 *Ibrahim* deadline for Rule 56 affidavits in light of the transfer.  *See Declaration of Susan L. Burke ¶¶ 2-3 (attached) ("Decl.")*.  Defense counsel told her that their schedules were not going to permit them to agree to the motion and questioned the need for such a motion.  *See Decl. ¶¶ 2-3*.  Counsel stated she

understood that difficulty, did not question the need for lead counsel need to be present, and agreed that it would be more productive to hold the status conference at a later date because that would permit more consultation in advance between the parties about the best approach to the many pending issues.  However, as *Saleh* counsel advised Messrs. Peters and Koegel, the *Saleh* plaintiffs wanted to alert the Court to both the transfer and the January 27, 2006 *Ibrahim* deadline before that date passed.  Otherwise, the Court might reasonably ask "If you wanted to preserve judicial efficiencies, why did you not bring the procedural situation to the Court's attention before the deadline?"  *See Decl. ¶ 2*.

Defense counsel were not persuaded that this concern about being diligent merited filing a motion.  Thus, *Saleh* counsel and defense counsel simply agreed to disagree on the need for filing the motion.  As a courtesy, *Saleh* counsel withheld filing the motion until the next day to permit defense counsel additional time to deliberate amongst themselves about whether there was any willingness to agree to the motion, but asked that the defense group advise her by noon to permit her to file the motion a full week before the January 27, 2006 deadline.  *See Decl. ¶¶ 2-3*.  *Saleh* counsel received word by noon that the view espoused by Messrs. Peters and Koegel was indeed the view of the defense group and proceeded to file a motion, which properly noted for the Court defense counsel's unavailability.  *See Decl. ¶ 4*.  Given the substance of the motion for an expedited status conference and lead counsels' immediate response that their schedules did not permit consenting to a status conference the following week, it seems the height of absurdity for defense counsel to suggest that *Saleh* counsel should have provided defense counsel several days to deliberate about whether they were going to consent to an expedited status conference.  *Saleh* counsel do not object to any of the dates (January 30, 31, February 3, 6 or 7) proposed by defense counsel for a status conference.

*Finally*, in their opposition to the Motion for an Expedited Status Conference, counsel for the defendants requested that the Court prohibit any filings in *Ibrahim* by non-parties until the Court rules on the "appropriate motions."  Defendants, either genuinely or as an advocacy technique, again miss the point.  The issue is not whether a non-party can file papers in the *Ibrahim* action.  The issue is how best to coordinate and consolidate the *Saleh* and *Ibrahim* actions so that the Court and the parties are not litigating the exact same issue (the government contractor defense) twice.  Given that the parties have just concluded more than one year of briefing over whether judicial economies merit a change of venue and given that the Eastern District of Virginia (J. Hilton) has ruled on two occasions that the *Saleh* action should be transferred to this jurisdiction in order to be consolidated with the *Ibrahim* action, there is clearly no need for yet more briefing on whether to consolidate the *Ibrahim* and *Saleh* actions to achieve judicial economies.

Having alerted the Court and the parties to the issue in a timely fashion, the *Saleh* plaintiffs are voluntarily refraining from filing their Rule 56 affidavit regarding discovery needed on the government contractor defense until they receive guidance from the Court.

Dated: January 26, 2006        /s/ Susan L. Burke
Susan L. Burke (D.C. Bar # 414939)
Jonathan H. Pyle (admitted *pro hac vice*)
BURKE PYLE LLC
3527 Lancaster Avenue
Philadelphia, PA 19104
Telephone:   (215) 387-4705
Facsimile:    (215) 387-4713

Jennifer Green
Judith Brown Chomsky
Anthony DiCaprio
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, NY 10012

Telephone: (212) 614-6431
Facsimile: (212) 614-6499

Shereef Hadi Akeel (admitted *pro hac vice*)
AKEEL & VALENTINE, P.C.
401 South Old Woodward Avenue
Suite 430
Birmingham, MI 48009
Telephone: (248) 594-9595
Facsimile: (248) 594-4477

Joseph Margulies
Locke Bowman
MACARTHUR JUSTICE CENTER
UNIVERSITY OF CHICAGO LAW SCHOOL
1111 East 60th Street
Chicago, IL 60637
Telephone: (773) 702-9560
Facsimile: (773) 702-0771

Susan Feathers
UNIVERSITY OF PENNSYLVANIA
      LAW SCHOOL
3400 Chestnut Street
Philadelphia, PA 19104-6204
Telephone: (215) 898-0459
Facsimile: (215) 573-5808

*Counsel for Plaintiffs and Class Plaintiffs*

## CERTIFICATE OF SERVICE

I, Jonathan H. Pyle, do hereby certify that on the 26th day of January 2006, I caused a true and correct copy of the foregoing Plaintiffs' Reply in Support of Motion for an Expedited Status Conference to be served via electronic mail and U.S. First Class Mail, postage prepaid, upon the following individuals at the addresses indicated:

F. Whitten Peters
Thomas M. Craig
Williams and Connolly
725 12th Street, North West
Washington, DC 20005
wpeters@wc.com
*Counsel for Defendant Titan Corp.*

J. William Koegel Jr.
John F. O'Connor
Steptoe & Johnson LLP
1330 Connecticut Avenue, North West
Washington, DC 20036
wkoegel@steptoe.com
*Counsel for Defendants CACI International, CACI Inc. – Federal*

Adam L. Rosman
Ellen D. Marcus
Zuckerman Spaeder LLP
1800 M Street, North West
Washington, DC 20036
arosman@zuckerman.com
*Counsel for Defendant Adel Nakhla*

Henry E. Hockeimer, Jr.
Ballard Spahr Andrews & Ingersoll, LLP
1735 Market St, 51st Floor
Philadelphia, PA 19103
hockeimerh@ballardspahr.com
*Counsel for Defendant Steven Stefanowicz*

James W. Hundley
Briglia & Hundley, P.C.
1921 Gallows Road, Suite 750
Vienna, Virginia 22182
jhundley@briglia-hundley.com
*Counsel for Defendant Steven Stefanowicz*

Alison L. Doyle
Shari L. Klevens
McKenna Long & Aldridge LLP
1900 K Street, North West
Washington, DC 20006-1108
adoyle@mckennalong.com
*Counsel for Defendant John B. Israel*

Craig T. Jones
The Candler Building, Suite 410
127 Peachtree Street, North East
Atlanta, GA 30303
cjones@edmondfirm.com
*Counsel for Plaintiffs Ibrahim, Aboud, Abbas, Al Jumali, Khalaf, and Al Rhman in Ibrahim v. Titan Corp., No. 04-1248*

L. Palmer Foret
Two Wisconsin Circle
Suite 660
Chevy Chase, MD 20815
lpforet@aol.com
*Counsel for Plaintiffs Ibrahim, Aboud, Abbas, Al Jumali, Khalaf, and Al Rhman in Ibrahim v. Titan Corp., No. 04-1248*

_____
Jonathan H. Pyle
BURKE PYLE LLC
3527 Lancaster Avenue
Philadelphia, PA 19104
Telephone:   (215) 387-4705
Facsimile:    (215) 387-4713