# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SALEH et al., <br><br> Plaintiffs, <br> v. <br><br> TITAN et al. <br>      Defendants. | ) <br> ) <br> ) <br> ) Case No. 05-cv-1165 (JR) <br> ) <br> ) <br> ) <br> ) <br> ) |

## DECLARATION OF SUSAN L. BURKE

I, Susan L. Burke, hereby declare the following under penalty of perjury:

1. On January 19, 2006, we received the Order transferring this action to the District Court for the District of Columbia.

2. That same day, I first called CACI lead counsel J. William Koegel. I told him that plaintiffs were going to seek an expedited status conference in order to receive guidance on, among other things, the applicability of the January 27, 2006 *Ibrahim* deadline for Rule 56 affidavits in light of the transfer of the *Saleh* action. I asked whether defendants would consent to such a motion. We discussed the various open issues at some length. Mr. Koegel told me that his schedule for the following week was very busy; he also questioned the need for such a motion. I told him that we thought it prudent to draw the Court's attention to the deadline in order to ensure that the Court recognized the timing issues. He asked us to hold off on filing the motion until he contacted the other defendants. I agreed to hold off until noon the following day.

3. After speaking with Mr. Koegel, I called Mr. Peters to ascertain Titan's willingness to consent to the motion. I conveyed to Mr. Peters the fact that Mr. Koegel's schedule was difficult for the following week. Mr. Peters reported his schedule was such that he simply could not attend a conference. I told him that we would refrain from filing until noon the following day (January 20) because Mr. Koegel had requested the delay, but that it seemed clear defendants were not able to consent to the motion in light of their scheduling difficulties. Mr. Peters agreed, and then we discussed how best to portray defendants' posture. I suggested to Mr. Peters the following language: "Defense counsel have advised the undersigned that they will have serious scheduling difficulties if the Court convenes a status conference prior to January 27, 2006. Defense counsel will be providing the Court with proposed dates." Mr. Peters agreed that language reflected the scheduling difficulties.

4. After receiving word from defense counsel before noon on January 20, 2006, plaintiffs filed the motion for an expedited status conference. The motion included the proposed language that had been discussed with Mr. Peters.

Date: 1-26-06

Susan L. Burke