IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SALEH et al., <br><br> Plaintiffs, <br> v. <br><br> TITAN et al., <br> Defendants. | ) <br> ) <br> ) <br> ) Case No. 05-cv-1165 (JR) <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFFS' MOTION FOR LEAVE TO AMEND**

Plaintiffs hereby move the Court pursuant to Fed. R. Civ. P. 15(a) and 21 for leave to amend their complaint. As set forth in the accompanying memorandum of points and authorities, the Third Amended Complaint (1) reflects the impact of the Court's August 12, 2005 Order in the related *Ibrahim v. Titan Corp.*, No. 04-1248 (JR) action; (2) subtracts and adds additional parties (including Jalel Mahdy Hadood, whose claims were dismissed without prejudice due to his imprisonment); and (3) reflects the change in controlling jurisprudence resulting from the transfer to this Court.

The CACI Defendants oppose the motion. Pursuant to Local Rule 7(f), plaintiffs respectfully request oral argument on this motion.

WHEREFORE, plaintiffs respectfully request that the Court grant leave to amend their complaint.

Dated: February 9, 2006

/s/ Susan L. Burke
Susan L. Burke (D.C. Bar # 414939)
Jonathan H. Pyle (admitted *pro hac vice*)
Anne K. Heidel
BURKE PYLE LLC
3527 Lancaster Avenue
Philadelphia, PA 19104

Telephone: (215) 387-4705
Facsimile: (215) 387-4713

Jennifer Green
Judith Brown Chomsky
Anthony DiCaprio
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, NY 10012
Telephone: (212) 614-6439
Facsimile: (212) 614-6499

Shereef Hadi Akeel (admitted *pro hac vice*)
AKEEL & VALENTINE, P.C.
401 South Old Woodward Avenue
Suite 430
Birmingham, MI 48009
Telephone: (248) 594-9595
Facsimile: (248) 594-4477

Joseph Margulies
Locke Bowman
MACARTHUR JUSTICE CENTER
UNIVERSITY OF CHICAGO LAW SCHOOL
1111 East 60th Street
Chicago, IL 60637
Telephone: (773) 702-9560
Facsimile: (773) 702-0771

Susan Feathers
UNIVERSITY OF PENNSYLVANIA
    LAW SCHOOL
3400 Chestnut Street
Philadelphia, PA 19104-6204
Telephone: (215) 898-0459
Facsimile: (215) 573-5808

*Counsel for Plaintiffs and Class Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SALEH et al.,<br><br>    Plaintiffs,<br>v.<br><br>TITAN et al.,<br>    Defendants. | Case No. 05-cv-1165 (JR) |

### MEMORANDUM OF POINTS AND AUTHORITY IN SUPPORT OF
### PLAINTIFFS' MOTION FOR LEAVE TO AMEND

    Plaintiffs Haidar Muhsin Saleh and the other named plaintiffs ("plaintiffs") seek leave under Fed. R. Civ. P. 15(a) and 21 to amend their complaint. The proposed Third Amended Complaint is attached as Exhibit A. The Third Amended Complaint reflects the impact of this Court's August 12, 2005 Order in the related action *Ibrahim v. Titan Corp*., No. 04-1248; adds additional parties (including Jalel Mahdy Hadood, whose claims had been dismissed without prejudice due to his imprisonment); and reflects the change in controlling jurisprudence resulting from the transfer to this Court. Granting leave to file the Third Amended Complaint at this procedural point in the litigation does not prejudice any party but rather serves the interests of justice.

### STATEMENT OF PROCEDURAL FACTS IN *SALEH* ACTION

    On June 9, 2004, the plaintiffs filed their class action complaint in the Southern District of California alleging that defendants formed a conspiracy to torture and abuse them. On June 30, 2004 and July 30, 2004, before defendants filed any responsive pleading, the plaintiffs amended their complaint. On September 10, 2004, defendants filed motions to dismiss arguing, *inter alia,* that the political question doctrine and the so-called "government contractors'

defense" protect them from any litigation concerning their conduct in Iraq. *See motions to dismiss filed by defendants CACI International, Inc., CACI Inc. -Federal, and CACI N.V.; Titan Corporation; Stefanowicz; and Nakhla (filed Sept. 10, 2004).*

On November 10, 2004, after the parties had briefed the motions to dismiss, but before any hearing, CACI International, Inc. and its subsidiaries (hereinafter "the CACI Corporate Defendants") filed a motion to transfer the action to the Eastern District of Virginia. *Motion of Defendants CACI International Inc., CACI, Inc. – Federal, and CACI N.V. To Transfer Venue (filed Nov. 10, 2004).*

On February 14, 2005, Titan Corporation and its subsidiaries (hereinafter "Defendant Titan") asked the Court to rule on the motion to dismiss before proceeding to rule on the motion to transfer. The Court denied that request. *Transcript of Oral Argument at 25-26, 60 (Feb. 14, 2005).*

On March 21, 2005, the Southern District of California (J. Rhoades) transferred the action to the Eastern District of Virginia over the plaintiffs' objections. *Order Granting Motion To Transfer Action (March 21, 2005).*

On May 10, 2005, after the action was transferred to the Eastern District of Virginia, the plaintiffs moved to transfer the action to this Court to be consolidated with *Ibrahim et al. v. Titan Corp. et al.*, No. 04-1248 (hereinafter "*Ibrahim* action"). *See Plaintiffs' Motion To Transfer Venue to the District Court for the District of Columbia (filed May 10, 2005).* On June 3, 2005, the Eastern District of Virginia (J. Hilton) granted the transfer for reasons of judicial economy. *See Order (June 3, 2005).*

The CACI Corporate Defendants filed a petition for a writ of mandamus in the Court of Appeals for the Fourth Circuit, which was granted on September 13, 2005. On January 13, 2006,

the Eastern District of Virginia (J. Hilton) again granted the motion to transfer for reasons of judicial economy. The Court held:

> [T]he D.D.C. has already had the occasion to examine the Ibrahim Complaint and is already intimately familiar with many of the facts and legal issues that will be determinative of the Saleh Complaint, thus increasing the judicial efficiency that will be occasioned by a transfer of venue.

*Order at 3 (Jan. 13, 2006).*

### STATEMENT OF PROCEDURAL FACTS RELEVANT TO PLAINTIFFS HAJ ALI SHALLAL ABBAS AL-UWEISSI AND JALEL MAHDY HADOOD

On July 27, 2004, approximately two months after the *Saleh* action was filed in California, several torture victims filed the separate *Ibrahim* action (represented by separate counsel) in this Court.[1]

Two of the *Ibrahim* plaintiffs, Haj Ali Shallal Abbas Al-Uweissi ("plaintiff Haj Ali") and Jalel Mahdy Hadood ("plaintiff Hadood"), initiated contact with the undersigned counsel seeking representation.

Plaintiff Haj Ali

On November 10, 2004, the undersigned counsel filed a notice of dismissal in the *Ibrahim* action for plaintiff Haj Ali. On November 12, 2004 the undersigned counsel filed a motion to add plaintiffs Haj Ali, Mustafa, Natheer, Othman, Hassan, and John Doe No. 3 to the pending *Saleh* action in the Southern District of California. Defendants opposed this motion. *See Opposition by Defendant Titan Corporation to Motion To Amend Plaintiffs' Second*

---

[1] Because the *Ibrahim* plaintiffs are putative class members, the *Saleh* plaintiffs sought by motion filed in the Southern District of California to stay the *Ibrahim* action from proceeding in this Court until the question of whether the action would proceed as a class had been resolved. *See Plaintiffs' Motion To Enjoin Duplicative Action (filed Sept. 10, 2004).* The *Saleh* plaintiffs also filed a motion for class certification. *See Plaintiffs' Motion for Class Certification (filed Nov. 22, 2004).* On November 22, 2004, the District Court in the Southern District of California held a hearing on the Motion To Enjoin. On December 29, 2004, the Court ruled that it lacked jurisdiction over the *Ibrahim* plaintiffs and denied the motion. The District Court did not set a date or hold a hearing on the Motion for Class Certification, which resulted under the Local Rules in defendants not filing any response to the Motion.

- 3 -

*Amended Complaint To Add Parties as Plaintiffs (Jan. 24, 2004); Opposition by Defendants CACI International Inc., CACI Inc.--Federal, and CACI N.V. to Motion To Amend Plaintiffs' Second Amended Complaint To Add Parties as Plaintiffs (Jan. 24, 2004).* The Southern District of California did not hear oral argument or rule on the motion to dismiss prior to transferring the action to the Eastern District of Virginia. In the attached proposed Third Amended Complaint ("TAC"), plaintiffs add Haj Ali, Mustafa, Natheer, Othman, and Hassan as plaintiffs and class representatives.

On April 21, 2005, this Court held a hearing on the defendants' motions to dismiss the *Ibrahim* action. The undersigned counsel did not participate in any way in the briefing because plaintiff Haj Ali had been voluntarily dismissed from the *Ibrahim* action.

Plaintiff Hadood

After the April 21, 2005 hearing, the undersigned counsel learned they were retained by plaintiff Hadood. On May 10, 2004, the undersigned counsel filed a notice of appearance in the *Ibrahim* action on behalf of plaintiff Hadood and alerted the Court that they intended to seek leave to add plaintiff Hadood to the *Saleh* action. Undersigned counsel also filed a supplemental pleading that alerted the Court that plaintiff Hadood alleged that defendants acted under the color of authority. Defendants opposed the filing and argued that the record on the motion to dismiss should be closed without the supplemental briefing. On June 9, 2005, because the issues in the supplemental briefing clearly merit full briefing and those issues are better served by being briefed in the context of defendants' motions to dismiss in the *Saleh* action, plaintiff Hadood

- 4 -

withdrew the supplemental briefing and notified the Court that he would be seeking leave to join the *Saleh* action upon the resolution of the dispute over venue.[2]

On November 22, 2005, this Court dismissed the claims of plaintiff Hadood in the *Ibrahim* action without prejudice because plaintiff Hadood was being held incommunicado in Iraq and thus was unable to communicate with any counsel. Plaintiff Hadood has been released and has contacted undersigned counsel. He wants to join the *Saleh* action.

## STATEMENT OF FACTS

In the *Ibrahim* action, this Court dismissed Counts I (Alien Tort Statute), II (RICO), V (false imprisonment), VII (conversion), and IX (government contract law). *See Order and Memorandum (August 12, 2005)(hereinafter "August 12, 2005 Order")*. This Court also held that "Plaintiffs' allegations describe conduct that is abhorrent to civilized people, and surely actionable under a number of common law theories" and denied defendants' motion to dismiss the remaining claims. *See August 12, 2005 Order at 7*. The *Saleh* plaintiffs propose to amend their complaint to reflect factual developments and conform to this Court's *Ibrahim* ruling in several respects:

*First*, the TAC adds Jalel Mahdy Hadood as a plaintiff and class representative. Although plaintiff Hadood's claims under the Alien Tort Statute were dismissed by the Court in the *Ibrahim* action, plaintiff Hadood pleads those claims with new factual allegations that support a different result. Namely, plaintiff Hadood alleges that defendants (1) acted under the color of the United States' authority, but (2) without contractual permission, outside the scope of the contracts, and in contradiction to United States' policy and law, when they tortured and otherwise abused plaintiff Hadood and the other plaintiffs and class members.

---

[2] On June 8, 2005, counsel for the other *Ibrahim* plaintiffs filed a motion seeking to disqualify the undersigned from serving as counsel for plaintiff Hadood. This Court denied that motion on November 22, 2005.

- 5 -

*Second*, the TAC amends the parties to include additional defendants. Specifically, the TAC names as a defendant the CACI subsidiary CACI Premier Technology, Inc., which was identified by the CACI Corporate Defendants as the subsidiary providing interrogators to serve in Iraq. *See Memorandum of Points and Authorities in Support of the Motion of Defendants CACI International, Inc., CACI, Inc. – Federal, and CACI N.V. To Transfer Venue (filed Nov. 10, 2004), at 4-5.*[3] The TAC also names two additional CACI employees who participated in the torture and abuse of the plaintiff class, Timothy Duggan and Daniel E. Johnson. These individuals have not yet been served with process.

*Third*, the TAC amends the parties insofar as it substitutes class representative plaintiffs and limits the class allegations to a Rule 26(b)(3) class. In addition to plaintiff Hadood, the TAC adds plaintiffs Haj Ali, Umer Abdul Mutalib Abdul Latif, Ahmed Shehab Ahmed, Mustafa, Natheer, Othman, and Hassan as representative class plaintiffs. The TAC also voluntarily eliminates plaintiffs Sami Abbas Al-Rawi, Mwafaq Sami Al-Rawi, Rasheed, John Doe No. 1, and Jane Doe No. 2, as class representatives, although they remain putative class members. As noted above in the procedural history, although the plaintiffs filed a motion for class certification when the action was pending in the Southern District of California, defendants never opposed or responded in any way to that motion. The plaintiffs will be filing a motion for class certification revised to reflect the law of this Circuit.

*Fourth*, the TAC excludes from the scope of the class those prisoners who are United States citizens. The TAC also eliminates the claims arising under the Constitution and the

---

[3] Plaintiffs previously alleged that the CACI Corporate Defendants, in order to build a capacity for interrogation services, acquired all of the assets of Premier Technology Group, Inc. (the entity now known as CACI Premier Technology, Inc.) in 2003. *Second Amended Complaint ¶ 47(d)*.

Religious Land Use and Institutionalized Persons Act, which will be pursued for United States citizens through separate actions.[4]

*Fifth*, the TAC voluntarily eliminates as a defendant the foreign subsidiary of the CACI Corporate Defendants, CACI N.V. This reflects the impact of this Court's August 12, 2005, Order in the *Ibrahim* action, which granted the dismissal of all counts as to defendant CACI N.V.

*Sixth*, the TAC eliminates the causes of action for false imprisonment, conversion and government contract law claims. This reflects the impact of the August 12, 2005 Order, which dismissed those counts on similar allegations. In light of the recent decision by the Court of Appeals for the District of Columbia Circuit in *Hamdan v. Rumsfeld*, No. 04-5393 (D.C. Cir. July 15, 2005), the TAC also eliminates the cause of action arising under the Geneva Conventions.

*Seventh*, the TAC amends the counts arising under RICO to state more clearly the theory of RICO liability. The August 12, 2005 Order dismissed the RICO counts for the *Ibrahim* plaintiffs because, among other things, they had alleged no "acts involving defendants that go beyond personal injury" and thus did not have standing. *August 12, 2005 Order at 18*. Here, certain plaintiffs allege RICO injuries and allege that the RICO injuries resulted from defendants' conspiracy with certain government officials. In addition, the TAC amends the RICO counts to limit the substantive Section 1962(c) count to Defendant Titan and the CACI Corporate Defendants, who are vicariously liable for their employees' predicate acts of threatening murder. The RICO conspiracy count under Section 1962(d) is asserted as to all defendants. The Eastern District of Virginia (J. Hilton) held that the plaintiffs' RICO claims as

---

[4] On December 12, 2005, counsel filed a Petition for a Writ of Habeas Corpus on behalf of Shawqi Omar, a United States citizen imprisoned in Iraq by the United States military. *See Omar v. Harvey et al.* (D.D.C. 1:05-cv-02374). Mr. Omar and any other Americans being held and tortured in Iraq have claims against defendants that are distinct from the claims of non-United States citizens.

well as the District of Columbia long-arm statute sufficed to establish jurisdiction over all defendants in the *Saleh* action.  *See Order at 1 (Jan. 13, 2006).*

*Eighth*, the TAC updates the factual allegations found in the Second Amended Complaint.  The TAC includes a substantial number of new allegations that reflect new evidence relating to defendants and their role in the torture scandal.  Although discovery has not commenced, additional evidence has been made available from the United States and other sources.  The additional evidence obtained to date supports the plaintiffs' prior allegations that defendants acted as if cloaked with United States' authority when in fact they had none.

*Ninth*, the TAC reflects the change of venue to the District of Columbia and the reasoning of *Halberstam v. Welch*, 705 F.2d 472, 478 (D.C. Cir. 1983), and other controlling decisions in this Circuit by articulating conspiracy and aiding and abetting counts for each tort claim.  The initial complaint alleged (under each tort claim) action by conspiracy and by ratifying the acts of others; so defendants have been on notice since June 9, 2004, that the plaintiffs intended to prove conspiracy and aiding and abetting as the basis for liability.

*Tenth,* the TAC alleges damages in excess of the jurisdictional amount required for diversity jurisdiction under 28 U.S.C. § 1332.

## ARGUMENT

Leave to amend is freely granted under the federal rules.  The Court should grant the motion for leave to file an amended complaint because it would serve the interests of justice by addressing the prevailing law in this Circuit, to which the *Saleh* action has been transferred, and legal rulings made by this Court in its August 12, 2005 Order in the *Ibrahim* action.  The amended complaint also reflects newly discovered facts and updates the names of the proper parties to this litigation.  Defendants will not be prejudiced by the amendment because the *Saleh*

- 8 -

action, despite a lengthy dispute over venue, is still in at an early stage of litigation. Defendants have not filed an answer to the complaint and discovery has not commenced. In addition, the amendments to the complaint are not futile, as the Alien Tort Statute and RICO claims brought by the plaintiffs do not suffer the same fatalities as those claims pled in the *Ibrahim* action.

## I.    LEAVE TO AMEND IS FREELY GRANTED.

Rule 15(a) of the Federal Rules of Civil Procedure requires that leave to amend shall be "freely given when justice so requires." Fed. R. Civ. P. 15(a). The Supreme Court has explained that justice requires leave to be granted unless the movant has acted in bad faith or in a dilatory manner, or has repeatedly failed to cure deficiencies by amendments previously allowed, or the amendment would be either futile or unduly prejudice the opposing party. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).[5]

### A.    Amending the Complaint Does Not Prejudice Defendants In Any Way.

The Court of Appeals considers prejudice to the defendants to be the most important factor to consider on a motion for leave to amend. In *Harrison v. Rubin*, 174 F.3d 249 (D.C. Cir. 1999), the Court of Appeals overturned the District Court's denial of plaintiffs' motion to amend, holding that where there was no "evidence of prejudice," leave to amend should have been granted even though "[t]wo years ha[d] passed since the filing of her complaint, [t]he case [was] nearing trial, and the parties ha[d] almost concluded their pre-trial discovery." *Id.* at 250, 252.

Courts in this Circuit have set a high bar for the kind of prejudice that would warrant denying a motion for leave to amend. In *M.K. v. Tenet*, 216 F.R.D. 133 (D.D.C. 2002), a District Court in this Circuit allowed the plaintiffs to make substantial amendments to their complaint,

---

[5] Commentators have observed that the standard on a motion for leave to amend is permissive. According to Moore's Federal Practice, District Courts "should be guided by the underlying purpose of allowing amendments to facilitate a decision on the merits. The policy in favor of allowing amendments is *extremely liberal*." 3 James Wm. Moore et al., *Moore's Federal Practice* § 15.14[1] (3d ed. 1999) (emphasis added).

despite defendants' claims of delay and prejudice.  In *Tenet*, as here, plaintiffs moved to amend before defendants filed their answers and before discovery had begun.  Defendants argued the amendment should be denied because it would expand the scope of discovery.  The Court noted that:

> In a case such as this in which discovery has yet to occur, it would defy logic to deny the plaintiffs an opportunity to amend the complaint on the basis that additional discovery will result.  While it is conceivable that a great deal of discovery may result from the addition of new claims, 30 defendants, and nine plaintiffs in the proposed second amended complaint, this does not constitute evidence of undue prejudice to deny the plaintiffs' instant motion.

*Id.* at 140.

Similarly, defendants in the instant matter will not be prejudiced by the proposed amendment given the early stage of the litigation.  As they have not yet answered the complaint, answering an amended complaint will not burden defendants.  The complaint alleges no new causes of action.  In fact, the amendment removes several causes of action, thereby lessening the burden on defendants.  The amended complaint also clarifies the legal theories under which defendants are liable for each cause of action by stating as three separate counts the theories of liability that in the Second Amended Complaint were combined in a single count.  Even absent a motion for leave to amend, defendants' pending motions to dismiss would have to be revised to reflect the jurisprudence in this Circuit.  By voluntarily acting promptly and amending at this early procedural juncture to reflect the Court's decision in a related matter, the plaintiffs are narrowing the briefing burdens for all parties.

### B.     The Interests of Justice Support Granting Leave To Amend.

Here, the interests of justice clearly require that the leave to amend be granted.  The plaintiffs have brought this motion in good faith and without any unnecessary delay.  Plaintiffs

- 10 -

are filing the motion at this time because defendants take the position (in their Opposition to an Expedited Status Conference) that the motion is no longer pending because the Eastern District of Virginia did not set a hearing on the motion within thirty days.

The plaintiffs are acting promptly to amend the complaint to reflect new evidence obtained before the commencement of discovery. The factual allegations of the Second Amended Complaint were based on plaintiffs' knowledge as of July 30, 2004, and the counts were prepared on the presumption that jurisprudence developed by the Court of Appeals for the Ninth Circuit would apply. In the TAC, the plaintiffs have amended the factual allegations to reflect recently acquired evidence of the defendants' culpability and have modified the counts of the complaint based on the law in this Circuit. The plaintiffs' amended complaint also eliminates one defendant, adds two other individual defendants, adds eight plaintiffs, and eliminates five class representatives. These changes are far less drastic than those in *Tenet*, where leave to amend was nonetheless granted.

The plaintiffs have also voluntarily eliminated five causes of action to reflect the reasoning set forth in the *Ibrahim* August 12, 2005 Order. Judicial economy is best served by permitting such amendment, given the transfer of the *Saleh* action to be consolidated with the *Ibrahim* action. Although the TAC excludes most of the claims that the August 12, 2005 Order dismissed, the TAC continues to assert the RICO (for certain plaintiffs) and Alien Tort Statute claims (for all plaintiffs). Granting leave to file the TAC is not futile as to those claims, however, for the reasons set forth below in Section II (RICO) and III (Alien Tort Statute).

## II.   THE TAC RICO CLAIMS ARE NOT FUTILE IN LIGHT OF THE AUGUST 12, 2005 ORDER BECAUSE THE *SALEH* PLAINTIFFS HAVE RICO STANDING.

The August 12, 2005 Order dismissed the *Ibrahim* plaintiffs' RICO claims for lack of standing. *See August 12, 2005 Order at 18*. Unlike the *Ibrahim* plaintiffs, however, certain

plaintiffs ("RICO plaintiffs") here have alleged that they suffered injuries to their businesses and properties as a result of defendants' violation of Section 1962(c) of RICO. *See TAC ¶¶ 38, 100, 113, 120, 130, 139, 150, 173, 325, 329*. The Eastern District of Virginia (J. Hilton) held that the plaintiffs' RICO claims sufficed to establish jurisdiction over all defendants in the *Saleh* action, which suggests the Court viewed the claims as facially sufficient. *See Order at 1 (January 13, 2006)*.

### III. THE TAC ALIEN TORT STATUTE CLAIMS ARE NOT FUTILE IN LIGHT OF THE AUGUST 12, 2005 ORDER BECAUSE THE COURT EXPRESSLY REFRAINED FROM RULING ON "COLOR OF AUTHORITY" CLAIMS.

The August 12, 2005 Order dismissed the *Ibrahim* plaintiffs' Alien Tort Statute claims as barred by controlling precedent.[6] Unlike the *Ibrahim* plaintiffs, however, plaintiffs here allege facts that bring their claims outside the reasoning of the August 12, 2005 Order. Namely, plaintiffs, including former *Ibrahim* plaintiff Hadood, allege that defendants were cloaked in the "color" of the United States' authority. *See, e.g., TAC ¶¶ 64, 90* (asserting that defendants gave orders to military personnel and represented themselves by clothing and actions to be United States military personnel).

The question of whether Alien Tort Statute claims resting on such factual allegations can withstand a motion to dismiss under the law of this Circuit is a question the Court expressly noted it was *not* answering in the August 12, 2005 Order. In footnote 3 of the August 12, 2005 Order, the Court stated that plaintiff Hadood's withdrawal of the allegations of acting under the

---

[6] The August 12, 2005 Order dismissed the *Ibrahim* plaintiffs' Alien Tort Statute claims on the grounds that the international laws cited by plaintiffs condemned official state torture, not torture by private parties. *August 12, 2005 Order at 5-7*. The Court reasoned that, although the Supreme Court has not spoken to the issue of whether torture by private parties is actionable under the Alien Tort Statute, the Court of Appeals for the District of Columbia answered that question "no" in both *Tel Oren v. Libyan Arab Republic*, 726 F.2d 774 (D.C. Cir. 1984), *cert. denied*, 470 U.S. 1003 (1985) and *Sanchez-Espinoza v. Reagan*, 770 F.2d 202 (D.C. Cir. 1985). *Id.* In its August 12, 2005 Order, the Court did not address claims for torture when it is a crime against humanity or a war crime. Under these circumstances, torture claims do not require state action. *See, e.g., In re Agent Orange Product Liability Litigation*, 373 F. Supp. 2d 7, 113 (E.D.N.Y. 2005) (holding that private military contractors could be held liable for war crimes) (citing *Kadic v. Karadzic*, 70 F.3d 232 (2nd Cir. 1995)).

color of state authority eliminated the need to determine "whether there is any tension between the state actor inquiry under the ATS and a similar inquiry under preemption involving an affirmative government contractor defense but not immunity." *August 12, 2005 Order at 7, n.3*.

Thus, although the plaintiffs have voluntarily eliminated from the TAC the party CACI N.V. and the causes of action dismissed in the August 12, 2005 Order (conversion, false imprisonment, government contracts law), the plaintiffs are not engaged in a futile exercise by continuing to assert their Alien Tort Statute claims and by updating the factual allegations that underpin those claims.

Defendants cannot complain they have been prejudiced by having to confront these "color of authority" issues in the context of briefing in the *Saleh* action rather than in the *Ibrahim* action because they expressly opposed having to reopen the *Ibrahim* briefing. *See Defendant The Titan Corporation's Opposition to Plaintiff Jilal Mehde Hadod's Motion for Leave To File A Supplemental Memorandum of Law or, in the alternative, Motion to File a Response to Plaintiff Hadod's Memorandum (filed on June 2, 2005); Opposition of the CACI Defendants to the Motion for Leave To File Supplemental Memorandum by Jilal Mehde Hadod (filed on June 3, 2005)*.

At most, defendants can complain only as to plaintiff Hadood that he is seeking to get a second hearing on Alien Tort Statute claims that have already been dismissed. It is black letter law, however, that a party who learns new facts can seek to resurrect and replead claims previously dismissed by amending the complaint to reflect the new facts. *See Ramirez de Arellano v. Weinberger*, 745 F.2d 1500, 1545 (D.C. Cir. 1984), *vacated on other grounds*, 471 U.S. 1113 (1985); *Azevedo v. Housing Authority of City of Sarasota*, 147 F.R.D. 255, 258 (M.D. Fla. 1993). Thus, defendants suffer no real prejudice even as to plaintiff Hadood.

## IV.     THE ADDITION OF EIGHT PLANITIFFS IS PROPER.

The addition of plaintiffs Haj Ali, Hadood, Umer Abdul Mutalib Abdul Latif, Ahmed Shehab Ahmed, Mustafa, Natheer, Othman, and Hassan ("joining plaintiffs") is proper. Fed. R. Civ. P. 21 provides that "[p]arties may be dropped or added on motion of any party or of its own initiative at any stage of the action and on such terms as are just." Joining plaintiffs meet the "permissive joinder" requirements of Rule 20(a) of the Federal Rules of Civil Procedure, which allows joinder of plaintiffs who 1) "assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences" if 2) "any question of law or fact common to all these persons will arise in the action." A District Court in this Circuit has observed that Rule 20(a) is highly flexible:

> The well-established policy underlying permissive joinder is to promote trial convenience and expedite the resolution of lawsuits."
> . . . "[T]he impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; *joinder of claims, parties and remedies is strongly encouraged.*

*Disparte v. Corp. Exec. Bd.*, 223 F.R.D. 7 (D.D.C. 2004) (quoting *Puricelli v. CNA Insurance Co.*, 185 F.R.D. 139, 142 (N.D.N.Y. 1999); *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966)) (emphasis added).

The right to relief asserted by each of the joining plaintiffs arises out of the same series of transactions and occurrences as those that are at issue in this case. Joining plaintiffs are class members who were injured by defendants and their co-conspirators. Like the existing plaintiffs, joining plaintiffs were detained in prisons or detention facilities in Iraq subsequent to the fall of the Hussein regime. Like the existing plaintiffs, they were subjected to conditions and treatment that violate United States domestic law, international treaties, and customary international

humanitarian and human rights law, and suffered injuries as a result of those conditions and abuses. The facts surrounding their abuses are similar to the facts surrounding abuses of the existing plaintiffs.

Furthermore, questions of law and fact are common both to the existing plaintiffs and joining plaintiffs. Common factual questions include, *inter alia*, questions regarding the conspiracy among defendants and certain governmental officials to harm detainees in Iraq. Common legal questions include, *inter alia*, whether defendants are liable under the Alien Tort Statute to those they tortured or caused to be tortured. If joined in the action, joining plaintiffs' claims will be considered under the same legal standards as those that govern the existing plaintiffs' claims.

## V.    THE ADDITION OF THREE DEFENDANTS IS PROPER.

For similar reasons, the addition of CACI PT, Timothy Duggan and Daniel E. Johnson as defendants pursuant to Fed. R. Civ. P. 21 is proper. Joining defendants can be joined because they meet the "permissive joinder" requirements of Rule 20(a).

Plaintiffs' claims against Duggan and Johnson arise out of the same series of transactions and occurrences that gave rise to the other claims. Plaintiffs assert the same causes of action against the CACI PT as they assert against the other corporate defendants and assert the same causes of action against Timothy Duggan and Daniel E. Johnson as they assert against the other individual defendants. The same questions of law and fact will arise for the new defendants as for the original defendants. During this litigation, the CACI Defendants have conceded in pleadings that CACI PT is an appropriate defendant. Timothy Duggan and Daniel E. Johnson, whose culpability became known to plaintiffs subsequent to the filing of the Second Amended

Complaint, were CACI interrogators who worked at Abu Ghraib prison and engaged in wrongful acts.

## CONCLUSION

Fed. R. Civ. P. 15(a) requires leave to amend be freely granted in the interests of justice. Here, the interests of justice are well served by granting the plaintiffs leave to amend their complaint to reflect the impact of the August 12, 2005 Order and for the other reasons set forth above. The plaintiffs respectfully request that the Court grant the motion. A proposed Order is attached.

Dated: February 9, 2006

*/s/ Susan L. Burke /AKH*

Susan L. Burke (D.C. Bar # 414939)
Jonathan H. Pyle (admitted *pro hac vice*)
Anne K. Heidel
BURKE PYLE LLC
3527 Lancaster Avenue
Philadelphia, PA 19104
Telephone:   (215) 387-4705
Facsimile:   (215) 387-4713

Jennifer Green
Judith Brown Chomsky
Anthony DiCaprio
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, NY 10012
Telephone:   (212) 614-6439
Facsimile:   (212) 614-6499

Shereef Hadi Akeel (admitted *pro hac vice*)
AKEEL & VALENTINE, P.C.
401 South Old Woodward Avenue
Suite 430
Birmingham, MI 48009
Telephone:   (248) 594-9595
Facsimile:   (248) 594-4477

Joseph Margulies
Locke Bowman

MACARTHUR JUSTICE CENTER
UNIVERSITY OF CHICAGO LAW SCHOOL
1111 East 60th Street
Chicago, IL 60637
Telephone:   (773) 702-9560
Facsimile:   (773) 702-0771

Susan Feathers
UNIVERSITY OF PENNSYLVANIA
    LAW SCHOOL
3400 Chestnut Street
Philadelphia, PA 19104-6204
Telephone:   (215) 898-0459
Facsimile:   (215) 573-5808

*Counsel for Plaintiffs and Class Plaintiffs*

## CERTIFICATE OF SERVICE

I, Jonathan H. Pyle, do hereby certify that on the 9th day of February 2006, I caused true and correct copies of Plaintiffs' Motion for Leave To Amend and Memorandum of Points and Authority in Support of Plaintiffs' Motion for Leave To Amend to be served via electronic mail upon the following individuals and that on the 10th day of February, 2006, I caused copies of the same to be sent via U.S. First Class Mail, postage prepaid at the addresses indicated:

F. Whitten Peters
Thomas M. Craig
Williams and Connolly
725 12th Street, North West
Washington, DC  20005
wpeters@wc.com
*Counsel for Defendant Titan Corp.*

J. William Koegel Jr.
John F. O'Connor
Steptoe & Johnson LLP
1330 Connecticut Avenue, North West
Washington, DC  20036
wkoegel@steptoe.com
*Counsel for Defendants CACI International, CACI Inc. – Federal*

Adam L. Rosman
Ellen D. Marcus
Zuckerman Spaeder LLP
1800 M Street, North West
Washington, DC  20036
arosman@zuckerman.com
*Counsel for Defendant Adel Nakhla*

Henry E. Hockeimer Jr.
Jessica Natali
Ballard Spahr Andrews & Ingersoll, LLP
1735 Market St, 51st Floor
Philadelphia, PA  19103
hockeimerh@ballardspahr.com
*Counsel for Defendant Steven Stefanowicz*

Alison L. Doyle
Shari L. Klevens
McKenna Long & Aldridge LLP
1900 K Street, North West
Washington, DC  20006-1108
adoyle@mckennalong.com
*Counsel for Defendant John B. Israel*

Craig T. Jones
The Candler Building, Suite 410
127 Peachtree Street, North East
Atlanta, GA  30303
cjones@edmondfirm.com
*Counsel for Ibrahim Plaintiffs*

L. Palmer Foret
Two Wisconsin Circle
Suite 660
Chevy Chase, MD  20815
LPForet@aol.com
*Counsel for Ibrahim Plaintiffs*

_____
Jonathan H. Pyle