IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SALEH, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Action No. 05-CV-1165 (JR) |
| v. | ) | |
| | ) | |
| TITAN CORP., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS CACI INTERNATIONAL INC AND CACI, INC. – FEDERAL'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT**

J. William Koegel, Jr. (Bar No. 323402)
John F. O'Connor (Bar No. 460688)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 429-3000
Facsimile: (202) 429-3902
Attorneys for Defendants CACI International Inc,
CACI, INC.–FEDERAL, and CACI, N.V.

February 24, 2006

I.     **INTRODUCTION**

Plaintiffs' proposed Third Amended Complaint seeks to drop CACI, N.V. as a defendant, to add CACI Premier Technology, Inc. ("CACI PT") as a defendant, and to retain CACI International Inc and CACI, INC.-FEDERAL as defendants. Defendants CACI International Inc and CACI, INC.-FEDERAL, (collectively "CACI") oppose Plaintiffs' Motion for Leave to File the Proposed Third Amended Complaint only to the extent that the Third Amended Complaint continues to name them as Defendants. Those corporate entities are not proper defendants in this action. CACI PT and *only* CACI PT is a proper defendant based on the Third Amended Complaint.[1]

CACI PT is the corporation that supplied interrogation services in support of the United States military's mission in Iraq. Plaintiffs correctly assert that in their motion to amend. CACI previously proved that in moving to transfer the case from California. The court in California found that in transferring this action. And this Court recognized that in its August 2005 decision in the related *Ibrahim* action. CACI therefore does not oppose the addition of CACI PT as a defendant. In fact, CACI has urged the substitution of CACI PT as a defendant.

What CACI does oppose, however, is the continued maintenance of suit against two corporate entities against which the Third Amended Complaint states no legal theory. Because the Proposed Third Amended Complaint alleges no facts that would support holding any CACI entity liable except the entity which contractually supplied interrogators in Iraq – CACI PT – the

---

[1] CACI submits that Plaintiffs' proposed Third Amended Complaint fails to state a cognizable claim even against CACI PT, and CACI presumes that whatever CACI-related entities remain as parties under the operative complaint in this action will move to dismiss on that basis. The present motion, however, is limited to the argument by CACI International Inc and CACI, INC. - FEDERAL that no claim conceivably can exist under the facts alleged in the proposed Third Amended Complaint against CACI entities that did not actually supply interrogators in Iraq.

amendment is futile as to CACI International Inc and CACI, INC.- FEDERAL, and the Court should prohibit it as to those entities.

It is appropriate to address this issue now, rather than in the context of a Rule 12(b) motion. If Plaintiffs want to add CACI PT now, an addition that is overdue, fundamental fairness requires that CACI entities not appropriately named as defendants be dropped now as well.

## II.    FACTUAL BACKGROUND

### A.    Relevant Procedural History of This Action

Plaintiffs filed this purported class action in the Southern District of California in June 2004. The original Complaint named CACI International Inc, CACI, INC.-FEDERAL, and CACI N.V. as Defendants. CACI PT was conspicuous by its omission. Plaintiffs amended their Complaint twice while the case was pending in California. Neither the First Amended Complaint nor the Second Amended Complaint named CACI PT as a defendant.

In November 2004, CACI filed a motion to transfer the case to the U. S. District Court for the Eastern District of Virginia. In that motion, CACI delineated the corporate relationship between the CACI entities, explaining that only CACI PT had actually supplied interrogators in Iraq. Plaintiffs opposed the transfer motion. On March 21, 2006, the Court granted CACI's motion to transfer. In his decision, Judge Rhoades noted that CACI PT was not a party:

> CACI PT, while related to the CACI defendants in this case, is not a named party to this suit. According to the declaration of Jeffrey Elefante, in May 2003, defendant CACI, Inc.-Federal acquired most of the assets of the company formerly known as Premier Technology Group, Inc., headquartered in Chantilly, Virginia. These assets became the corpus of CACI PT. CACI PT provides personnel, including interrogators, in support of the United States military's mission in Iraq under a contract issued directly to CACI PT by the United States Army.

*Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1161 (S.D. Cal. 2005).

After this action arrived in the Eastern District of Virginia, Plaintiffs moved to re-transfer this case to this Court. In June 2005, the Eastern District of Virginia granted that motion, and, after reconsidering that decision pursuant to a writ of mandamus issued by the U.S. Court of Appeals for the Fourth Circuit, in January 2006 again transferred the case to this Court.

On February 9, 2006, Plaintiffs moved for leave to file the Proposed Third Amended Complaint. Although the proposed Third Amended Complaint contains many substantive changes, the only issues relevant to CACI's opposition concern the parties. ***First***, that motion seeks to add CACI PT as a Defendant because it "was identified by the CACI Corporate Defendants as the subsidiary providing interrogators to serve in Iraq." Pls.' Mot. at 6. Why it took Plaintiffs more than 15 months after learning this to seek to add CACI PT as a defendant is not explained. ***Second***, the Proposed Third Amended Complaint removes CACI, N.V. as a Defendant in recognition of this Court's August 12, 2005 decision in the *Ibrahim* case. In that decision, the Court addressed its jurisdiction as to the common law claims remaining after the dismissal of all of Plaintiffs' federal claims. The Court dismissed all claims against CACI, N.V., a company incorporated in the Netherlands, for lack of diversity jurisdiction. *Ibrahim v. Titan Corp.*, 391 F. Supp. 2d 10, 20 (D.D.C. 2005). ***Finally***, Plaintiffs continue to name CACI International Inc and CACI, INC.- FEDERAL as Defendants.[2]

---

[2] Plaintiffs' counsel has suggested that the CACI Defendants, notwithstanding the pendency of Plaintiffs' motion for leave to file the Third Amended Complaint, have an obligation to file, again, their motion to dismiss the Second Amended Complaint. The rationale for that approach is unclear. CACI filed a motion to dismiss the Second Amended Complaint in the U.S. District Court for the Southern District of California. That motion was pending at the time that Court transferred this action to the U.S. District Court for the Eastern District of Virginia. Upon the arrival of the case in Virginia, CACI filed a supplemental memorandum with respect to its motion to dismiss, and noticed the motion to dismiss for a hearing on June 10, 2006. Judge Hilton then set a hearing on that motion for June 10, 2006. When he issued an Order on

### B.    The Relevant History of the *Ibrahim* Action

The *Ibrahim* action was filed in this Court in July 2004 on behalf of plaintiffs who also claim they suffered injuries while being detained by the U.S. military in Abu Ghraib prison in Iraq. Like this action, the *Ibrahim* Complaint initially named CACI International Inc, CACI, INC.- FEDERAL, and CACI, N.V. as defendants. The *Ibrahim* Plaintiffs amended their complaint in February 2005, still naming the same three CACI entities as defendants. CACI moved to dismiss the Amended Complaint shortly thereafter.

On August 12, 2005, this Court issued an Order granting in part and denying in part defendants' motions to dismiss. The Court noted a related issue as to the proper CACI parties in the case:

> At oral argument, counsel for CACI stated that CACI, N.V. was not involved in the interrogator contracts in question here. Further, counsel indicated that a CACI company not named in the suit provided interrogators to the military.

*Id.* at 20 n.9.

The *Ibrahim* plaintiffs were given leave to amend their complaint in light of the Court's August 12, 2005 Order. On September 7, 2005, the *Ibrahim* plaintiffs filed a Second Amended Complaint, once again naming CACI International Inc, CACI, INC.- FEDERAL, and CACI, N.V as defendants. Because the Second Amended Complaint still named CACI, N.V. despite the Court's dismissal, CACI approached plaintiffs' counsel about which CACI entity would be a proper defendant in the case. Recognizing that CACI PT actually supplied the interrogators in Iraq, the *Ibrahim* plaintiffs and CACI entered a stipulation on December 2, 2005 which substituted CACI PT as a defendant for CACI International Inc, CACI, INC.- FEDERAL and

---

June 3, 2006 transferring the case to this Court, the hearing set for June 10, 2006 became a moot point. CACI's motion to dismiss the Second Amended Complaint remains pending in this Court.

CACI, N.V. *See* Ex 1. Plaintiffs reserved the right to seek to add CACI International Inc and CACI, INC.-FEDERAL as defendants if the *Ibrahim* plaintiffs subsequently adduced evidence implicating those entities.

CACI made a similar offer to substitute CACI PT as the Defendant in this action. Plaintiffs refused, asserting that CACI International Inc and CACI INC.- FEDERAL are somehow complicit in the supposed actions of CACI PT.

### C.   The Allegations of the Proposed Third Amended Complaint

Aside from naming CACI International Inc, CACI, INC.- FEDERAL, and CACI PT individually in the opening paragraphs identifying each Defendant's citizenship, *see* ¶¶ 20-22, the Proposed Third Amended Complaint does not distinguish between these corporations. Instead, it summarily concludes that CACI International Inc, CACI, INC.- FEDERAL, and CACI PT and "each of their subsidiaries, corporate entities, employees, and any other person or agency acting on [their] behalf" are subsumed under the common phrase "The CACI Corporate Defendants." *Id.*

Paragraphs 67-95 of the Proposed Third Amended Complaint set forth the remaining allegations as to "The CACI Corporate Defendants." None of the allegations in these paragraphs identifies any of the CACI defendants specifically. In lumping the CACI corporate entities together, the Third Amended Complaint alleges:

- The CACI Corporate Defendants are involved in contracting with the United States government, and in some cases have contracted with the government to supply of interrogation services, *id.* ¶¶ 67-69;

- The CACI Corporate Defendants had a contract to supply interrogation services to the U.S. military in Iraq, *id.* ¶ 70;

- The CACI Corporate Defendants engaged in a series of wrongdoing in its supply of interrogators in Iraq, including the failure to properly train interrogators, the failure to acknowledge or report abuse inflicted by CACI interrogators, the adoption of illegal procedures for interrogators in Iraq,

conspiring with codefendants to abuse prisoners in Iraq, and misrepresenting themselves as members of the U.S. military in Iraq. *Id.* ¶¶ 71-90.

In sum, all of the facts alleged regarding "The CACI Corporate Defendants" in the Proposed Third Amended Complaint relate to the contract between CACI PT and the U.S. military to supply interrogation services and acts or omissions related to the performance of that contract.

### III. ARGUMENT

After a year and a half of litigation, all parties are aware that CACI PT is the party which contracted with the United States military to supply interrogators in Iraq. The U.S. District Court for the Southern District of California so found. To the extent that Plaintiffs are able to state a claim against any CACI entity, it is clear that CACI PT would be the proper Defendant. CACI International Inc and CACI, INC.- FEDERAL are not. All of the allegations of the Proposed Third Amended Complaint relate to the alleged acts or omissions of the entity supplying interrogators in Iraq, which indisputably was CACI PT. Plaintiffs are simply unable to identify or allege a single fact which would support holding CACI International Inc and CACI, INC.-FEDERAL liable for the claims asserted in the Proposed Third Amended Complaint. As a result, the amendment is futile as to these Defendants and should be denied.

#### A. Leave to Amend Should Be Denied Where the Amendment is Futile

The standard for leave to amend is liberal but not without restrictions. Denial of leave to amend based on futility is warranted if the proposed claim would not survive a motion to dismiss. *James Madison Ltd. v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996). An amended complaint is futile if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a theory, or could not withstand a motion to dismiss. *Robinson v. Detroit News, Inc.*, 211 F. Supp. 2d 101, 114 (D.D.C. 2002) (*quoting* 3

Moore's Federal Practice § 15.15[3] (3d ed. 2000)); *Willoughby v. Potomac Elec. Power Co.*, 100 F.3d 999, 1003 (D.C. Cir. 1996) (affirming the district court's denial of leave to amend given the "little chance" that plaintiff would succeed on his claim).

The Proposed Third Amended Complaint alleges no facts or acts attributable to CACI International Inc or CACI, INC.- FEDERAL. Indeed, aside from identifying the corporations as Defendants, Plaintiffs do not mention them by name at all. Because the alleged acts are attributable to CACI PT, the other CACI Defendants are only proper if they can be held liable for the acts or omissions of CACI PT. The proposed Third Amended Complaint, however, sets forth no claim or theory for liability by an entity other than the one that actually supplied interrogators in Iraq.

**B.    The Proposed Third Amended Complaint Alleges No Facts Which Would Create Liability for CACI International Inc or CACI, INC. - FEDERAL**

Under Delaware law, "the legal entity of a corporation will not be disturbed until sufficient reason appears."[3] *Albert v. Alex Brown Mgmt. Servs.*, No. Civ. A. 762-N, 2005 WL 2130607, *9 (Del. Ch. Aug. 26, 2005). Indeed, a parent corporation may be held liable for the acts of its subsidiary in only two circumstances: (1) where the parent is the alter ego of the subsidiary, such that piercing the corporate veil is appropriate; or (2) where the parent acts as the agent for the subsidiary with respect to specific transactions. *Id.* at *8-9; *see also Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1476-77 (3rd. Cir. 1988) (applying Delaware law); *Grasty v. McHail*, No. Civ. A. 02C-05-89, 1990 WL 605604, at *1-2 (Del. Super. Aug. 26,

---

[3] Because all of the CACI corporations are incorporated in Delaware, Delaware law applies to the question of whether the related CACI defendants can be held liable for the acts of CACI PT. *See Wright v. Herman*, 230 F.R.D. 1, 8 (D.D.C. 2005); *Ass'n of Merger Dealers, LLC v. Tosco Corp.*, 167 F. Supp. 2d 65, 71 n. 12 (D.D.C. 2001). District of Columbia law dictates the same result. *See Dorsky Hodgson & Partners, Inc. v. Nat'l Council of Senior Citizens*, 766 A.2d 54, 56-57 (D.C. 2001) (corporation is only liable for acts other related corporation on alter ego or agency theories).

2004) (same). The Proposed Third Amended Complaint, however, does not assert any claim for alter ego or agency liability.

### C. Plaintiffs' Allegations of a Vast Conspiracy Are Insufficient To Establish Liability for CACI International Inc or CACI, Inc.-Federal

Plaintiffs' conspiracy allegations do not salvage the proposed Third Amended Complaint vis-à-vis CACI International Inc and CACI, INC.- FEDERAL. Plaintiffs conclusory allegations that all of the CACI defendants were involved in a vast conspiracy to abuse prisoners in Iraq are insufficient to state a claim as to CACI International Inc or CACI, INC.- FEDERAL. First, to state a claim for civil conspiracy, Plaintiffs must allege particular facts to support its assertion that *each Defendant* was a member of the conspiracy. *Paul v. Howard Univ.*, 754 A.2d 297, 310 (D.C. 2000).[4] Those particular facts must, at a minimum, present circumstances from which a common intent to further the conspiracy may be inferred. *Weishapl v. Sowers*, 771 A.2d 1014, 1023 (D.C. 2001). The Proposed Third Amended Complaint fails this test. It is singularly devoid of any facts particular to CACI International Inc or CACI, INC.- FEDERAL which support their inclusion in the so-called "torture conspiracy." All of the alleged facts relating to "The CACI Corporate Defendants'" involvement and furtherance of the supposed conspiracy are attributable to the entity actually supllying the interrogators, in this case CACI PT.

Merely alleging the existence of a conspiracy including a parent and subsidiary, as Plaintiffs do here, is not sufficient. For example, in *Kapcrzycki v. A.C.&S., Inc.*, the plaintiff brought a products liability case against a parent corporation with respect to products manufactured and marketed by its 100% owned subsidiary. No. 88-34, 1990 WL 605604, at *1 (D. Del. Oct. 31, 1990). On the parent corporation's motion for summary judgment, the court found plaintiffs allegations that the parent could not be held liable as a matter of law. *Id.* at *2.

---

[4] This memorandum assumes for argument that D.C. law is applicable.

Plaintiffs sought to avoid summary judgment by asserting that the parent was responsible for the subsidiary's acts in furtherance of a common conspiracy regarding the product at issue. The Court unequivocally rejected their argument. *Id.* at *3-4. This Court should similarly decline to allow Plaintiffs to plead around the requirements for asserting vicarious liability by asserting the mere existence of a conspiracy.

### IV.   CONCLUSION

The Proposed Third Amended Complaint alleges no facts or theory that would support a finding that CACI International Inc or CACI, INC.- FEDERAL are liable for the claims stated therein. Plaintiffs are well aware that CACI PT is the proper corporate defendant in this case, but yet insist on naming additional CACI Defendants. The Court should reject the amendment as to these defendants as futile, and deny leave to amend as to them.

Respectfully submitted,

/s/ J. William Koegel, Jr.
───────────────────────────────
J. William Koegel, Jr. (Bar No. 323402)
John F. O'Connor (Bar No. 460688)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 429-3000
Facsimile: (202) 429-3902

*Attorneys for Defendants CACI International Inc., CACI, Inc. – Federal, and CACI PT Inc*

February 24, 2006