**PLAINTIFFS' REPLY TO CACI'S OPPOSITION TO
PLAINTIFFS' MOTION FOR LEAVE TO AMEND**

**INDEX OF EXHIBITS**

A. *Stipulation (Feb. 22, 2006)*

B. *Declaration of J.P. London (Exhibit A to Declaration of John F. O'Connor in Support of Motion of Defendants CACI International Inc., CACI, Inc. – Federal, and CACI N.V. To Transfer Venue (Feb. 7, 2005))*

C. Anitha Reddy & Ellen McCarthy, *CACI in the Dark on Reports of Abuse*, Wash. Post, May 6, 2004 at E1

D. Jack London, Editorial, *Angelides takes wrong tack with CACI investment*, Sacramento Bee, Aug. 19, 2004 at B7

E. *Amended Complaint, CACI Premier Technology, Inc. & CACI International Inc. v. Rhodes (E.D. Va. No. 1:05 CV 1111 Nov. 10, 2005)*

F. *Letter from J. William Koegel to B. Dominick (Oct. 5, 2004)*

G. J. William Koegel, Jr., *CACI Response to July 27 Article on Iraq Contracts*, Government Executive (July 30, 2004)

H. *Letter from J. Elefante, CACI, International Inc., to M. Sapir, M.D., Ph.D., Retro Poll (May 12, 2005)*

I. *Westly Seeks Anti-Torture Investment Policy*, Business Wire (July 6, 2004)

J. CACI Press release, *CACI Rejects 'Vile' Allegations by California Controller: Company Cites Westly for Political Grandstanding*, July 7, 2004

K. Robert Collier, *Executive Grilled on Firm's Role in Iraq Torture*, San Francisco Chronicle, Aug. 3, 2004

L. Excerpt of *Interagency Contracting Problems with DoD's and Interior's Orders to Support Military Operations*, GAO, Apr. 2005

M. *Letter from J. Neurater to J.P. London (July 7, 2004)*

N. Work Order

O. CACI Press Release, *CACI Reports Preliminary Findings of Internal Investigation*, Aug. 12, 2004

# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AL RAWI, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>TITAN CORPORATION, et al. )<br>)<br>Defendants. )<br>) | Case No.1:05-cv-1165 (JR) |

## STIPULATION

The undersigned parties, which include plaintiffs and all defendants except for the CACI entities (the "non-CACI defendants") (collectively, the "parties"), through their undersigned counsel, have met and conferred and have reached the following stipulation:

1. To avoid duplicative and piecemeal litigation and unnecessary disputes over the procedural posture of the case, the non-CACI defendants do not oppose the Court granting plaintiffs' February 9, 2006 motion to amend the complaint. The non-CACI defendants instead will assert their challenges to the Third Amended Complaint in motions to dismiss and other appropriate motions.

2. The parties agree that, by not opposing this amendment of the Complaint, the non-CACI defendants are not waiving any legal or factual challenges to the Third Amended Complaint including without limitation, the jurisdiction of the Court, the effect of plaintiff Hadod's (also known as Hadood) prior claim in the *Ibrahim* action, and personal jurisdiction, whether asserted under Fed. R. Civ. P. 12 or any other provision. The non-CACI defendants are also not agreeing with plaintiffs' characterization of the procedural or factual background set forth in the motion to amend.

3. The parties agree that any response to the Third Amended Complaint (whether by motion or by answer) will be due as set forth by Court order to be issued at or after the status conference currently set for March 8, 2006.

Respectfully submitted,

*By permission*

Susan L. Burke (D.C. Bar No. 414939)
Jonathan H. Pyle (admitted *pro hac vice*)
BURKE PYLE LLC
3527 Lancaster Avenue
Philadelphia, PA 19104
Telephone:    215-387-4705
Facsimile:    215-387-4713

*Counsel for Plaintiffs*

F. Whitten Peters (D.C. Bar No. 255083)
Ari S. Zymelman (D.C. Bar No. 421593)
F. Greg Bowman (D.C. Bar No. 486097)
WILLIAMS & CONNOLLY LLP
725 112th Street, N.W.
Washington, D.C. 20005
Telephone:    202-434-5000
Facsimile:    202-434-5029

*Counsel for Defendant L-3 Communications Titan Corporation*

*by Permission*

Henry E. Hockeimer
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Telephone:    215-864-8204
Facsimile:    215-864-9078

*Counsel for Defendant Steven A. Stefanowicz*

- 2 -

*[signature] By Permission*
_____
Adam L. Rosman (D.C. Bar No. 454810)
Eric R. Delinsky (D.C. Bar No. 460958)
Ellen D. Marcus (D.C. Bar No. 475045)
ZUCKERMAN SPAEDER LLP
1800 M Street, N.W.
Washington, D.C. 20036-5802
Telephone:    202-778-1800
Facsimile:    202-822-8106

*Counsel for Defendant Adel L. Nakhla*

*[signature] By Permission*
_____
Shari L. Klevens
Stephen M. Lastelic
Alison L. Doyle
McKENNA LONG & ALDRIDGE LLP
1900 K Street, N.W.
Washington, D.C. 20006
Telephone:    202-496-7500
Facsimile:    202-496-7756

*Counsel for Defendant John B. Israel*

# Exhibit B

```
COUGHLAN, SEMMER & LIPMAN LLP
R.J. COUGHLAN, JR. (CA Bar No. 91711)
CATHLEEN G. FITCH (CA Bar No. 95302)
501 West Broadway, Suite 400
San Diego, CA 92101
Telephone:   (619) 232-0800
Facsimile:   (619) 232-0107

STEPTOE & JOHNSON LLP
J. WILLIAM KOEGEL, JR.
JOHN F. O'CONNOR
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone:   (202) 429-3000
Facsimile:   (202) 429-3902

Attorneys for Defendants CACI International Inc,
CACI, INC. – FEDERAL, and CACI N.V.
```

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALEH et al. | Case No.: 04 CV 1143 R (NLS) |
| Plaintiffs, | |
| v. | **DECLARATION OF DR. J.P. LONDON** |
| TITAN CORPORATION et al. | |
| Defendants. | |

I, Dr. J.P. "Jack" London, hereby declare as follows:

1.  I am the President, Chief Executive Officer and Chairman of the Board of Directors of CACI International Inc.

2.  I have personal knowledge of the facts to which I attest herein. I could testify to such things in a court of law, and would, if called to do so.

3.  If this case were to proceed to trial, I would be able to testify from personal knowledge that the allegations asserted by Plaintiffs in their Second Amended Complaint against

CASE NO. 04CV1143 R (NLS)

CACI International Inc, CACI, INC. – FEDERAL, and CACI N.V. (collectively, the "CACI Defendants") are false. Among the matters to which I could testify are the following:

a. That, contrary to the allegations in Plaintiffs' Second Amended Complaint, neither the CACI Defendants nor any affiliates or subsidiaries thereof entered into any conspiracy with United States government officials, The Titan Corporation, or any other person or entity to abuse detainees in Iraq.

b. That, contrary to the allegations in Plaintiffs' Second Amended Complaint, the CACI Defendants and their affiliates and subsidiaries did not coordinate in any way with The Titan Corporation in obtaining contracts from the United States government to provide interrogation services in support of the United States military's mission in Iraq.

c. That, contrary to the allegations in Plaintiffs' Second Amended Complaint, neither the CACI Defendants nor their subsidiaries and affiliates provide any interrogation services at Guantanamo Bay, Cuba.

d. That, contrary to the allegations in Plaintiffs' Second Amended Complaint, the CACI Defendants and their subsidiaries and affiliates have not encouraged abuse of detainees in Iraq by any person and have condemned the abuses that have been portrayed in the media.

e. That, contrary to the allegations in Plaintiffs' Second Amended Complaint, the CACI Defendants and their subsidiaries and affiliates did not, and do not, support the treatment of detainees in Iraq in any manner that is inconsistent with applicable law.

4. I declare under penalty of perjury under the laws of the United States that the foregoing is true to the best of my knowledge and belief. Executed this 7th day of February, 2004.

_____
J. P. London

# Exhibit C

**washingtonpost.com**
# CACI in the Dark on Reports of Abuse
Employee Named in Army Report Still Working in Iraq, Company Says

By Anitha Reddy and Ellen McCarthy
Washington Post Staff Writers
Thursday, May 6, 2004; Page E01

Officials at CACI International Inc. fought back against allegations that one of its employees was involved in abusing detainees at the Abu Ghraib prison in Iraq, saying that it has not been notified of any problems, that the man is still at work and that he has been doing "a damn fine job."

Clearly exasperated, J.P. "Jack" London, the Arlington-based company's chief executive, said during a conference call Wednesday with investment analysts that he still had not received any information from the government about a report that said a CACI interrogator, an interpreter and two military intelligence officials were probably "either directly or indirectly responsible" for problems at the prison.

"The information we've been getting comes from the news media and there's been plenty of it, as you all know," London said.

For the past few days, CACI has been in the awkward position of defending itself against accusations in a report it has not been given by the Defense Department but which has been widely circulated. To get a copy, CACI downloaded it from the Internet.

Company officials said they had been called by customers with questions about the allegations and that they had received electronic "hate mail" from people expressing "extreme dissatisfaction" with the alleged behavior of its contractors at the prison.

The Army report detailing the abuse of Iraqi prisoners names a CACI employee, identified as Steven Stephanowicz, as one of four men who may be responsible for the problems because he allowed or instructed soldiers to aid in interrogations by "setting conditions" that he "clearly knew his instructions equated to physical abuse."

Records in the man's hometown of Telford, Pa., spell his name "Stefanowicz."

London said the company sent a senior executive to Iraq to investigate the accusations and hopes to report findings soon.

Meanwhile, he said, the company asked for an official copy of the Army report from its contact at the Defense Department, which hired CACI to help interrogate prisoners. Spokesmen for the Pentagon and for military command in Baghdad could not explain why CACI had not been told about the investigation and its conclusions.

L. Kenneth Johnson, CACI's president of U.S. operations, said that because the company had not received any instructions to change its activities at the prison, the company's employees remain at the site and continue to perform their duties. Johnson would not elaborate on the company's employees. A military official said there were four contract interrogators at Abu Ghraib and that all work for CACI.

CACI is among an elite group of Washington area companies that do classified work for the federal government. The company, formed in the 1960s, first caught the government's eye with a computer

language it developed that could be used to build battlefield simulation programs. CACI founders Herbert W. Karr and Harry M. Markowitz had deep technical backgrounds; Markowitz won a Nobel prize in economics in 1990 for his pioneering work on stock portfolio diversification, one of the tenets of modern investment theory.

Nearly two-thirds of CACI's business is with the Defense Department and intelligence agencies and most of it involves developing, linking and maintaining computer systems, software programs and other electronic devices.

The company is a newcomer to the interrogation business. It picked up interrogation contracts with the acquisition a year ago of Premier Technology Group, a 360-person company in Fairfax.

"The important point I think is that almost 90 percent of the employees of PTG have higher-level security clearances and you can read between the lines in terms of the kinds of things that we will be doing with that organization," Johnson said at the time.

Defense technology companies such as CACI International, Anteon International Corp. and ManTech International Corp. often trumpet the extent of their work for intelligence agencies to investors because government spending on intelligence gathering is growing at a faster rate than overall military spending, according to investment analysts. Although the companies are sometimes prohibited from announcing individual contracts, they frequently tout the total value of their intelligence contracts.

The companies pursue contracts related to indispensable or core functions of the military, such as analyzing raw intelligence, to shield themselves from the vagaries of defense spending.

CACI's share price has dropped significantly since the Abu Ghraib abuses were reported. It fell 4 percent, to $41.45, on Tuesday and recovered slightly yesterday to close at $43.10.

Mark C. Jordan, an analyst for A.G. Edwards Inc., said the stock's drop was an overreaction by investors because the cost of any lawsuit or settlement would likely be far less than $112 million. But Timothy J. Quillin, an analyst from Stephens Inc., said he is concerned that Congress will use the incident as an excuse to limit the role of contractors in military operations. "CACI has clearly benefited from a recent trend toward greater use of contractors in battlefield roles," Quillin wrote in a research note yesterday.

CACI's legal culpability if an employee is found guilty of having participated in the abuse is unclear. Companies can be barred from pursuing federal contracts if an agency decides "that the contractor lacks the corporate ethics and procedures and control necessary to properly perform government work," said Frederic M. Levy, a partner at McKenna Long & Aldridge who specializes in compliance with government procurement law. He said it was unlikely that an isolated incident would result in a company being prohibited from government contracts.

More than 300 companies or individuals are banned from new federal procurement contracts, according to a database maintained by the General Services Administration. Any agency has the power to initiate the order but it applies government-wide. Reasons a party might be temporarily suspended or banned for a specific period of time include fraud, billing irregularities or felony charges.

The government's right to ban a company from the contracting process is not exercised regularly. After DynCorp employees were terminated from a United Nations program to help rebuild police forces in the Balkans, the company remained eligible to bid on U.S. contracts. And even as a Titan Corp. interpreter at Guantanamo Bay was investigated for allegedly stealing classified information, the company

continued to get new contracts, including one to provide linguists to the Abu Ghraib prison.

London told investors that interrogation services accounted for less than 1 percent of the company's business. "There has been no immediate economic impact on CACI as a result of any of these allegations in terms of contracts or ongoing work," he said. "The likelihood of any significant major downside or action against the company, in my opinion at this point, is quite remote, extremely remote."

London urged people not to jump to conclusions before the investigation is complete. Residents of Telford, Pa., population 4,600, where a high school yearbook lists a Steven Stefanowicz as a member of the basketball team, governing council and the student newspaper, expressed similar sentiments yesterday.

"We want proof before we believe somebody could do a thing like that," said Linda Moyer, co-owner of Visions Salon Inc.

Jean and James Campbell, who identified themselves as Stefanowicz's parents, said they were reserving judgment about the accusations about his work in Iraq. "He's 7,000 miles away. How are we supposed to know what's going on?" James Campbell said.

*McCarthy reported from Telford, Pa. Staff writers Sewell Chan in Baghdad and Ariana Eunjung Cha and Mary Pat Flaherty in Washington contributed to this report.*

© 2004 The Washington Post Company

# Exhibit D

FOCUS - 6 of 68 DOCUMENTS

Copyright 2004 McClatchy Newspapers, Inc.
Sacramento Bee

August 19, 2004, Thursday METRO FINAL EDITION

**SECTION:** EDITORIALS; Pg. B7; OTHER VIEWS

**LENGTH:** 681 words

**HEADLINE:** Angelides takes wrong tack with CACI investment

**BYLINE:** Jack London Special to The Bee

**BODY:**

With American troops risking their lives in Iraq, CACI International Inc. is proud to honor the Army's request for services, including interrogation, to help our men and women in uniform and perhaps reduce the risk to their lives. But this month, California's treasurer seemed to counsel CACI and all other businesses to turn our backs on soldiers when things get tough. That's something CACI can never agree to.

Phil Angelides' initial comments came at a public meeting in which representatives of CACI told the representatives of the state pension funds CalPERS and CalSTRS about our work in Iraq and how we limited the risks to shareholders. Angelides arbitrarily focused on one element of CACI's work and issued an ultimatum: CACI should stop providing interrogation services requested by the U.S. Army or "our pension funds need to get out of the company ." While other pension fund board members focused on gathering information about a company they invest in, he seemed set on advancing his predetermined agenda. Others indicated their belief that CACI remains a solid investment.

During the past year, CACI has provided information technology services, including intelligence support, to help U.S. soldiers carry out their mission in Iraq. We have provided fewer than three dozen interrogators for service in Iraq. No more than 10 of these interrogators served in Iraq at any one time.

One of these interrogators has been cited for possible misconduct in a report on Abu Ghraib by Army Maj. Gen. Antonio M. Taguba, a portion of which was illegally leaked to news media. To date, we have no corroboration of this allegation. No CACI employees are in any of the alarming photographs published so far, nor have any charges been filed against any CACI employee.

Facing a shortage of available interrogators and a vital need to collect intelligence that might save American as well as innocent Iraqi lives, the Army turned to CACI for help. We proudly answered the call. Angelides says the interrogation services caused "reputational risk" to CACI. He has created the very condition he complains of. It's like a politician challenging a rival candidate's integrity and then lamenting a negative campaign.

Indeed, weeks ago - before he had any contact with CACI - Angelides said the pension funds should "seek reforms" at CACI. He also told the Washington Post he was troubled by CACI's "denial of responsibility for what happened at Abu Ghraib." If Angelides is concerned about CACI's reputation, he should look in the mirror.

Let's set the record straight: While some complain corporations give short shrift to our national interests, we believe supporting our soldiers is the right thing to do. CACI is appalled by the alleged abuses and the horrific photos taken at Abu Ghraib. We do not condone or tolerate illegal acts by our employees, nor do we condone or in any way excuse the abuse and torture alleged at Abu Ghraib. As we have said, we will act quickly and forcefully if the evidence shows that any of our employees acted improperly.

Sacramento Bee August 19, 2004, Thursday

But at CACI, we believe in the rule of law and due process, including one of our country's most precious principles - the presumption of innocence. We will not condemn any employee prematurely on the basis of unproven allegations, rumor, speculation or incomplete investigations. The one completed inquiry on this matter, an examination by the U.S. General Services Administration of CACI's contract with the U.S. government to provide services in Iraq, has concluded there is no reason for any action against CACI.

Our work in Iraq is vital to our country, and the intelligence our interrogators have helped collect may have saved some of our soldiers' lives. While we will continue to take steps necessary to minimize the risks to our company and our shareholders, we will not turn our back when we are asked to help American soldiers who are under fire.

* * *

Jack London is chairman, president and chief executive officer of CACI International Inc. He can be reached through jbrown@caci.com. Web site: www.caci.com.

**LOAD-DATE:** August 20, 2004