IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                          )
SALEH, *et al.*,                          )
                                          )
            Plaintiffs,                   )
                                          )   Civil Action No. 05-CV-1165 (JR)
      v.                                  )
                                          )
TITAN CORP., *et al.*,                    )
                                          )
            Defendants.                   )
_____ )


SUR-OPPOSITION MEMORANDUM OF
DEFENDANTS CACI INTERNATIONAL INC AND CACI, INC.–FEDERAL
TO PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR LEAVE
TO FILE A THIRD AMENDED COMPLAINT


                          J. William Koegel, Jr. (Bar No. 323402)
                          John F. O'Connor (Bar No. 460688)
                          STEPTOE & JOHNSON LLP
                          1330 Connecticut Avenue, N.W.
                          Washington, D.C. 20036
                          Telephone: (202) 429-3000
                          Facsimile: (202) 429-3902

                          *Attorneys for Defendants CACI International Inc.
                          and CACI, Inc.-Federal*

March 15, 2006

I. **INTRODUCTION**

Plaintiffs' reply memorandum touting the proposed Third Amended Complaint ("TAC") ignores the critical point in CACI's opposition: the proposed TAC fails to allege any conduct specifically attributable to CACI International Inc and/or CACI, Inc.-Federal that warrants continuing to name them as Defendants. Instead, Plaintiffs amalgamate the CACI corporations, when Plaintiffs know full well that the only CACI entity responsible for supplying interrogators in Iraq was proposed Defendant CACI Premier Technology, Inc. ("CACI PT"). To justify this amalgamation, Plaintiffs' reply brief ignores the allegations in the proposed Third Amended Complaint, focuses on a potpourri of matters outside the complaint, and blithely concludes that any CACI company is liable for the actions of CACI PT's interrogators in Iraq. Where, as here, there is still no allegation of specific acts taken by CACI International Inc or CACI, Inc.-Federal, leave to amend should be denied as futile.

Plaintiffs' complaint regarding discovery confirms the impropriety of maintaining CACI International and CACI, Inc.-Federal as defendants. Plaintiffs complain that they have not yet had the opportunity to take discovery, presumably to determine what role, if any, CACI International Inc, or CACI, Inc.-Federal had in the TAC's alleged conspiracy. This approach has it precisely backwards, particularly after 18 plus months of litigation. Plaintiffs must state cognizable claims first; discovery comes afterwards. *If* any discovery occurs in this action, and *if* that discovery reveals any facts that support naming CACI International Inc or CACI, Inc.-Federal as Defendants, ***then*** Plaintiffs can apply to this Court for leave to add them as parties.

## II. ARGUMENT

### A. Plaintiffs' Recitation Of The Third Amended Complaint Does Not Identify Any Allegations Regarding CACI International Inc or CACI, Inc.-Federal

In their Statement of Facts, Plaintiffs spend nearly two pages reciting the allegations of the TAC in an effort to demonstrate how the complaint supposedly alleges facts sufficient to name all three CACI entities as Defendants. Pl's Reply Br. at 4-6. Notably, each and every allegation refers to "The CACI Corporate Defendants," generally. ***There are no allegations specific to either CACI International Inc or CACI, Inc.-Federal.*** This omission is not an accident. Plaintiffs have not alleged, and cannot allege, any acts attributable to either CACI International or CACI, Inc.-Federal precisely because the actions at issue pertain solely to interrogators supplied exclusively by CACI PT.

For example, Plaintiffs assert that the TAC's allegation in Paragraph 71 that "The CACI Corporate Defendants failed to exercise due diligence in hiring" is a sufficient basis to name all three CACI entities as Defendants. *Id.* at 5. In proper context, however, the "hiring" at issue is that of "persons employed to provide Interrogation Services." *See* Proposed TAC ¶ 72. And the persons hired to serve as interrogators in Iraq were employees of CACI PT. Similarly, Plaintiffs rely on the allegation that "the CACI Corporate Defendants earned millions of dollars in revenues from their provision of Interrogation Services." Pl's Reply Br. at 5. Yet, as Plaintiffs are well aware, CACI PT and only CACI PT, was the company that provided interrogation services in support of the U.S. military's mission in Iraq. Plaintiffs also allege that CACI generally, "participated in a conspiracy to cover up the discovery of torture and other abuses at prisons in Iraq," citing a number of passages from paragraphs 84 through 92 of the TAC. A close examination of those allegations reveals, however, only assertions that the CACI Defendants allegedly failed to report abuses committed by the interrogators themselves – all of

whom are employees of CACI PT. *See* Proposed TAC ¶¶ 84, 85, 88. Thus, if any company allegedly failed to police the conduct of its employees, it was CACI PT. At bottom, Plaintiffs recitation of the TAC's allegations only confirms that they have failed to identify a single action attributable specifically to CACI International Inc or CACI, Inc.-Federal.

    B.    **Defendants Additional "Facts" Do Not Support Naming CACI International Inc. or CACI, Inc.-Federal As Defendants**

In tacit recognition that the proposed TAC does not contain any allegations specifically naming CACI International Inc or CACI, Inc.-Federal, Plaintiffs' proffer a laundry list of "facts in the public record," that Plaintiffs contend supports naming any CACI company in this action. Pl's Reply Br. at 6-11. As a threshold matter, the applicable standard on a motion for leave is whether the *allegations of the amended complaint* themselves fail to state a claim that would survive a motion to dismiss. *Robinson v. Detroit News, Inc.*, 211 F. Supp. 2d 101, 114 (D.D.C. 2002) (*quoting* 3 Moore's Federal Practice § 15.15[3] (3d ed. 2000)); *Willoughby v. Potomac Elec. Power Co.*, 100 F.3d 999, 1003 (D.C. Cir. 1996). Accordingly, facts which are not alleged in the proposed TAC are simply irrelevant as to whether leave to amend is appropriate. Worse yet, even if Plaintiffs' additional "facts" are considered, they fail to demonstrate why CACI International Inc or CACI, Inc.-Federal should remain Defendants in this action.

*First*, Plaintiffs argue that the President and CEO of CACI International Inc, Dr. J.P. ("Jack") London "has testified under oath…in this action that he has "personal knowledge about whether CACI encouraged abuse of detainees in Iraq." Pl's Reply Br. at 6. This, so the theory goes, indicates that an executive of CACI International Inc has relevant information. There are two problems with Plaintiffs' argument. First, they quote Dr. London without giving the context for his Declaration. The London Declaration, attached as an exhibit to Plaintiffs' reply, states in pertinent part:

  (d)  That, contrary to the allegations in Plaintiffs' Second Amended Complaint, the CACI Defendants and their subsidiaries and affiliates have not encouraged abuse of detainees in Iraq by any person and have condemned the abuses that have been portrayed in the media.

  (e)  That, contrary to the allegations in Plaintiffs' Second Amended Complaint, the CACI Defendants and their subsidiaries and affiliates did not, and do not, support the treatment of detainees in Iraq in any manner that is inconsistent with applicable law.

Dr. London's Declaration was submitted in support of the motion of the CACI Defendants to transfer this action to the Eastern District of Virginia. In that motion, it was incumbent upon the CACI Defendants to explain why transfer was appropriate. That Dr. London has knowledge of the corporate defendants' corporate policies and practices does not, without more, make CACI International Inc a proper party here.

Second, as Plaintiffs' brief acknowledges, Dr. London is also the Chief Executive Officer of CACI PT. *Id.* at 11 n.3. Therefore, Dr. London's personal knowledge as to the policy or practice of CACI PT is hardly surprising, and fails to support Plaintiffs' argument that CACI International Inc is a proper Defendant.

***Second***, Plaintiffs argue that CACI International Inc's pending defamation action against Randi Rhodes and Piquant, LLC (d/b/a "Air America Radio") somehow makes the corporation a proper Defendant in this case. Pls. Reply Br. at 7. This is a *non-sequitur.* The statements at issue in that lawsuit are that "CACI" generally committed rape, murder and torture in Iraq, and was engaged in Iraq as "hired killers" and/or "mercenaries." *See Amended Complaint, CACI Premier Technology, Inc., et. al. v. Randi Rhodes*, No. 1:05 CV 1111, E.D. Va., Nov. 10, 2005, ¶¶ 13-15. The false and defamatory statements at issue there were not limited to CACI PT. Because an action for defamation involves damage to reputation, CACI International Inc, the publicly trade, ultimate parent of CACI PT, is certainly a proper plaintiff in an action regarding

statements of and concerning "CACI." It does not follow that CACI International Inc is a proper defendant in an action such as this regarding the conduct of CACI PT employees.

***Third***, Plaintiffs argue that CACI International or CACI, Inc.-Federal employees have at times, sent letters to third parties or made public statements regarding the conduct of CACI PT interrogators in Iraq. As with the defamation action described above, these statements referred to "CACI" generally. As such, it is appropriate for CACI International Inc to take steps to defend the reputation of "CACI," and ensure that facts regarding the conduct of any CACI entity in Iraq are reported accurately. Moreover, these actions are wholly irrelevant to the allegations of the TAC which concerns the acts of CACI PT employees in Iraq.

***Fourth,*** Plaintiffs submit that the identification of CACI International Inc in a report by the U.S. Government Accountability Office "GAO" involving CACI PT's procurement of certain interrogation contracts supports naming CACI International as a Defendant. This argument is hard to fathom. The proposed Third Amended Complaint does not even mention the GAO report, which in any event does not concern allegations of abuse in Iraq. That a GAO report mentions the publicly-traded parent corporation says nothing about whether CACI International Inc is a proper defendant here.

***Fifth,*** Plaintiffs note that a single work order for interrogation services issued under the CACI PT blanket purchase agreement was issued to CACI, Inc.-Federal. The reference in the Work Order to CACI, Inc.-Federal is a clerical error. *See* Declaration of Mark Billings. (Ex. 1). It is clear from the contract identified in the same order that the appropriate CACI entity was CACI PT. *Id.*

***Sixth,*** the fact that CACI International Inc conducted an internal investigation regarding the conduct of CACI PT employees in Iraq does not support naming CACI International Inc as a

Defendant. Indeed, any investigation necessarily occurred *after* the alleged abuses in Iraq occurred, and is simply not at issue in the TAC.

***Seventh,*** Plaintiffs harp on the fact that CACI International Inc announced that it is no longer providing interrogation services to the U.S. Military in Iraq. Plaintiffs' source for this information undercuts its force entirely. That source is an SEC filing by publicly-traded CACI International Inc. As the filing indicates, it is made on behalf of all CACI affiliated entities. This is not only unremarkable, it is required by law. *See* SEC Reg. S-X, 17 C.F.R. § 210.3A-0Z.

***Finally,*** Plaintiffs argue that the CACI companies share certain common board members and have their principal place of business at the same address in Arlington, Virginia. Neither fact supports naming CACI International Inc or CACI, Inc.-Federal as a Defendant in this action. The proposed TAC does not allege any claim for veil piercing or alter ego liability. Further, such facts are insufficient to support a claim for veil piercing, even if such a claim were alleged.

At bottom, Plaintiffs' "facts in the public record" are entirely irrelevant to the allegations of the proposed TAC, and fail to demonstrate that any CACI company other than CACI PT should be a Defendant in this case.

### C. Leave To Amend Should Be Denied As Futile

#### 1. Because The Complaint Does Not Identify Any Acts Attributable to CACI International or CACI, Inc.-Federal, Federal Rule of Civil Procedure 8 Is Not Satisfied

Plaintiffs summarily assert that the proposed TAC satisfies Federal Rule of Civil Procedure 8 as to CACI International Inc, and CACI, Inc.-Federal. If that were true, which it is not, we would expect to see allegations of specific conduct attributed to each CACI corporate entity. But the proposed TAC contains no such delineation. Here, Plaintiffs' TAC completely fails to provide notice of any acts by CACI International Inc, and CACI, Inc.-Federal that are the

grounds of Plaintiffs' claim. It is black-letter law that a "Complaint must give [the] opposing party fair notice of what plaintiff's claim is and grounds upon which it rests." *Underwood v. Archer Management Services, Inc.*, 857 F. Supp. 96, 97 (D.D.C. 1994). The TAC's generic references to "The CACI Corporate Defendants" simply fails to satisfy that standard.

    2.    **After Two Years Of Litigation, Plaintiffs Are Well Aware Of The Proper Defendants In This Case**

Throughout their brief, Plaintiffs protest that leave to amend should be granted because Plaintiffs have not had the opportunity to conduct discovery. *See* Pl's Reply Br. at 13-15. This is a classic cart-before-the-horse argument. The original Complaint was filed in June 2004. Plaintiffs had more than 18 months to develop a proper basis for asserting claims against CACI International Inc or CACI, Inc.-Federal. Though discovery has not commenced, Plaintiffs, like their counterparts in the *Ibrahim* action, have been afforded the opportunity to learn who the proper parties are in this litigation through the extensive briefing that has occurred to date. Both Judge Rhoades' decision transferring the case to the Eastern District of Virginia, and this Court's August 2005 decision in the *Ibrahim* action recognized that CACI PT was the party that contracted to supply interrogation services in Iraq. *See* CACI Opp. at 3-5. Despite this, Plaintiffs continue to name two corporations as Defendants without any specific allegations as to their role in the allegedly vast "torture conspiracy," not to mention the underlying abuses in Iraq. Under such circumstances, this Court need not permit Plaintiffs the benefit of discovery to test their allegations as to the two additional CACI Defendants.

    3.    **The Complaint Fails To Allege Any Legal Theory Sufficient To Hold CACI International or CACI, Inc.-Federal Liable For The Acts Of CACI PT**

In opposing Plaintiffs Motion to Amend, CACI observed that absent any specific allegation, a parent corporation may be held liable for the acts of its subsidiary in only two

circumstances: (1) where the parent is the alter ego of the subsidiary, such that piercing the corporate veil is appropriate; or (2) where the parent acts as the agent for the subsidiary with respect to specific transactions.[1] *See* CACI Opp. at 8. In response, Plaintiffs posit that other CACI companies might be held liable for the acts of CACI PT on a laundry list of theories, including but not limited to "aiding and abetting, ratification, joint venture and conspiracy." Pls. Reply Br. at 15-16. That hypothetical is no more than that. First, the proposed TAC is devoid of any claim that any CACI company should be held liable on theories of ratification or joint venture. Second, none of the cases cited by Defendants stand for the proposition that a parent corporation may be held liable *solely for the acts of its subsidiary* on a theory of aiding and abetting, ratification, joint venture, or conspiracy.[2] Rather, they simply restate the unremarkable proposition that claims may be stated under the Alien Tort Claims Act for such actions.

Indeed, Plaintiffs' citation to *Bowato v. Chevron Texaco Corp.*, 312 F. Supp. 2d 1229 (N.D. Cal. 2004), proves CACI's argument. In *Bowato*, the plaintiffs brought an action against a

---

[1] Because CACI is a Delaware Corporation, CACI relied on Delaware law, but noted that the result would not differ under District of Columbia law. CACI Opp. at 8.

[2] *See Burnett v. Al Baraka Inv. & Dev. Corp.*, 274 F. Supp. 2d 86 (D.D.C. 2003) (Defendant banks alleged to have directly conspired to provide financing for September 11 attacks); *Cabello v. Fernandez-Larios*, 402 F.3d 1148 (11th Cir. 2005) (Chilean military official directly liable under theory of aiding and abetting under ATCA); *In re Agent Orange Product Liability Litigation*, 373 F. Supp. 2d 7 (E.D.N.Y. 2005) (Direct manufacturers of herbicide potentially liable under aiding and abetting theory of ATCA); *Doe v. Saravia,* 348 F. Supp. 2d 1112, 1148 (E.D. Cal. 2004) (individual defendant directly liable for extrajudicial killings on theory of aiding and abetting); *Doe v. Qi,* 349 F. Supp. 2d 1258, 1332 (N.D. Cal. 2004) (Individual officials potentially liable for acts against Falun Gong because they aided and abetted persecution); *Hilao v. Estate of Marcos*, 103 F.3d 767 (9th Cir. 1996) (Individual directly liable as supervisory officer directing or aiding military in torture); *Presbyterian Church of the Sudan v. Talisman Energy, Inc.*, 244 F. Supp. 2d 289 (S.D.N.Y 2003) (Corporation which directly conspired with Government of Sudan was potentially liable under aiding and abetting theory); *Bodner v. Banque Paribas*, 114 F. Supp. 2d 117 (E.D.N.Y. 2000) (Complaint adequately alleged that Defendant banks directly engaged in conspiracy); *Nat'l Coalition of Union of Burma v. Unocal*, 176 F.R.D. 329 (C.D. Cal. 1997) (Defendant corporation alleged to have directly engaged in conspiracy with state government)

Nigerian joint venture partially owned by Chevron, and Chevron itself for alleged human rights abuses that occurred in Nigeria. *Id.* at 1233. On Chevron's motion for summary judgment, the Court held that Chevron could not be held directly liable for the abuses attributable to the Nigerian joint venture. *Id* at 1240. Alternatively, the Court reviewed whether Chevron could be held vicariously liable on an alter ego or agency theory. The Court granted summary judgment on the alter ego claim, but permitted Plaintiffs to proceed on an agency theory -- finding there was a sufficient issue of fact as to whether the Nigerian joint venture was acting as an agent for Chevron directly. *Id.* at 1247-48. The Court then allowed plaintiffs to proceed on its ATCA and RICO because there was an issue of fact as to agency. *Id.*

In contrast to *Bowato*, plaintiffs proposed TAC does not allege any facts, much less state either of the applicable legal theories, that would permit this Court to hold CACI International Inc or CACI, Inc.-Federal liable for the actions of CACI PT. *See* CACI's Opp. at 5. Plaintiffs tacitly admit as much in their last gasp attempt to save the TAC by arguing that it does state a claim for alter ego liability. Pls. Reply Br. at 17-18. Plaintiffs argue that the CACI corporations hold themselves "out to the investing public" as a single entity, and "it appears there are overlapping directors." Such allegations are notably absent from the Proposed TAC, and even then are plainly insufficient to state an alter ego claim. *See Bowato* 312 F. Supp. 2d at 1246-47; *see also Crosse v. BCBSD, Inc.*, 836 A.2d 492, 497 (Del. Super. 2003) ("To state a 'veil-piercing claim,' the plaintiff must plead facts supporting an inference that the corporation, through its alter ego has created a sham entity designed to defraud investors and creditors.").

## III.   CONCLUSION

Plaintiffs cannot justify continuing to name CACI International Inc and CACI, Inc.-Federal as defendants in this action. As a result, the Court should disallow the filing of the Third Amended Complaint as to them.

Respectfully submitted,

/s/ J. William Koegel, Jr.
J. William Koegel, Jr. (Bar No. 323402)
John F. O'Connor (Bar No. 460688)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 429-3000
Facsimile: (202) 429-3902

*Attorneys for Defendants CACI International Inc., CACI, Inc.-Federal, and CACI PT Inc*

March 15, 2006