IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                    )
SALEH, *et al.*                                     )
                                                    )
       Plaintiffs,                              )
                                                    )
v.                                                  )  Case Action No. 05-CV-1165 (JR)
                                                    )
TITAN CORP., *et al.*,                              )
                                                    )
       Defendants.                              )
_____)

**MOTION OF DEFENDANT STEVEN A. STEFANOWICZ TO
DISMISS THE THIRD AMENDED COMPLAINT FOR
LACK OF PERSONAL JURISDICTION AND,
<u>ALTERNATIVELY, TO DISMISS THE ACTION AND/OR CLAIMS THEREIN</u>**

Defendant Steven A. Stefanowicz respectfully moves this Court to dismiss Plaintiffs' Third Amended Complaint for lack of personal jurisdiction and, alternatively, to dismiss the action and/or claims therein for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(2) and (6) of the Federal Rules of Civil Procedure.

                                              Respectfully Submitted

                                              <u>/s/ Henry E. Hockeimer, Jr.</u>
                                              Henry E. Hockeimer, Jr.
                                              (Bar No. 429798)
                                              Ballard Spahr Andrews & Ingersoll, LLP
                                              1735 Market Street, 51st Floor
                                              Philadelphia, PA  19103
                                              Telephone:  (215) 665-8500
                                              Facsimile:  (215) 864-8999

                                              Attorney for Defendant
                                              Steven A. Stefanowicz

Dated:  April 7, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                      )
SALEH, *et al.*                       )
                                      )
        Plaintiffs,                   )
                                      )
v.                                    )   Case Action No. 05-CV-1165 (JR)
                                      )
TITAN CORP., *et al.*,                )
                                      )
        Defendants.                   )
_____)

**PROPOSED ORDER**

AND NOW, upon consideration of Defendant Steven A. Stefanowicz's Motion to Dismiss the Third Amended Complaint for Lack of Personal Jurisdiction and Alternatively, to Dismiss the Action And/Or Claims Therein and the record in this case, it is hereby ORDERED that Defendant's motion is GRANTED.

_____          _____
Date                            James Robertson
                                United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SALEH, *et al.* | ) |
| Plaintiffs, | ) |
| | ) Civil Action No. 05-CV-1165 (JR) |
| v. | ) |
| TITAN CORP., *et al.*, | ) |
| Defendants. | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION OF DEFENDANT
STEVEN A . STEFANOWICZ TO DISMISS
THE THIRD AMENDED COMPLAINT
FOR LACK OF PERSONAL JURISDICTION AND,
ALTERNATIVELY, TO DISMISS THE ACTION
AND/OR CLAIMS THEREIN**

Henry E. Hockeimer, Jr.
(Bar No. 429798)
Ballard Spahr Andrews & Ingersoll, LLP
1735 Market Street, 51st Floor
Philadelphia, PA  19103
Telephone:  (215) 665-8500
Facsimile:  (215) 864-8999

Attorney for Defendant
Steven A. Stefanowicz

Dated:  April 7, 2006

Defendant Steven A. Stefanowicz submits the following points and authorities in support of his motion to dismiss the action against him for lack of personal jurisdiction and, alternatively, to dismiss the action and/or claims therein.

## I.    INTRODUCTION

Mr. Stefanowicz, born and raised in Pennsylvania, is a Navy veteran who was hired by CACI Premier Technology, Inc. in 2003 as an interrogator. He was assigned to assist the United States military in providing interrogation services at the Abu Ghraib prison in Iraq.

On March 23, 2006, plaintiffs filed a Third Amended Class Action Complaint ("Complaint") against Defendants Titan Corporation, CACI, CACI Premier Technology, Inc., and five individual defendants, including Mr. Stefanowicz.

All of the conduct plaintiffs allege against Mr. Stefanowicz occurred in Iraq. And as to Mr. Stefanowicz, the Complaint is replete with generalized and conclusory allegations. For example, in their Complaint, plaintiffs repeatedly allege, without any detail or specifics, that Mr. Stefanowicz "tortured and otherwise mistreated Plaintiffs and Class Members." (*See* Third Amended Complaint, at ¶¶ 24; 25; 52; 78).

Pursuant to Rule 12(b)(6) and Rule 12(b)(2), the Complaint should be dismissed against Mr. Stefanowicz in its entirety because the Complaint fails to state a claim and it fails to establish sufficient contacts for this Court to exercise personal jurisdiction over him. Plaintiffs do not even approach meeting the requirements of Rule 8 -- that the Complaint must set forth supporting allegations of fact. This failure warrants the dismissal of the Complaint under Rule 12(b)(6). Mr. Stefanowicz has had no relevant contact whatsoever with the District of Columbia. As more fully set forth below, it is clear that the Constitutional requirements for the exercise of personal jurisdiction have not been met, and, under Rule 12(b)(2), this action against Mr. Stefanowicz must be dismissed.

## II. ARGUMENT

### A. This Court Lacks Personal Jurisdiction Over Mr. Stefanowicz

To establish personal jurisdiction over a defendant, District of Columbia courts conduct a two-part inquiry: first, whether jurisdiction over the defendant is proper pursuant to the District of Columbia long-arm statute and second, whether jurisdiction is in accord with the Constitutional requirements of due process. *See United States v. Ferrara*, 54 F.3d 825, 828 (D.C. Cir. 1995). It is the Plaintiffs burden to make a *prima facie* showing of personal jurisdiction. *See e.g., First Chicago Intern. v. United Exchange Co.*, 836 F.2d 1375 (D.C. Cir. 1988).

#### 1. The District Of Columbia Long-Arm Statute

The District of Columbia long-arm statute provides, in relevant part, that:

(a) A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's -

(1) transacting any business in the District of Columbia;

(2) contracting to supply services in the District of Columbia;

(3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;

(4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia;

(5) having an interest in, using, or possessing real property in the District of Columbia;

(6) contracting to insure or act as surety for or on any person, property, or risk, contract, obligation, or agreement located, executed, or to be performed within the District of Columbia at the time of contracting, unless the parties otherwise provide in writing; . . .

D.C. Stat. § 13-423.

Plaintiffs have failed to plead facts sufficient to confer jurisdiction over Mr. Stefanowicz pursuant to the District of Columbia long-arm statute. The Complaint does not allege any facts to demonstrate that Mr. Stefanowicz has ever conducted business of any kind in the District of Columbia, that Mr. Stefanowicz has ever negotiated or signed a contract in the District of Columbia or that Mr. Stefanowicz has ever contracted to supply services in the District of Columbia. Additionally, plaintiffs do not allege that Mr. Stefanowicz has ever caused tortious injury in the District of Columbia or that Mr. Stefanowicz has any bank accounts, automobiles registered, or any interest in real or personal property in the District of Columbia. The Complaint fails to allege facts to establish that Mr. Stefanowicz has ever contracted to insure or act as surety for or on any person, property, or risk, contract, obligation or agreement located, executed, or to be performed within the District of Columbia.

Further, all of the acts or omissions alleged in the Complaint that pertain to Mr. Stefanowicz occurred outside of the District of Columbia. Therefore, Mr. Stefanowicz's contacts with the District of Columbia are not sufficient to allow this Court to assert personal jurisdiction pursuant to the long-arm statute.[1]

---

[1] In its Order transferring this matter to this Court, the United States District Court For The Eastern District Of Virginia failed to rely on any specific provision of the long-arm statute, and instead appears to have incorrectly cited to D.C. Stat. §13-423(a)(E), which does not exist. *See* Order of Judge Hilton filed in the United States District Court For The Eastern District Of Virginia dated January 13, 2006. Section (E) relates to (a)(7) of the statute, involving marital or parent child relationships, which is not applicable to this case. *See* D.C. Stat. § 13-423. In any event, Judge Hilton simply had no facts before him to make any kind of finding that this Court has personal jurisdiction over Mr. Stefanowicz.

**2.    Due Process**

The second prong of the jurisdictional analysis concerns whether jurisdiction is in accord with the Constitutional requirements of due process. Due process requires that the defendant have "minimum contacts" with the forum state and that the exercise of jurisdiction comport with traditional notions of fair play and substantial justice. *See International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *Ferrara,* 54 F.3d at 828; *Jungquist v. Sheikh Sultan Bin Khalifa Al Nahyan*, 115 F.3d 1020, 1031 (D.C. Cir. 1997). The United States Supreme Court has stated that "minimum contacts must have a 'basis in some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protection of its laws'" *Asahi Metal Indus. Co., Ltd. v. Superior Court of California*, 480 U.S. 102, 109 (1987), quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).

Personal jurisdiction may be either general or specific. A court exercises specific jurisdiction where the cause of action is "based on acts of a defendant that touch and concern the forum." *Steinberg v. International Criminal Police Organization*, 672 F.2d 927 (D.C. Cir. 1981). This inquiry focuses on a defendant's "forum-linked acts or consequences." *Id.* Alternatively, a court may exercise general "all purpose" jurisdiction "without regard to the claim's relationship vel non to the defendant's forum-linked activity," *id.*, where the defendant's contacts are so substantial, continuous, and systematic that the defendant should reasonably expect to be haled into court therein on any cause of action. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-416 (1984).

Again, plaintiffs have not alleged any facts sufficient to support the exercise of either specific or general jurisdiction over Mr. Stefanowicz.

### a. Specific Jurisdiction

According to the Complaint, Mr. Stefanowicz's alleged conduct giving rise to this cause of action occurred in Iraq, not in the District of Columbia. As such, the cause of action is not based on acts of Mr. Stefanowicz that touch and concern the District of Columbia and the court therefore cannot exercise specific jurisdiction.[2]

### b. General Jurisdiction

The allegations of the Complaint also fail to establish contacts sufficient to confer general jurisdiction over Mr. Stefanowicz.

As discussed above, the Complaint fails to allege facts to establish that Mr. Stefanowicz has conducted any business in the District of Columbia or has made any effort whatsoever to avail himself of the privilege of conducting activities there. Significantly, Plaintiffs fail to allege that Mr. Stefanowicz has conducted any activities at all in the District of Columbia.

Because Plaintiffs have failed to show that Mr. Stefanowicz has any ties to the District of Columbia or has in any way purposely availed himself of the privilege of conducting any activities in the District of Columbia, Mr. Stefanowicz could never reasonably expect to be haled into court there. It would therefore violate the Constitutional notion of due process to require him to remain a defendant in this action.

---

[2] Even if the alleged conduct by Mr. Stefanowicz's employer, CACI, had some connection to the District of Columbia, the court cannot find personal jurisdiction over Mr. Stefanowicz by looking to the contacts of the company for which he works. *Calder v. Jones*, 465 U.S. 783, 790 (1984) (individual defendants' contacts with forum are not to be judged according to employer's activities there. "Each defendant's contacts with the forum State must be assessed individually.")

### B. This Court Does Not Have Jurisdiction Over Mr. Stefanowicz Under RICO's Nationwide Service of Process Provision

While it is evident that the non-RICO counts should be dismissed on lack of personal jurisdiction grounds, Plaintiffs may argue that the RICO Conspiracy count (Count 31) provides for nationwide service of process.

The plain language of the RICO statute, however, demands that for nationwide service of process to apply it must be shown that "the ends of justice require" the exercise of jurisdiction over non-resident defendants.[3]  18 U.S.C. § 1965(b).  In this case, the ends of justice cannot possibly require that Mr. Stefanowicz, who has no meaningful contacts with the District of Columbia at all, be brought into court there.

Where the plaintiffs show no contact whatsoever by a particular defendant with the forum state and make nothing more than a general assertion of a conspiracy that, according to Plaintiffs, "occurred in, among other places, Arizona, California, Virginia and the District of Columbia," (*see* Third Amended Complaint ¶ 98), the ends of justice do not require a finding of personal jurisdiction under RICO's nationwide service of process.  Indeed, they require the contrary.

In *Youming Jin v. Ministry of State Security*, 335 F. Supp.2d 72, 84 n.8 (D.D.C. 2004), Judge Urbina relied on *Butcher's Union Local No. 498 v. SDC Investment, Inc.*, 788 F. 2d 535, 538-539 (9th Cir. 1986) the Ninth Circuit's seminal case on RICO's nationwide service of process provision.  Judge Urbina adopted the Ninth Circuit's reasoning in weighing "the ends of justice" under Section 1965(b) finding that "the court must have personal jurisdiction over at least one of the participants in the alleged multidistrict conspiracy **and** the plaintiff must show

---

[3]  Mr. Stefanowicz incorporates by reference the motions to dismiss the substantive RICO counts filed by Titan and the CACI defendants.

that there is no other district in which a court will have personal jurisdiction over all of the alleged co-conspirators." *Youming Jin,* 335 F. Supp.2d at 84 n.8 (quoting *Butcher's Union Local No. 498*). (emphasis added). The court refused to find personal jurisdiction stating:

> the only reason to contemplate RICO jurisdiction is that the plaintiffs' conspiracy theory of jurisdiction, as pled, is unconstitutional. Under the facts of this case, however, the court does not take the "ends of justice" to mean that when due process gets in the way of the application of one jurisdictional theory, the defendant should be haled in to court on a more lenient theory.

*Id. See also Lescs v. Martinsburg Police Department,* No. 02-5062, 2002 WL 1998177, *1 (D.C. Cir. 2002) (*citing Butcher's Union Local No. 498*).

The plaintiffs in this case have done nothing more than make a vague, general assertion as to the appropriateness of jurisdiction in this Court, and have failed to establish any basis for personal jurisdiction over Mr. Stefanowicz other than to name him in the Complaint. This is clearly insufficient to create personal jurisdiction over a defendant with no contacts at all with the forum state. And, as stated in the *Youming Jin* decision, the RICO nationwide service of process provision should not be used as a more lenient backstop when Constitutional requirements of due process prevent the exercise of personal jurisdiction.

Allowing the suit to proceed against Mr. Stefanowicz would violate the fundamental notions of fair play and substantial justice which the District of Columbia Circuit has maintained are essential for preserving all individuals' right to substantive due process under the Constitution. *See e.g., Ferrara*, 54 F.3d at 828.

### C. This Court Should Dismiss This Action Against Mr. Stefanowicz For Failure To State A Claim

The Complaint provides only generalized, vague and conclusory allegations against Mr. Stefanowicz. For example, plaintiffs repeatedly allege, without any detail or specifics, that Mr. Stefanowicz "tortured and otherwise mistreated Plaintiffs and Class

Members." (*See* Third Amended Complaint, at ¶¶ 24; 25; 52; 78). Plaintiffs do not allege any specific act of abuse by Mr. Stefanowicz. In addition, plaintiffs allege that Mr. Stefanowicz "and others were engaged in repeated violent crimes against Plaintiffs and Class Members" (Third Amended Complaint at ¶ 82). No detail is provided, however, regarding the nature, location or timing of such "violent crimes" nor are the alleged victims identified. Plaintiffs also allege that Mr. Stefanowicz "conspired" with others "to engage in a series of wrongful acts in prisons under the United States' control." (Third Amended Complaint at ¶ 28). Again, no detail is provided regarding the nature of such "wrongful acts," the identity of the alleged victims and the specific locations of these "wrongful acts." Notice pleading is not without limitations; plaintiffs cannot rely solely upon such conclusory and vague allegations. *See Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002) ("'legal conclusions cast in the form of factual allegations'" are not sufficient to state a claim) (*quoting Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)).

Plaintiffs' conclusory allegations do not meet the notice requirements of Rule 8; plaintiffs have simply failed to state a claim against Mr. Stefanowicz under Rule 12(b)(6).

**D.**     **In the Alternative: Motion To Dismiss Filed By Co-Defendants**

If, despite the complete lack of contact with the District of Columbia, the court should find that personal jurisdiction does exist over Mr. Stefanowicz, he moves to dismiss all counts of the Third Amended Complaint and incorporates by reference the memoranda filed by his co-defendants.

### III.  CONCLUSION

   For the foregoing reasons, Mr. Stefanowicz respectfully requests that the Court dismiss this action against him.

          BALLARD SPAHR ANDREWS & INGERSOLL, LLP


          By:  /s/ Henry E. Hockeimer, Jr.
            Henry E. Hockeimer, Jr.
            Attorney for Defendant Steven A. Stefanowicz

Dated:  April 7, 2006

## CERTIFICATE OF SERVICE

I, Henry E. Hockeimer, Jr., do certify that on this 7th day of April, 2006, I caused true and correct copies of Defendant Steven A. Stefanowicz's Motion to Dismiss, Memorandum of Points and Authorities in Support, and Proposed Order to be served electronically on the following parties:

F. Whitten Peters
Ari Shlomo Zymelman
Williams and Connelly
725 12th Street, N.W.
Washington, DC  20005
wpeters@wc.com
azymelman@wc.com
Counsel for Defendant Titan Corp.

Adam L. Rosman
Eric R. Delinsky
Ellen D. Marcus
Zuckerman Spaeder LLP
1800 M Street, NW
Washington, DC  20036
arosman@zuckerman.com
edelinsky@zuckerman.com
emarcus@zuckerman.com
Counsel for Defendant Adel Nakhla

Alison L. Doyle
Shari L. Klevens
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC  20006-1108
adoyle@mckennalong.com
sklevens@mckennalong.com
Counsel for Defendant John B. Israel

J. William Koegel, Jr.
John F. O'Connor
Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, DC  20036
wkoegel@steptoe.com
joconnor@steptoe.com
Counsel for Defendants CACI International Inc., CACI Inc-Federal, and CACI-PT

Susan L. Burke
Burke Pyle LLC
3527 Lancaster Avenue
Philadelphia, PA  19104
(215) 387-4709
Fax:  (215) 387-4713
sburke@burkepyle.com
Counsel for Plaintiffs
Saleh, et al.

/s/ Henry E. Hockeimer, Jr.
Henry E. Hockeimer, Jr.