IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SALEH, et al.<br>    Plaintiffs,<br><br>v.<br><br>TITAN CORPORATION, et al.<br>    Defendants. | )<br>)<br>)<br>)<br>) Case No. 05-cv-1165 (JR)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT JOHN B. ISRAEL'S**
**MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT**

Defendant John B. Israel respectfully moves this Court to dismiss the Third Amended Class Action Complaint (the "Complaint"). The arguments in support of this Motion are more fully set forth in the accompanying Memorandum, as well as the motions and memoranda submitted by the co-Defendants in this action, which Mr. Israel incorporates by reference.

This Court may not exercise personal jurisdiction over Mr. Israel. Plaintiffs do not allege – nor could they – that Mr. Israel has any meaningful contacts with the District of Columbia. Plaintiffs do not allege that Mr. Israel has ever resided, worked, or owned real property or other assets in the District of Columbia. Plaintiffs identify no injuries that they sustained in the District of Columbia as a result of Mr. Israel's supposedly tortious acts. Therefore, Plaintiffs have not satisfied their burden of establishing a *prima facie* case that the District's long-arm statute confers personal jurisdiction over Mr. Israel and that the Court's exercise of such jurisdiction would satisfy due process.

Plaintiffs' conclusory allegations of a conspiracy among the Defendants and others do not remedy these defects, because the allegations lack the specificity required in the D.C. Circuit and fail to assert that Mr. Israel had any knowledge, control, approval, or discretion over any actions

taken in furtherance of the purported conspiracy. Plaintiffs similarly fail to establish that the Court may exercise personal jurisdiction over Mr. Israel pursuant to any claim arising from the Racketeer Influenced and Corrupt Organizations Act ("RICO"). First, for the reasons set out in the Memoranda of Mr. Israel's co-Defendants, Plaintiffs' purported RICO claims are invalid. Plaintiffs therefore cannot rely on the Act's nationwide service of process provisions to establish personal jurisdiction here. Moreover, Plaintiffs have failed to establish that the "ends of justice" would permit the exercise of personal jurisdiction over Mr. Israel in these circumstances. Finally, the Complaint is also subject to dismissal because it lacks the requisite specificity regarding Mr. Israel and for the reasons articulated by co-Defendants in their motions and memoranda.

For all of the foregoing reasons, the Court should dismiss the entire Complaint as to Mr. Israel.

s/ Shari L. Klevens/
Alison L. Doyle. (Bar No. 376480)
Shari L. Klevens (Bar No. 467476)
McKENNA LONG & ALDRIDGE LLP
1900 K Street, N.W.
Washington, D.C. 20006
Telephone:  (202) 496-7500
Facsimile:  (202) 496-7756

*Counsel for Defendant John B. Israel*

April 7, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SALEH, et al.<br>    Plaintiffs,<br><br>v.<br><br>TITAN CORPORATION, et al.<br>    Defendants. | )<br>)<br>)<br>)<br>) Case No. 05-cv-1165 (JR)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OF DEFENDANT JOHN B. ISRAEL
IN SUPPORT OF HIS MOTION TO DISMISS
PLAINTIFFS' THIRD AMENDED COMPLAINT**

 

Alison L. Doyle. (Bar No. 376480)
Shari L. Klevens (Bar No. 467476)
McKENNA LONG & ALDRIDGE LLP
1900 K Street, N.W.
Washington, D.C. 20006
Telephone:  (202) 496-7500
Facsimile:   (202) 496-7756

*Counsel for Defendant John B. Israel*

April 7, 2006

## TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................... 1

II. FACTUAL BACKGROUND ......................................................................................... 2

   A. Plaintiffs Have Not Alleged that John Israel Has Contacts with the District of Columbia. 2

   B. The Flawed Complaint .............................................................................................. 2

III. ARGUMENT .................................................................................................................. 4

   A. This Court Lacks Personal Jurisdiction Over Mr. Israel ............................................ 4

      1. The Court Does Not Have General Personal Jurisdiction Over Mr. Israel ........... 5

      2. The Court Does Not Have Specific Personal Jurisdiction Over Mr. Israel Under the District of Columbia Long-Arm Statute ............................................................. 6

      3. The Court Does Not Have Personal Jurisdiction Over Mr. Israel as a Result of Plaintiffs' Vague Allegations of Common Law "Conspiracy" ............................ 9

      4. The Court Does Not Have Personal Jurisdiction Over Mr. Israel as a Result of Plaintiffs' Vague Allegations of a "Conspiracy" to Violate RICO ..................... 11

   B. The Complaint Should be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6) .... 13

IV. CONCLUSION ............................................................................................................. 14

# TABLE OF AUTHORITIES

**Cases**
*Browning v. Clinton*, 292 F.3d 235 (D.C.Cir.2002) ................................................................. 13
*Browning*, 292 F.3d at 242 ......................................................................................................... 14
*Butchers Union Local No. 498 v. SDC Investment, Inc.*, 788 F.2d 535 (9th Cir. 1986) .............. 12
*Crane v. New York Zoological Soc.*, 894 F.2d 454 (D.C. Cir. 1990) ........................................... 13
*Doe I v. State of Israel*, 400 F. Supp. 2d 86 (D.D.C. 2005) .......................................... 5, 11, 12
*Dorman v. Thornburgh*, 740 F. Supp. 875, (D.D.C. 1990). ........................................................ 9
*Helmer v. Doletskaya*, 393 F.3d 201 (D.C. Cir. 2004) ................................................................ 7
*Islamic American Relief Agency v. Unidentified FBI Agents* 394 F. Supp.2d 34 (D.D.C. 2005) ... 5
*Jungquist v. Sheikh Sultan Bin Khalifa Al Nahyan*, 115 F.3d 1020 (D.C. Cir. 1997) ................. 10
*Kopff v. Battaglia* __ F. Supp.2d __, 2006 WL 786842 at *2 (D.D.C., Mar 29, 2006) ......... 4, 6, 8
*Major v. Plumbers Local Union No. 5*, 370 F. Supp.2d 118 (D.D.C. 2005) ............................... 13
*Richard v. Bell Atlantic Corp.*, 946 F. Supp. 54 (D.D.C. 1996) .................................................... 4
*Staton v. Looney*, 704 F. Supp. 303 (D.D.C. 1989) ..................................................................... 8
*ULICO Cas. Co. v. Fleet Nat'l Bank*, 257 F. Supp.2d 142 (D.D.C. 2003) ................................... 5
*Youming Jin v. Ministry of State Sec.*, 335 F. Supp.2d 72 (D.D.C. 2004) .................................... 9
*Youming Jin*, 335 F. Supp.2d at ..................................................................................... 9, 10, 11, 13
*Zakiya v. United States*, 267 F. Supp.2d 47 (D.D.C. 2003) ......................................................... 7

**Statutes**
D.C. Code § 13-422 ........................................................................................................................ 5
D.C. Code § 13-423 .................................................................................................................... 7, 8
D.C. Code § 13-423 .................................................................................................................... 6, 8

**Rules**
Fed. R. Civ. P. 12(b)(2) ................................................................................................................. 4
Fed. R. Civ. P. 12(b)(6) ............................................................................................................... 14

I.  **INTRODUCTION**

Defendant John B. Israel submits this Memorandum of Law in support of his Motion to Dismiss the Third Amended Class Action Complaint[1] (the "Complaint"). Plaintiffs have not alleged that Mr. Israel, a California resident, either lives or works in the District of Columbia, or that he has any meaningful contacts with this forum. Plaintiffs nevertheless demand that Mr. Israel be haled into court here to defend himself against claims that, based on Plaintiffs' own Complaint, arise from actions that occurred half a globe away and resulted in no injuries to Plaintiffs in this forum. None of Plaintiffs' allegations – including their conclusory, vague references to vast conspiracies and unidentified conspirators – establish the minimum contacts necessary to subject Mr. Israel to the District of Columbia's long-arm statute and to satisfy the requirements of due process. Having failed to allege any facts remotely suggesting that Mr. Israel has any connection to the District of Columbia, Plaintiffs cannot make a *prima facie* case for subjecting Mr. Israel to the personal jurisdiction of this Court. The Complaint as to Mr. Israel should therefore be dismissed in its entirety.

Moreover, the Complaint against Mr. Israel would fail even if he could be subjected to personal jurisdiction here. The allegations regarding Mr. Israel lack even the minimal specificity required by Fed. R. Civ. P. 12(b)(6). Further, the allegations are also subject to dismissal as legally insufficient as to Mr. Israel for the reasons articulated by Defendants L-3 Communications Titan Corporation ("Titan") and CACI International, Inc., CACI, Inc.-Federal,

---

[1] Plaintiffs initiated this action by filing a Class Action Complaint on behalf of a purported class of Iraqi detainees in the United States District Court for the Southern District Of California on June 9, 2004. Plaintiffs' First and Second Amended Class Action Complaints were filed on July 9, 2004 and July 30, 2004 respectively. On motion of the defendants, the case was transferred to the United States District Court for the Eastern District of Virginia on April 11, 2005. Plaintiffs subsequently sought a transfer to this Court, and the case was eventually transferred here by Order dated January 13, 2006.

and CACI Premier Technology (collectively, "CACI") in Memoranda filed today in support of their motions to dismiss. Mr. Israel adopts those arguments, as well as the arguments of Defendants Nakhla and Stefanowicz, and incorporates them by reference into this Memorandum.[2]

## II. FACTUAL BACKGROUND

### A. Plaintiffs Have Not Alleged that John Israel Has Contacts with the District of Columbia

Mr. Israel is a resident of California, where he previously worked for an office equipment company. He is currently an Arabic linguist for a subcontractor to co-defendant Titan, working in Iraq since 2003. Plaintiffs do not allege that Mr. Israel has ever resided or worked in the District of Columbia. Plaintiffs similarly fail to allege that Mr. Israel either owns or has any interest in real property or other assets in the District of Columbia. In fact, Plaintiffs make no allegations that Mr. Israel has had any contacts with the District of Columbia at all.

### B. The Flawed Complaint

Fewer than a dozen paragraphs in Plaintiffs' 331-paragraph Complaint mention Mr. Israel by name. The Complaint identifies a total of 1,063 plaintiffs, naming 13 individuals and identifying an additional 1,050 putative members of various "classes." The Complaint makes no specific allegation that Mr. Israel took any action with respect to 1,062 of these plaintiffs.

---

[2] For purposes of their Motions to Dismiss and accompanying Memoranda of Law, Defendants Titan and CACI generally allow Plaintiffs' characterization of Mr. Israel as an "employee or agent" of Titan to encompass Mr. Israel's status as an employee of a Titan subcontractor. (Mem. of Def. Titan Corp. In Support of Its Mot. to Dismiss Plaintiffs' Third Am. Compl., 2.) In adopting the arguments of Titan and CACI, Mr. Israel similarly accepts Plaintiffs' characterization for the limited purpose of this Motion.

With respect to the single remaining plaintiff, the Complaint makes conflicting allegations about Mr. Israel. Paragraph 50 of the Complaint alleges, "on information and belief," that Mr. Israel was responsible for "kicking," "punching," and directly "threatening" Plaintiff Umer. However, Paragraph 133 identifies "Specific Examples of Wrongful Acts" relating to Plaintiff Umer and mentions none of the actions allegedly attributable to Mr. Israel. Instead, Paragraph 133 alleges that Plaintiff Umer was, *inter alia*, deprived of food and water, beaten "with a stick," subjected to a series of humiliations, shocked "with a Taser-like device," and threatened with the deaths of family members (as opposed to threats of harm to himself personally as described in Paragraph 50). *None* of the "specific examples of wrongful acts" relating to Plaintiff Umer in Paragraph 133 are alleged to have been performed by Mr. Israel. Instead, Plaintiffs ascribe liability generally to unspecified "Torture Conspirators." (Compl. ¶ 133.)

The Complaint uses the singular term "Torture Conspiracy" to refer collectively to two alleged conspiracies, one relating to torture and mistreatment of prisoners during interrogations, and one relating to suppression of information concerning human rights abuses. (Compl. ¶ 97.) Although the Complaint alleges that the "Individual Defendants" (a group defined to include Mr. Israel) "formed and implemented the Torture Conspiracy" with corporate Defendants Titan and CACI "in order to obtain personal financial rewards and/or financial rewards for their employers," the Complaint never alleges that Mr. Israel took any specific action to join or further any part of the "Torture Conspiracy." (Compl. ¶ 100.)

The Complaint is similarly vague and conclusory with respect to Mr. Israel's alleged participation in a further conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act ("RICO"). It merely alleges that the corporate defendants Titan and CACI

formed an "Enterprise" with various military personnel, "persons known and unknown," and the Individual Defendants, including Mr. Israel, and that the "Enterprise" earned millions of dollars as a result of alleged illegal activity. (Compl. ¶ 319.) Mr. Israel is not alleged to have participated in or conducted any of the affairs of the alleged Enterprise. The Complaint merely alleges that he was "aware of" and "agreed to" unspecified "predicate acts" committed by other alleged members of the Enterprise.

### III.  ARGUMENT

#### A.  This Court Lacks Personal Jurisdiction Over Mr. Israel

The Court should dismiss the Complaint against Mr. Israel pursuant to Fed. R. Civ. P. 12(b)(2), because the Plaintiffs have failed to establish a *prima facie* case that the Court has the authority to exercise personal jurisdiction over Mr. Israel under any District of Columbia statute, under the conspiracy theory of personal jurisdiction, or under RICO's national service of process provisions.

Under Rule 12(b)(2), Plaintiffs bear the burden of establishing the Court's personal jurisdiction over Mr. Israel. To meet that burden, Plaintiffs must allege specific, non-conclusory, facts upon which to base such jurisdiction. *Kopff v. Battaglia*, __ F. Supp.2d __, 2006 WL 786842 at *2 (D.D.C., Mar 29, 2006) (citing *Blumenthal v. Drudge*, 992 F. Supp. 44, 53 (D.D.C.1998)). Moreover, plaintiffs may not aggregate allegations concerning multiple defendants in order to establish jurisdiction over any one defendant. *Id.* (citing *Rush v. Savchuk*, 444 U.S. 320, 331-32 (1980)); *see also Richard v. Bell Atlantic Corp.*, 946 F. Supp. 54, 73 (D.D.C. 1996) (a complaint that "fails to plead any specific facts showing that this Court has personal jurisdiction over ... individual defendants shall be dismissed ...."). Courts "will not speculate as to jurisdictional facts" that are absent from the Complaint. *Richard*, 946 F. Supp. at 73. In considering a Motion to Dismiss for lack of jurisdiction, the Court should resolve factual

discrepancies in favor of the plaintiff but it "need not treat all of the plaintiff's allegations as true...." *ULICO Cas. Co. v. Fleet Nat'l Bank*, 257 F. Supp.2d 142, 144 (D.D.C. 2003).

### 1. The Court Does Not Have General Personal Jurisdiction Over Mr. Israel

Plaintiffs have not established that Mr. Israel is subject to general personal jurisdiction in this Court. General personal jurisdiction exists only when a defendant's contacts with the forum are "continuous and systematic." *Doe I v. State of Israel*, 400 F. Supp. 2d 86, 108 (D.D.C. 2005) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415-16 (1984)). D.C. Code § 13-422 states the requirements for demonstrating "continuous and systematic" contacts. D.C. Code § 13-422; *Islamic Am. Relief Agency v. Unidentified FBI Agents*, 394 F. Supp.2d 34, 56 (D.D.C. 2005). The statute permits District of Columbia courts to exercise general personal jurisdiction over a natural person who is "domiciled in, ... or maintain[s] his ... principal place of business in, the District of Columbia...." D.C. Code § 13-422.

A complaint alleging that individual defendants "lived abroad, acted abroad and are employed abroad," cannot establish general personal jurisdiction over those defendants in the District of Columbia. *Doe I*, 400 F. Supp. 2d at 108 (dismissing causes of action under Alien Tort Statute and RICO on grounds including lack of personal jurisdiction).

Nothing in the Complaint suggests that Mr. Israel could be subject to general personal jurisdiction in the District of Columbia. To the extent the Complaint makes any specific allegations about Mr. Israel, it refers to his alleged actions *abroad*. Thus, the Plaintiffs have not alleged that Mr. Israel has the necessary "continuous and systematic" contacts with the District of Columbia. In these circumstances, "it is clear" that the Court lacks general personal jurisdiction over Mr. Israel. *Doe I*, 400 F. Supp. 2d at 108

## 2. The Court Does Not Have Specific Personal Jurisdiction Over Mr. Israel Under the District of Columbia Long-Arm Statute

Plaintiffs similarly fail to assert that Mr. Israel is subject to specific personal jurisdiction in this Court. To establish specific personal jurisdiction over a defendant, Plaintiffs must "plead facts that (1) bring the case within the scope of the District of Columbia's long-arm statute, D.C. Code § 13-423, and (2) satisfy the constitutional requirement of due process." *Kopff*, 2006 WL 786842 at *3 (citations omitted). No facts pled in the Complaint – either directly or indirectly – bring the Plaintiffs' case against Mr. Israel within the scope of the District's long-arm statute. *Id.*

The long-arm statute provides, in pertinent part, that courts may exercise specific personal jurisdiction over any person who, acting directly or through an agent:

1) transacts any business in the District of Columbia;

2) contracts to supply services in the District of Columbia;

3) causes tortious injury in the District of Columbia by an act or omission in the District of Columbia; or

4) causes tortious injury in the District of Columbia by an act or omission outside the District of Columbia if the person regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia.

D.C. Code § 13-423(a)(1)-(4).[3] None of the allegations in this case arise out of business transacted in the District of Columbia or any contract to provide services in the District of Columbia. Sections (a)(1) and (a)(2) therefore do not apply here. *Kopff*, 2006 WL 786842 at *3.

---

[3] The statute also allows for the exercise of specific personal jurisdiction in circumstances involving the ownership of real property and certain contractual and family relationships. None of those circumstances apply here.

All but one of the counts directed against Mr. Israel sound in tort (involving either direct tort claims, or claims that the Defendants "conspired" to commit torts or "aided and abetted" the commission of torts).[4] The Complaint therefore implicates only subsections 13-423(a)(3) and (a)(4) of the long-arm statute. *Id.* The plain language of both provisions permits courts to exercise specific personal jurisdiction over non-resident defendants *only* when the alleged torts cause injury *in the District of Columbia*. D.C. Code § 13-423(a)(3) and (4). Plaintiffs, however, allege no such injuries in this case. Plaintiffs claim that Defendants "tortured and otherwise mistreated [them] and the class of persons held at *Abu Ghraib and other prisons in Iraq*." (Compl. ¶ 1 (emphasis added).) Plaintiffs do not, and could not, claim that they were injured *in the District of Columbia* as a result of mistreatment that allegedly occurred while they were imprisoned in Iraq. *See, e.g.*, *Helmer v. Doletskaya*, 393 F.3d 201, 208-09 (D.C. Cir. 2004) (emotional injury from tortious acts occurs "where the plaintiff lives or works"); *Zakiya v. United States*, 267 F. Supp.2d 47, 51-52 (D.D.C. 2003) (no personal jurisdiction in the District of Columbia over defendant prison wardens in a *Bivens*/Federal Tort Claims Act case when alleged torts occurred in state facilities outside the District of Columbia).

Even if they could demonstrate injuries in the District of Columbia as a result of the alleged tortious activities in Iraq, Plaintiffs would still be unable to satisfy the remaining requirements of the District of Columbia long-arm statute. D.C. Code § 13-423(a)(4) regarding torts alleged to have occurred outside of the District of Columbia requires a further showing of each defendant's contacts with the District of Columbia before it confers jurisdiction, i.e. that a defendant "regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District

---

[4] The final count, alleging a RICO conspiracy, is addressed in section A.4 of this Memorandum.

of Columbia." D.C. Code § 13-423(a)(4). Plaintiffs again do not even attempt to make such a showing in the Complaint.[5]

Moreover, the Due Process Clause requires Plaintiffs to demonstrate that the connection between the injuries that they claim and Mr. Israel's connections with the District of Columbia are sufficiently close that " 'maintenance of the suit does not offend traditional notions of fair play and substantial justice.' " *Kopff*, 2006 WL 786842 at *4 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). To satisfy this standard, Plaintiffs must demonstrate that Mr. Israel has " 'purposefully avail[ed] himself of the privilege of conducting activities' " in the District of Columbia, and, moreover that his activities are such that "he should reasonably anticipate being haled into court" here. *Id.* (quoting *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 108-09 (1987) and *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 397 (1980)).

Because Plaintiffs do not claim that Mr. Israel's actions caused them injury in the District of Columbia, the Complaint does not satisfy the requirements of D.C. Code § 13-423(a)(3) or (a)(4). Even if they could demonstrate the requisite injury within this forum, Plaintiffs have failed to allege any contacts between Mr. Israel and the District of Columbia, let alone contacts sufficient to satisfy the requirements of due process. In short, Plaintiffs have failed to allege that any of Mr. Israel's personal actions could subject him to the exercise of personal jurisdiction by this Court pursuant to the District of Columbia's long-arm statute.

---

[5] The fact that Mr. Israel "has retained local counsel for the purpose of defending this case does not constitute doing business in the District of Columbia" for purposes of the long-arm statute. *Staton v. Looney*, 704 F. Supp. 303, 304 (D.D.C. 1989) (citations omitted).

### 3. The Court Does Not Have Personal Jurisdiction Over Mr. Israel as a Result of Plaintiffs' Vague Allegations of Common Law "Conspiracy"

Plaintiffs' conclusory assertion that various Defendants "formed and implemented the Torture Conspiracy" so as to gain "personal financial rewards and/or financial rewards for their employers" also cannot give rise to specific personal jurisdiction over Mr. Israel. (Compl. ¶ 100.)

In cases where plaintiffs demonstrate a *prima facie* showing of a conspiracy among various defendants, agency principles allow a District of Columbia court to assert personal jurisdiction over a nonresident defendant who lacks direct contacts with the District if the plaintiff also alleges "that an overt act in furtherance of the conspiracy was committed in the District of Columbia by any member of the conspiracy and the resulting injury to the plaintiff occurred in the District of Columbia." *Dorman v. Thornburgh*, 740 F. Supp. 875, 877-78 (D.D.C. 1990).

"As with other forms of personal jurisdiction, [establishing] conspiracy jurisdiction requires" more than bald speculation or conclusive assertions. *Youming Jin v. Ministry of State Sec.*, 335 F. Supp.2d 72, 78 (D.D.C. 2004). The D.C. Circuit requires unusually particularized pleading of each element of a conspiracy, including a *prima facie* showing of 1) a conspiracy, 2) in which the defendant participated, 3) a co-conspirator's overt act within the forum, subject to the long-arm statute and in furtherance of the conspiracy and 4) purposeful availment of the forum. *Id.* at 78-80 (citing *Edmond v. United States Postal Serv. Gen. Counsel*, 949 F.3d 415, 428 (D.C. Cir. 1991) (Silberman, J., concurring in part and dissenting in part) and *Jung v. Ass'n of Am. Med. Colls.*, 300 F. Supp.2d 119, 141 (D.D.C. 2004)). Plaintiffs must plead with particularity both the *existence* of the conspiracy, and also the *acts taken within the District of*

*Columbia* in furtherance of the conspiracy. *Jungquist v. Sheikh Sultan Bin Khalifa Al Nahyan*, 115 F.3d 1020, 1030 (D.C. Cir. 1997) (citations omitted).

The bare allegations of the Complaint fail on all counts. Plaintiffs summarily assert that the Defendants and "others" conspired to engage in a "series of wrongful acts" and to "prevent discovery and investigation" of those acts. (Compl. ¶ 28.) Plaintiffs never describe the scope of this alleged agreement. Equally important, the Complaint fails to identify all of the alleged "Torture Conspirators" (or even to define the term). Moreover, Plaintiffs utterly fail to allege specific acts of participation by Mr. Israel in the conspiracy, and they do not describe any overt acts by any alleged conspirators within the District of Columbia. In fact, Plaintiffs merely suggest that a series of meetings and communications in furtherance of the alleged conspiracy occurred at unspecified times "in, among other places, Arizona, California, Virginia, and the District of Columbia." (Compl. ¶ 98.) According to the Plaintiffs, then, the vast "Torture Conspiracy" stretched across several corporate entities, encompassed multiple individuals employed by or working with these entities, various military personnel, and unnamed "others," and involved unspecified actions taken in at least four states, one foreign country, and possibly "other places," as well. These broad brushstrokes certainly do not paint an "unusually particularized" picture of the conspiracy that Plaintiffs allege, and they offer no clarity about what acts, if any, were taken in the District of Columbia in furtherance of that conspiracy. *See Youming Jin*, 335 F. Supp.2d at 78-80; *Jungquist*, 115 F.3d at 1030.

Finally, the Complaint does not state that Mr. Israel had "any knowledge, control, approval or discretion" over the alleged meetings and communications in furtherance of the conspiracy. *Youming Jin*, 335 F. Supp.2d at 83 (finding that even when plaintiffs had sufficiently alleged the existence of a conspiracy, and defendant's participation in that

conspiracy, they could not subject the defendant to personal jurisdiction in the District of Columbia "based on a variety of acts by alleged co-conspirators in the District" unless the defendant exercised some level of control or discretion over the other defendants' acts). Without such a showing, Plaintiffs' allegations "fall woefully short of satisfying due process" and therefore the "conspiracy" that they describe cannot confer personal jurisdiction over Mr. Israel. *Id.*

    4. **The Court Does Not Have Personal Jurisdiction Over Mr. Israel as a Result of Plaintiffs' Vague Allegations of a "Conspiracy" to Violate RICO**

The Complaint asserts that the Court has subject matter jurisdiction arising under RICO. Plaintiffs may intend this cursory reference as an assertion that the Court has personal jurisdiction over Mr. Israel under the Act's national service of process provision. If that is indeed what they intend, this assertion also fails.

A plaintiff who asserts a colorable claim under RICO "might" be able to employ the Act's "nationwide service of process provision … to provide personal jurisdiction over" non-resident defendants and pendent jurisdiction over state tort law claims. *Doe*, 400 F. Supp.2d at 120-21. However, the provision does not apply to this case. First, Plaintiffs have not alleged a colorable RICO claim. *See* Mem. of Def. Titan Corp. In Support of Its Mot. to Dismiss Plaintiffs' Third Am. Compl., § B-3; Mem. of Defs. CACI Int'l, Inc., CACI, Inc.-Fed., and CACI Prem. Tech., Inc. In Support of Their Mot. to Dismiss Plaintiffs' Third Am. Compl., § II-E.[6] Therefore, Plaintiffs cannot rely on the statute's nationwide service of process

---

[6] Defendant CACI's arguments regarding the invalidity of Plaintiffs' RICO causes of action relies in part on Plaintiffs' failure to allege facts sufficient to support their claims. However, CACI's arguments apply with equal force to Mr. Israel. Like the other so-called Individual Defendants, the Complaint merely asserts that Mr. Israel's involvement in the RICO "conspiracy" was limited to being "aware of" and "agreeing" to predicate acts committed by

*(footnote continued on next page)*

provisions to subject Mr. Israel to the personal jurisdiction of this Court. *Doe*, 400 F. Supp.2d at 118-21 (confirming that after rejection of a RICO claim as plainly deficient, plaintiffs must "satisfy the traditional personal jurisdiction analysis under the District of Columbia long-arm statute and due process" for each defendant).

Second, even if the RICO claim were viable – which it is not – the Plaintiffs' bare allegation that Mr. Israel conspired with others to violate the Act would not suffice to subject him to personal jurisdiction. Other jurisdictions have properly held that the right to nationwide service of process under RICO is not unlimited, and that the Congress intended to allow it only when "the ends of justice require it." *See, e.g., Butchers Union Local No. 498 v. SDC Investment, Inc.*, 788 F.2d 535, 538-39 (9th Cir. 1986).[7] This Court recently indicated its agreement with the reasoning of *Butchers Union* when it observed that the ends of justice are not served by permitting a defendant to be "haled in to court on [the] more lenient [RICO] theory" of jurisdiction when due process requires otherwise, i.e. where conspiracy allegations were insufficient to establish jurisdiction on their own. *Youming Jin* 335 F. Supp. at 84 n.8.

Here, as in *Youming Jin*, Plaintiffs cannot rely on traditional theories to establish that Mr. Israel is subject to personal jurisdiction in this Court – they have not alleged or demonstrated that Mr. Israel took actions, directly or indirectly, in the District of Columbia, or that he has caused

---

*(footnote continued from previous page)*
Defendants Titan, CACI, and others. Plaintiffs have failed to describe these so-called predicate acts with anything approaching specificity. Plaintiffs cannot show that Mr. Israel was aware of or agreed to acts that the Complaint does not properly describe.

[7] The court held that "[f]or nationwide service to be imposed under section 1965(b), the court must have personal jurisdiction over at least one of the participants in the alleged multidistrict conspiracy and the plaintiff must show that there is no other district in which a court will have personal jurisdiction over all of the alleged co-conspirators". *Butchers Union*, 788 F.2d at 538-39.

injuries directly or indirectly in the District of Columbia. Similarly, Plaintiffs have not alleged and cannot show that Mr. Israel had "any knowledge, control, approval or discretion" over actions in the District that furthered the ends of any conspiracy, and they cannot show that he has the requisite meaningful contacts with this jurisdiction to satisfy due process. *Youming Jin*, 335 F. Supp.2d at 83.

Finally, Plaintiffs have made no effort whatsoever to establish any of the conditions set out in *Butcher's Union* or *Youming Jin* as predicates to the Court's exercise of personal jurisdiction under 18 U.S.C. § 1965(b). The "ends of justice" therefore cannot require that Mr. Israel be haled into court in the District of Columbia on the basis of RICO's national service of process provisions. Allowing the suit to proceed against Mr. Israel would offend the "traditional notions of fair play and substantial justice" that are a prerequisite to any exercise of personal jurisdiction in the D.C. Circuit. *Crane v. New York Zoological Soc.*, 894 F.2d 454, 455-56 (D.C. Cir. 1990) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (other quotations omitted)).

### B. The Complaint Should be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6)

In addition to failing to establish this Court's jurisdiction over Mr. Israel, the Complaint also fails to satisfy even the basic requirements of notice pleading with respect to Mr. Israel specifically. To satisfy the requirements of Fed. R. Civ. P. 12(b)(6), a complaint must allege facts demonstrating "how a particular plaintiff was [harmed] by a particular defendant." *Major v. Plumbers Local Union No. 5*, 370 F. Supp.2d 118, 129 (D.D.C. 2005). A court considering a motion to dismiss need not accept "inferences drawn by the plaintiff if such inferences are unsupported by the facts set out in the complaint...." *Browning v. Clinton*, 292 F.3d 235, 242 (D.C.Cir.2002). The Complaint makes virtually no allegations about any specific acts by Mr.

Israel. The few allegations that it does make in Paragraph 50 regarding Plaintiff Umer are subsequently contradicted in Paragraph 133. The Complaint thus makes no clear allegation that Mr. Israel directly harmed *any* Plaintiff. Instead, Plaintiffs simply lump Mr. Israel in with groups of Defendants who allegedly "conspired" to commit various torts, or "aided and abetted" the commission of such torts. Plaintiffs implicitly ask the Court to accept their inference that Mr. Israel somehow participated in these vague conspiracies. However, the Court is not obliged to do so, because the Plaintiffs' own pleading undermines that inference. *Major*, at *8; *Browning*, 292 F.3d at 242 . The Complaint is therefore subject to dismissal with respect to Mr. Israel in accordance with Fed. R. Civ. P. 12(b)(6).

Finally, Mr. Israel also joins in and adopts the Motions and Memoranda of Points and Authorities submitted by the other Defendants, including the arguments of Defendants and Titan and CACI regarding the legal deficiencies of the Complaint. As Titan and CACI demonstrate, none of the Complaint's 31 counts state a valid claim; all should be dismissed.

## IV. CONCLUSION

For all of the foregoing reasons and the reasons stated in the Memoranda submitted by the other Defendants in this action, the Third Amended Class Action Complaint should be dismissed as to Mr. Israel.

Respectfully submitted,

s/ Shari L. Klevens/
Alison L. Doyle. (Bar No. 376480)
Shari L. Klevens (Bar No. 467476)
McKENNA LONG & ALDRIDGE LLP
1900 K Street, N.W.
Washington, D.C. 20006
Telephone:   (202) 496-7500
Facsimile:   (202) 496-7756

April 7, 2006                                        *Counsel for Defendant John B. Israel*

-15-