IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SALEH, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>TITAN CORPORATION, et al., )<br>)<br>Defendants. )<br>) | Civil Action No. 05-1165 (JR) |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT ADEL L. NAKHLA'S MOTION TO DISMISS
THE THIRD AMENDED COMPLAINT**

Defendant Adel L. Nakhla, a 51-year-old civilian hired by Titan as a translator and assigned to Iraq, submits this memorandum of law in support of his Motion to Dismiss the Third Amended Complaint (the "Complaint"). Mr. Nakhla joins his co-defendants' motions to dismiss and incorporates by reference their supporting memoranda. Mr. Nakhla submits this memorandum only to address additional grounds for dismissal unique to him.

As set forth below, plaintiffs do not allege that Mr. Nakhla engaged in any conduct in this forum or caused any injury in this forum. Nor do they allege that he has any contacts with this forum. Their only hope for establishing personal jurisdiction over him therefore rests on RICO's nationwide service of process provision, which under certain circumstances permits courts to exercise jurisdiction over defendants who have no contacts in the district. But Plaintiffs' sole RICO claim against Mr. Nakhla – a conspiracy claim asserted in the very last count of the Complaint – does not come close

to stating a claim. Among its many flaws, it fails to set forth a single allegation of fact that indicates that Mr. Nakhla joined the conspiracy or agreed to its objectives. The RICO claim therefore must be dismissed and, as a result, can provide no basis jurisdiction over Mr. Nakhla. For this reason, and those set forth below, Mr. Nakhla moves to dismiss the entire Complaint under both Rule 12(b)(2) and Rule 12(b)(6).

## BACKGROUND

Mr. Nakhla is one of five individuals named in the Complaint. Born in Egypt in 1955, Mr. Nakhla emigrated to the United States in 1979, joining his sister and her family. Six years later, in 1985, he became a naturalized citizen. Prior to accepting a position as a translator for Titan in 2003, he worked in computers and sales. He presently lives in Maryland and works in an eye-glass shop.

In the Spring of 2003, Mr. Nakhla learned that Titan was hiring translators to assist the U.S. military in its war on terrorism, and he applied for a position. Fluent in Arabic from his childhood in Egypt, he was offered and accepted a one-year assignment to work for Titan as a linguist in the Gulf region. He was assigned to Iraq, where he translated U.S. military interrogations at Abu Ghraib prison. Mr. Nakhla had no prior military experience or training. Along with scores of other Arab-Americans hired by Titan, he was simply an interpreter with no purpose, role, or responsibility other than to translate.[1]

The 31-count Complaint alleges that Mr.Nakhla is jointly liable for detainee abuse throughout the entire country of Iraq. Lumping him together with every other named defendant, it asserts claims against him under the Alien Tort Statute for extrajudicial

---

[1] These facts are provided as background only. They play no role in Mr. Nakhla's 12(b)(2) and (12)(b)(6) arguments, which turn on the absence of factual allegations in the Complaint.

killing, torture, cruel and degrading treatment, war crimes, and crimes against humanity, as well as claims for common law assault, sexual assault, wrongful death, and intentional infliction of emotional distress.  Again lumping together Mr. Nakhla with his co-defendants (as well as eight named soldiers and an unspecified number of U.S. government and military officials), the Complaint also asserts far-reaching conspiracy claims against Mr. Nakhla, including a RICO conspiracy claim.

Yet despite the Complaint's 31 counts and 330 paragraphs, it mentions Mr. Nakhla in only nine paragraphs and makes just four general allegations against him – all four of which state boilerplate legal conclusions rather than facts.  Specifically, it asserts:

- "Defendant Adel Nakhla assaulted Plaintiff Hadood and other Class Members."  Compl. ¶ 19.

- "Defendant Titan, defendants CACI Intl., CACI-Federal, CACI-PT, and defendants Stefanowicz, Duggan, Johnson, Israel and Nakhla conspired with each other . . . ."  Compl. ¶ 28.

- "Upon information and belief, Defendant Nakhla tortured and otherwise mistreated Plaintiffs and other Class Members during interrogations."  Compl. ¶ 49.

- "Defendants Israel, Nakhla, Stefanowicz, Duggan and Johnson were aware of, and agreed to, conduct the affairs of the Enterprise through a pattern of racketeering activity."  Compl. ¶ 329.

These allegations represent the entirety of the Complaint's allegations against Mr. Nakhla.  Nothing else is alleged against him, and certainly nothing more specific.[2]

---

[2]  We note that a prior iteration of the Complaint included an allegation that Mr. Nakhla raped an unnamed class member.  Plaintiffs removed that allegation after undersigned counsel raised Rule 11 concerns.

**ARGUMENT**

**I.     PLAINTIFFS FAIL TO STATE A RICO CONSPIRACY CLAIM AGAINST MR. NAKHLA.**

In the most conclusory terms, and in the very last count of their Complaint, Plaintiffs allege that Mr. Nakhla joined a RICO conspiracy to torture Iraqi detainees – a conspiracy that included not only "senior management" and other employees of the massive corporation that employed him (Titan), but also "senior management" and employees of another international corporation (CACI), as well as an unspecified number of U.S. soldiers, U.S. military officials, and U.S. government officials.  Compl. ¶¶ 28, 98, 329.  Plaintiffs have indicated that the government officials with whom they believe Mr. Nakhla conspired include, among others, Donald Rumsfeld.[3]  Plaintiffs further suggest that Mr. Nakhla's conspiratorial agreement extended not just to the facility to which he was assigned, but also to every other facility in Iraq under the control of U.S. forces. Compl. ¶¶ 28, 38.

These allegations border on frivolous and do not come close to stating a claim against Mr. Nakhla.  Indeed, as set forth in the memoranda of law submitted by Titan and CACI, plaintiffs' RICO allegations suffer from a number of flaws, each of which require dismissal.  The flaws range from plaintiffs' lack of standing (and a prior opinion of this Court to this effect) to plaintiffs' failure to allege a cognizable RICO "enterprise" that has an organizational structure independent of the alleged racketeering activity.

As to Mr. Nakhla in particular, the RICO count suffers yet an additional flaw. The Complaint does not contain a single allegation of fact that supports an inference that Mr. Nakhla joined the conspiracy or, phrased differently, that he agreed to conduct the

---

[3] Plaintiffs indicated this in the RICO case statement they filed when the case was pending in the Southern District of California.

4

affairs of the alleged enterprise through a pattern of racketeering activity.  The defining element of any conspiracy claim (RICO or otherwise) is that a defendant "agreed to the overall objective of the violation."  *United States v. Philip Morris USA, Inc.*, 327 F. Supp. 2d 13, 19 (D.D.C. 2004).  Thus, to state such a claim, "a plaintiff must set forth more than just conclusory allegations of an agreement."  *See McCreary v. Heath*, No. Civ. A. 04-0623 (PLF), 2005 WL 3276257, at *5 (D.D.C. Sept. 26, 2005) (dismissing conspiracy claim).  He must set forth specific allegations of fact – such as "events, conversations, or documents" – that indicate that each defendant joined in the conspiratorial agreement.  *Id. See also Doe I v. Israel*, 400 F. Supp. 2d 86, 119-120 (D.D.C. 2005) (dismissing RICO conspiracy claim, holding that "[t]he complaint's broad and vague assertions simply recite legal conclusions and regurgitate the RICO elements without directing the Court to specific facts," including "specific facts" that support the allegation of a "subjective agreement"); *Brady v. Livengood*, 360 F. Supp. 2d 94, 104 (2004) (dismissing conspiracy claim, holding that "[a] plaintiff must set forth more than conclusory allegations of an agreement to sustain a claim of conspiracy against a motion to dismiss."); *Graves v. United States*, 961 F. Supp. 314, 321 (D.D.C. 1997) (dismissing conspiracy claim, holding that "plaintiff has failed to allege any facts showing the existence or establishment of an agreement" other than a "conclusory allegation" that defendants "colluded" together).

      Plaintiffs fail to allege <u>any</u> facts that support their conclusory assertion that that Mr. Nakhla joined the conspiratorial agreement alleged in the Complaint.  They do not allege that Mr. Nakhla attended any meetings about the alleged conspiracy.  They do not allege that he participated in any conversations about the alleged conspiracy.  They do not refer to any documents that connect him to the alleged conspiracy.  Nor do they

5

allege any other facts that might support an inference that Mr. Nakhla agreed to the alleged conspiracy.

Rather, plaintiffs rest exclusively on boilerplate. In group allegations that lump Mr. Nakhla together with many other individuals and entities, they merely assert that Mr. Nakhla and these other individuals and entities "conspired . . . to engage in a series of wrongful acts," Compl. ¶ 28, and "agreed to conduct the affairs of the enterprise through a pattern of racketeering acts," Compl. ¶ 329. As set forth above, however, it is not enough to merely parrot the words "conspired" and "agreed." *See McCreary*, 2005 WL 3276257, at *5; *Doe I*, 400 F. Supp. 2d at 119-120; *Brady*, 360 F. Supp. 2d at 104; *Graves,* 961 F. Supp. at 321. Rule 8 requires supporting allegations of fact, and plaintiffs allege none against Mr. Nakhla.

For this reason, as well as the reasons stated by Titan and CACI, plaintiffs' RICO allegations fail to state a claim against Mr. Nakhla. Count 31 therefore must be dismissed as to him.[4]

## II.    THIS COURT DOES NOT HAVE JURISDICTION TO CONSIDER THE REMAINING CLAIMS AGAINST MR. NAKHLA.

As noted above, plaintiffs assert a myriad of claims against Mr. Nakhla other than RICO. Assuming dismissal of the RICO claim, however, plaintiffs cannot establish personal jurisdiction over Mr. Nakhla for these remaining claims.

---

[4] Indeed, plaintiffs' RICO claim is so "insubstantial, implausible, foreclosed by prior decisions … [and] otherwise devoid of merit" that it is not even sufficient to establish jurisdiction to adjudicate the sufficiency of the RICO claim. Given that the claim lacks any color, and there is no basis for the assertion of jurisdiction over Mr. Nakhla in its absence, it could and should be dismissed under Rule 12(b)(2) before the Court even reaches Rule 12(b)(6). *Panama v. BCCI Holdings (Luxembourg) S.A .*, 119 F. 3d 935, 940-41 (11th Cir. 1997).

Plaintiffs bear the burden of establishing personal jurisdiction. *Robinson v. Ashcroft*, 357 F. Supp. 2d 146, 148 (D.D.C. 2004). Under District of Columbia law, plaintiffs may satisfy this burden by establishing either that the defendant resides in this forum, *see* D.C. Code § 13-422, or that their claims arise from activity by the defendant in this forum or from injuries caused by him in this forum, *see* D.C. Code § 13-423.

Plaintiffs, however, allege <u>no</u> facts that establish any of these grounds for jurisdiction. They do not allege that Mr. Nakhla resides in the District of Columbia (they allege that he resides in <u>Maryland</u>). Nor do they allege that their claims arise from conduct by him in this forum (they allege that he "assaulted" and "tortured" them in <u>Iraq</u>). Indeed, they do not allege any connection at all to this forum.[5]

In the absence of any facts showing that there is jurisdiction over Mr. Nakhla under District of Columbia law, Plaintiffs' sole basis for jurisdiction appears to be RICO, which has a nationwide service-of-process provision. *See* Compl. ¶ 329; 18 U.S.C. § 1965(d). Under this provision, this Court may exercise jurisdiction over a non-resident co-defendant if the defendant has contacts with the United States, *Dooley v. United States*

---

[5] In prior pleadings, plaintiffs indicated that they might assert personal jurisdiction based on the Complaint's common law conspiracy allegations. But there is no basis for such a theory of jurisdiction here. To establish personal jurisdiction over a non-resident defendant on a theory of conspiracy jurisdiction, plaintiffs must show that acts in furtherance of the conspiracy occurred in the forum *Wiggins v. Equifax,* 853 F. Supp. 500, 503-504 (D.D.C 1994). But the Complaint does not allege that any acts in furtherance of the conspiracy took place here. This forum is mentioned in but one paragraph of the Complaint – a paragraph which merely alleges that the corporate defendants (not Mr. Nakhla) formed "relationships" through undescribed communications in the District of Columbia, relationships that "assisted" in the formation of the alleged conspiracy. Compl. ¶ 98. These communications are hardly in furtherance of the conspiracy – the Complaint does not say whether their contents even related to the conspiracy, and they are alleged to have occurred before the conspiracy even formed. In any case, as discussed in Section I, the Complaint fails to allege sufficient facts to show that Mr. Nakhla was, in fact, part of any conspiracy.

7

*Techs. Corps,* 786 F. Supp. 65, 71 (D.D.C. 1992), or if one of the defendants has minimum contacts with the forum, *AGS Int'l Servs. S.A. v. Newmont,* 346 F. Supp. 2d 64, 87 (D.D.C. 2004). If this Court has jurisdiction over Mr. Nakhla under RICO, it may, in its discretion, exercise pendent personal jurisdiction over the Complaint's non-RICO claims. *Oetiker v. Werke,* 556 F.2d 1, 4-5 (D.C. Cir. 1997).

But here, plaintiffs fail to state a RICO claim against Mr. Nakhla. RICO, therefore, can provide no basis for jurisdiction over the other claims. *See Doe I*, 400 F. Supp. 2d at 120 n.13 ("Because the RICO claims will be dismissed, the Court will not exercise pendant jurisdiction over the state tort law claims standing alone"); 4A Charles Alan Wright & Arthur R. Miller*, Federal Practice and Procedure* § 1069.7 (3d ed. 2002) ("Of course, if the only jurisdictionally sufficient claim is dropped or dismissed, particularly if that occurs early in the litigation, the pendant claims should be dismissed as well."). Because plaintiffs' RICO claim must be dismissed, and because plaintiffs have failed to allege any facts supporting an alternative basis for jurisdiction, this Court may not exercise personal jurisdiction over Mr. Nakhla, and the claims must be dismissed under Fed. R. Civ. P. 12(b)(2).[6]

### III. THE REMAINING CLAIMS ALSO MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM.

Even if this Court finds jurisdiction over Mr. Nakhla, plaintiffs' remaining claims still must be dismissed because the Complaint is lacking in factual allegations to support them. In addition to one RICO allegation, the Complaint alleges only that Mr. Nakhla:

---

[6] Judge Hilton's January 13, 2006 transfer Order is not to the contrary. The Order stated only that the case could be "properly transferred" to this District because, in Judge Hilton's view, this Court could exercise personal jurisdiction over the defendants under RICO. *See* Order, *Saleh v. Titan,* No. 05-0427 (E.D. Va. Jan. 13, 2006) (Order granting transfer). Judge Hilton did not even begin to address whether this Court would have jurisdiction over Mr. Nakhla in the event that the RICO claim was dismissed.

- "Conspired" with his co-defendants and "other persons" to "engage in a series of wrongful acts." Comp. ¶ 28.

- "Assaulted Plaintiff Hadood and other class members." Compl. ¶ 19.

- "Tortured and otherwise mistreated" plaintiffs and other class members. Compl. ¶ 49.

Plaintiffs allege nothing else. They do not allege that Mr. Nakhla punched a plaintiff; they do not allege that he kicked a plaintiff; they do not allege that he threatened a plaintiff. Nor do they allege any other facts that might support, even inferentially, their legal conclusions that he "assaulted" and "tortured."

Plaintiffs simply cannot rest on such legal conclusions to the complete exclusion of allegations of fact. *See Browing v. Clinton,* 292 F.3d 235, 242 (D.C. Cir. 2002) ("inferences . . . unsupported by the facts set out in the complaint" and "legal conclusions cast in the form of factual allegations" are insufficient); *Ibrahim v. Titan Corp.*, 391 F. Supp. 2d 10, 13 (D.D.C. 2005) (same). Put another way, they cannot state a claim for civil conspiracy merely by alleging that Mr. Nakhla "conspired," as they do in Counts 2, 5, 8, 11, 14, 17, 20, 23, and 26. Rather, as discussed in Section I above, plaintiffs must allege <u>facts</u> showing, among other things, that Mr. Nakhla joined the conspiratorial agreement. *See McCreary*, 2005 WL 3276257, at *5; *Doe I,* 400 F. Supp. 2d at 119-120; *Brady*, 360 F. Supp. 2d at 104; *Graves*, 961 F. Supp. at 321. And here, plaintiffs allege no such facts.

Likewise, plaintiffs cannot state a claim for assault by merely alleging that Mr. Nakhla "assaulted," as they do in Counts 16, 17, 18, 19, 20 and 21. Nor can plaintiffs state a claim for torture by merely alleging that Mr. Nakhla "tortured," as they do in

9

Counts 4, 5 and 6.[7]  *See Aldana v. Del Monte Fresh Produce N.A., Inc.,* 416 F.3d 1242, 1253 (11th Cir. 2005) (dismissing claim for physical torture under the ATS where plaintiffs simply alleged that they were "tortured with physical violence").  Rule 8 requires more than a regurgitation of the name of the cause of action; it requires basic allegations of <u>fact</u> to support the claim.  Indeed, the allegations must "giv[e] the defendant fair notice of the plaintiff's claim <u>and</u> the grounds upon which they rest." *Galbreath v. Dudas,* No 04-2222 (JR), 2006 WL 156701, at *3 (D.D.C. Jan. 20, 2006).

Plaintiffs' boilerplate method of pleading is universally rejected for good reason. Not only does it fail to put Mr. Nakhla on notice of the grounds upon which the claims rest, but it effectively precludes judicial review of the claims.  By way of example, Count 4 asserts a claim for torture under the Alien Tort Statute.  Compl. ¶ 196.  To assert such a claim, plaintiffs must show that Mr. Nakhla inflicted "severe pain or suffering" for the purpose of, among other things, extracting information or a confession.  *See* Pub. L. 102-256, § 3(b)(1), 106 Stat. 73 (1992) (codified at 28 U.S.C. § 1350) (Historical and Statutory Notes).  But conclusory allegations that Mr. Nakhla "assaulted" or "tortured" shed no light on whether Mr. Nakhla inflicted severe pain or suffering.  Such allegations therefore preclude any meaningful review of the sufficiency of the claim – review to which Mr. Nakhla is entitled under the Federal Rules, especially in the face of the serious allegations levied against him in the Complaint.  *See* Order, *Saleh v. Titan,* No. 05-1165 (JR) (D.D.C. Mar. 17, 2006) (denying plaintiffs' motion for leave to file third amended

---

[7] The remaining claims against Mr. Nakhla are even worse.  Apart from failing to set forth a single allegation of fact to support them, plaintiffs do not even allege in boilerplate that Mr. Nakhla engaged in them.  *See* Counts 1-3 (extrajudicial killings); Counts 7-9 (cruel, inhuman or degrading treatment); Counts 10-12 (war crimes); Counts 13-15 (crimes against humanity); Counts 22-24 (wrongful death); and Counts 25-27 (intentional infliction of emotional distress).

complaint because allegations must be specific enough to be "tested against the requirement of Rule 11").

## CONCLUSION

For the foregoing reasons, and the reasons stated in memoranda submitted by Titan, CACI and Messrs. Israel and Stefanowicz, the Complaint should be dismissed in its entirety.

Respectfully submitted,

/s/ Adam L. Rosman_____
Adam L. Rosman D.C. Bar No. 454810
Eric R. Delinsky D.C. Bar No. 460954
Ellen D. Marcus D.C. Bar No. 475045
ZUCKERMAN SPAEDER LLP
1201 Connecticut Avenue, N.W.
Washington, DC 20036
202-778-1800 (phone)
202-822-8106 (facsimile)

Dated: April 7, 2006        *Counsel for Defendant Adel L. Nakhla*