IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
SALEH, *et al.*                         )
                                        )
          Plaintiffs,                   )
                                        )
v.                                      )          Case Action No. 05-CV-1165 (JR)
                                        )
TITAN CORP., *et al.*,                  )
                                        )
          Defendants.                   )
_____)

**REPLY BRIEF OF DEFENDANT STEVEN A. STEFANOWICZ TO
PLAINTIFFS' OPPOSITION TO DEFENDANT STEFANOWICZ'S
<u>MOTION TO DISMISS THE THIRD AMENDED COMPLAINT</u>**

Henry E. Hockeimer, Jr.
(Bar No. 429798)
Ballard Spahr Andrews & Ingersoll, LLP
1735 Market Street, 51st Floor
Philadelphia, PA  19103
Telephone:  (215) 665-8500
Facsimile:  (215) 864-8999

Attorney for Defendant
Steven A. Stefanowicz

Date:   May 26, 2006

## I.    <u>INTRODUCTION</u>

For approximately seven months – from the fall of 2003 to the early spring of 2004 – defendant Steven A. Stefanowicz, at relevant times an employee of defendant CACI-Premier Technology, Inc., worked as a civilian contractor, under United States military control, at the Abu Ghraib prison in Iraq.  During his employment, Mr. Stefanowicz had no contact whatsoever with the District of Columbia.  Moreover, at no time has Mr. Stefanowicz ever lived, worked, or conducted or transacted any business in the District of Columbia.  Nonetheless, the plaintiffs have named Mr. Stefanowicz as a defendant in this case in this Court.

Plaintiffs' Opposition Brief is less notable for what is in it – a recitation of the procedural history of this case and the law of the case doctrine – than for what is not.  It fails to show, because it cannot, how this Court can exercise personal jurisdiction over Mr. Stefanowicz under the District of Columbia Long-Arm statute or RICO's nationwide service of process provision.  Additionally, plaintiffs plainly fail to establish the existence of sufficient facts to state a claim against Mr. Stefanowicz under Rules 8 and 12(b)(6).

Plaintiffs attempt to salvage this action against Mr. Stefanowicz by arguing that the law of the case doctrine requires this Court to find personal jurisdiction over Mr. Stefanowicz based on Judge Hilton's Order transferring venue.  The law of the case doctrine, however, does not empower this Court to confer and maintain personal jurisdiction over Mr. Stefanowicz where it does not exist.  Simply put, the law of the case doctrine does not get around plaintiffs' failure to meet their *prima facie* burden of establishing jurisdiction under the District of Columbia Long-Arm statute or their failure to state a colorable claim under RICO.

Significantly, plaintiffs' Opposition Brief is silent regarding the simple fact that Mr. Stefanowicz lacks the constitutionally mandated minimum contacts in the District of Columbia to justify personal jurisdiction.  Rather, to sidestep this fatal hole in the Third

Amended Complaint, plaintiffs misrepresent Judge Hilton's Order by claiming that Judge Hilton found personal jurisdiction under the District of Columbia Long-Arm statute and RICO based on "conspiratorial acts occurring in the District."  Opposition Brief at ¶ 8.  Contrary to plaintiffs' mischaracterization, Judge Hilton's Order makes no mention, let alone finding, regarding "conspiratorial acts" or any other evidence that justifies this Court's exercise of personal jurisdiction over Mr. Stefanowicz.

Because Mr. Stefanowicz lacks the constitutionally mandated minimum contacts in the District of Columbia to confer personal jurisdiction under the District of Columbia Long-Arm statute, plaintiffs' only viable means for establishing personal jurisdiction over Mr. Stefanowicz is the RICO conspiracy claim.[1]  Plaintiffs cannot, however, employ RICO's nationwide service of process provision to assert personal jurisdiction over Mr. Stefanowicz because they have failed to state a colorable claim – much less one capable of withstanding Rule 12(b)(6) – under RICO.

Accordingly, this Court should grant Mr. Stefanowicz's motion to dismiss pursuant to Rules 12(b)(2) and 12(b)(6).

---

[1]    Mr. Stefanowicz is named in Count thirty-one of the Third Amended Complaint (Conspiracy to Violate RICO), but he is not named in the substantive RICO offense (Count thirty).  Third Amended Complaint, at ¶¶ 317-29.  Moreover, Mr. Stefanowicz is only specifically named and identified as a participant in alleged wrongful activity in 5 of the 331 paragraphs of the Third Amended Complaint.

II.     **ARGUMENT**

A.     **PLAINTIFFS FAIL TO STATE A CLAIM UNDER RICO AND THEREFORE CANNOT UTILIZE RICO'S NATIONWIDE SERVICE OF PROCESS PROVISION TO ESTABLISH PERSONAL JURISDICTION**

In the Third Amended Complaint, plaintiffs allege that Mr. Stefanowicz participated in a conspiracy to violate RICO (Count thirty-one), although Mr. Stefanowicz is not named in the predicate RICO claim (Count thirty). Plaintiffs' cannot establish this Court's jurisdiction over Mr. Stefanowicz under RICO's nationwide service of process provision because the RICO conspiracy claim is not colorable. Accordingly, this Court does not have personal jurisdiction over Mr. Stefanowicz under RICO.

The law of the case doctrine does not warrant a different result. As the United States Supreme Court has recognized, it is appropriate for a court to depart from a prior holding where "'the decision was *clearly erroneous* and would work a *manifest injustice*.'" *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 831 (1988) (*quoting Messenger v. Anderson*, 225 U.S. 436, 444 (1912)) (emphasis added) (holding that transferee court was not bound by transferor court's finding of jurisdiction where transferor court's jurisdiction determination was "clearly wrong."). To the extent that Judge Hilton's Order can be construed as a substantive finding that jurisdiction exists in the District of Columbia (which Mr. Stefanowicz disputes) the finding was clearly erroneous because: (1) plaintiffs have failed to state a colorable claim, much less one capable of withstanding Rule 12(b)(6) – under RICO (*see infra* at Part A) and (2) plaintiffs have failed to establish (or even dispute) that Mr. Stefanowicz does not have the requisite constitutionally-mandated minimum contacts in the District of Columbia to justify this Court's personal jurisdiction over him under the District of Columbia

Long-Arm statute.[2]  *See infra* at Part B.  Moreover, it would be manifestly unjust and violate the constitutional requirements of due process for this Court to assert personal jurisdiction over Mr. Stefanowicz, an individual defendant with no relevant contacts whatsoever in the District of Columbia.

As this Court has recognized, to invoke RICO's nationwide service of process provision (18 U.S.C. § 1965(b)) plaintiff must first state a colorable claim under RICO.  *Burnett v. Al Baraka Inv. & Dev. Corp.*, 274 F. Supp. 2d 86, 97-98 (D.D.C. 2003) (J. Robertson).  *See also*, *Doe I v. State of Israel*, 400 F. Supp. 2d 86, 120 (D.D.C. 2005) (stating that "[i]f plaintiffs could state a colorable RICO claim [which they could not], then the nationwide service of process provision in RICO, *see* 18 U.S.C. § 1965(b), might have been available to provide personal jurisdiction . . . .").  Under section 1962(c), plaintiffs have the burden to demonstrate that Mr. Stefanowicz (1) conducted (2) an enterprise through (3) a pattern (4) of racketeering activity.  *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 497-98 (1985).  In addition, plaintiffs only have standing if they can demonstrate injury to business or property. *Id.*

Plaintiffs cannot meet their burden of establishing a colorable claim – much less a claim capable of withstanding a motion to dismiss under Rule 12(b)(6) – against Mr. Stefanowicz (or any other defendant) for at least two reasons:  (1) plaintiffs have failed to demonstrate any injury to business property and (2) plaintiffs have failed to demonstrate the existence of an enterprise.

---

[2]    In fact, as noted in Mr. Stefanowicz's Memorandum Of Points And Authorities In Support of his Motion To Dismiss The Third Amended Complaint For Lack Of Personal Jurisdiction ("Opening Brief"), the Order incorrectly cited to D.C. Stat. §13-423(a)(E), a provision which does not exist.  *See* Opening Brief n. 1.

1.   Injury to Business or Property

First, plaintiffs' failure to state a claim is demonstrated by this Court's holding in

*Ibrahim v. Titan Corp.*, 391 F. Supp. 2d 10 (D.D.C. 2005) (granting defendants' motion to

dismiss for failure to state a claim under 12(b)(6)).   In *Ibrahim*, a case brought by similar

plaintiffs, alleging the same harms, against nearly the same defendants,[3] this Court dismissed

plaintiffs' RICO claim for failure to allege damage to business or property.  *Ibrahim*, 391 F.

Supp. at 19.  Despite plaintiffs' allegations of stolen money and property, this Court found that

these allegations, which it characterized as allegations of personal injury, failed to demonstrate

an injury to business or property under 18 U.S.C. § 1964(c).  *Id*. at 19.  Accordingly, this Court

held that plaintiffs lacked standing to assert a RICO claim.  *Id*. (stating that "[p]laintiffs' claims

under RICO could be dismissed for a number of reasons, but it is sufficient to note here that

plaintiffs do not have standing.").

Just as in *Ibrahim*, the plaintiffs in this action merely make allegations regarding

stolen money and property and, just as in *Ibrahim*, plaintiffs' RICO claims should be dismissed

for failure to demonstrate an injury to business or property under section 1964(c).  Moreover, it

would be manifestly unjust if this Court exercised personal jurisdiction over Mr. Stefanowicz, an

---

[3]    In his Order, Judge Hilton recognized the similarities between the Ibrahim Complaint and
the Saleh Complaint:

First, each of the counts alleged in the Ibrahim Complaint is alleged in the Saleh
Complaint.  Second, each of the defendants named in the Ibrahim Complaint is
named in the Saleh Complaint.  Third, both complaints are predicated upon events
that occurred in the same detention facilities in Iraq and arose out of the same
government contracts.

Order at 2.  Mr. Stefanowicz is not named in the Ibrahim Complaint and, therefore, is not
a party to that action.

individual defendant, based on the same claims that it dismissed against corporate defendants in a nearly identical case.

Because plaintiffs have failed to state a colorable claim under RICO, there is no basis for this Court's exercise of personal jurisdiction over Mr. Stefanowicz under section 1965(b) and, therefore, this action -- including all pendent claims made against him -- must be dismissed.

## 2.  Existence of an Enterprise

Second, plaintiffs have failed to establish the existence of an enterprise under RICO.  The existence of an enterprise must be shown through facts that allege (1) a common purpose among the participants, (2) organization, and (3) continuity.  *Doe I v. State of Israel*, 400 F. Supp. 2d 86, 119 (D.D.C. 2005) (citing *United States v. Richardson*, 167 F.3d 621, 625 (D.C. Cir. 2000)).  As this Court has recognized, "[i]t is not enough for a group of individuals to commit acts enumerated by § 1961(1); plaintiff must assert that those individuals were organized together in some way, and that there was a structure to the association."  *Doe I*, 400 F. Supp. 2d at 119 (citing *United States v. Turkette*, 452 U.S. 576, 583, 101 S. Ct. 2524, 69 L.Ed.2d 246 (1981); *United States v. Perholtz*, 842 F.2d 343, 363 (D.C.Cir.1988)).

In *Doe I*, this Court dismissed plaintiffs' RICO claims for failure to sufficiently allege the existence of an enterprise.  According to the court, the complaint's "broad and vague assertions" that "simply regurgitate[d] the RICO elements without directing the Court to specific facts" failed to explain how the alleged groups of conspirators "associated or operated together or were otherwise organized into an enterprise with a shared decision-making infrastructure." *Doe I*, 400 F. Supp. at 119-20 (citing *Dodd v. Infinity Travel*, 90 F.Supp.2d 115, 117 (D.D.C.2000)).

As in *Doe I*, the Third Amended Complaint is devoid of any evidence that links Mr. Stefanowicz and any of the other defendants to one another and, instead, contains only broad statements that defendants conspired with one another to engage in a putative "Torture Conspiracy." (Third Amended Complaint at ¶ 28). Plaintiffs' complaint fails to explain how Titan, CACI, and the individual defendants operated together or how the groups and individuals shared decision-making responsibilities. Accordingly, plaintiffs' bald allegations, without more, fail to demonstrate the existence of an enterprise. Additionally, this Court's exercise of personal jurisdiction over Mr. Stefanowicz, an individual defendant, would be manifestly unjust where plaintiffs have done nothing more than assert bald allegations of an enterprise but have failed to adduce any evidence to substantiate its existence or operation.

Because plaintiffs have failed to state a claim under RICO, they cannot invoke the statute's nationwide service of process provision to assert personal jurisdiction over Mr. Stefanowicz.

**B.    THIS COURT DOES NOT HAVE PERSONAL JURISDICTION OVER MR. STEFANOWICZ UNDER THE DISTRICT OF COLUMBIA LONG-ARM STATUTE BASED ON THE CONSPIRACY JURISDICTION DOCTRINE**

Mr. Stefanowicz's Memorandum Of Points And Authorities In Support of his Motion To Dismiss The Third Amended Complaint For Lack Of Personal Jurisdiction ("Opening Brief") demonstrated that plaintiffs have failed to plead facts sufficient to confer personal jurisdiction over him under the District of Columbia Long-Arm statute. (Opening Brief at 4). In their Opposition Brief, plaintiffs do not dispute Mr. Stefanowicz's lack of minimum contacts in the District but, rather, attempt to bypass this hole in their pleadings by rewriting Judge Hilton's Order to claim that the Court found personal jurisdiction in the District of Columbia based on "conspiratorial acts occurring in this District." (Opposition Brief at 8). Nowhere in Judge

Hilton's Order is there any mention, let alone finding, regarding "conspiratorial acts." Nevertheless, even under plaintiffs' version of Judge Hilton's Order, this Court does not have jurisdiction over Mr. Stefanowicz.

Under the conspiracy jurisdiction doctrine, acts undertaken within the forum by one co-conspirator in furtherance of an alleged conspiracy may subject a non-resident co-conspirator to personal jurisdiction under the District of Columbia Long-Arm statute in limited circumstances. To invoke the conspiracy jurisdiction doctrine, plaintiffs must allege "(1) the existence of a conspiracy; (2) the nonresident's participation in or agreement to join the conspiracy; and (3) an overt act taken in furtherance of the conspiracy within the forum's boundaries." *Jung v. Association of American Medical Colleges*, 300 F. Supp. 2d 119, 141 (D.D.C. 2004) (citing *Edmond v. United States Postal Serv. Gen. Counsel*, 949 F.2d 415, 425 (D.C. Cir. 1991)).

Based on concerns that plaintiffs will use the conspiracy jurisdiction doctrine to side step the due process requirements of the District of Columbia Long-Arm statute, courts in this circuit have applied the doctrine "warily." *Jung*, 300 F. Supp. at 141; *Dooley v. United Technologies Corp.*, 786 F. Supp. 65, 78 (D.C. Cir. 1992). Accordingly, courts in this circuit have demanded particularized pleading of conspiracy jurisdiction <u>and</u> the overt acts that allegedly occurred within the District. *Dooley*, 786 F. Supp. at 78 (citing *Naartex Consulting Corp. v. Watt*, 722 F.2d 779 (D.C. Cir. 1983)); *First Chicago Int'l v. United Exchange Co., Ltd.*, 836 F.2d 1375, 1378-79 (D.C. Cir. 1988)) (emphasis added). Significantly, "mere speculation that the non-resident defendants are co-conspirators is insufficient to meet plaintiff's *prima facie* burden." *Id.* (citing *Hasenfus v. Corporate Air Services*, 700 F. Supp. 58, 62 (D.D.C. 1988))

(granting motion to dismiss for lack of personal jurisdiction under the conspiracy jurisdiction doctrine).

*Hasenfus* involved a lawsuit brought in the D.C. district court against a corporation and individual defendants for breach of an alleged employment contract. *Hasenfus*, 700 F. Supp. at 59-60. Although none of the parties were residents of the District, plaintiffs alleged that the two individual defendants were involved in an organization that had its nerve center in the District. *Id*. at 60. This Court rejected plaintiffs' attempt to tie all the defendants to the District and establish personal jurisdiction based on "unspecified and unsubstantiated claims" of conspiracy. *Id*. at 62. This Court found that plaintiffs' conclusory statements and allegations that the non-resident defendants were co-conspirators failed to make a *prima facie* showing that that a conspiracy existed or of an overt tortuous act in furtherance of the conspiracy and causing injury in the District. *Id*.

Just as in *Hasenfus*, plaintiffs have failed to make a *prima facie* showing of Mr. Stefanowicz's participation in a putative conspiracy and an overt act in furtherance of the conspiracy causing injury in the District. Rather, plaintiffs premise this Court's exercise of personal jurisdiction over Mr. Stefanowicz, a non-resident with no contacts in the District, on broad and conclusory allegations that Mr. Stefanowicz participated in an alleged "Torture Conspiracy." (Third Amended Complaint, at ¶ 78). Because "[b]ald speculations that defendants are alleged co-conspirators do not constitute the threshold showing necessary to carry the burden of establishing personal jurisdiction," (*id*.) this Court cannot maintain personal jurisdiction over Mr. Stefanowicz under the conspiracy jurisdiction doctrine or any other section of the District of Columbia Long-Arm statute.

### C.    PLAINTIFFS HAVE FAILED TO PLEAD SUFFICIENT FACTS TO STATE A CLAIM UNDER RULES 8 AND 12(B)(6)

In their Opposition Brief, plaintiffs do not address Mr. Stefanowicz's argument that the allegations in the Third Amended Complaint are insufficient to state a claim under Fed. R. Civ. P. 12(b)(6), but merely contend that Mr. Stefanowicz has sufficient notice of the claims against him under Fed. R. Civ. P. 8(a).[4] In support of this argument, plaintiffs cite portions of the Third Amended Complaint that contain general allegations against Mr. Stefanowicz and portions that contain allegations against "Defendants," without any mention of particularized acts committed by Mr. Stefanowicz.

Plaintiffs' attempt to circumvent the absence of particularized allegations against Mr. Stefanowicz with bald and conclusory assertions is insufficient to satisfy Rule 8 and overcome 12(b)(6). So too is plaintiffs' attempt to create out of whole cloth specific allegations against Mr. Stefanowicz by reference to allegations against "Defendants" that make no mention of specific acts committed by Mr. Stefanowicz.

Accordingly, this Court should dismiss this action against Mr. Stefanowicz based on plaintiffs' failure to allege facts sufficient to state a claim against Mr. Stefanowicz.

### D.    IN THE ALTERNATIVE: MOTION TO DISMISS AND REPLY BRIEFS FILED BY CO-DEFENDANTS.

If, despite plaintiffs' failure to dispute Mr. Stefanowicz's lack of constitutionally mandated minimum contacts in this jurisdiction or to establish the availability of nationwide service of process under RICO, the Court finds it has personal jurisdiction over Mr. Stefanowicz,

---

[4]    Contrary to plaintiffs' argument, Mr. Stefanowicz is not required to ask plaintiffs for a more definite statement of the allegations against him under Fed. R. Civ. P. 8(e) where plaintiffs have failed to meet their burden of alleging facts sufficient to overcome a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

he moves to dismiss all counts of the Third Amended Complaint and incorporates by reference the memoranda filed by his co-defendants.

**III.    <u>CONCLUSION</u>**

      For the reasons stated above, and those stated in his Motion To Dismiss and accompanying memorandum, Mr. Stefanowicz respectfully requests that his motion be granted and that the Court dismiss this action against him.

                BALLARD SPAHR ANDREWS & INGERSOLL, LLP


                By:  /s/ Henry E. Hockeimer, Jr.
                   Henry E. Hockeimer, Jr.
                   Attorney for Defendant Steven A. Stefanowicz

Date: May 26, 2006

<u>**CERTIFICATE OF SERVICE**</u>

I, Henry E. Hockeimer, Jr., do certify that on this 26th day of May 2006, I caused

true and correct copies of Defendant Steven A. Stefanowicz's Reply Brief to Plaintiffs'

Opposition to Defendant Stefanowicz's Motion to Dismiss the Third Amended Complaint to be

served electronically on the following parties:

F. Whitten Peters
Ari Shlomo Zymelman
Williams and Connelly
725 12th Street, N.W.
Washington, DC 20005
wpeters@wc.com
azymelman@wc.com
Counsel for Defendant Titan Corp.

Adam L. Rosman
Eric R. Delinsky
Ellen D. Marcus
Zuckerman Spaeder LLP
1800 M Street, NW
Washington, DC 20036
arosman@zuckerman.com
edelinsky@zuckerman.com
emarcus@zuckerman.com
Counsel for Defendant Adel Nakhla

Alison L. Doyle
Shari L. Klevens
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC 20006-1108
adoyle@mckennalong.com
sklevens@mckennalong.com
Counsel for Defendant John B. Israel

J. William Koegel, Jr.
John F. O'Connor
Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
wkoegel@steptoe.com
joconnor@steptoe.com
Counsel for Defendants CACI
International Inc., CACI Inc-Federal, and
CACI-PT

Susan L. Burke
Burke Pyle LLC
3527 Lancaster Avenue
Philadelphia, PA 19104
(215) 387-4709
Fax: (215) 387-4713
sburke@burkepyle.com
Counsel for Plaintiffs
Saleh, et al.

/s/ Henry E. Hockeimer, Jr.
Henry E. Hockeimer, Jr.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
SALEH, *et al.*                         )
                                        )
            Plaintiffs,                 )
                                        )
v.                                      )            Case Action No. 05-CV-1165 (JR)
                                        )
TITAN CORP., *et al.*,                  )
                                        )
            Defendants.                 )
_____)

**REPLY BRIEF OF DEFENDANT STEVEN A. STEFANOWICZ TO
PLAINTIFFS' OPPOSITION TO DEFENDANT STEFANOWICZ'S
<u>MOTION TO DISMISS THE THIRD AMENDED COMPLAINT</u>**

Henry E. Hockeimer, Jr.
(Bar No. 429798)
Ballard Spahr Andrews & Ingersoll, LLP
1735 Market Street, 51st Floor
Philadelphia, PA  19103
Telephone:  (215) 665-8500
Facsimile:  (215) 864-8999

Attorney for Defendant
Steven A. Stefanowicz

Date:   May 26, 2006

I.    **INTRODUCTION**

For approximately seven months – from the fall of 2003 to the early spring of 2004 – defendant Steven A. Stefanowicz, at relevant times an employee of defendant CACI-Premier Technology, Inc., worked as a civilian contractor, under United States military control, at the Abu Ghraib prison in Iraq.  During his employment, Mr. Stefanowicz had no contact whatsoever with the District of Columbia.  Moreover, at no time has Mr. Stefanowicz ever lived, worked, or conducted or transacted any business in the District of Columbia.  Nonetheless, the plaintiffs have named Mr. Stefanowicz as a defendant in this case in this Court.

Plaintiffs' Opposition Brief is less notable for what is in it – a recitation of the procedural history of this case and the law of the case doctrine – than for what is not.  It fails to show, because it cannot, how this Court can exercise personal jurisdiction over Mr. Stefanowicz under the District of Columbia Long-Arm statute or RICO's nationwide service of process provision.  Additionally, plaintiffs plainly fail to establish the existence of sufficient facts to state a claim against Mr. Stefanowicz under Rules 8 and 12(b)(6).

Plaintiffs attempt to salvage this action against Mr. Stefanowicz by arguing that the law of the case doctrine requires this Court to find personal jurisdiction over Mr. Stefanowicz based on Judge Hilton's Order transferring venue.  The law of the case doctrine, however, does not empower this Court to confer and maintain personal jurisdiction over Mr. Stefanowicz where it does not exist.  Simply put, the law of the case doctrine does not get around plaintiffs' failure to meet their *prima facie* burden of establishing jurisdiction under the District of Columbia Long-Arm statute or their failure to state a colorable claim under RICO.

Significantly, plaintiffs' Opposition Brief is silent regarding the simple fact that Mr. Stefanowicz lacks the constitutionally mandated minimum contacts in the District of Columbia to justify personal jurisdiction.  Rather, to sidestep this fatal hole in the Third

Amended Complaint, plaintiffs misrepresent Judge Hilton's Order by claiming that Judge Hilton found personal jurisdiction under the District of Columbia Long-Arm statute and RICO based on "conspiratorial acts occurring in the District." Opposition Brief at ¶ 8. Contrary to plaintiffs' mischaracterization, Judge Hilton's Order makes no mention, let alone finding, regarding "conspiratorial acts" or any other evidence that justifies this Court's exercise of personal jurisdiction over Mr. Stefanowicz.

Because Mr. Stefanowicz lacks the constitutionally mandated minimum contacts in the District of Columbia to confer personal jurisdiction under the District of Columbia Long-Arm statute, plaintiffs' only viable means for establishing personal jurisdiction over Mr. Stefanowicz is the RICO conspiracy claim.[1] Plaintiffs cannot, however, employ RICO's nationwide service of process provision to assert personal jurisdiction over Mr. Stefanowicz because they have failed to state a colorable claim – much less one capable of withstanding Rule 12(b)(6) – under RICO.

Accordingly, this Court should grant Mr. Stefanowicz's motion to dismiss pursuant to Rules 12(b)(2) and 12(b)(6).

---

[1]    Mr. Stefanowicz is named in Count thirty-one of the Third Amended Complaint (Conspiracy to Violate RICO), but he is not named in the substantive RICO offense (Count thirty). Third Amended Complaint, at ¶¶ 317-29. Moreover, Mr. Stefanowicz is only specifically named and identified as a participant in alleged wrongful activity in 5 of the 331 paragraphs of the Third Amended Complaint.

II.    **ARGUMENT**

      A.    **PLAINTIFFS FAIL TO STATE A CLAIM UNDER RICO AND THEREFORE CANNOT UTILIZE RICO'S NATIONWIDE SERVICE OF PROCESS PROVISION TO ESTABLISH PERSONAL JURISDICTION**

      In the Third Amended Complaint, plaintiffs allege that Mr. Stefanowicz participated in a conspiracy to violate RICO (Count thirty-one), although Mr. Stefanowicz is not named in the predicate RICO claim (Count thirty).  Plaintiffs' cannot establish this Court's jurisdiction over Mr. Stefanowicz under RICO's nationwide service of process provision because the RICO conspiracy claim is not colorable.  Accordingly, this Court does not have personal jurisdiction over Mr. Stefanowicz under RICO.

      The law of the case doctrine does not warrant a different result.  As the United States Supreme Court has recognized, it is appropriate for a court to depart from a prior holding where "'the decision was ***clearly erroneous*** and would work a ***manifest injustice***.'"  *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 831 (1988) (*quoting Messenger v. Anderson*, 225 U.S. 436, 444 (1912)) (emphasis added) (holding that transferee court was not bound by transferor court's finding of jurisdiction where transferor court's jurisdiction determination was "clearly wrong.").  To the extent that Judge Hilton's Order can be construed as a substantive finding that jurisdiction exists in the District of Columbia (which Mr. Stefanowicz disputes) the finding was clearly erroneous because:  (1) plaintiffs have failed to state a colorable claim, much less one capable of withstanding Rule 12(b)(6) – under RICO (*see infra* at Part A) and (2) plaintiffs have failed to establish (or even dispute) that Mr. Stefanowicz does not have the requisite constitutionally-mandated minimum contacts in the District of Columbia to justify this Court's personal jurisdiction over him under the District of Columbia

Long-Arm statute.[2]  *See infra* at Part B.  Moreover, it would be manifestly unjust and violate the constitutional requirements of due process for this Court to assert personal jurisdiction over Mr. Stefanowicz, an individual defendant with no relevant contacts whatsoever in the District of Columbia.

As this Court has recognized, to invoke RICO's nationwide service of process provision (18 U.S.C. § 1965(b)) plaintiff must first state a colorable claim under RICO.  *Burnett v. Al Baraka Inv. & Dev. Corp.*, 274 F. Supp. 2d 86, 97-98 (D.D.C. 2003) (J. Robertson).  *See also*, *Doe I v. State of Israel*, 400 F. Supp. 2d 86, 120 (D.D.C. 2005) (stating that "[i]f plaintiffs could state a colorable RICO claim [which they could not], then the nationwide service of process provision in RICO, *see* 18 U.S.C. § 1965(b), might have been available to provide personal jurisdiction . . . .").  Under section 1962(c), plaintiffs have the burden to demonstrate that Mr. Stefanowicz (1) conducted (2) an enterprise through (3) a pattern (4) of racketeering activity.  *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 497-98 (1985).  In addition, plaintiffs only have standing if they can demonstrate injury to business or property. *Id.*

Plaintiffs cannot meet their burden of establishing a colorable claim – much less a claim capable of withstanding a motion to dismiss under Rule 12(b)(6) – against Mr. Stefanowicz (or any other defendant) for at least two reasons:  (1) plaintiffs have failed to demonstrate any injury to business property and (2) plaintiffs have failed to demonstrate the existence of an enterprise.

---

[2]    In fact, as noted in Mr. Stefanowicz's Memorandum Of Points And Authorities In Support of his Motion To Dismiss The Third Amended Complaint For Lack Of Personal Jurisdiction ("Opening Brief"), the Order incorrectly cited to D.C. Stat. §13-423(a)(E), a provision which does not exist.  *See* Opening Brief n. 1.

1.  <u>Injury to Business or Property</u>

First, plaintiffs' failure to state a claim is demonstrated by this Court's holding in *Ibrahim v. Titan Corp.*, 391 F. Supp. 2d 10 (D.D.C. 2005) (granting defendants' motion to dismiss for failure to state a claim under 12(b)(6)).  In *Ibrahim*, a case brought by similar plaintiffs, alleging the same harms, against nearly the same defendants,[3] this Court dismissed plaintiffs' RICO claim for failure to allege damage to business or property.  *Ibrahim*, 391 F. Supp. at 19.  Despite plaintiffs' allegations of stolen money and property, this Court found that these allegations, which it characterized as allegations of personal injury, failed to demonstrate an injury to business or property under 18 U.S.C. § 1964(c).  *Id*. at 19.  Accordingly, this Court held that plaintiffs lacked standing to assert a RICO claim.  *Id*. (stating that "[p]laintiffs' claims under RICO could be dismissed for a number of reasons, but it is sufficient to note here that plaintiffs do not have standing.").

Just as in *Ibrahim*, the plaintiffs in this action merely make allegations regarding stolen money and property and, just as in *Ibrahim*, plaintiffs' RICO claims should be dismissed for failure to demonstrate an injury to business or property under section 1964(c).  Moreover, it would be manifestly unjust if this Court exercised personal jurisdiction over Mr. Stefanowicz, an

---

[3]      In his Order, Judge Hilton recognized the similarities between the Ibrahim Complaint and the Saleh Complaint:

First, each of the counts alleged in the Ibrahim Complaint is alleged in the Saleh Complaint.  Second, each of the defendants named in the Ibrahim Complaint is named in the Saleh Complaint.  Third, both complaints are predicated upon events that occurred in the same detention facilities in Iraq and arose out of the same government contracts.

Order at 2.  Mr. Stefanowicz is not named in the Ibrahim Complaint and, therefore, is not a party to that action.

individual defendant, based on the same claims that it dismissed against corporate defendants in a nearly identical case.

Because plaintiffs have failed to state a colorable claim under RICO, there is no basis for this Court's exercise of personal jurisdiction over Mr. Stefanowicz under section 1965(b) and, therefore, this action -- including all pendent claims made against him -- must be dismissed.

2.  Existence of an Enterprise

Second, plaintiffs have failed to establish the existence of an enterprise under RICO.  The existence of an enterprise must be shown through facts that allege (1) a common purpose among the participants, (2) organization, and (3) continuity.  *Doe I v. State of Israel*, 400 F. Supp. 2d 86, 119 (D.D.C. 2005) (citing *United States v. Richardson*, 167 F.3d 621, 625 (D.C. Cir. 2000)).  As this Court has recognized, "[i]t is not enough for a group of individuals to commit acts enumerated by § 1961(1); plaintiff must assert that those individuals were organized together in some way, and that there was a structure to the association."  *Doe I*, 400 F. Supp. 2d at 119 (citing *United States v. Turkette*, 452 U.S. 576, 583, 101 S. Ct. 2524, 69 L.Ed.2d 246 (1981); *United States v. Perholtz*, 842 F.2d 343, 363 (D.C.Cir.1988)).

In *Doe I*, this Court dismissed plaintiffs' RICO claims for failure to sufficiently allege the existence of an enterprise.  According to the court, the complaint's "broad and vague assertions" that "simply regurgitate[d] the RICO elements without directing the Court to specific facts" failed to explain how the alleged groups of conspirators "associated or operated together or were otherwise organized into an enterprise with a shared decision-making infrastructure." *Doe I*, 400 F. Supp. at 119-20 (citing *Dodd v. Infinity Travel*, 90 F.Supp.2d 115, 117 (D.D.C.2000)).

As in *Doe I*, the Third Amended Complaint is devoid of any evidence that links Mr. Stefanowicz and any of the other defendants to one another and, instead, contains only broad statements that defendants conspired with one another to engage in a putative "Torture Conspiracy." (Third Amended Complaint at ¶ 28). Plaintiffs' complaint fails to explain how Titan, CACI, and the individual defendants operated together or how the groups and individuals shared decision-making responsibilities. Accordingly, plaintiffs' bald allegations, without more, fail to demonstrate the existence of an enterprise. Additionally, this Court's exercise of personal jurisdiction over Mr. Stefanowicz, an individual defendant, would be manifestly unjust where plaintiffs have done nothing more than assert bald allegations of an enterprise but have failed to adduce any evidence to substantiate its existence or operation.

Because plaintiffs have failed to state a claim under RICO, they cannot invoke the statute's nationwide service of process provision to assert personal jurisdiction over Mr. Stefanowicz.

**B.    THIS COURT DOES NOT HAVE PERSONAL JURISDICTION OVER MR. STEFANOWICZ UNDER THE DISTRICT OF COLUMBIA LONG-ARM STATUTE BASED ON THE CONSPIRACY JURISDICTION DOCTRINE**

Mr. Stefanowicz's Memorandum Of Points And Authorities In Support of his Motion To Dismiss The Third Amended Complaint For Lack Of Personal Jurisdiction ("Opening Brief") demonstrated that plaintiffs have failed to plead facts sufficient to confer personal jurisdiction over him under the District of Columbia Long-Arm statute. (Opening Brief at 4). In their Opposition Brief, plaintiffs do not dispute Mr. Stefanowicz's lack of minimum contacts in the District but, rather, attempt to bypass this hole in their pleadings by rewriting Judge Hilton's Order to claim that the Court found personal jurisdiction in the District of Columbia based on "conspiratorial acts occurring in this District." (Opposition Brief at 8). Nowhere in Judge

Hilton's Order is there any mention, let alone finding, regarding "conspiratorial acts." Nevertheless, even under plaintiffs' version of Judge Hilton's Order, this Court does not have jurisdiction over Mr. Stefanowicz.

Under the conspiracy jurisdiction doctrine, acts undertaken within the forum by one co-conspirator in furtherance of an alleged conspiracy may subject a non-resident co-conspirator to personal jurisdiction under the District of Columbia Long-Arm statute in limited circumstances. To invoke the conspiracy jurisdiction doctrine, plaintiffs must allege "(1) the existence of a conspiracy; (2) the nonresident's participation in or agreement to join the conspiracy; and (3) an overt act taken in furtherance of the conspiracy within the forum's boundaries." *Jung v. Association of American Medical Colleges*, 300 F. Supp. 2d 119, 141 (D.D.C. 2004) (citing *Edmond v. United States Postal Serv. Gen. Counsel*, 949 F.2d 415, 425 (D.C. Cir. 1991)).

Based on concerns that plaintiffs will use the conspiracy jurisdiction doctrine to side step the due process requirements of the District of Columbia Long-Arm statute, courts in this circuit have applied the doctrine "warily." *Jung*, 300 F. Supp. at 141; *Dooley v. United Technologies Corp.*, 786 F. Supp. 65, 78 (D.C. Cir. 1992). Accordingly, courts in this circuit have demanded particularized pleading of conspiracy jurisdiction <u>and</u> the overt acts that allegedly occurred within the District. *Dooley*, 786 F. Supp. at 78 (citing *Naartex Consulting Corp. v. Watt*, 722 F.2d 779 (D.C. Cir. 1983)); *First Chicago Int'l v. United Exchange Co., Ltd.*, 836 F.2d 1375, 1378-79 (D.C. Cir. 1988)) (emphasis added). Significantly, "mere speculation that the non-resident defendants are co-conspirators is insufficient to meet plaintiff's *prima facie* burden." *Id.* (citing *Hasenfus v. Corporate Air Services*, 700 F. Supp. 58, 62 (D.D.C. 1988))

(granting motion to dismiss for lack of personal jurisdiction under the conspiracy jurisdiction doctrine).

*Hasenfus* involved a lawsuit brought in the D.C. district court against a corporation and individual defendants for breach of an alleged employment contract. *Hasenfus*, 700 F. Supp. at 59-60. Although none of the parties were residents of the District, plaintiffs alleged that the two individual defendants were involved in an organization that had its nerve center in the District. *Id*. at 60. This Court rejected plaintiffs' attempt to tie all the defendants to the District and establish personal jurisdiction based on "unspecified and unsubstantiated claims" of conspiracy. *Id*. at 62. This Court found that plaintiffs' conclusory statements and allegations that the non-resident defendants were co-conspirators failed to make a *prima facie* showing that that a conspiracy existed or of an overt tortuous act in furtherance of the conspiracy and causing injury in the District. *Id*.

Just as in *Hasenfus*, plaintiffs have failed to make a *prima facie* showing of Mr. Stefanowicz's participation in a putative conspiracy and an overt act in furtherance of the conspiracy causing injury in the District. Rather, plaintiffs premise this Court's exercise of personal jurisdiction over Mr. Stefanowicz, a non-resident with no contacts in the District, on broad and conclusory allegations that Mr. Stefanowicz participated in an alleged "Torture Conspiracy." (Third Amended Complaint, at ¶ 78). Because "[b]ald speculations that defendants are alleged co-conspirators do not constitute the threshold showing necessary to carry the burden of establishing personal jurisdiction," (*id*.) this Court cannot maintain personal jurisdiction over Mr. Stefanowicz under the conspiracy jurisdiction doctrine or any other section of the District of Columbia Long-Arm statute.

**C.    PLAINTIFFS HAVE FAILED TO PLEAD SUFFICIENT FACTS TO STATE A CLAIM UNDER RULES 8 AND 12(B)(6)**

In their Opposition Brief, plaintiffs do not address Mr. Stefanowicz's argument that the allegations in the Third Amended Complaint are insufficient to state a claim under Fed. R. Civ. P. 12(b)(6), but merely contend that Mr. Stefanowicz has sufficient notice of the claims against him under Fed. R. Civ. P. 8(a).[4]  In support of this argument, plaintiffs cite portions of the Third Amended Complaint that contain general allegations against Mr. Stefanowicz and portions that contain allegations against "Defendants," without any mention of particularized acts committed by Mr. Stefanowicz.

Plaintiffs' attempt to circumvent the absence of particularized allegations against Mr. Stefanowicz with bald and conclusory assertions is insufficient to satisfy Rule 8 and overcome 12(b)(6).  So too is plaintiffs' attempt to create out of whole cloth specific allegations against Mr. Stefanowicz by reference to allegations against "Defendants" that make no mention of specific acts committed by Mr. Stefanowicz.

Accordingly, this Court should dismiss this action against Mr. Stefanowicz based on plaintiffs' failure to allege facts sufficient to state a claim against Mr. Stefanowicz.

**D.    IN THE ALTERNATIVE: MOTION TO DISMISS AND REPLY BRIEFS FILED BY CO-DEFENDANTS.**

If, despite plaintiffs' failure to dispute Mr. Stefanowicz's lack of constitutionally mandated minimum contacts in this jurisdiction or to establish the availability of nationwide service of process under RICO, the Court finds it has personal jurisdiction over Mr. Stefanowicz,

---

[4]    Contrary to plaintiffs' argument, Mr. Stefanowicz is not required to ask plaintiffs for a more definite statement of the allegations against him under Fed. R. Civ. P. 8(e) where plaintiffs have failed to meet their burden of alleging facts sufficient to overcome a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

he moves to dismiss all counts of the Third Amended Complaint and incorporates by reference the memoranda filed by his co-defendants.

## III.    <u>CONCLUSION</u>

For the reasons stated above, and those stated in his Motion To Dismiss and accompanying memorandum, Mr. Stefanowicz respectfully requests that his motion be granted and that the Court dismiss this action against him.

BALLARD SPAHR ANDREWS & INGERSOLL, LLP


By:  /s/ Henry E. Hockeimer, Jr.
        Henry E. Hockeimer, Jr.
        Attorney for Defendant Steven A. Stefanowicz

Date: May 26, 2006

<u>**CERTIFICATE OF SERVICE**</u>

I, Henry E. Hockeimer, Jr., do certify that on this 26th day of May 2006, I caused

true and correct copies of Defendant Steven A. Stefanowicz's Reply Brief to Plaintiffs'

Opposition to Defendant Stefanowicz's Motion to Dismiss the Third Amended Complaint to be

served electronically on the following parties:

F. Whitten Peters
Ari Shlomo Zymelman
Williams and Connelly
725 12th Street, N.W.
Washington, DC  20005
wpeters@wc.com
azymelman@wc.com
Counsel for Defendant Titan Corp.

Adam L. Rosman
Eric R. Delinsky
Ellen D. Marcus
Zuckerman Spaeder LLP
1800 M Street, NW
Washington, DC  20036
arosman@zuckerman.com
edelinsky@zuckerman.com
emarcus@zuckerman.com
Counsel for Defendant Adel Nakhla

Alison L. Doyle
Shari L. Klevens
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC  20006-1108
adoyle@mckennalong.com
sklevens@mckennalong.com
Counsel for Defendant John B. Israel

J. William Koegel, Jr.
John F. O'Connor
Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, DC  20036
wkoegel@steptoe.com
joconnor@steptoe.com
Counsel for Defendants CACI
International Inc., CACI Inc-Federal, and
CACI-PT

Susan L. Burke
Burke Pyle LLC
3527 Lancaster Avenue
Philadelphia, PA  19104
(215) 387-4709
Fax:  (215) 387-4713
sburke@burkepyle.com
Counsel for Plaintiffs
Saleh, et al.

/s/ Henry E. Hockeimer, Jr.
Henry E. Hockeimer, Jr.