**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SALEH, et al.<br>    Plaintiffs,<br><br>v.<br><br>TITAN CORPORATION, et al.<br>    Defendants. | )<br>)<br>)<br>)<br>)   Case No. 05-cv-1165 (JR)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT JOHN B. ISRAEL'S REPLY
IN SUPPORT OF MOTION TO DISMISS
<u>PLAINTIFFS THIRD AMENDED COMPLAINT</u>**


                                           Alison L. Doyle. (Bar No. 376480)
                                           Shari L. Klevens (Bar No. 467476)
                                           McKENNA LONG & ALDRIDGE LLP
                                           1900 K Street, N.W.
                                           Washington, D.C. 20006
                                           Telephone:   (202) 496-7500
                                           Facsimile:   (202) 496-7756

                                           *Counsel for Defendant John B. Israel*

May 26, 2006

TABLE OF CONTENTS

I.    Introduction ...................................................................................................................1

II.   **Plaintiffs Do Not Dispute That the District of Columbia Lacks General or Specific Personal Jurisdiction over John Israel**...................................................................2

III.  **The Eastern District of Virginia's Transfer Order is Irrelevant to the Jurisdictional Issues Raised in the Motion to Dismiss, Which Have Not Previously Been Decided in This Litigation** ..............................................................................................................2

   A.   The Eastern District of Virginia Did Not Determine the Viability of Plaintiffs' RICO Claims ..................................................................................................................3

   B.   Similarly, the Eastern District of Virginia Made No Ruling Regarding Conspiracy Jurisdiction that Should Bind this Court..................................................................6

   C.   Even Assuming that the Eastern District of Virginia's Transfer Order Constitutes Law of the Case, it May be Revisited to the Extent it Contains Clear Error with Respect to Mr. Israel .................................................................................................................7

IV.   **Plaintiffs' Repetition of the Claims From the Inherently Contradictory and Vaguely Worded Complaint Does Not Remedy the Deficiencies of Their Pleading** ....................8

V.    Conclusion ....................................................................................................................9

# TABLE OF AUTHORITIES

**Cases**

*AGS Int'l Servs. S.A. v. Newmont*, 346 F. Supp. 2d 64 (D.D.C. 2004) ......................................... 3

*Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800 (1988) ......................................... 3, 8

*Doe I v. State of Israel*, 400 F. Supp. 2d 86 (D.D.C. 2005).................................................... 2, 3, 4

*Dooley v. Techs. Corps*, 786 F. Sup. 65 (D.D.C. 1992) ............................................................... 3

*Hayman Cash Register Co. v. Sarokin*, 669 F.2d 162 (3d Cir. 1982).......................................... 5

*Hoffman v. Blaski,* 363 U.S. 335 (1960)...................................................................................... 5

*Independent Petroleum Assoc. of Am. v. Babbitt*, 235 F.3d 588 (D.C. Cir. 2001) ........................ 5

*Islamic Am. Relief Agency v. Unidentified FBI Agents*, 394 F. Supp.2d 34 (D.D.C. 2005)........... 2

*Jungquist v. Sheikh Sultan Bin Khalifa Al Nahyan*, 115 F.3d 1020 (D.C. Cir. 1997)................ 7, 9

*Kimberlin v. Quinlan*, 199 F.3d 496 (D.C. Cir. 2000) ............................................................. 7, 8

*LaShawn v. Barry*, 87 F.3d 1389 (D.C. Cir. 1996). ................................................................. 7, 8

*Major v. Plumbers Local Union No. 5*, 370 F. Supp.2d 118 (D.D.C. 2005)................................. 8

*Oetiker v. Werke*, F.2d 1 (D.C. Cir. 1997 .................................................................................... 3

*Saleh v. Titan Corp.*, 2005 WL 668830 (S.D. Cal. March 21, 2005)............................................ 2

*Shutte v. Armco Steel Corp.*, 431 F.2d 22 (3d Cir. 1970)............................................................. 5

**Statutes**

18 U.S.C. §§ 1961-1968 ................................................................................................................ 3

D.C. Code § 13-422........................................................................................................................ 2

I.      **INTRODUCTION**

Defendant John B. Israel hereby replies to Plaintiffs' Opposition to Defendant Israel's Motion to Dismiss the Third Amended Complaint (the "Opposition"). Mr. Israel's Motion demonstrated that Plaintiffs have not, and cannot, meet their burden of establishing that he is subject to personal jurisdiction in the District of Columbia. Plaintiffs do not rebut, in fact, they do not even address, Mr. Israel's argument that the Court cannot exercise general or specific personal jurisdiction over him. They rely solely on their allegations that Mr. Israel engaged in conspiratorial acts in violation of the RICO statute or in furtherance of a common law conspiracy as a basis for the Court's exercise of jurisdiction. Even here, they seek to avoid a substantive consideration of the questions; arguing instead that binding law of the case should compel this Court to avoid a substantive consideration of the issues. But no prior ruling – by this Court or by any other – has determined the viability of Plaintiffs' statutory and common law conspiracy claims, and therefore Plaintiffs cannot claim that the Court lacks authority to consider the issue now. Plaintiffs cannot, by mere assertion, limit this Court's authority to assess its own jurisdiction.

Plaintiffs take a similarly conclusory, and similarly unsuccessful, approach to addressing the lack of clarity in their Third Amended Complaint. Rather than addressing the inadequacies of the Third Amended Complaint, Plaintiffs simply reiterate its claims. Once again, Plaintiffs fail to address the substantive inadequacies of their claims, and in doing so they fail to meet their burden. For these reasons, as well as the reasons set forth in the initial and reply Memoranda of Mr. Israel and the other Defendants regarding their respective Motions to Dismiss, the Court should dismiss Plaintiffs' Third Amended Complaint as to Mr. Israel.

## II. PLAINTIFFS DO NOT DISPUTE THAT THE DISTRICT OF COLUMBIA LACKS GENERAL OR SPECIFIC PERSONAL JURISDICTION OVER JOHN ISRAEL

Plaintiffs do not dispute Mr. Israel's substantive point that this Court lacks direct personal jurisdiction over him. They do not contend that Mr. Israel has "continuous and systematic" contacts with the District of Columbia sufficient to confer general personal jurisdiction, or indeed any personal contacts with this jurisdiction whatsoever. D.C. Code § 13-422; *Islamic Am. Relief Agency v. Unidentified FBI Agents*, 394 F. Supp.2d 34, 56 (D.D.C. 2005). They do not allege that this California resident has ever transacted business, contracted to supply services, or caused tortious injury in the District of Columbia, at least one of which would be required to confer specific personal jurisdiction. D.C. Code § 13-423(a)(1)-(4); *Doe I v. State of Israel*, 400 F. Supp. 2d 86, 108 (D.D.C. 2005) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415-16 (1984)). By their silence, Plaintiffs concede Mr. Israel's argument that the Court cannot exercise general or specific personal jurisdiction over him under the District of Columbia's long-arm statute.

## III. THE EASTERN DISTRICT OF VIRGINIA'S TRANSFER ORDER IS IRRELEVANT TO THE JURISDICTIONAL ISSUES RAISED IN THE MOTION TO DISMISS, WHICH HAVE NOT PREVIOUSLY BEEN DECIDED IN THIS LITIGATION

Lacking as they do any other basis to assert personal jurisdiction, Plaintiffs focus their opposition on a single claim. They argue that the January 13, 2006 order from the Eastern District of Virginia (the "Transfer Order"), in which that court transferred this action for a second time[1] constitutes "law of the case." (Plaintiffs' Opp. at 6). Specifically, Plaintiffs contend

---

[1] Plaintiffs filed their initial complaint in the Southern District of California. On March 21, 2005, the California court transferred the action to the Eastern District of Virginia. *Saleh v. Titan Corp.*, 2005 WL 668830 (S.D. Cal. March 21, 2005).

that when the Eastern District wrote "the D.D.C. has personal jurisdiction over the Defendants under the Racketeer Influenced and Corrupt Practices Act, 18 U.S.C. §§ 1961-1968 (2000) and the District of Columbia's long-arm statute" it made a finding of law based on substantive argument which should now irreversibly bind this Court. (Plaintiffs' Opp. at 7, Ex. N). This assertion is plainly incorrect.

    A.    **The Eastern District of Virginia Did Not Determine the Viability of Plaintiffs' RICO Claims**

In order for the Transfer Order to constitute "law of the case," it must be a substantive ruling in this litigation on a point of law that has been fully briefed. *See, e.g. Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 815-16 (1988) (law of the case provides that when a court decides a rule of law, the decision should continue to govern the same issues in the same litigation, although a court has the authority to revisit its own or a coordinate court's prior decisions). There has been no such ruling here.

As discussed in Mr. Israel's Motion to Dismiss, under RICO's nationwide service-of-process provisions, the Court may exercise jurisdiction over a non-resident co-defendant who 1) has contacts with the United States or 2) conspires with another defendant who has minimum contacts with the forum. *Dooley v. Techs. Corps*, 786 F. Supp. 65, 71 (D.D.C. 1992); *AGS Int'l Servs. S.A. v. Newmont*, 346 F. Supp. 2d 64, 87 (D.D.C. 2004). Where jurisdiction is established, the Court has discretion to exercise pendant jurisdiction over non-RICO claims stated in the Complaint. *Oetiker v. Werke*, F.2d 1, 4-5 (D.C. Cir. 1997). However, where no colorable RICO claim is present, plaintiffs must "satisfy the traditional personal jurisdiction analysis under the District of Columbia long-arm statute and due process" for each defendant in order to establish personal jurisdiction. *Doe I v. Israel*, 400 F. Supp.2d 86, 118-21 (D.D.C. 2005); *Youming Jin v. Ministry of State Security,* 335 F. Supp.2d 72, 84 n.8 (D.D.C. 2004); *see also ESAB Group, Inc.*

3

*v. Centricut, Inc.*, 126 F.2d 617, 629 (4th Cir. 1997) (holding that a court may exercise pendent jurisdiction only "so long as the federal [RICO] claim is not wholly immaterial or insubstantial"). Plaintiffs do not meet this burden, and the Virginia court decision does not alter this fact.

Review of the record in this matter makes clear that the Virginia court based its Transfer Order on a review of the *prima facie* sufficiency of the Plaintiffs' RICO allegations to *potentially* confer personal jurisdiction over the Defendants in the District of Columbia. It did not decide anything regarding the merits of the RICO allegations. As that court did not have before it the question of whether the RICO allegations would remain viable after transfer, it did not determine (and could not have determined) that this Court could or should retain jurisdiction under RICO or exercise its discretion to take pendent jurisdiction over the remaining claims. *Id.*

Indeed, Plaintiffs plainly invited the Virginia court to distinguish the sufficiency of their complaint for the initial purpose of permitting transfer from the question of whether jurisdiction would survive on other grounds in the event the RICO claims were dismissed. Plaintiffs' counsel argued before the Virginia court:

> [T]he defendants argue, well, Judge Robertson has suggested in oral argument that he may dismiss the RICO claims in [*Ibrahim*]. Setting aside whether that is even relevant to this Court's decision, the *reality is that dismissal by Judge Robertson for failure to properly plead RICO is not the same thing as saying there was never RICO jurisdiction for the plaintiffs to have filed the lawsuit in D.C.*

(Plaintiffs' Opp. Ex. E at 5) (emphasis added). It is in this context that the Virginia court's decision must be read.

Although the Defendants had raised the viability of the RICO claims in motions to dismiss that were pending at the time of the Transfer Order, those motions were not argued to the Virginia court and were never decided. Thus, the question of whether personal jurisdiction exists

4

in this Court "has not really been decided earlier" and no law of the case exists on this point. *Hayman Cash Register Co. v. Sarokin*, 669 F.2d 162, 169 (3d Cir. 1982).

    This is not a case of the Virginia court having determined that the RICO claims would remain colorable but failing to say so clearly. Quite simply, at Plaintiffs' suggestion, the Virginia court did not rule on the merits of Plaintiffs' RICO allegations, and did not determine that this Court had jurisdiction under RICO. Thus, no "law of the case" bars this court from considering the issue in these circumstances. *See, e.g., Hoffman v. Blaski,* 363 U.S. 335, 340 n.9 (1960) (where transfer order does not fully decide question of transferee court's jurisdiction, transferee court has authority to make its own jurisdictional decision); *Independent Petroleum Assoc. of Am. v. Babbitt*, 235 F.3d 588, 597 (D.C. Cir. 2001) (where subject matter jurisdiction issue not "cleanly raised" during prior arguments, court not barred from addressing issue when subsequently able to "make a precise determination" concerning the claims); *see also Shutte v. Armco Steel Corp.*, 431 F.2d 22, 24-25 (3d Cir. 1970) (error when transferor court failed to fully consider jurisdiction of transferee court when substantial doubt had been cast as to transferee court's jurisdiction).

    As the Memoranda in Support of the parties' various Motions to Dismiss argue in detail, Plaintiffs' RICO claims are not colorable and cannot be sustained. With no colorable RICO claim, Plaintiffs are not entitled to rely on RICO's lenient jurisdictional grounds as a mechanism for haling Mr. Israel into a court that would otherwise have no jurisdiction over him. *Youming Jin* 335 F. Supp. at 84 n.8. None of the authority that Plaintiffs cite in their Opposition is to the contrary.

### B. Similarly, the Eastern District of Virginia Made No Ruling Regarding Conspiracy Jurisdiction that Should Bind this Court

Plaintiffs also imply the Virginia court ruled that their assertions of common law conspiracy provide an alternate basis for the exercise of personal jurisdiction. The court made no such ruling,[2] nor could it have done so. The Virginia court had before it only the Second Amended Complaint, which included no claims of conspiracy with respect to Plaintiffs' common law causes of action. The Virginia court could not have determined that jurisdiction existed on the basis of conspiratorial act claims that only appeared in the Third Amended Complaint.

Even if the court had such claims before it, as with the RICO claim discussed above, the Virginia court could not and did not reach a decision on the merits of such claims for purposes of determining personal jurisdiction.

As discussed in the Memorandum of Defendant John B. Israel in Support of His Motion to Dismiss Plaintiffs' Third Amended Complaint, the TAC conspiracy claims, which are now before this court, are insufficient to survive a motion to dismiss. While courts can sometimes exercise personal jurisdiction over a defendant based on overt acts by co-conspirators within the forum, to satisfy the burden of establishing jurisdiction based on such acts, plaintiffs must present unusually particularized pleadings that detail 1) the existence of the conspiracy, 2) the defendant's participation in the conspiracy, 3) a co-conspirator's overt act within the forum in

---

[2] In fact, notwithstanding the prose discussion in the Transfer Order relied upon by Plaintiffs, the Virginia court cited only one basis for personal jurisdiction under the D.C. long-arm statute, under D.C. Stat. § 13-423(a)(E) (2005). There is no such provision in the District of Columbia statutory compilation. It is possible that the court intended to refer to § 13-423(a)(7)(E), which does exist. However, if that was the intended reference, it would be inapplicable here. The provision confers personal jurisdiction only for matters relating to marital or parent and child relationships in the District of Columbia. Such a conclusion, if that was what the Virginia court intended, would be plain error. Plaintiffs have offered no evidence and have made no allegations of such relationships in this case.

6

furtherance of the conspiracy and 4) the conspirators' purposeful availment of the forum in order to establish the existence of jurisdiction on this basis. *Youming Jin v. Ministry of State Sec.*, 335 F. Supp.2d 72, 78-80 (D.D.C. 2004) (citing *Edmond v. United States Postal Serv. Gen. Counsel*, 949 F.3d 415, 428 (D.C. Cir. 1991) (Silberman, J., concurring in part and dissenting in part) and *Jung v. Ass'n of Am. Med. Colls.*, 300 F. Supp.2d 119, 141 (D.D.C. 2004)); *Jungquist v. Sheikh Sultan Bin Khalifa Al Nahyan*, 115 F.3d 1020, 1030 (D.C. Cir. 1997) (citations omitted). Neither the prior complaint nor the TAC satisfy these stringent requirements, and Plaintiffs' Opposition does nothing to remedy the omissions. Jurisdiction over Mr. Israel thus could not have been found based upon the vague and inadequate allegations of conspiracy in the TAC by either the Virginia court or by this court.

      **C.**    **Even Assuming that the Eastern District of Virginia's Transfer Order Constitutes Law of the Case, it May be Revisited to the Extent it Contains Clear Error with Respect to Mr. Israel**

Even assuming, without accepting, that the Plaintiffs' RICO claims survive and that the Transfer Order constitutes law of the case, this Court may properly revisit that decision with respect to Mr. Israel. *Christianson*, 486 U.S. at 815-16 (reconsideration of jurisdictional law of the case is appropriate where clear error exists); *Kimberlin v. Quinlan*, 199 F.3d 496, 501 (D.C. Cir. 2000); *LaShawn v. Barry*, 87 F.3d 1389, 1393-94 (D.C. Cir. 1996).

In addition to the error in the D.C. long arm statute citation noted above, a further error occurred in the Virginia court's ruling due to its reliance on judicial economy and convenience to support the decision to transfer. Plaintiffs had invited such reliance, representing that they sought the transfer so that the case "could be consolidated or coordinated with the *Ibrahim* [*v. Titan Corp.*] action" which they argued would be efficient because "all of the defendants named in the *Ibrahim* complaint are named in the *Saleh* complaint." (Plaintiffs' Opp. Ex. A, Mem. In Sup. at 2).

7

In the Transfer Order, the Virginia court relied in part upon the purported similarities in the two cases, noting in particular that each matter named similar defendants. However, Israel is named as a Defendant *only* in the instant case. He is not currently and has never been a party to the *Ibrahim* action. This is true of all of the individual Defendants. To the extent that the Virginia court's decision depended on the assumption that he was a party (and had, therefore, accepted jurisdiction in the District of Columbia in the *Ibrahim* case), this Court is entitled to revisit that decision, together with any related conclusions regarding the Court's personal jurisdiction over Mr. Israel. *Christianson*, 486 U.S. at 815-16; *Kimberlin*, 199 F.3d at 501; *LaShawn*, 87 F.3d at 1393-94.

## IV. PLAINTIFFS' REPETITION OF THE CLAIMS FROM THE INHERENTLY CONTRADICTORY AND VAGUELY WORDED COMPLAINT DOES NOT REMEDY THE DEFICIENCIES OF THEIR PLEADING

Plaintiffs also contend that this Court should disregard the Complaint's failure to satisfy the basic requirements of notice pleading. They assert, correctly, that they are "not required to plead their evidence in their complaint." (Plaintiffs' Opp. at 8). As Plaintiffs point out, the TAC does allege that Mr. Israel and other unidentified alleged co-conspirators inflicted particular harm on one class member among the 1,063 named. (TAC ¶ 50). It is also correct, however, that elsewhere the TAC alleges that the same particular class member suffered different injuries at the hands of the conspirators. (¶ 133). Thus, as argued more fully in Israel's Memorandum in Support of His Motion to Dismiss Plaintiffs' Third Amended Complaint, the TAC is deficient because it fails to provide even elemental clarity regarding the injuries suffered by this particular complainant. *Major v. Plumbers Local Union No. 5*, 370 F. Supp.2d 118, 129 (D.D.C. 2005) (under Fed. R. Civ. P. 12(b)(6), a complaint must allege facts demonstrating "how a particular plaintiff was [harmed] by a particular defendant").

8

Plaintiffs' response to this straightforward point is to simply repeat the allegations, offering the word "conspiracy" as a sort of talisman against the inconsistency of their own document. But simply asserting that a conspiracy exists does not make it so; that is especially true here, where the Plaintiffs can point to no specific allegations in the TAC describing Mr. Israel's participation in the conspiracy, no overt acts within the forum in furtherance of the conspiracy, and no purposeful availment of the forum by the conspirators. *Youming Jin* 335 F. Supp.2d at 78-80; *Jungquist*, 115 F.3d at 1030. For all of these reasons, the TAC simply lacks the specificity necessary to put Mr. Israel "on notice" of the particular claims against him. *Jungquist*, 115 F.3d at 1030 (citations omitted).

## V.    CONCLUSION

For all of the foregoing reasons, as well as the reasons stated in the initial and reply Memoranda of Mr. Israel and the other Defendants regarding their respective Motions to Dismiss, the Court should reject the Plaintiffs' arguments in opposition to Mr. Israel's motion, and should dismiss the Third Amended Class Action Complaint dismissed as to him.

        s/ Shari L. Klevens/
        Alison L. Doyle. (Bar No. 376480)
        Shari L. Klevens (Bar No. 467476)
        McKENNA LONG & ALDRIDGE LLP
        1900 K Street, N.W.
        Washington, D.C. 20006
        Telephone:  (202) 496-7500
        Facsimile:  (202) 496-7756

        ***Counsel for Defendant John B. Israel***

May 26, 2006

DC:50412937.3

9