**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
                                        )
                                        )
SALEH, et al.,                          )
                                        )      **Civil Action No. 05-1165 (JR)**
            Plaintiffs,                 )
                                        )
v.                                      )
                                        )
TITAN CORPORATION, et al.,              )
                                        )
            Defendants.                 )
_____  )

**REPLY MEMORANDUM IN SUPPORT OF
DEFENDANT ADEL L. NAKHLA'S MOTION TO DISMISS
THE THIRD AMENDED COMPLAINT**

Mr. Nakhla has moved to dismiss the Complaint because the count on which personal

jurisdiction is predicated (RICO conspiracy) fails to state a claim under Rule 12(b)(6), and there

is no independent basis for jurisdiction over him for the remaining claims.  In response, plaintiffs

make no meaningful attempt to articulate a basis for jurisdiction in the absence of RICO.  They

identify no conduct that occurred in the District of Columbia.  Nor do they identify any contacts

Mr. Nakhla has with the District of Columbia.

In lieu of addressing the merits of the issue, plaintiffs simply assert that this Court lacks

the authority to dismiss their claims because, in plaintiffs' view, Judge Hilton already decided

the jurisdictional question in their favor.  But Judge Hilton decided a different issue.  For the

narrow purpose of deciding venue, he held that jurisdiction lies in this forum to the extent that

the Complaint _includes_ a RICO count.  The issue here, however, is whether personal jurisdiction

lies if the RICO count is _dismissed_.  Judge Hilton had no occasion to (and did not) reach this

issue.  His order therefore has no preclusive effect on the Court's consideration of it.

Much of the remainder of plaintiffs' opposition is devoted to a discussion of sensational allegations (and extraneous exhibits and attorney declarations) that appear nowhere in the Complaint; that do not relate to any named plaintiff; and one of which plaintiffs actually removed from a prior version of the Complaint after undersigned counsel raised Rule 11 concerns. None of these extraneous allegations bear on the issues before the Court. Accordingly, they are addressed only briefly at the end of this memorandum.

For these reasons and those set forth below, plaintiffs' opposition provides no basis to sustain their claims against Mr. Nakhla. Nor does it provide a basis for plaintiffs to obtain leave to amend their Complaint yet again.

## I.    THE RICO CONSPIRACY COUNT FAILS TO STATE A CLAIM AGAINST MR. NAKHLA.

Plaintiffs sole RICO claim against Mr. Nakhla – a conspiracy claim asserted in the very last count of the Complaint – fails for many reasons. Most of these reasons are addressed by Titan and CACI. Thus, to avoid repetition, Mr. Nakhla incorporates by reference the memoranda submitted in support of their respective motions.

In addition, Mr. Nakhla has moved to dismiss the RICO claim for a reason particular to him. The RICO count alleges in the most boilerplate of terms that Mr. Nakhla joined a far-fetched conspiracy with, among others, senior management of two international corporations and high-ranking military officials such as Donald Rumsfeld, to abuse detainees throughout Iraq (not just in the one facility to which Mr. Nakhla was assigned). *See* Nakhla Opening Mem. at 4 (citing Compl. ¶¶ 28, 38, 98). Yet the Complaint does not contain a single allegation of fact that indicates that Mr. Nakhla agreed to – or even knew of – such a conspiracy or its objectives. The Complaint does not allege that Mr. Nakhla attended meetings in which the conspiracy was discussed, that he participated in conversations in which it was discussed, or that he authored or

received documents related to the conspiracy. Nor does it allege any other fact that indicates that Mr. Nakhla knew of and agreed to a conspiracy, much less the grandiose one described in the Complaint.

In response, plaintiffs do not dispute that their Complaint lacks such allegations of fact. Rather, they suggest that Rule 8 does not require them. Opp. at 4-5. But Mr. Nakhla's opening memorandum cites <u>four</u> opinions from this District that hold to the contrary. *See McCreary v. Heath*, No. Civ. A. 04-0623 (PLF), 2005 WL 3276257, at *5 (D.D.C. Sept. 26, 2005) (dismissing conspiracy claim, holding that "[t]o survive a motion to dismiss, a plaintiff must set forth more than just conclusory allegations of an agreement" but must "allege the existence of … events, conversations or documents indicating that there was ever an agreement or 'meeting of the minds'"); *Doe I v. Israel*, 400 F. Supp. 2d 86, 119-120 (D.D.C. 2005) (dismissing RICO conspiracy claim, holding that "[t]he complaint's broad and vague assertions simply recite legal conclusions and regurgitate the RICO elements without directing the Court to specific facts," including "specific facts" that support the allegation of a "subjective agreement"); *Brady v. Livengood*, 360 F. Supp. 2d 94, 104 (2004) (dismissing conspiracy claim, holding that "[a] plaintiff must set forth more than conclusory allegations of an agreement to sustain a claim of conspiracy against a motion to dismiss."); *Graves v. United States*, 961 F. Supp. 314, 321 (D.D.C. 1997) (dismissing conspiracy claim, holding that "plaintiff has failed to allege any facts showing the existence or establishment of an agreement" other than a "conclusory allegation" that defendants "colluded" together).

Plaintiffs do not even mention, much less attempt to distinguish, this authority.

## II.    THE COURT LACKS JURISDICTION OVER THE REMAINING CLAIMS AGAINST MR. NAKHLA.

Because there is no other ground on which this Court may exercise personal jurisdiction over Mr. Nakhla, RICO's nationwide service provision is the only basis for jurisdiction over him.  *See* Nakhla Opening Mem. at 7.  Thus, if the RICO claim is dismissed for failure to state a claim, this Court lacks personal jurisdiction over Mr. Nakhla for the remaining claims.  *See* 4A Charles Alan Wright & Arthur R. Miller*, Federal Practice and Procedure* § 1069.7 (3d ed. 2002) ("Of course, if the only jurisdictionally sufficient claim is dropped or dismissed, particularly if that occurs early in the litigation, the pendant claims should be dismissed as well."); *Doe I*, 400 F. Supp. 2d at 120 n.13 ("Because the RICO claims will be dismissed, the Court will not exercise pendant jurisdiction over the state tort law claims standing alone").

In response, plaintiffs make no attempt to address the merits of the jurisdictional issue. They do not argue that Mr. Nakhla engaged in acts, or has contacts, in this forum.  Nor do they offer support for any other theory of jurisdiction in the absence of RICO.  Instead, they contend that Judge Hilton decided jurisdiction as part of his venue determination and that his ruling on venue therefore constitutes binding "law of the case."  Thus, plaintiffs take the position this Court lacks authority to dismiss their claim on jurisdiction grounds, even if the Court finds that it has no jurisdiction.

For the following reasons, plaintiffs' law of the case argument fails.

1. <u>Judge Hilton did not decide the issue presently before the Court</u>.  Plaintiffs' argument is based on a *single sentence* of Judge Hilton's Order transferring venue from the Eastern District of Virginia to this District.  The sentence states, in relevant part:  "The Court finds that there is jurisdiction in the D.D.C. because the D.D.C. has personal jurisdiction over Defendants under the Racketeering Influenced and Corrupt Organizations Act . . . ."  Plaintiffs' Opp., Ex. N, at 1

(1/13/06 Order).  It is self-evident from this sentence that Judge Hilton's preliminary finding of jurisdiction was based on the presence of the RICO count.  Indeed, it was on the very basis of this count that he found jurisdiction.

But here, Mr. Nakhla contests jurisdiction only in the event the Court *dismisses* the RICO count for failure to state a claim.  Given that RICO is the sole source of personal jurisdiction, there no longer would be a basis to keep him in the case if that count were dismissed.

Judge Hilton did not decide this issue (whether the Court would continue to have jurisdiction if the RICO count is dismissed).  He made a ruling based on the *presence* of the RICO count, not the *absence* of the RICO count.  Thus, the issue presented here is not merely different from the issue decided by Judge Hilton, but the exact opposite.  Plainly, law of the case does not apply.  *See Quern v. Jordan*, 440 U.S. 332, 347 n.18 (1979) ("The doctrine of the law of the case comes into play only with respect to issues previously determined").[1]

2.  <u>Judge Hilton's Order did not evaluate the merits of the RICO claim – and even if Judge Hilton had, the legal standard would have been different from the standard here</u>.  In their opposition, plaintiffs insist that Judge Hilton did in fact consider the issue now before this Court.  Specifically, they argue that Judge Hilton assessed the substantive merits of the RICO claim and therefore addressed "whether this Court would have jurisdiction over Mr. Nakhla in the event that that the RICO was dismissed."  Opp. at 13-14.  This argument is baseless.

There is nothing in the Order indicating that Judge Hilton assessed the substantive merits of the RICO claim.  The Order contains no language whatsoever to this effect.  Thus, there is no basis to conclude that Judge Hilton did anything more than determine that the Complaint

---

[1]  Judge Hilton ruled not only on a different issue, but also on a different Complaint which, to a degree, contained different allegations and included not only a RICO conspiracy count against Mr. Nakhla, but also a substantive RICO count (in the current Complaint, Mr. Nakhla is not named in the substantive count).

included a RICO count and that, as a result, plaintiffs could rely preliminarily on RICO's

nationwide service provision to change venue.  Plaintiffs' attempt to read more into the Order is

an exercise in guesswork.

In any event, even if Judge Hilton did assess the merits of the RICO count, he would

have done so under a different legal standard than that applicable here.  As plaintiffs note, given

RICO's nationwide service provision, a RICO claim is sufficient to survive a *jurisdictional*

challenge as long as it is not "wholly immaterial or insubstantial."  Opp. at 14.  According to

plaintiffs, this is the standard Judge Hilton would have applied had he addressed the substance of

plaintiffs' RICO claim, since the venue-related issue before him was whether the action "might

have been brought" in the District of Columbia.  *Id.*

As set forth above, however, Mr. Nakhla does not challenge jurisdiction under RICO.

Rather, he seeks dismissal of the RICO count for failure to state a claim.  And the standard for

failure to state claim is different than the "wholly immaterial" standard for jurisdiction, and

much easier for a defendant to satisfy.  *See Panama v. BCCI Holdings (Luxembourg) S.A* ., 119

F. 3d 935, 941-42 n. 9 & accompanying text, 948-951 n. 26 & accompanying text (11th Cir.

1997) (concluding that RICO claim was not wholly insubstantial for jurisdictional purposes, but

nevertheless failed to state a claim; court then dismissed all pendant claims because there was no

basis for jurisdiction once the RICO claim was dismissed for failure to state a claim).

Thus, even if Judge Hilton ruled on the sufficiency of the RICO claim, he would have

assessed it under an entirely different standard.  He would have applied the standard for

determining jurisdiction (since that was the issue before him), not the standard for determining

failure to state claim.  Accordingly, there is no law of the case with regard to the issue now before this Court.[2]

      3.  <u>Judge Hilton did not find jurisdiction under the D.C. long-arm statute based on conspiratorial acts</u>.  Separate and apart from RICO, plaintiffs contend that Judge Hilton determined that jurisdiction also lies under the D.C. long-arm statute on the basis of "conspiratorial acts occurring in this District."  Opp. at 14.  Plaintiffs, however, cite no actual language from Judge Hilton's Order in support of this contention – and for very good reason.  The Order does not even mention conspiracy jurisdiction.  *Id.*, Ex. N.  Thus, plaintiffs' contention that Judge Hilton found jurisdiction on the basis of such a theory is completely unsupported.[3]

      Notably, plaintiffs' discussion of conspiracy jurisdiction relies exclusively on law of the case.  They make no attempt at all to argue the merits of their theory.  They do not even identify any alleged conspiratorial act that took place in the District of Columbia – the first requirement for conspiracy jurisdiction.  *See Wiggins v. Equifax*, 853 F. Supp. 500, 503-04 (D.D.C. 1994).  This is not surprising.  As set forth in Mr. Nakhla's opening memorandum, the Complaint contains no allegations of any such acts in D.C.  *See* Nakhla Opening Mem. at 7 n.5.  Accordingly, there is no basis for finding of conspiracy jurisdiction here.

---

[2]  In addition, assuming for the purpose of argument that Judge Hilton considered the merits of the RICO count, any finding that the count was colorable or sufficient to state a claim would be clearly erroneous.  *See Arizona v. California*, 460 U.S. 605, 618 n.8 (1983) (under law of the case doctrine, "it is not improper for a court to depart from a prior holding if convinced that it is clearly erroneous and would work a manifest injustice").

[3]  Judge Hilton's citation to the D.C. long-arm statute certainly provides no support.  He cites to a subsection of the statute – (a)(E) – that does not even exist.  *See* D.C. Code § 13-423.  The closest provision we could find is subsection (a)(7)(E).  But that subsection relates to proceedings concerning the "marital or parental and child relationship."  D.C. Code § 13-423(a)(7)(E).

**III.    THE NON-RICO CLAIMS ALSO MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM.**

As discussed in Mr. Nakhla's opening brief, plaintiffs' remaining claims against him must also be dismissed because the Complaint lacks factual allegations to support them. Nakhla Opening Mem. at 8-11. Indeed, the Complaint alleges only that Mr. Nakhla "conspired," "assaulted," and "tortured and otherwise mistreated" without further description. Compl. ¶¶ 19, 28, 49.

In response, plaintiffs simply assert that the above allegations satisfy Rule 8's "simplified pleading standard." Plaintiffs' Opp. at 15. But Rule 8 does not allow plaintiffs to substitute boilerplate legal conclusions for allegations of fact, as they have done here. *See Browning v. Clinton,* 292 F.3d 235, 242 (D.C. Cir. 2002) ("inferences . . . unsupported by the facts set out in the complaint" and "legal conclusions cast in the form of factual allegations" are insufficient); *Ibrahim v. Titan Corp.,* 391 F. Supp.2d 10, 13 (D.D.C.) (same). Thus, plaintiffs cannot state a claim for conspiracy merely by alleging that Mr. Nakhla "conspired"; a claim for assault merely by alleging that he "assaulted"; or a claim for torture merely by alleging that he "tortured."

To avoid this principle, plaintiffs cite to other paragraphs of the Complaint that contain factual allegations and imply that these paragraphs discuss Mr. Nakhla. But these paragraphs do not even mention Mr. Nakhla. For example, plaintiffs cite to paragraphs 128-131 of the Complaint, which allege, among other things, that plaintiff Hadood was detained, subjected to extreme heat, and denied sleep. *See* Opp. at 16 (citing Compl. ¶¶ 128-131). Yet these paragraphs attribute such acts to the "Torture Conspirators" collectively, not to Mr. Nakhla.[4]

---

[4] Plaintiffs employ this technique throughout this section of their opposition. *See* Opp. at 16 (citing Compl. ¶¶ 160, 195-97, 202-03, 207, 212, 218, 221 and 297 – none of which mention Mr. Nakhla). Plaintiffs also blend in citations to the extraneous exhibits attached to their opposition. *Id.* As discussed below, the Court should not consider such exhibits.

Plaintiffs cannot state a claim this way – by lumping together all defendants (and other alleged conspirators) without differentiating who did what. Rather, they must allege "how a particular plaintiff was [harmed] by a particular defendant." *Major v. Plumbers Local Union No. 5*, 370 F. Supp. 2d 118, 129 (D.D.C. March 29, 2005).

## IV.    PLAINTIFFS' EXTRANEOUS ALLEGATIONS AND EXHIBITS ARE IRRELEVANT.

In their opposition, plaintiffs introduce additional allegations against Mr. Nakhla, including allegations that he committed a rape and that he was involved in a dog attack on a detainee. *See* Opp. at 5-12. They also submit inches of exhibits and accompanying attorney declarations that they claim support these allegations. The Court should disregard these allegations and exhibits.

First, the additional allegations are not in the Complaint. It is well-settled that a plaintiff cannot draw upon facts outside the Complaint in opposition to a motion to dismiss – and that "facts and allegations in briefs or memoranda of law . . . may never be considered" in connection with such a motion. *Evans v. Chase Manhattan Mortg. Corp.*, 2006 WL 785399, at *6 (D.D.C. Mar. 27, 2006) (citing *Henthorn v. Dept. of Navy,* 29 F.3d 682, 688 (D.C. Cir. 1994) and *Taylor v. FDIC*, 132 F.3d 753, 762 (D.C.Cir.1997)).

Second, the additional allegations are irrelevant. They have no bearing on whether this Court has personal jurisdiction over Mr. Nakhla. Moreover, they do not concern any of the named plaintiffs and therefore cannot be relied on to state a claim. *See Warth v. Seldin*, 422 U.S. 490, 501-02 (1975) ("Petitioners must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class").

Third, the allegations lack a sufficient evidentiary basis. For example, plaintiffs assert that Mr. Nakhla raped a boy. But the accusation is based exclusively on an uncorroborated

statement of a supposed eyewitness taken by military investigators who ultimately concluded that there was insufficient evidence "to prove or disprove" the allegation. *See* Opp. at 11 (citing military report). The military never located a victim and were unable to re-locate the alleged eyewitness. *Id.* And apparently plaintiffs have not interviewed the alleged victim or eyewitness themselves. Thus, they rely exclusively on an uncorroborated statement of a witness no one can locate, whom plaintiffs' counsel has never interviewed, and whose story cannot be proved. This is no basis on which to make an allegation in court. *See Gartenbaum v. Beth Israel Medical Center*, 26 F. Supp. 2d 645, 646-47 (S.D.N.Y. 1998) (attorney "cannot totally rely on the uncorroborated word of … hearsay witnesses").[5]

Accordingly, the supplemental allegations raised in plaintiffs' opposition brief should be disregarded. Furthermore, plaintiffs' implicit request for leave to amend the Complaint to add these allegations should be denied. Plaintiffs already are on their *fourth* Complaint. They have had ample opportunity to amend, and they have had that opportunity after having seen prior motions to dismiss filed by Mr. Nakhla and other defendants which raise the very same issues as the instant motion. *See* Nakhla Mem. in Support of Mot. to Dismiss Seconded Amended Class Action Complaint (E.D. Va. May 26, 2005) (seeking dismissal for, *inter alia*, failure of Complaint to allege sufficient facts). Moreover, the allegations plaintiffs seek to add are baseless and do not even concern the named plaintiffs. Leave to file a *fifth* Complaint is not warranted in these circumstances.

---

[5] The other allegations also are unsupported. Plaintiffs assert, for instance, that Mr. Nakhla is culpable for a dog attack on a detainee. Yet plaintiffs concede that Private Frederick (not Adel Nakhla) called for the dogs; that Corporal Graner (not Adel Nakhla) ordered the prisoner to get down on the ground; and that Sergeant Smith and Sergeant Cardona (not Adel Nakhla) released the dogs onto the prisoner. *See* Plaintiffs' Opp. at 8. Mr. Nakhla was a bystander who merely did his job (translated) and attended to the victim while he was being treated for his wounds. *See id.* at 8-10.

## CONCLUSION

For the reasons set forth above, in Mr. Nakhla's opening memorandum, and in the memoranda submitted by Titan, CACI, and Messrs. Stefanowicz and Israel (which are hereby incorporated by reference), Mr. Nakhla respectfully requests that the Court dismiss all claims in the Complaint against him.

Respectfully submitted,

/s/ Eric R. Delinsky
Adam L. Rosman D.C. Bar No. 454810
Eric R. Delinsky D.C. Bar No. 460954
Ellen D. Marcus D.C. Bar No. 475045
ZUCKERMAN SPAEDER LLP
1800 M Street, N.W.
Washington, DC 20036
202-778-1800 (phone)
202-822-8106 (facsimile)

Dated: May 26, 2006                    *Counsel for Defendant Adel L. Nakhla*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of May 2006, I caused the foregoing Reply

Memorandum to be served on counsel of record via ECF.


/s/ Eric R. Delinsky