# Exhibit A

REPRODUCED AT THE NATIONAL ARCHIVES

FOR BINDING

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

NO. 83-1997

United States Court of Appeals
For the District of Columbia Circuit

JAVIER SANCHEZ-ESPINOZA, et al.,

Plaintiffs-Appellants,

FILED FEB 2 8 1984

GEORGE A. FISHER
CLERK

-against-

RONALD WILSON REAGAN, et al.,

Defendants-Appellees.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

REPLY BRIEF FOR APPELLANTS

MICHAEL D. RATNER
ELLEN YAROSHEFSKY
SARAH WUNSCH
PETER WEISS
MARGARET L. RATNER
Center for Constitutional Rights
853 Broadway
New York, New York 10003
(212) 674-3303

WILLIAM SCHAAP
1074 National Press Building
529 14th Street, N.W.
Washington, D.C. 20045
(202) 296-6766

JULES LOBEL
Univ. of Pittsburgh
505 Law Building
3900 Forbes Avenue
Pittsburgh, P.A. 15260

OF COUNSEL

MARC VAN DER HOUT
National Lawyers Guild
853 Broadway
New York, New York 10003
(212) 260-1360

Attorneys for Plaintiffs-Appellants

Dated:  New York, New York
        February 21, 1984

REPRODUCED AT THE NATIONAL ARCHIVES

Table of Contents

|  |  | Page |
|---|---|---|
| Table of Cases and Authorities | .......................... | iii |
| Summary of Argument | ...................................... | viii |
| I. | THIS CASE DOES NOT PRESENT A POLITICAL QUESTION.... | 1 |
| A. | The Claim That Executive Defendants Have Violated The War Powers Clause By Waging An Undeclared, Unauthorized War Is Justiciable....................................... | 1 |
| B. | The Foreign Plaintiffs' Claim That They Have Suffered Tortious Injury In Violation Of The Law Of Nations Is Justiciable....................................... | 8 |
| II. | CONGRESSIONAL MEMBERS HAVE STANDING TO LITIGATE PRESIDENTIAL URSUPATION OF THE POWERS GRANTED TO CONGRESS BY ARTICLE I, SECTION 8, CLAUSE 11.... | 13 |
| III. | THIS CASE IS INAPPROPRIATE FOR THE EXERCISE OF CIRCUMSCRIBED EQUITABLE DISCRETION............ | 15 |
| IV. | THE FOREIGN PLAINTIFFS HAVE STATED CLAIMS FOR WHICH RELIEF CAN BE GRANTED UNDER 28 U.S.C. §1350...................................... | 18 |
| A. | Section 1350 Gives Aliens A Private Right Of Action To Sue For Tortious Violations Of Individual International Law Norms......... | 20 |
| B. | Alternatively, Plaintiffs Have Stated A Cause Of Action Under Tort Law With Section 1350 Jurisdiction Proper Under Article III Of The U.S. Constitution.......... | 25 |
| V. | THE NICARAGUAN VICTIMS HAVE STATED CLAIMS FOR RELIEF UNDER THE 4TH AND 5TH AMENDMENTS............ | 27 |
| VI. | NEITHER SOVEREIGN NOR OFFICIAL IMMUNITY BARS RELIEF FOR PLAINTIFFS' CLAIMS.................... | 29 |
| A. | Sovereign Immunity Is Not A Bar To Injunctive Relief Because The Defendants Lack The Delegated Authority To Exceed Their Statutory And Constitutional Power And To Violate Fundamental Principles Of International Law............... | 29 |

REPRODUCED AT THE NATIONAL ARCHIVES

B.  Federal Defendants Cannot Invoke Absolute Or
    Qualified Immunity To Shield Them From
    Liability For Civil Damages That Result From
    Gross Violation Of Internationally Recognized
    Human Rights.................................. 31

Conclusion.............................................. 35

REPRODUCED AT THE NATIONAL ARCHIVES

test. Halperin v. Kissinger, No. 1187-73 at 5.[35]   Torture,
committed in the context of unilateral executive action in direct
violation of congressional war power, is clearly beyond the scope
of any reasonable view of executive authority.   The acts here are
beyond even the outer perimeter of the President's authority.
Thus, official immunity provides no bar to civil damages against
the federal defendants[36].

---

[35] The qualified immunity standard asks "whether a government
official's conduct 'violate[s] clearly established statutory or
constitutional rights of which a reasonable person would have
known.'"  Id.  (citation omitted).  This is precisely what
plaintiffs have alleged.

   If immunity exists, it is presumed to be qualified.  Federal
officials must bear the burden of showing that public policy
requires the extraordinary protection of absolute immunity.
Harlow v. Fitzgerald, 102 S. Ct. at 2733.  All that defendants
offer to meet this burden is the repeated suggestion that their
act should be shielded from judicial scrutiny so long as they
assert that these acts "were designed to protect national secur-
ity."  However, the broad public interest in insuring that the
Executive branch does not subvert constitutional principles
outweighs the "necessity" of allowing federal officials immunity
for all acts.  Butz v. Economou, 438 U.S. 504, 506-07 (1978).

[36] The claims against defendants Vargas, Alpha 66 or Brigade
2506 under 28 U.S.C. 1350 for torts committed in violation of
international law may be tried regardless of the Court's ruling as
to the federal defendants.  Defendants Alpha 66 answered the
complaint instead of moving to dismiss and Brigade 2506 simply
defaulted.  As alleged in the complaint, those organizations and
defendant Vargas were agents of the U.S. and were acting under
color of state authority when they participated in the acts
leading to the commission of torts, including torture, against the
plaintiffs.  Consequently, by a claim under §1350 has been
established as to these defendants.  See sec. IV supra.

The independent grounds for dismissal raised by Vargas were
neither considered nor ruled upon by the district court. See PB at
7.  Instead, the court dismissed the entire action upon the motion
of the federal defendants prior to the timely filing and receipt
by the court of plaintiffs' memorandum in opposition to the Vargas
motion.  That memorandum, part of the record in this Court,
(Footnote Continued)

REPRODUCED AT THE NATIONAL ARCHIVES

CONCLUSION

For the all of the foregoing reasons the decision of the district court should be reversed.

Respectfully submitted,

*Sarah Wunsch*

MICHAEL D. RATNER
ELLEN YAROSHEFSKY
SARAH WUNSCH
PETER WEISS
MARGARET L. RATNER
Center for Constitutional Rights
853 Broadway
New York, New York 10003
(212) 674-3303

*William Schaap*

WILLIAM SCHAAP
1074 National Press Building
529 14th Street, N.W.
Washington, D.C. 20045
(202) 296-6766

OF COUNSEL

JULES LOBEL
Univ. of Pittsburgh
505 Law Building
3900 Forbes Bldg.
Pittsburgh, P.A. 15260

MARC VAN DER HOUT
National Lawyers Guild
853 Broadway
New York, New York 10003
(212) 260-1360

Attorneys for Plaintiffs-Appellants

Dated:  New York, N.Y.
        February 21, 1984

---

(Footnote Continued)
discussed all the issues raised by Vargas here.  In light of the failure of the district court to consider and rule upon these issues, which are by no means easily resolvable, this Court should remand the case as to Vargas back to the district court.  See Abbott Laboratories v. Gardner, 387 U.S. 136, 156 (1967);  cf. United States v. Ballard, 322 U.S. 78, 88 (1944).

Prosecution of the 1350 claim against these defendants will not require any full-scale fact finding into the entire scope of U.S. foreign policy which the federal defendants have dramatically, but erroneously urged to this Court in regard to them.  See Point supra.