IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SALEH, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Action No. 05-CV-1165 (JR) |
| v. ) | |
| ) | |
| TITAN CORP., *et al.*, ) | |
| ) | |
| Defendants. ) | |

**RESPONSE OF DEFENDANTS CACI INTERNATIONAL INC,
CACI, INC. – FEDERAL, AND CACI PREMIER TECHNOLOGY, INC.
TO PLAINTIFFS' MOTION FOR LEAVE TO FILE MATTER UNDER SEAL**[1]

Plaintiffs' motion for leave to file matter under seal is in reality an after-the-fact request by certain of the Plaintiffs to proceed pseudonymously in this action, with Plaintiffs seeking to provide their true identity to Defendants but not to the public at large. In *Qualls v. Rumsfeld*, 228 F.R.D. 8, 13 (D.D.C. 2005), Judge Lamberth rejected the request by a series of Doe plaintiffs to proceed pseudonymously, holding that the plaintiffs had failed to meet their burden of persuasion on this issue. As stated by the Court:

> More importantly, however, Doe plaintiffs have failed to perceive that federal courts operate openly by default and that a defendant facing a pseudonymous plaintiff need not come forward with reasons why this default procedure should be followed. Pseudonymous litigation is for the unusual or critical case, and it is the litigant seeking to proceed under pseudonym that bears the burden to demonstrate a legitimate basis for proceeding in that manner.

*Id.* In holding that the Doe plaintiffs had not met their burden to proceed pseudonymously, the Court held that Declarations submitted by three unrelated non-parties as to difficulties they had

---

[1] Counsel for Defendant Steven Stefanowicz has advised that Mr. Stefanowicz joins in this response to Plaintiffs' motion.

encountered when publicly criticizing the Iraq war effort was not sufficient to allow the plaintiffs to proceed pseudonymously. *Id.* at 11-12.[2]

Plaintiffs have not met their burden of demonstrating the propriety of proceeding pseudonymously in this action. The Court has before it no evidence from which it could conclude that Plaintiffs are entitled to depart from the default rule that a litigant must proceed in his or her own name as required by Federal Rule 10(a) and the local rules of this Court. Therefore, the Court should deny Plaintiffs' motion without prejudice to the right of Plaintiffs to renew their motion upon a proper showing as required by *Qualls*.

Respectfully submitted,

_____
J. William Koegel, Jr. (Bar No. 323402)
John F. O'Connor (Bar No. 460688)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 429-3000

*Attorneys for Defendants CACI International Inc., CACI, Inc. – Federal, and CACI PT Inc*

June 6, 2006

---

[2] The opposition filed by Defendant L-3 Communications Titan Corporation ("Titan") similarly notes that Plaintiffs' motion fails to meet the applicable standard for the filing of a pseudonymous complaint, and the CACI Defendants join in Titan's opposition.

2