IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AL RAWI, *et al.*,<br><br>              **Plaintiffs**,<br><br>v.<br><br>THE TITAN CORPORATION,<br>*et al.*,<br><br>              **Defendants**. | Civil Action No. 05-01165 (JR) |

**DEFENDANT L-3 COMMUNICATIONS TITAN CORPORATION'S OPPOSITION
TO PLAINTIFFS' MOTION FOR LEAVE TO FILE MATTER UNDER SEAL**

Plaintiffs' Third Amended Class Action Complaint ("TAC") not only fails to state a claim against L-3 Communications Titan Corporation ("Titan"), but also fails to comport with the requirements of Federal Rules of Civil Procedure 8 and 10 by, among other things, not properly identifying all the plaintiffs. *See* Titan's Motion to Dismiss the Third Amended Complaint. After the Memorandum in Support of Titan's Motion to Dismiss identified this deficiency, plaintiffs filed this motion ("Mot.") seeking leave of court—almost nine months after first proposing to file this pseudonymous Complaint—to file the missing information under seal.[1] This filing is "too little, too late."

Although styled a motion to seal documents, some of the plaintiffs are really asking the Court to condone what they have already done—file a pseudonymous complaint. In many ways, this deficiency is emblematic of plaintiffs' failure to comply with the most basic procedural rules, evincing an attitude that they are exempt from the normal pleading standards because they

---

[1] The document filed under seal sets forth full names for all of the plaintiffs. We understand plaintiffs' motion to be seeking to proceed anonymously only with regard to the previously unidentified named plaintiffs (i.e., the four plaintiffs identified in the Third Amended Complaint by a single name and collectively referred to as the "July 2004 torture victims") as opposed to seeking to do so on behalf of the plaintiffs already publicly identified in their earlier filings.

have alleged torture, and attempting after the fact to cure their defects while blaming defendants for asking them to comply with the rules. Thus, some of the plaintiffs belatedly argue that they need not even publicly identify themselves, even as they make heinous and questionable allegations against the very publicly identified corporate defendants and their employees and even after they filed graphic, nonpublic photographs of purported class members that they now are moving to unseal. Neither the nature of plaintiffs' complaint, nor plaintiffs' instant motion, justify a departure from the Federal Rules' simple filing requirements. Because plaintiffs have not come close to meeting the standards for proceeding pseudonymously, their Motion to Seal should be denied.[2]

## ARGUMENT

Plaintiffs style their motion as seeking to file certain documents under seal. But plaintiffs are actually seeking to seal not documents, but their very identities, making the motion one to proceed pseudonymously.[3] *See Qualls v. Rumsfeld*, 228 F.R.D. 8, 9-10 (D.D.C. 2005) (treating motion to seal some plaintiffs' names as motion to proceed pseudonymously). Consistent with the law in other circuits, courts in this district have noted that both Federal Rule of Civil Procedure 10(a) and Local Civil Rules 5.1(e)(1) and 11.1 require suits to be filed in the plaintiffs' real name. *Qualls*, 228 F.R.D. at 10. This is the procedure established by the rules and a plaintiff seeking pseudonymous litigation has the burden of showing why the default procedure should not be followed. *Id.* at 13. Proceeding anonymously, or under a pseudonym, may be permitted only when the court reasonably determines that (1) plaintiffs' have a need for anonymity that (2) outweighs the public interest in access to judicial proceedings and (3) outweighs the risk of unfairness to the defendant.[4] *See id.* Permission to proceed

---

[2] The non-CACI defendants join Titan's opposition. The CACI defendants oppose separately.

[3] The "document" that plaintiffs seek to seal was created by plaintiffs' counsel solely for the purpose of their motion. That plaintiffs have provided the identifying information to defense counsel with their motion does not change this analysis. *See Qualls*, 228 F.R.D. at 10.

[4] Plaintiffs suggest that their request should be analyzed under the standard established by *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980), but that is the standard for sealing documents

2

pseudonymously is rarely granted and "is only justified in the critical case or the unusual case." *Id.* (internal quotations and citations omitted). Plaintiffs' filing does not meet the burden of showing this is such a case—it does not establish a need for anonymity nor demonstrate that plaintiffs' desire for privacy outweighs either the public's interest in this litigation or the unfairness and prejudice to Titan. Accordingly, the motion must be denied.

**I.    Plaintiffs' Have Not Demonstrated a Need for Anonymity**

A desire to avoid the "'annoyance and criticism that may attend any litigation' is not sufficient to justify pseudonymous proceedings." *Qualls*, 228 F.R.D. at 11 (quoting *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993)). Rather, plaintiffs must establish a *need* for anonymity by demonstrating some compelling reason—such as avoiding the risk of retaliation, the need to preserve privacy in a sensitive and personal matter, or avoiding admitting criminal behavior—for sealing their identities. *Id.*; *see also Doe v. Exxon Mobile Corp.*, 393 F. Supp. 2d 20, 23 n.2 (2005) (noting, without analysis, that plaintiffs filed their names under seal for fear of retaliation). Plaintiffs have not alleged a fear of retaliation or prosecution,[5] and, even if their allegations are taken as true, do not have a sufficient privacy interest to justify proceeding anonymously.

Plaintiffs argue that they are entitled to privacy because their allegations include "sexual assault, humiliation, and other deeply personal and humiliating treatment." (Mot. 2.) Civil claims resulting from charges of sexual assault are commonly litigated in the plaintiff's true name.[6]  "[C]laims of public humiliation and embarrassment...are not sufficient grounds for

---

relating to third parties, not for sealing plaintiffs' identities. *See Hubbard*, 650 F.2d at 295.

[5] Plaintiffs must provide sufficient and reliable evidence to establish that, absent anonymous filing, retaliation is a likely result of filing the lawsuit. *See Qualls* 228 F.R.D. at 12 (rejecting claims that plaintiffs face physical retaliation as lacking evidentiary support). Plaintiffs have made no attempt to do so here.

[6] *See, e.g., Doeman v. Howard Univ.*, 2006 U.S. Dist. LEXIS 9735 (D.D.C. 2006) (alleging civil liability for sexual assault and rape); *Jones v. R.I. Assocs., LLC*, 2005 U.S. Dist. LEXIS 12609 (D.D.C. 2005) (same); *Avila-Franco v. Worrell*, 1998 U.S. Dist. LEXIS 12129 (D.D.C. 1998) (alleging civil liability for sexual assault on a minor); *Jones v. Servellon*, 1996 U.S. Dist. LEXIS 14903 (D.D.C. 1996) (alleging civil liability for sexual assault). *But see Doe v. District of*

3

allowing a plaintiff in a civil suit to proceed anonymously." *See Shakur*, 164 F.R.D. at 362. The types of cases where sensitive information has justified pseudonymous filing include cases in which the mere filing of the suit would necessarily reveal personal medical information. *See, e.g. Doe v. Roe*, 841 F. Supp. 444 (D.D.C. 1994) (suit alleging liability for tortious communication of an incurable sexually transmitted disease). Plaintiffs have not carried their burden of establishing that this suit would reveal sensitive information that justifies anonymity.

Plaintiffs argue that their privacy interest is enhanced because some of them are minors. (Mot. 1.) The only plaintiff identified as a minor in the TAC, Umer Abdul Mutalib Abdul Latif, has already provided his full name and prisoner number. (TAC ¶ 5.) Plaintiff Umer is alleged to have been seventeen at the time of his detention. (TAC ¶ 50.) The table filed by plaintiffs under seal does not support the contention that some of the other plaintiffs are minors, or were at the time of the allegations. Moreover, while some courts have considered the fact that a plaintiff is a minor in considering motions to seal, *see Qualls*, 228 F.R.D. at 11, this factor alone is not dispositive. While Titan can only speculate on the ages of the minors, plaintiffs in their late teens have been found not to need the "special protections typically reserved for children," *Doe 1 v. Mertern*, 219 F.R.D. 387, 393 (E.D.Va. 2004) (anonymity denied to seventeen year-old plaintiffs), and minor victims that have since passed into adulthood are also given less consideration. *See Doe v. Smith*, 429 F.3d 706, 710 (7th Cir. 2005).

## II.   Public Interest in this Case Weighs Against Seal

Plaintiffs admit that this case raises "substantial questions of public concern" (Mot. 1), but then disingenuously comment, "[t]here is little apparent need for public access" to their

---

*Columbia*, 229 F.R.D. 24, 26 (D.D.C. 2005) (child rape victim proceeding pseudonymously). And where alleged sexual assault victims have sought permission to proceed pseudonymously to protect their privacy, courts have often denied it. *See Doe v. Shakur*, 164 F.R.D. 359, 361 (S.D.N.Y 1996) (sexual assault victim may not proceed pseudonymously in civil suit); *Doe v. Bell Atlantic Business Sys. Servs., Inc.*, 162 F.R.D. 418, 422 (D. Mass. 1995) (plaintiff alleging sexual assault resulting in HIV infection may not proceed pseudonymously); *Doe v. University of Rhode Island*, 1993 U.S. Dist. LEXIS 19257 (D.R.I. 1993) (plaintiff alleging sexual assault may not proceed pseudonymously).

identities. (Mot. 2.) The identity of the parties is one of the most basic facts of a lawsuit that is often the item of greatest public interest. "The public has an interest in knowing what the judicial system is doing, an interest frustrated when *any part of litigation* is conducted in secret." *Smith*, 429 F.3d at 710 (emphasis supplied). Thus, the decision to allow a plaintiff to proceed without publicly identifying himself involves weighing the plaintiff's interest in privacy against the "customary and constitutionally-embedded presumption of openness in judicial proceedings." *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) (internal quotation and citation omitted) (embarrassment of revealing plaintiff's alcoholism insufficient to justify pseudonymous filing).

The public's strong interest in access to the courts and in access to the facts of the lawsuits filed in them includes an interest in the identity of the parties involved. *Doe v. Shakur*, 164 F.R.D. 359, 361 (S.D.N.Y 1996). The public has a right "to fully access the merits of a lawsuit and the quality of the courts." *Qualls*, 228 F.R.D. at 13. The public interest in disclosure, and its right to access a suit's merits, is particularly strong in cases, like this one, that implicate issues of public concern. *See M.M. v. Zavaras*, 139 F.3d 798, 803 (10th Cir. 1998) (right to privacy in abortion decision outweighed by public interest in use of public funds). It is difficult to imagine a case with higher public interest than this one involving, as it does, allegations of corruption in cabinet level officials and general officers, *see* RICO Case Statement 4-5; Plaintiffs' Opposition to Titan's Motion to Dismiss ("Opp.") 35, n.29; allegations that the nation's warmaking power was diverted to serve private interests, *see* TAC ¶¶ 61-65, 97-107; the alleged unnecessary endangerment of America's service members (Opp. 22-23), and allegations of systematic torture of military detainees (TAC ¶ 65). Public interest has been found to outweigh privacy interests in significantly less compelling cases. *See M.M v. Zavaras*, 139 F.3d 798, 803 (10th Cir. 1998) (right to privacy in abortion decision outweighed by public interest in use of public funds); *Doe v. Hartz*, 52 F. Supp. 2d 1027, 1048 (N.D. Ia. 1999) (privacy interest of sexual abuse victim does not outweigh public interest in allegations against religious figures); *Qualls*, 228 F.R.D. at 13 (pseudonymous filing denied in service members' challenge to the military's authority to deploy them to Iraq).

5

### III. Unfairness to Titan Weighs Against Sealing Plaintiffs' Names

Allowing plaintiffs to proceed without publicly identifying themselves is both inherently unfair and prejudicial to Titan. Basic fairness requires that a plaintiff bringing serious charges be made to stand behind those charges publicly. *Shakur*, 164 F.R.D. at 361. This is particularly true in a high profile case against a public company because "the mere filing of a civil action against other private parties may cause damage to their good names and reputation and may also result in economic harm. .... Basic fairness dictates that those among the defendants' accusers who wish to participate in this suit as individual party plaintiffs must do so under their real names." *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979) (denying pseudonymous filing in Title VII sex discrimination suit). A recent article in the *Legal Times* captures the fundamental unfairness of allowing plaintiffs to make heinous accusations and then use those accusations as the basis for proceeding anonymously: the witness against one of the defendants here has been reported to be unreliable, yet the unfounded accusation remains in the public record. *See Exhibit A*.

### Conclusion

For the reasons stated above, plaintiffs' Motion for Leave to File Matter Under Seal should be denied.

Respectfully Submitted,

F. Whitten Peters (DC Bar No. 255083)
Ari S. Zymelman (DC Bar No. 421593)
E. Greg Bowman (DC Bar No. 486097)

WILLIAMS & CONNOLLY LLP
725 12th Street, N.W.
Washington, D.C. 20005
(202) 434-5000

Dated: June 6, 2006

*Attorneys for Defendant L-3 Communications Titan Corporation*

6