IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SALEH, *et al.*,<br><br>          Plaintiffs,<br><br>     v.<br><br>TITAN CORP., *et al.*,<br><br>          Defendants. | Civil Action No. 05-CV-1165 (JR) |

**NOTICE OF SUPPLEMENTAL AUTHORITY BY THE CACI DEFENDANTS
IN SUPPORT OF THEIR MOTION TO DISMISS
<u>THE THIRD AMENDED COMPLAINT</u>**

Defendants CACI International Inc, CACI, INC.-FEDERAL, and CACI Premier Technology, Inc., respectfully bring to the Court's attention the following supplemental authority, in support of their Motion to Dismiss the Third Amended Complaint: *Anza v. Ideal Steel Supply Corp.*, No. 04-433, __ S. Ct. __, 2006 WL 1519365 (Jun. 5, 2006) (attached).[1]  The *Anza* decision is relevant to the RICO standing argument made at Section II.E (pages 34-35) of the CACI Defendants' Memorandum in Support of Their Motion to Dismiss (April 7, 2006), and at Section IV.A (pages 22-23) of the CACI Defendants' Reply in Support of Their Motion to Dismiss (May 26, 2006).

In *Anza*, the plaintiff and defendants were business competitors.  The plaintiff (Ideal) alleged that the defendants (the Anzas, owners of National Steel Supply) engaged in a pattern of racketeering activity (mail fraud and wire fraud) by failing to pay New York sales tax on cash

---

[1] The slip opinion is also available at http://www.supremecourtus.gov/opinions/05pdf/04-433.pdf.

1

transactions. Ideal claimed it was injured in its business because National's failure to pay sales tax allowed it to undercut Ideal's prices without sacrificing profit margin. *Anza*, slip op. at 2-3, 2006 WL 1519365, at *3. Relying principally on *Holmes v. Securities Investor Protection Corporation*, 503 U.S. 258 (1992), the Supreme Court rejected Ideal's claim for lack of RICO standing, because there was no proximate causation between the alleged racketeering activity (tax fraud) and Ideal's claimed injury (losses from business competition). The Court observed that the direct victim of the alleged tax fraud was New York state, not Ideal, and that causation as to Ideal's claimed business losses would be speculative and hard to prove. *Id.*, slip op. at 6, 2006 WL 1519365, at *5.

Under *Holmes* and now *Anza*, a RICO claim requires "some direct relation between the injury asserted and the injurious conduct alleged." *Anza*, slip op. at 5, 2006 WL 1519365, at *4. "When a court evaluates a RICO claim for proximate causation, the central question it must ask is whether the alleged violation led directly to the plaintiff's injuries." *Id.*, slip op. at 9, 2006 WL 1519365, at *6. Here, as in *Anza*, "the answer is no." *Id.*

"The proper referent of the proximate-cause analysis is" the alleged pattern of racketeering activity. *Anza*, slip. op. at 6, 2006 WL 1519365, at *5. Here, the only RICO predicate act specifically alleged against any CACI Defendant is repeated threats of murder. CACI Mem. at 32; CACI Reply at 23 (both citing TAC ¶324). Plaintiffs' RICO Case Statement ("RCS") also alleges, as a pattern of racketeering activity, that unnamed defendants variously and collectively (on information and belief) committed murder, attempted murder, threats of murder, threats of death, kidnapping, sexual assault, and offenses involving obscene materials, all directed at obtaining intelligence through unlawful interrogations. CACI Mem. at 33, 35 (citing RCS ¶¶5(b), (g), 6(b)); CACI Reply at 22-23. But Plaintiffs' claimed RICO injuries are that they were robbed

2

of cash, gold, an automobile, and other property when those items were confiscated incident to arrest by U.S. soldiers. CACI Mem. at 32-33 (citing TAC and RCS); CACI Reply at 22. As in *Anza*, "[t]he cause of [Plaintiffs'] asserted harms ... is a set of actions [here, robbery by soldiers incident to arrest] ... entirely distinct from the alleged RICO violation [here, alleged abuses during interrogations]." *Anza*, slip op. at 6, 2006 WL 1519365, at *5.

Because there is no connection here between the racketeering activities alleged and Plaintiffs' claimed RICO injuries, Plaintiffs lack RICO standing, as the Supreme Court held in *Anza*.

Respectfully submitted,

J. William Koegel, Jr. (Bar No. 323402)
John F. O'Connor (Bar No. 460688)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone:   (202) 429-3000
Facsimile:   (202) 429-3902

*Counsel for Defendants CACI International Inc, CACI, INC.-FEDERAL, and CACI PT, Inc.*

June 7, 2006

3