# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SALEH *et al.*, | ) |
| | ) |
| Plaintiffs, | ) Civil Action No. 05-1165 (JR) |
| v. | ) |
| | ) |
| TITAN CORPORATION *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

### PLAINTIFFS' MOTION FOR A PARTIAL LIFT OF THE SEAL

For the reasons set forth in the accompanying Memorandum of Points and Authorities, plaintiffs respectfully request that the Court partially lift the seal that has been placed on plaintiffs' oppositions to the five motions to dismiss and accompanying exhibits in order to permit undersigned counsel to provide the papers to the United States.


Dated: June 9, 2006

_____/s/ Susan L. Burke_____
Susan L. Burke (D.C. Bar # 414939)
BURKE PYLE LLC
4112 Station Street
Philadelphia, PA 19127
Telephone:     (215) 487-6590
Facsimile:     (215) 482-0874

Jennifer Green
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, NY 10012
Telephone:     (212) 614-6439
Facsimile:     (212) 614-6499

Shereef Hadi Akeel (admitted *pro hac vice*)
AKEEL & VALENTINE, P.C.
401 South Old Woodward Avenue
Suite 430

Birmingham, MI 48009
Telephone:     (248) 594-9595
Facsimile:     (248) 594-4477

*Counsel for Plaintiffs and Class Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SALEH *et al.*, | ) |
| | ) |
| Plaintiffs, | ) Civil Action No. 05-1165 (JR) |
| v. | ) |
| | ) |
| TITAN CORPORATION *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR A PARTIAL LIFT OF THE SEAL

Plaintiffs respectfully request that the Court order the partial lifting of the seal for the reasons set forth below.

### PROCEDURAL BACKGROUND

On April 7, 2006, defendants CACI International Inc., CACI, Inc.-Federal, and CACI Premier Technology Inc. ("CACI"), L-3 Communications Titan Corporation ("Titan"), Adel L. Nakhla, Steven Stefanowicz, and John B. Israel each filed a motion to dismiss plaintiffs' Third Amended Complaint. *Motion of Defendants CACI International Inc, CACI, Inc. – Federal, and CACI Premier Technology, Inc. To Dismiss Plaintiffs' Third Amended Complaint (dkt. 37); Defendant L-3 Communications Titan Corporation's Motion To Dismiss the Third Amended Complaint (dkt. 40); Defendant Adel L. Nakhla's Motion To Dismiss the Third Amended Complaint (dkt. 39); Motion of Defendant Steven A. Stefanowicz To Dismiss the Third Amended Complaint For Lack of Personal Jurisdiction And, Alternatively, To Dismiss the Action And/or Claims Therein (dkt. 36); Defendant John B. Israel's Motion To Dismiss Plaintiffs' Third Amended Complaint (dkt. 38).*

On May 8, 2006, plaintiffs filed oppositions to the motions to dismiss. *Plaintiffs' Opposition to CACI's Motion To Dismiss the Third Amended Complaint (dkt. 41); Plaintiffs' Opposition to Titan Corporation's Motion To Dismiss the Third Amended Complaint (dkt. 42); Plaintiffs' Opposition to Defendant Steven A. Stefanowicz's Motion To Dismiss the Third Amended Complaint (dkt. 43); Plaintiffs' Opposition to Defendant John B. Israel 's Motion To Dismiss the Third Amended Complaint (dkt. 44); and Plaintiffs' Opposition to Defendant Adel L. Nakhla's Motion To Dismiss the Third Amended Complaint (dkt. 45, 46)* (hereinafter collectively "Oppositions and Exhibits"). Certain exhibits to the oppositions contained materials available in the public domain that had previously been designated as "classified" by the United States.

On May 9, 2006, the Court requested a conference call with all counsel. During this call, the Court notified counsel that he was placing the Oppositions and Exhibits under seal for ten days to permit the filings of motions to seal.

No one has filed a motion to seal the Oppositions and Exhibits. Defendants submitted a writing, which has been filed as part of the record. *Letter from J.W. Koegel to the Hon. Judge Robertson, filed per Court instruction on May 24, 2006 (dkt. 48).* In this writing, defendants admitted that plaintiffs' Oppositions and Exhibits did not contain any classified information:

> We promptly contacted the head of litigation for the United States Army to advise him of the issue so that the agency best able to assess the extent of any restrictions on disclosure of the documents filed by Plaintiffs could identify any disclosure restrictions and protect its interests. ***The Army's head of litigation has advised us that none of the documents filed by Plaintiffs remains classified***, although a number of them have "For Official Use Only" status and have not been publicly released by the Army.

*Id.* at 1 (emphasis added).

Defendants' writing also noted that the Army had requested that a Special Assistant United States Attorney ("SAUSA") contact the Court on this issue and that a

- 2 -

SAUSA had in fact contacted Chambers. The writing asserted that the SAUSA had been informed by the Court that the plaintiffs' Oppositions and Exhibits would remain under seal unless a motion is filed to unseal them.

To date, the Oppositions and Exhibits remain under seal.[1] Plaintiffs have sought and obtained defendants' consent to a motion by plaintiffs to lift the seal. Defendants advised undersigned counsel, however, that although defendants will not oppose a motion to lift the seal, they want to ensure that the United States has notice and an adequate opportunity to oppose such a motion.

## REQUEST FOR PARTIAL LIFTING OF THE SEAL

Rather than proceed directly to filing the motion to lift the seal, however, plaintiffs thought it prudent to take the interim step of trying to resolve the issue through direct discussions with the United States. Because the documents are under seal, plaintiffs' counsel are not at liberty to provide or discuss them with the United States. (The May 19 letter suggests that CACI may have identified the documents to the United States.)

Although undersigned counsel are not aware of the United States' plans, defense counsel appear to anticipate that the United States will oppose the motion to unseal. In cases in which the United States is a party, it has sought protective orders governing the public disclosure of non-classified information. *See*, *e.g.*, *Guantanamo Detainee Cases*, 344 F. Supp. 2d 174 (D.D.C. 2004). Undersigned counsel would like to be able to discuss with the United States whether it intends to oppose the lifting of the current seal and, if so, whether there may be a consensual solution to the question of public access to the Oppositions and Exhibits, which contain only

---

[1] Although plaintiffs do not concede that all non-classified United States materials not previously released should be kept under seal, plaintiffs will defer the issue to a later date by filing redacted versions of their motions for summary judgment and separate versions under seal with any information or exhibits from documents not publicly released by the government.

materials already in the public domain, as well as additional materials that will be filed in the future.  Therefore, plaintiffs respectfully request that the Court order the partial lifting of the seal to permit their counsel to provide the Oppositions and Exhibits to the United States.  A proposed Order is attached.

Dated: June 9, 2006                    _____/s/ Susan L. Burke_____
                                       Susan L. Burke (D.C. Bar # 414939)
                                       BURKE PYLE LLC
                                       4112 Station Street
                                       Philadelphia, PA 19127
                                       Telephone:    (215) 487-6590
                                       Facsimile:    (215) 482-0874

                                       Jennifer Green
                                       CENTER FOR CONSTITUTIONAL RIGHTS
                                       666 Broadway, 7th Floor
                                       New York, NY 10012
                                       Telephone:    (212) 614-6439
                                       Facsimile:    (212) 614-6499

                                       Shereef Hadi Akeel (admitted *pro hac vice*)
                                       AKEEL & VALENTINE, P.C.
                                       401 South Old Woodward Avenue
                                       Suite 430
                                       Birmingham, MI 48009
                                       Telephone:    (248) 594-9595
                                       Facsimile:    (248) 594-4477

                                       *Counsel for Plaintiffs and Class Plaintiffs*

## CERTIFICATE OF SERVICE

I, Jonathan H. Pyle, do hereby certify that on the 9th day of June 2006, I caused

true and correct copies of Plaintiffs' Motion For A Partial Lift Of The Seal to be served

via electronic mail upon the following individuals at the addresses indicated:

F. Whitten Peters
Thomas M. Craig
WILLIAMS & CONNOLLY LLP
725 12th Street, NW
Washington, DC  20005
wpeters@wc.com
*Counsel for Defendant Titan Corp.*

J. William Koegel Jr.
John F. O'Connor
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC  20036
wkoegel@steptoe.com
*Counsel for Defendants CACI International,*
*CACI Inc. – Federal, and CACI-PT*

Adam L. Rosman
Ellen D. Marcus
ZUCKERMAN SPAEDER LLP
1800 M Street, NW
Washington, DC  20036
arosman@zuckerman.com
*Counsel for Defendant Adel Nakhla*

Henry E. Hockeimer Jr.
Jessica Natali
BALLARD SPAHR ANDREWS &
INGERSOLL, LLP
1735 Market St, 51st Floor
Philadelphia, PA 19103
hockeimerh@ballardspahr.com
*Counsel for Defendant Steven Stefanowicz*

Alison L. Doyle
Shari L. Klevens
MCKENNA LONG & ALDRIDGE LLP
1900 K Street, NW
Washington, DC  20006-1108
adoyle@mckennalong.com
*Counsel for Defendant John B. Israel*

Jonathan Pyle /AKH

Jonathan H. Pyle