## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

SALEH, *et al.*,

        Plaintiffs,

        v.

TITAN CORP., *et al.*,

        Defendants.

Civil Action No. 05-CV-1165 (JR)

### SECOND NOTICE OF SUPPLEMENTAL AUTHORITY BY THE CACI DEFENDANTS IN SUPPORT OF THEIR MOTION TO DISMISS THE THIRD AMENDED COMPLAINT

Defendants CACI International Inc, CACI, INC.-FEDERAL, and CACI Premier Technology, Inc. (collectively, the "CACI Defendants"), respectfully bring to the Court's attention the following supplemental authority, in support of their Motion to Dismiss the Third Amended Complaint ("TAC"): *Gonzalez-Vera v. Kissinger*, ___ F.3d ___, 2006 WL 1563589 (D.C. Cir. June 9, 2006) (attached). The *Gonzalez-Vera* decision is relevant to the political question argument made at Section II.D (pages 22-32) of the CACI Defendants' Memorandum in Support of Their Motion to Dismiss (April 7, 2006), and at Section III (pages 19-22) of the CACI Defendants' Reply in Support of Their Motion to Dismiss (May 26, 2006).

In *Gonzalez-Vera*, the plaintiffs sued the United States and Dr. Kissinger under the Alien Tort Statute, the Torture Victim Protection Act ("TVPA"), common law, and customary international law, seeking relief for "torture, false imprisonment, wrongful death, and intentional infliction of emotional distress." *Id.* at *1. The plaintiffs alleged that the United States and Dr. Kissinger, in supporting the Pinochet regime, "funded, assisted, . . . aided and abetted, . . . acted

1

jointly and conspired with known human rights violators in the Chilean terror apparatus to violate the human rights of the plaintiffs and their relatives." *Id.* (internal quotations omitted) (omissions in original). The District Court held that plaintiffs' claims were justiciable but dismissed all claims on other grounds. *Id.* at *1. The D.C. Circuit did not reach the grounds relied on by the District Court, instead finding as a threshold matter that the plaintiffs' claims presented a nonjusticiable political question. *Id.*

In so holding, *Gonzalez-Vera* court rejected the plaintiffs' contention that *Schneider v. Kissinger*, 412 F.3d 190 (2005), which had been dismissed on political question grounds, was distinguishable because it challenged "the Government's policy decision to support Pinochet's rise to power, whereas [the *Gonzalez-Vera* action] challenges specific acts of torture . . . committed after the military government was already in place." *Gonzalez-Vera*, 2006 WL 1563589, at *2 (internal quotations omitted) (omission in original):

> The plaintiffs have alleged and challenged drastic measures taken by the United States and Kissinger in order to implement United States policy with respect to Chile. For the court to evaluate the legal validity of those measures would require us to delve into questions of policy "textually committed to a coordinate branch of government." [*Schneider*, 412 F.3d at 194]. It is of no moment that the acts alleged in this case took place after the coup. . . . ***Nor are we persuaded by the plaintiffs' purported distinction between challenging an "action" and challenging a "policy." As we explained in [Bancoult v. McNamara, 445 F.3d 427, 436 (D.C. Cir. 2006)], the dichotomy is false; actions taken in furtherance of foreign relations themselves may "constitute[] foreign policy decisions.***

*Gonzalez-Vera*, 2006 WL 1563589, at *3 (emphasis added).

The *Gonzalez-Vera* court also rejected the plaintiffs' argument that their claims were justiciable because Dr. Kissinger's actions were *ultra vires* and therefore not official U.S. policy:

> Although the plaintiffs attempt to characterize Kissinger's acts as *ultra vires*, Compl. ¶ 2, we reiterate what we said in *Schneider*:

> Whatever Kissinger did as National Security Advisor or Secretary
> of State "can hardly be called anything other than foreign policy."

*Gonzalez-Vera*, 2006 WL 1563589, at *4. While allowing the possibility of "a case in which a rogue agent commits an act so far removed from his official duties that it cannot fairly be said to represent the policy of the United States," the court held that such was not the case here. Because relations with the Chilean government fell within Dr. Kissinger's purview, his actions were not *ultra vires* even if he had conspired with or aided and abetted the "Chilean terror apparatus" in illegally torturing and kidnapping enemies of the Pinochet regime. *Id.* at **1, 4.[1]

 *Gonzalez-Vera* confirms that the *Saleh* plaintiffs' justiciability analysis fails under the law of this Circuit. The *Saleh* plaintiffs allege that Defendants engaged in a "torture conspiracy" with Secretary Rumsfeld, two Undersecretaries of Defense, five general-grade U.S. Army officers, as well as other U.S. Army personnel, to abuse plaintiffs and others in the course of detaining and interrogating them in combat detention facilities in Iraq. TAC ¶¶ 28-29, 97-107; RICO Case Statement ("RCS") at 4-5. According to the *Saleh* plaintiffs, "the key point is that plaintiffs here do not challenge or seek to enjoin official United States policy," and instead seek to hold Defendants liable for acts of alleged unlawful conduct. Pl. Opp. at 34. But *Gonzalez-Vera* confirms that the *Saleh* plaintiffs' "dichotomy is false; actions taken in furtherance of foreign relations themselves may 'constitute[] foreign policy decisions.'" *Id.* at *3 (quoting *Bancoult*, 445 F.3d at 437).[2] *Gonzalez-Vera* reaffirms *Bancoult*'s holding that claims based on acts taken in conducting foreign policy are as nonjusticiable as challenges to U.S. foreign policy itself. *Id.*

---

[1] The *Gonzalez-Vera* court also rejected plaintiffs' argument that torture claims fell outside the political question doctrine because the TVPA permitted such suits to be adjudicated in federal courts. The court "simply observe[d] that such a claim [of torture], like any other, may not be heard if it presents a political question." *Gonzalez-Vera*, 2006 WL 1563589, at *4.

[2] The D.C. Circuit decided *Bancoult* after this Court's decision on the CACI Defendants' motion to dismiss in *Ibrahim v. Titan Corp.*, 391 F. Supp. 2d 10 (D.D.C. 2005).

The *Saleh* plaintiffs also argue their claims are justiciable because "[a]ny conduct by U.S. personnel in furtherance of the conspiracy to use torture . . . was *ultra vires* . . . ." Pl. Opp. at 35. But *Gonzalez-Vera* holds that such an *ultra vires* analysis concerns not whether the alleged conduct is consistent with the court's view of official U.S. policy, but rather whether the involved government officials' job descriptions encompass the subject-matter in which the alleged wrongful conduct occurred. *Id.* at *4. The alleged actions of Dr. Kissinger were not *ultra vires* because the actions involved the conduct of foreign relations with respect to Chile, a subject within the purview of the Secretary of State, and it mattered not whether conspiring to torture Chilean dissidents constituted the official policy of the Nixon administration. *Id.*

Similarly, the Secretary of Defense "has authority, direction, and control over the Department of Defense." 10 U.S.C. § 113. Just as the conduct of foreign relations with Chile was within Dr. Kissinger's purview as President Nixon's Secretary of State, the conduct of the war in Iraq was (and is) within Secretary Rumsfeld's job description as Secretary of Defense. Responsibility for the detention and interrogation of detainees also fell within the job description of the myriad U.S. Army personnel with whom Defendants are alleged to have conspired.[3] Because decisions concerning detention and interrogation efforts in Iraq are among the duties of the Secretary of Defense and the relevant U.S. Army personnel, *Gonzalez-Vera* holds that actions taken in concert with the sitting Secretary of Defense are not "so removed from [the Secretary's] official duties" as to be an *ultra vires* act. *Gonzalez-Vera*, 2006 WL 1563589, at *4. Therefore, the *Saleh* plaintiffs' explicit allegation that any acts taken by Defendants were in concert with, and ratified by, the Secretary of Defense, (TAC ¶ 28; RCS at 4-5), necessarily renders their claims a

---

[3] The detention and interrogation activities in a combat zone are "important incident[s] of war." *Hamdi v. Rumsfeld*, 542 U.S. 507, 518 (2004) (alteration in original) (quoting *Ex parte Quirin*, 317 U.S. 1, 28 (1942)).

direct challenge to matters textually committed to the political branches. *Gonzalez-Vera*, 2006 WL 1563589, at **3-4.

For all of these reasons, the D.C. Circuit's decision in *Gonzalez-Vera* demonstrates that the *Saleh* plaintiffs' claims are not justiciable under the law of this Circuit.

Respectfully submitted,

J. William Koegel, Jr. (Bar No. 323402)
John F. O'Connor (Bar No. 460688)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone:    (202) 429-3000
Facsimile:    (202) 429-3902

**Counsel for Defendants CACI International Inc,
CACI, INC.-FEDERAL, and CACI PT, Inc.**

June 12, 2006