

- Education
- Jobs
- Salary Center
- Travel
- Autos
- Gifts

Home :: Military :: Library :: Policy :: Army :: Fm :: 27-14 ::

- **Military**
- Introduction
- Systems
- Facilities
- Agencies
- Industry
- Operations
- Countries
- Hot Documents
- News
- Reports
- Policy
- Budget
- Congress
- Links
- **WMD**
- **Intelligence**
- **Homeland Security**
- **Space**
- **Public Eye**

**Military**

# Administrative Law

## CHAPTER 2

More than the Uniform Code of Military Justice (10 United States Code, §§801-940) affects your conduct and rights. Federal laws, Department of Defense directives, and Army regulations determine such matters as how claims are processed and paid, whether you can be discharged before your expiration term of service (ETS) date, and how you may submit complaints. This area is often referred to as administrative law because it deals with the administration of the Army. Discussion includes--

- Administrative separations.
- Nonpunitive disciplinary measures.
- Conduct of investigations.
- Rights of soldiers.
- The limited-use policy of the alcohol and drug abuse prevention and control program.
- The complaint process.

## ADMINISTRATIVE SEPARATIONS

Congress has given the Secretary of the Army very broad authority to provide for administrative separations. These separations, which are different from those by court-martial, may be either involuntary or voluntary.

### INVOLUNTARY SEPARATIONS

When you are considered unsuitable for further service in the Army or have engaged in misconduct that makes your continued service questionable, the unit commander may begin proceedings to separate you before your ETS

date. The unit commander begins the process by forwarding a report stating his reasons for recommending separation, with all supporting documentation. Reasons for separating you involuntarily may include the following:

- Unsatisfactory performance.
- Misconduct.
- Other circumstances.

**Unsatisfactory Performance**

AR 635-200, Chapter 13, provides that you may be separated involuntarily because of unsatisfactory performance. It applies only to soldiers who have completed more than 180 days of continuous active duty. If you are separated for unsatisfactory performance, you will receive a general or honorable discharge certificate.

**Misconduct**

AR 635-200, Chapter 14, provides that you may be separated involuntarily for--

- Civilian court conviction as a juvenile offender or for having committed certain types of offenses after entering the Army.
- Commission of a serious offense.
- Abuse of illegal drugs.
- Acts or patterns of misconduct, such as repeated failure to pay valid debts, repeated failure to support dependents, or frequent incidents of misconduct with civil or military authorities.
- Minor military disciplinary infractions, such as disobedience of lawful orders, disrespect, failure to repair, or absence without leave. If you are separated under these provisions, you may receive a discharge under other than honorable conditions.

**Other Circumstances**

You may be involuntarily separated from the Army under other circumstances. The following chapters in AR 635-200 cover some of these:

- **Chapter 5,** Separation for Convenience of the Government (includes personality disorder and inability to carry out prescribed duties due to parenthood).

- **Chapter 7,** Fraudulent or Defective Enlistments and Inductions.

- **Chapter 9,** Alcohol or Other Drug Abuse Rehabilitation Failure.

- **Chapter 11,** Entry Level Performance and Conduct (applies to soldiers in the first 180 days of continuous active duty).

- **Chapter 15,** Separation for Homosexuality.

Any soldiers concerned in an involuntary separation will have an opportunity to consult with a military attorney. If applicable, you may request a hearing by a board of officers. If you request a separation board, the commander who has the authority to separate you will convene one. You have the following rights:

- You may appear before the board unless you are in civil confinement.

- You may request the appearance of available witnesses.

- You may request appointment of a military lawyer or choose a military lawyer yourself, but not both.

- You may hire a civilian attorney at your own expense if you desire.

The separation authority reviews the findings of the separation board and makes the final decision in the case. However, the decision may not be more severe than the action recommended by the board. (See AR 15-6 and AR 635-200.)

## VOLUNTARY SEPARATIONS

Army regulations detail the procedures for granting separation from the Army before your normal end of service. Senior commanders or the Department of the Army reviews and acts upon these requests.

**Dependency or Hardship**

AR 635-200, Chapter 6, provides that you may request discharge or release from the Army for dependency or hardship. Dependency results from the death or disability of a member of your or your spouse's immediate family which causes the disabled member to rely upon you for principal care or support. Hardship results from a condition that involves the care or support of

your family (not involving the death or disability of a family member). In either case, you must show that the condition arose or was aggravated excessively since your entry on active duty. The condition must be permanent, and you must have made every reasonable effort to alleviate it without success. You must also show the Army proof of the problem and proof of your need for release from the Army to correct it.

**Conscientious Objection**

You may apply for discharge from the Army for conscientious objection if, after entering the Army, you become opposed to all forms of war because of deeply held, sincere moral, ethical, or religious beliefs. An opposition to a particular war rather than to war in general is not sufficient for discharge. You may not request a discharge because of your conscientious objection before entering the Army if you failed to make it known before you enlisted. If you are opposed only to the bearing of arms, you are not qualified for discharge but may apply for classification as a noncombatant. Once so classified, you will be assigned duties that do not involve the bearing of arms.

Headquarters, Department of the Army, will make the final determination on all applications for discharge. Once you apply, a chaplain and psychiatrist will interview you. Then, an officer will hold a hearing. You may be present at the hearing, and you may ask the hearing officer to interview available witnesses. You may also have a civilian attorney assist at your own expense.

While the application is in process, you will continue to perform duties in the unit and participate in unit training. Every effort will be made to exempt you from duties that conflict with your stated beliefs.

Other reasons for voluntary discharge include the following:

- Separation for defective or unfulfilled enlistment or reenlistment agreements. (See AR 635-200, Chapter 7.)

- Separation of female soldiers because of pregnancy. (See AR 635-200, Chapter 8.)

- Separation for the good of the service when you are charged for certain crimes under the Uniform Code of Military Justice (UCMJ). (See AR 635-200, Chapter 10).

**TYPES OF DISCHARGE**

The separation authority decides what type of discharge you will receive based on your military record. If you are separated for administrative reasons other than for completion of term of service, you may receive an honorable,

general, other-than-honorable, or entry level discharge.

### Honorable Discharge

Issuance of an honorable discharge depends upon your proper military behavior and performance of duty. The separation authority may disregard isolated incidents of minor misconduct if, overall, your service record is good.

### General Discharge Under Honorable Conditions

General discharges are appropriate for those whose military records are satisfactory but are not good enough to warrant honorable discharge. You may have had frequent nonjudicial punishments or may have been a troublemaker, but your conduct has not warranted less than a general discharge.

### Discharge Under Other Than Honorable Conditions

Only a general court-martial convening authority or general officer in command may give a discharge under other than honorable conditions. [AR 635-200](#), Chapter 10, delegates that authority, in limited circumstances, to the special court-martial convening authority. Such a discharge will usually be given to those who have shown, for example, one or more incidents of serious misconduct.

Discharge under other than honorable conditions is the most severe of the administrative discharges and may result in your loss of veterans' benefits, as determined by the Department of Veterans' Affairs. If you receive this type of discharge, you will not receive a discharge certificate.

### Entry Level Separation

The separation authority will give you an entry level separation if you are within the first 180 days of continuous active duty and your records do not warrant a discharge under other than honorable conditions.

## REVIEW BOARDS

If you have been separated from the Army, you may have your discharge reviewed by two boards established by Congress--the Army Discharge Review Board (ADRB) and the Army Board for Correction of Military Records (ABCMR).

### Army Discharge Review Board

The ADRB will review any discharge, unless the discharge resulted from a general court-martial. If the ADRB decides that the action was improper, it may change the type of discharge, but it may not revoke it and return you to

active duty. If you want a review, you must request it within 15 years after the date of your discharge. (See AR 15-180.)

**Army Board for Correction of Military Records**

The ABCMR may review any discharge, and it may revoke an improper discharge and give a proper discharge in its place. It reports its findings and recommendations directly to the Secretary of the Army for final action. If your discharge is declared improper, you may receive back pay. The ABCMR does not return soldiers to active duty. You must request an ABCMR review within three years after you discover the claimed error or injustice, but the ABCMR may waive the time limitations when appropriate. Normally, applications for an upgraded discharge should go first to the ADRB. (See AR 15-185.)

# NONPUNITIVE DISCIPLINARY MEASURES

The most familiar measures used in the military to enforce discipline and good order are the court-martial and UCMJ, Article 15. A commander, however, may opt for a variety of administrative actions in cases of poor duty performance or minor misconduct. Often these actions have a rehabilitative effect on you, benefiting both you and the Army.

## WITHHOLDING OF PRIVILEGES

When necessary to maintain good order and discipline, the unit commander has the authority to withhold many privileges, such as the pass privilege. The unit commander does not have direct control over some privileges, such as use of post facilities and on-post driving. Only a higher commander having the authority to grant these privileges may revoke them. Although not true in all cases, privileges withheld normally are those that you have misused. For example, you may be denied use of the service club if you have been disorderly in the club, be denied government quarters if you have misused them, or lose on-post driving privileges if you commit a serious driving offense.

## ADMONITIONS AND REPRIMANDS

The unit commander may give an oral or written admonition or reprimand for a specific act of misconduct. He submits a written admonition or reprimand in memorandum format to you for acknowledgment and rebuttal. The written admonition or reprimand may be filed in either the military personnel records jacket (MPRJ) (field 201 file) or official military personnel file (OMPF). Only a general officer or GCM convening authority (GCMCA) may direct that a written reprimand or admonition be filed in your OMPF. It is filed in your performance fiche until you successfully appeal it. (See AR 600-37.)

An admonition or reprimand that is filed in your MPRJ stays there until the soonest of the following occurs:

- You are transferred to another general court-martial (GCM) jurisdiction.
- The commander removes it.
- A maximum of three years has elapsed.
- You successfully appeal the reprimand.

## ADMINISTRATIVE REDUCTIONS

The rank of enlisted soldiers may be reduced by court-martial. The rank of staff sergeants and below may also be reduced under UCMJ, Article 15. Commanders may administratively reduce your rank for inefficiency or civilian conviction. (See AR 600-200, Chapter 6.)

A company, battery, or separate detachment commander has the authority to reduce the rank of private through specialist or corporal. Field grade commanders of organizations authorized a lieutenant colonel or higher may reduce the rank of sergeant and staff sergeant. Commanders of organizations authorized a colonel or higher may reduce the rank of sergeant first class through command sergeant major. A commander may reduce corporals or specialists and below without convening a board to consider the case.

Commanders wanting to reduce the rank of sergeant through command sergeant major must first refer the case to a board of officers and enlisted soldiers for a hearing and recommendation. The exception is a mandatory reduction to private due to a serious civilian conviction. All board members must be senior in rank to the soldier under consideration. You may decline to appear before the board, or you may appear with an appointed or detailed judge advocate or with civilian counsel, at your own expense. You may request a non-lawyer military counsel if you wish. You may question the witnesses against you and present evidence in your own behalf. The commander may not take any action more severe than that the board recommends. Army regulations provide that if you have had your rank reduced due to inefficiency or due to conviction by civil court, you may appeal that reduction through command channels within 30 days.

### Inefficiency

Commanders may evaluate you for inefficiency when your misconduct shows a lack of abilities or qualities expected of you. If you are an assigned soldier and have served in the same unit for at least 90 days, you may have your rank reduced by one pay grade for inefficiency.

**Civilian Conviction**

If you are sentenced to death or to confinement for one year or more and the sentence is not suspended, you will be reduced to private. If you are sentenced to confinement for more than 30 days but less than one year and the sentence is not suspended, you might have your rank reduced one or more pay grades. You might also have your rank reduced one or more pay grades for sentences less severe than those already mentioned. If you lose your rank, but your conviction by a civil court is reversed because of some error or irregularity, your rank will be restored. You may also be promoted if promotion was denied because of the reversed conviction. AR 600-200, Table 6-1, details administrative reduction based on a civilian conviction.

## REVOCATION OF SECURITY CLEARANCE

Conduct that merits revocation or suspension of a security clearance includes criminal and immoral activities. Abuse of drugs and alcohol, excessive indebtedness, and repeated AWOL are grounds for such action. A clearance may also be denied or suspended if you are subject to coercion or undue influence, perhaps because you have a close relative living in a communist country.

If your commander receives information that may affect your clearance, he forwards it to the central personnel security clearance facility (CCF) for review to determine if it warrants clearance revocation. The commander may suspend your clearance pending results of the review. Before the CCF revokes the clearance, you will have an opportunity to reply in writing. If unsuccessful, you may appeal the revocation to Headquarters, Department of the Army.

## BAR TO REENLISTMENT

You may be barred from reenlistment for deficiencies of character, conduct, attitude, proficiency, and/or motivation or for general undesirability for retention. These deficiencies often include the following:

- Tardiness for formations or duties.
- Being AWOL for 1 to 24 hours.
- Losses of clothing and equipment.
- Substandard personal appearance and hygiene.

- Persistent indebtedness.

- Frequent traffic violations.

- Recurrent punishments under UCMJ, Article 15.

- Use of sick call without medical justification.

- Tardiness in returning from pass or leave.

- Unwillingness to follow orders.

- Untrainability.

- Unadaptability to the military.

- Failure to manage personal affairs.

- Frequent difficulties with other soldiers.

The unit commander initiates a bar to reenlistment by summarizing in writing the grounds for such an action. You may then submit a statement in your own behalf. You have 7 days to prepare comments and collect evidence. The complete action is then forwarded to the authority who may approve or disapprove the bar.

An approved bar to reenlistment must be reviewed every 6 months and 30 days before your PCS or ETS. Bars may be removed at any time if you demonstrate your worthiness to be retained in the Army.

## MOS RECLASSIFICATION

A unit commander must recommend reclassification of any awarded military occupational specialty (MOS) if UCMJ disciplinary action adversely affects your eligibility to perform duties in that MOS. Examples are a military policeman who commits an assault, a medical corpsman who is drunk while on duty, and a finance clerk who steals. The unit commander may recommend reclassification of any awarded MOS if you perform the duties of that MOS inadequately or attain unsatisfactory skill test scores.

## CONDUCT OF INVESTIGATIONS

A commander may order investigations of many matters, such as the operation of the unit mess hall or the state of morale in the unit. The purpose of an investigation is to find out what happened, when it happened, where it happened, why it happened, and who was involved. Only after getting these facts should the commander decide what action to take.

Investigations might concern the loss of funds or equipment, damage to government property, disposition of the personal effects of deceased soldiers, or determination of whether you were injured *in the line of duty*. As a result of the latter, you could lose entitlement to disability retirement--

- If you were injured while AWOL.

- If the injury was due to your intentional misconduct, such as if you were shot while committing a robbery.

- If the injury was due to your willful neglect, such as if you were injured while driving intoxicated on the wrong side of the road.

Any time spent in the hospital would be classified *lost time*, and you would have to make it up at the end of your enlistment.

Unless the particular regulation governing the matter under investigation provides specific procedures, the board or investigating officer will follow the procedures in AR 15-6. Proceedings that involve a single investigating officer using informal procedures (see chapter 4) are designated *investigations*. Proceedings that involve a single investigating officer using formal procedures (see chapter 5) or more than one investigating officer using formal or informal procedures are designated a *board of officers*. The investigating officer must remain impartial during the investigation and must give the commander a complete picture of the matter as well as recommendations for the commander's action.

The boards conducting investigations will normally be composed of military personnel. You may be involved as a witness, a member of the board, an assistant to the board, or one of the persons whose conduct is under investigation.

## RIGHTS OF SOLDIERS

When a board of officers is investigating your conduct or liability, you have some rights in relation to the board's hearing. This manual cannot state general rights because not every regulation provides the same procedures for investigations. Generally, you will receive some notice of the scope and purpose of the investigation. You will be allowed to submit evidence to the board and will be able to attend the board hearing. You will not have to testify before the board about any self-incriminating matter (UCMJ, Article 31). In most board proceedings, you may have a military counsel to help present your case and to question the witnesses. This counsel might be a lawyer, depending on the provisions of the regulation governing the hearing. You are normally allowed to hire a civilian counsel, but the Army will not pay for it. If

under investigation, you should seek the advice of a legal officer.

## LIMITED-USE POLICY

The limited-use policy is part of the Army's Alcohol and Drug Abuse Prevention and Control Program (ADAPCP). It prohibits the use of the following evidence against you in actions under the UCMJ or in characterizing separations:

- Mandatory urine or alcohol breath test results taken to determine your fitness for duty; taken to ascertain whether you need counseling, rehabilitation, or other medical treatment; or taken as part of your participation in the ADAPCP.

- Self-referral to ADAPCP. (Your volunteering for the program is protected information.)

- Admissions and other evidence that you voluntarily provide as part of your initial entry into ADAPCP. An example is illegal use or possession of drugs or alcohol before your initial referral to ADAPCP.

- Admissions, made in ADAPCP, to a physician or counselor at a scheduled interview concerning illegal use or possession of drugs or alcohol before your initial referral to ADAPCP.

- Evidence concerning illegal use or possession of drugs or alcohol obtained as a result of emergency medical care for drug or alcohol overdose, unless such treatment resulted from apprehension by military or civilian law enforcement officials. For example, if you are a drug user and have supplied a positive urinalysis as part of your participation in ADAPCP, the limited-use policy protects you from UCMJ action involving that urinalysis sample. If you are separated from the Army based in whole or in part on the positive urinalysis, you are entitled to an honorable discharge.

Each command has an alcohol and drug control officer who has information on the Alcohol and Drug Abuse Prevention and Control Program (ADAPCP). The ADAPCP offers treatment and rehabilitation to abusers who desire it and who demonstrate the potential to benefit from it. The limited-use policy does not legitimize use or possession of drugs--it provides a way for you to admit your problems and get help. The policy is not to protect those who are trying to avoid disciplinary or adverse administrative actions.

The limited-use policy applies automatically; it cannot be withdrawn. If you have questions about the policy and its applications, consult your nearest staff judge advocate. The limited-use policy does not protect you in cases

addressed in the following paragraphs.

## PROSECUTION FOR OTHER OFFENSES

You may be prosecuted for offenses or misconduct other than prior use or personal possession of drugs, even though the misconduct may have occurred because of drug abuse. For example, you are not free from disciplinary or administrative actions for selling drugs to support your drug abuse.

## PROSECUTION IN OTHER JURISDICTIONS

You may be tried by civilian courts for drug offenses for which you are free from prosecution by the military.

## ADVERSE LINE-OF-DUTY DETERMINATIONS

You may lose pay and credit for accrued service time if you are unfit to perform duties for more than 24 hours because of alcohol or drug abuse. If you are hospitalized and medically unable to perform duty for more than 24 hours due to your own misconduct, you will lose pay only for the lost duty time. Hospitalization of less than 24 hours for drug or alcohol abuse does not apply. If you are placed in a drug or alcohol treatment facility, the time off duty will be recorded as an administrative absence.

## OTHER SITUATIONS

The limited-use policy will not protect you from--

- Being investigated for criminal activity not directly related to drug use or possession.

- Losing your security clearance.

- Having your MOS reclassified or withdrawn.

- Having hazardous duty orders suspended or revoked.

## COMPLAINT PROCESS

You can quickly and easily resolve most complaints by taking them to the first sergeant or the company commander. However, you will at times feel that an officer outside the company should handle the complaint. In these cases, you have several choices. In deciding which grievance procedure to follow and in making a complaint, you can get help from the local staff judge advocate office.

## THE INSPECTOR GENERAL

Probably the best known person to receive and act on complaints is the inspector general (IG), who is present in every command. His job is to look into Army situations that may need correction. He also ensures, by inspecting equipment, procedures, and so forth, that the Army is following its own rules. The IG is chosen and trained to check complaints and has a direct line to everyone in the command, including the commanding general.

You may take complaints to the IG on any Army matters you think need correction or investigation. For example, you may complain that promotions are not fair. The IG must investigate all complaints. If complaints are valid, he takes them to the person who can solve them. If the IG finds that you do not have all the facts, he tries to explain the reasons for the situation to you. If the complaint involves something that cannot be solved at the local level, the IG sends it to a higher IG who can solve it--possibly all the way to the Inspector General of the Army.

## ARTICLE 138 OF THE UCMJ

Article 138 of the UCMJ provides a complaint process for soldiers on active duty who think that they have been wronged by their commanding officers. A commanding officer is any commissioned officer authorized to impose nonjudicial punishment under Article 15 of the UCMJ against the soldier. If asking the commander to correct the wrong does not resolve the complaint, you may make a formal complaint to any superior commissioned officer. The complaint must allege that the commander, in his line of duty, took some discretionary act (an act in which the commander had a lawful choice) that met one of the following criteria:

- It was beyond his authority.

- It was in violation of a law or regulation.

- It was arbitrary, capricious, or an abuse of discretion.

- It was materially unfair.

You must file the complaint within 90 days after learning of the wrong. The time the commander takes to consider your request is not part of the 90 days.

Any officer who receives a complaint must forward it to the officer who has authority to order a general court-martial for your command. The officer who is the general court-martial convening authority (GCMCA) will investigate all allegations of the complaint and take action that he feels is proper. If you do not withdraw the complaint after the GCMCA takes his action, it is forwarded to The Judge Advocate General (TJAG). TJAG reviews the matter and takes final action on the complaint on behalf of the Secretary of the Army.

The Department of the Army policy is to resolve all grievances at the lowest level of command possible and to establish procedures quickly and fairly to resolve them. The complaint process under UCMJ, Article 138, is only one of these procedures. Some grievances can be handled more effectively under other procedures. Grievances not appropriate for a complaint under Article 138, for example, are those matters reviewable by a court-martial.

## CIVIL RIGHTS LEGISLATION

A federal law prohibits motels, restaurants, theaters, and other places of entertainment from discriminating against you because of your race, color, religion, or national origin. Although this law does not prohibit sex discrimination, a business that discriminates against you because of sex violates DA policy. Other federal laws prohibit discrimination in the sale and rental of housing. Illegal discrimination occurs if you are denied a sale or rental due to your race, color, religion, national origin, or sex.

If you area victim of discrimination, you can get help from one of several Army offices:

- The legal assistance office.
- The equal opportunity office.
- The IG.
- The housing referral office.

They will help you to file formal complaints of discrimination.

In making a complaint, you must sign a sworn statement about the incident. The Army then investigates the complaint. If the investigators discover discrimination, the local Army commander will try to stop it. If the business or landlord refuses to stop, your complaint may be sent to the US Attorney General for action, or you may file a formal complaint with a federal agency, with help from a legal assistance officer. You may also sue discriminating

businesses or landlords in civil court.

## MEMBERS OF CONGRESS

You may want to complain outside of the military. If you do, you can write any member of Congress about your complaint. The member of Congress then sends the complaint to the Department of the Army to validate it and to determine what the Army can do to solve it.

## THE ARMED FORCES DISCIPLINARY CONTROL BOARD (AFDCB)

AR 190-24 governs the AFDCB. You may make complaints of unfair business practices and of any other conditions detrimental to your health, safety, or morale to this board. Examples of appropriate complaints are complaints of unsafe or unsanitary conditions in your apartment complex and of drug trafficking in an off-post bar. The AFDCB will investigate such complaints and try to remedy them. If the AFDCB verifies a complaint and cannot rectify the situations, the business may be made off-limits to you.

**Advertise with Us** | **About Us** | **GlobalSecurity.org In the News** | **Internships** | **Site Map** | **Privacy**

Copyright © 2000-2006 GlobalSecurity.org All rights reserved.
Site maintained by: John Pike
Page last modified: 27-04-2005 12:12:37 Zulu