**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **AL RAWI,** *et al.*, | |
| **Plaintiffs,** | |
| **v.** | **Civil Action No. 05-01165 (JR)** |
| **THE TITAN CORPORATION,** *et al.*, | |
| **Defendants.** | |

## TITAN'S MOTION TO STAY CONSIDERATION OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendant L-3 Communications Titan Corporation ("Titan") respectfully moves the Court to stay consideration of plaintiffs' partial motion for summary judgment for the reasons stated in the accompanying memorandum of law.

Respectfully Submitted,

F. Whitten Peters (DC Bar No. 255083)
Ari S. Zymelman (DC Bar No. 421593)
F. Greg Bowman (DC Bar No. 486097)

WILLIAMS & CONNOLLY LLP
725 12th Street, N.W.
Washington, D.C. 20005
(202) 434-5000

Dated: June 16, 2006

*Attorneys for Defendant L-3 Communications
Titan Corporation*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AL RAWI, *et al.*, | |
| **Plaintiffs,** | |
| v. | **Civil Action No. 05-01165 (JR)** |
| THE TITAN CORPORATION, *et al.*, | |
| **Defendants.** | |

## MEMORANDUM OF LAW IN SUPPORT OF TITAN'S MOTION TO STAY

On June 12, 2006, plaintiffs filed what is styled a motion for partial summary judgment accompanied by over 1000 pages of exhibits. Plaintiffs' motion does not seek judgment on a claim. Instead it seeks a declaration from the Court that a particular defense, the government contractor defense, is unavailable to Titan based on what plaintiffs wrongly claim are material undisputed facts. Putting to one side the questionable merits of this motion that asserts that there are no material facts in dispute while simultaneously asking the Court for discovery to find those facts should the Court deny their motion,[1] this motion is premature.[2] It would be a significant waste of the Court's and parties' resources to litigate this particular issue before resolving whether the Complaint states a claim. Titan has filed a very substantial motion to dismiss on multiple grounds. Given the failure of the Complaint to comply with the most basic strictures of the Federal Rules of Civil Procedure, let alone state the claims they seek to assert, it seems unimaginable that the contours of the case will not change after the motion is resolved. The SJ Motion requires a very factual inquiry—i.e., whether Titan employees at the particular locations

---

[1] *See* Pls.' SJ Mem. (Dkt # 61) at 3.

[2] One must wonder about the motives behind the decision to file this motion at this time given the continued attempts by plaintiffs' counsel to interject themselves into the briefing on the summary judgment motions pending in the *Ibrahim* case.

in Iraq where plaintiffs were located were sufficiently under the control of the military when the plaintiffs were detained to establish the government contractor defense—but will neither obviate the need to resolve the motions to dismiss nor change the contours of discovery if and when it takes place. It makes no sense to litigate that issue now, particularly when both parties are asserting that the issue of the government contractor defense is resolvable as a matter of law on the complaint. Nor will there be prejudice to the plaintiffs, since the motion to dismiss must be resolved in any event and a delay of twenty-one days until after it is resolved is *de minimis* in the context of this case.

Accordingly, we respectfully suggest that staying consideration of plaintiffs' motion pending the resolution of the defendants' motions to dismiss is consistent with the applicable precedent and best serves the interests of judicial efficiency. Accordingly, the Court should stay consideration of plaintiffs' motion. Specifically, Titan should not be required to respond until twenty-one (21) days after resolution of the pending motions to dismiss, should plaintiffs move to renew their motion at that time.

## BACKGROUND

On July 27, 2004, while this case was pending in the Southern District of California, the related *Ibrahim* case was filed in this Court. Motions to dismiss were filed on October 12, 2004 (and again on February 18, 2005 in response to the plaintiffs' first amended complaint). Argument was heard in *Ibrahim* on the motions to dismiss on April 21, 2005 and the Court's decision was issued on August 12, 2005. The Court granted defendants' motions to dismiss in part and invited defendants to file summary judgment motions on the remaining claims to be followed by limited discovery as necessary under Rule 56(f). Defendants' motions for summary judgment were filed on December 16, 2005. On April 25, 2006, the Court approved the parties' agreed-upon terms for proceeding with limited discovery under Rule 56(f). Following conclusion of this limited discovery, *Ibrahim* plaintiffs are to file oppositions to defendants' motions for summary judgment.

On March 8, 2006, a status conference was held in this case. Plaintiffs stated that the parties' agreed-upon briefing schedule for defendants' motions to dismiss would "tee up the government contractor defense in this case," enabling them to present their evidence and argument that it does not apply here. (3/8/2006 Hrg. Tr. 6.) In its responsive presentation, counsel for Titan made clear that a decision on whether it would be appropriate to present the government contractor defense by way of a motion for summary judgment was premature until we knew which, if any, of plaintiffs' claims survive defendants' motions to dismiss, which raise "all sorts of issues" in addition to the government contractor defense. (Tr. 15.) Upon hearing that Titan would not be filing such a motion along with the motion to dismiss, plaintiffs' true objective became clear. They proposed to intervene in the *Ibrahim* case "to ensure that Your Honor has the benefit of our views on the issue . . . ." (Tr. 18-19.) While the Court endorsed the parties' agreed-upon schedule for briefing the defendants' motions to dismiss, and did not seem at all troubled by Titan's decision to postpone presenting a summary judgment motion until it became clear what the results of the motion to dismiss would be, it did express skepticism about the propriety of plaintiffs' proposal to intervene in *Ibrahim* to participate in the summary judgment briefing in that case. (Tr. 19-20).

On April 7, 2006, Titan filed its motion to dismiss. On May 8, 2006, plaintiffs filed their opposition, where they promised to present the instant summary judgment motion, which was filed five weeks later on June 12, 2006.

## ARGUMENT

**I.  Whether To Stay Consideration of Plaintiffs' Summary Judgment Motion Is Committed to the Court's Sound Discretion**

Federal courts are vested with the responsibility and the authority to manage their own dockets in the interest of justice and judicial economy and in doing so should consider "economy of time for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). The inherent power to stay proceedings is one of the important tools available to courts to ensure that judicial resources are conserved. *Id.* The *Landis* Court held that courts are

- 3 -

empowered to stay a case even to await the outcome of other courts considering similar issues. The Court noted that staying one matter pending the outcome of another was an important tool in "coordinat[ing] the business of the court efficiently and sensibly." *Id.* at 255.

In the Guantanamo prisoner cases, the courts of this District issued stays to permit orderly resolution of issues by the Court of Appeals prior to proceeding. *See, e.g.*, *Al-Oshan v. Bush*, 2005 U.S. Dist. LEXIS 6635 (D.D.C. 2005); *Mokit v. Bush*, 374 F. Supp. 2d 106 (D.D.C. 2005). Courts in this jurisdiction routinely grant stays of related cases even when the issues are not particularly momentous. *See, e.g.*, *Abbey v. Modern Africa One, LLC*, 305 B.R. 594, 597-98 (D.D.C. 2004) (staying proceedings pending outcome of related case in Bankruptcy Court).

Thus, courts routinely stay entire cases in order to reap efficiencies gained by awaiting resolution of similar issues in other cases. Given this clear authority, the more limited relief requested here—staying consideration of a motion for summary judgment pending resolution of overlapping issues presented by previously filed and fully briefed motions *in the same case*—is well within the court's discretion. In fact, as explained below, under the circumstances presented here, a stay is all but compelled by the dictates of judicial efficiency.[3]

## II.   Plaintiffs' Motion for Partial Summary Judgment Overlaps Issues Fully Briefed in Response to Defendants' Motions To Dismiss

Plaintiffs and Titan have each asserted in their papers on the motions to dismiss that, notwithstanding the Court's ruling in *Ibrahim*, the applicability of the government contractor defense may be determined on the pleadings in this case. *See* Pls.' SJ Mem. at 1 n.1; Titan Mem. Mot. Dismiss (Dkt # 40) at 39-42. Plaintiffs' allegations of widespread and high-level government involvement here—as distinct from the pleadings in *Ibrahim*—establish as a matter of law a significant conflict with the uniquely federal interest codified in the FTCA's combatant activities exception. (T. Mem. 39-42.) Plaintiffs argue, on the other hand, that the Court should

---

[3] *See* Fed. R. Civ. P. 1 (The Rules of Civil procedure "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action."); 1 James Wm. Moore *et al.*, *Moore's Federal Practice* § 1.22[1] (3d ed. 1999) (Rule 1 creates an affirmative obligation for courts to administer cases according to the dictates of judicial efficiency).

reject the defense as a matter of law in response to defendants' motions to dismiss because (1) violating human rights does not benefit the United States and (2) was not called for by the terms of the contract. *See* Pls.' Opp. Titan Mot. Dismiss (Dkt. # 42) at 37-42. Although these positions reach opposite conclusions, it is indisputable that if either is accepted, it will be unnecessary for the Court to rule upon (or for Titan to respond to) plaintiffs' summary judgment motion. There is no reason to incur the significant expense of concurrently briefing the facts that both parties have argued are unnecessary to the resolution of the issue—at least not until the Court rules that the Complaint stands, and maybe not even then, given plaintiffs' request for a second bite at the apple should they not prevail. Although there are other reasons to grant the requested stay, this reason alone is a compelling basis upon which to do so.

## III.    Judicial Resources Would Be Wasted By Proceeding To Brief Plaintiffs' Motion Before Resolution of the Pending Motions to Dismiss

It is not clear that plaintiffs' motion is a proper vehicle for accomplishing what amounts to excluding evidence and argument relating to the government contractor defense—something that might be more properly the subject of a motion *in limine* closer to trial or a motion to strike under Rule 12(f) an affirmative defense asserted in Titan's answer, which has yet to be filed. A literal reading of Rule 56 suggests that a motion for summary judgment must seek to resolve a claim as opposed to exclude evidence and argument relating to issues.[4] Plaintiffs' motion is dispositive of no claims; rather it seeks a ruling that an affirmative defense is unavailable.

---

[4] *Bernstein v. Universal Pictures, Inc.*, 379 F. Supp. 933, 935-36 (S.D.N.Y. 1974) (citing *Seacoast Liquor Distributors, Inc. v. Kips Bay Brewing Co.*, 8 F.R.D. 74, 75 (S.D.N.Y. 1947)); *Uniroyal, Inc. v. Heller*, 65 F.R.D. 83, 86 (S.D.N.Y. 1974) (finding motion for partial summary judgment seeking dismissal of an affirmative defense improper, in favor of motion to strike under Rule 12(f)); *Krauss v. Keibler-Thompson Corp.*, 72 F.R.D. 615, 616 (D. Del. 1976) (same); *Abyaneh v. Merchants Bank, North*, 670 F. Supp. 1298, 1300 (M.D. Pa. 1987) (finding motion for partial summary judgment on affirmative defense improper because Rule 56(a) only allows summary judgment in favor of a claimant when he seeks "'to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment'") (citing Fed. R. Civ. P. 56(a)); *Felix v. Sun Microsystems, Inc.*, 2004 U.S. Dist. LEXIS, at *23 (D. Md. 2004); *Arado v. Gen. Fire Extinguisher Corp.*, 626 F. Supp. 506, 509 (N.D. Ill. 1985) ("Rule 56(d)'s issue-narrowing provision operates only in the wake of an unsuccessful (and proper) motion under Rule 56(a) or 56(b).").

The D.C. Circuit has not directly addressed this issue, but even if such motions are not categorically prohibited in this jurisdiction, they are still subject to the dictates of judicial efficiency. Indeed, the one district court decision in this jurisdiction to acknowledge this tension permitted such a motion to be litigated on precisely these grounds: that adjudication of the *forum non conveniens* defense asserted by defendants in their answers and in discovery "should obviously be done before the Court has expended time and effort [on the merits of the suit] which might subsequently turn out to have been wasted." *Laker Airways Ltd. v. Pan Am. World Airways*, 568 F. Supp. 811, 813 (D.D.C. 1983) (citing Rule 1 as obligating courts "'to secure the just, speedy and inexpensive determination of every action'").[5]  In contrast to this foundational issue that determined where the case would be heard, plaintiffs' motion does not present such an issue so there is no reason to take this issue up out of turn. The pending motions to dismiss, which include a variety of reasons the complaint must be dismissed or repleaded, must be decided regardless of whether the government contractor defense can be established or defeated on summary judgment. In other words, although the Court's ruling on the motions to dismiss could obviate the need for summary judgment motions, the opposite is not true. Nor are there any efficiencies to be gained by proceeding with briefing plaintiffs' motion prematurely. Discovery is not likely to be required as plaintiffs have already adduced the evidence in support of their motion and its deficiencies lie principally in the immateriality and inadmissibility of plaintiffs' evidence. Beyond inappropriately placing before the Court materials they wish to lodge in the *Ibrahim* case, there is little reason to invite overlapping briefing in this case on the factual underpinnings of an affirmative defense that might never be needed.

---

[5] The three cases cited by plaintiffs, all from other jurisdictions, are examples of courts entertaining such motions in the absence of the judicial efficiency concerns present here. *See Kopelowitz v. Home Ins. Co.*, 977 F. Supp. 1179 (S.D. Fla. 1997); *Al-Site Corp. v. VSI Int'l, Inc.*, 902 F. Supp. 1551 (S.D. Fla. 1995); *Amalgamet Inc. v. Underwriters at Lloyd's*, 724 F. Supp. 1132 (S.D.N.Y. 1989). None of those cases involved pending motions to dismiss in which both parties argue that the issue raised in the partial motion for summary judgment may be decided as a matter of law under Rule 12. Nor did any of these decisions so much as acknowledge the split of authority on the permissibility of such motions under Rule 56.

Nor is this a minor frolic and detour. Litigating this motion would entail substantial expense to the parties and consume significant judicial resources. Plaintiffs' motion includes 19 exhibits totaling more than 1,000 pages, which will require considerable time to review and fully analyze. That is the case even though we believe that these exhibits will ultimately prove to be inadmissible and/or immaterial. That plaintiffs seek in the alternative 120 days to "build a record" shows both their own understanding of the deficiencies in their motion, and why neither Titan nor the Court should be forced to spend time at this juncture on something so premature. Undertaking such efforts at this stage of the litigation and under these circumstances would be particularly unwarranted and wasteful of judicial resources, including the litigants' time. The parties have briefed these issues in the abstract no less than three times: in the Southern District of California, the Eastern District of Virginia and now in this jurisdiction. To do so again in the context of plaintiffs' premature motion for partial summary judgment would be particularly wasteful in light of the very real possibility that such litigation will be rendered completely unnecessary or because the scope of the issue will be narrowed by the motions to dismiss.[6]

## IV.   Plaintiffs Will Not Be Prejudiced by Entry of a Temporary Stay

Delaying consideration of plaintiffs' motion will not result in any appreciable harm to plaintiffs. The motions to dismiss must be decided no matter what happens on plaintiffs' motion. Waiting for twenty-one days after resolution of the motions to dismiss, assuming the complaint survives, hardly is prejudice, especially since plaintiffs contend no discovery is needed on this issue. And even if there is a few weeks of delay engendered by resuming the briefing only if the complaint survives as currently pleaded, plaintiffs themselves have recognized in the context of the much more significant delay of moving their case to this Court from the Eastern District of

---

[6] Whether or not the government contractor defense will be resolvable on summary judgment should the Court not rule on it (or any of the other dispositive issues presented) in the motions to dismiss will depend in part on the resolution of plaintiffs' obfuscating allegations that lump defendants together under the category "Torture Conspirators," lump plaintiffs' and nonparties' allegations together, and fail to separate claims based on separate transactions and occurrences.

Virginia, that "[s]peed, standing alone, does not suffice as a reason to waste judicial resources and risk inconsistent results."  (Pls. Mot. Transfer (E.D. Va. Dkt # 19) at 15.)

**CONCLUSION**

For the reasons stated above, the Court should stay consideration of plaintiffs' motion for partial summary judgment until after resolution of the pending motions to dismiss, and should allow Titan twenty-one (21) days from resolution of those motions to file its brief in opposition, should plaintiffs renew their motion at that time.

Respectfully Submitted,

F. Whitten Peters (DC Bar No. 255083)
Ari S. Zymelman (DC Bar No. 421593)
F. Greg Bowman (DC Bar No. 486097)

WILLIAMS & CONNOLLY LLP
725 12th Street, N.W.
Washington, D.C. 20005
(202) 434-5000

Dated: June 16, 2006                *Attorneys for Defendant L-3 Communications*
                                    *Titan Corporation*