**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| SALEH *et al.*,<br><br>     Plaintiffs,<br>v.<br><br>TITAN CORPORATION *et al.*,<br><br>     Defendants. | )<br>)<br>)<br>)  Civil Action No. 05-1165 (JR)<br>)<br>)  **ORAL ARGUMENT REQUESTED**<br>)<br>)<br>)<br>) |

**PLAINTIFFS' MOTION FOR RECONSIDERATION AND LEAVE FOR**
**JURISDICTIONAL DISCOVERY**

On June 29, 2006, this Court granted in part and denied in part the motions to dismiss filed by the defendants in this matter. As part of this ruling, the Court dismissed the actions against the three individual defendants, Adel Nakhla, Steven Stefanowicz, and John Israel, without prejudice for lack of personal jurisdiction in the District of Columbia. The Court reasoned that jurisdiction had not been shown because plaintiffs relied on the law of the case doctrine rather than establishing the facts needed to prove jurisdiction over these three individuals under the District of Columbia long-arm statute. Plaintiffs respectfully move the Court to reconsider its ruling on this issue, or, in the alternative, permit plaintiffs leave to take jurisdictional discovery for the reasons set forth in the attached Memorandum of Points and Authorities. A proposed order is attached.

Dated: July 13, 2006                           /s/ Susan L. Burke
                                        Susan L. Burke (D.C. Bar # 414939)
                                        BURKE PYLE LLC
                                        4112 Station Street
                                        Philadelphia, PA 19127
                                        Telephone:    (215) 487-6590
                                        Facsimile:    (215) 482-0874

                                        Jennifer Green
                                        CENTER FOR CONSTITUTIONAL RIGHTS
                                        666 Broadway, 7th Floor
                                        New York, NY 10012
                                        Telephone:    (212) 614-6439
                                        Facsimile:    (212) 614-6499

                                        Shereef Hadi Akeel (admitted *pro hac vice*)
                                        AKEEL & VALENTINE, P.C.
                                        401 South Old Woodward Avenue
                                        Suite 430
                                        Birmingham, MI 48009
                                        Telephone:    (248) 594-9595
                                        Facsimile:    (248) 594-4477

                                        *Counsel for Plaintiffs and Class Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SALEH *et al.*, | ) |
| | ) |
| Plaintiffs, | ) Civil Action No. 05-1165 (JR) |
| v. | ) |
| | ) **ORAL ARGUMENT REQUESTED** |
| TITAN CORPORATION *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR RECONSIDERATION AND LEAVE FOR JURISDICTIONAL DISCOVERY

Plaintiffs respectfully ask the Court to reconsider its dismissal without prejudice of the three individual defendants, Adel Nakhla, Steven Stefanowicz, and John Israel, on the basis of personal jurisdiction by Order dated June 29, 2006. Plaintiffs respectfully request that the Court find that it has personal jurisdiction over the three individual defendants under the D.C. long-arm statute or, in the alternative, grant plaintiffs leave to take jurisdictional discovery on facts supporting the application of the long-arm statute to these three defendants.

### STATEMENT OF FACTS

Plaintiffs filed this action in the United States District Court for the Southern District of California on June 9, 2004. Defendant John Israel, a resident of California, did not contest personal jurisdiction. Steven Stefanowicz and Adel Nakhla did, filing motions to dismiss challenging personal jurisdiction. Without ruling on these objections, the District Court transferred the action to the Eastern District of Virginia.

Thereafter, plaintiffs moved to transfer the action to the District of Columbia. The three individual defendants opposed that motion. In his Opposition, Defendant Stefanowicz did ***not***

argue that personal jurisdiction over him was lacking in the District of Columbia.  Instead, he

merely asserted that the California court had "correctly found that venue is appropriate in [the

Eastern District of Virginia]."  *Defendant Steven Stefanowicz' Opposition To Plaintiffs' Motion*

*To Transfer Venue at 1, attached hereto as Exhibit A.*  Similarly, Defendant Israel asserted no

jurisdictional objection to being in the District of Columbia versus the Eastern District of

Virginia and merely noted that he joined in CACI and Titan's opposition arguments.  *Joinder To*

*Memoranda In Opposition To Transfer Venue To The District Court For The District of*

*Columbia, attached hereto as Exhibit B.*  Alone of the individual defendants, Defendant Nakhla

– who lives in Maryland suburb of the District of Columbia – argued that if the RICO counts

were to be dismissed, neither the Eastern District of Virginia nor the District of Columbia would

have personal jurisdiction over him, but he provided no factual basis for that assertion.

*Defendant Adel L. Nakhla's Memorandum in Opposition To Plaintiffs' Motion To Transfer*

*Venue To The District Court For the District of Columbia at 1, attached hereto as Exhibit C.*

Although the Court's recent ruling makes clear that plaintiffs' counsel failed to explain

the matter in the appropriate detail, plaintiffs' Oppositions to the motions to dismiss do allege

that the individual defendants are subject to jurisdiction under the D.C. long-arm statue.

Plaintiffs had also argued before the District Court for the Eastern District of Virginia that the

transfer was appropriate because the District of Columbia could assert jurisdiction under the

long-arm statute as a result of the conspiratorial acts that had occurred in that District.  *See Reply*

*To CACI's Opposition To Plaintiffs' Motion To Transfer Venue To The District of Columbia,*

*attached as Exhibit D, at 7* (stating that for purposes of satisfying 28 U.S.C. § 1404(a)[1] the action

---

[1] 28 U.S.C. § 1404 (a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.").

"might have been brought" in the District of Columbia based on personal jurisdiction through RICO nationwide service of process and the D.C. long-arm statute).

The Eastern District of Virginia found that argument persuasive and granted plaintiffs' motion to transfer not once, but twice.  Specifically, on January 13, 2006, the Eastern District of Virginia held "there is jurisdiction in the D.D.C. because the D.D.C. has personal jurisdiction over Defendants under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968 (2000); *and the District of Columbia's long-arm statute* . . . ."  *Court Order dated Jan. 13, 2006 (E.D. Va. 1:05-cv-427), attached as Exhibit E, at 1* (emphasis added).

This Court, not persuaded by plaintiffs' law of the case arguments, dismissed without prejudice the claims against the three individual defendants for lack of personal jurisdiction. *Court Order dated June 29, 2006 at 9.*  The Court held "[n]one of them lives in the District of Columbia or has meaningful contacts here, and plaintiffs have made no attempt to invoke the District of Columbia's long-arm statute as to any of them."

Although plaintiffs' counsel understand that the Court has determined that the Eastern District of Virginia's ruling does not bind this Court, plaintiffs respectfully request that the Court reconsider its ruling because plaintiffs did, however inartfully, attempt to invoke the District of Columbia long-arm statute based on the conspiracy allegations (which must be taken as true at this procedural juncture).  In the alternative, if this Court does not view the conspiracy allegations as sufficient to sustain personal jurisdiction over the individual defendants, plaintiffs respectfully request leave to take jurisdictional discovery to establish either the conspiracy or independent minimum contacts.

**ARGUMENT**

Plaintiffs believe the conspiracy allegations in the Third Amended Complaint suffice to establish personal jurisdiction over the three individual defendants. Further, if plaintiffs' allegations do not suffice, plaintiffs should be permitted leave to take a limited amount of jurisdictional discovery to establish defendants' contacts with this jurisdiction or with the initial forum, the Southern District of California. Any other outcome would improperly deprive the plaintiffs of the personal jurisdiction established in their forum of choice – the Southern District of California.

Note, the individual defendants did not claim that this District lacked personal jurisdiction over them when CACI was seeking to transfer the action here.[2] If a defendant fails to inform the court that he objects to a proposed transfer of venue due to personal jurisdiction in the transferee court, he forfeits the right to contest jurisdiction in the new forum. *See Epperson v. Entertainment Express, Inc.*, 338 F. Supp. 2d 328 (D. Conn. 2004) (Defendant forfeited his personal jurisdiction defense by consenting to a transfer of underlying action to another district for the sake of convenience without informing the court of his intention to assert a lack of personal jurisdiction in the transferee court).

In any event, even setting aside waiver, personal jurisdiction exists in this District because the District of Columbia long-arm statute confers personal jurisdiction to the greatest extent possible, including jurisdiction based on participating in a conspiracy formed and

---

[2] In fact, counsel for Defendant Nakhla and Defendant Stefanowicz commented on the relative convenience for their clients of proceeding in the District of Columbia commensurate with, or even greater than, the Eastern District of Virginia. *Transcript of Feb. 14, 2005 Oral Argument on Motion To Transfer Venue (S.D. Cal. 04-1143) at 26* (counsel for Defendant Nakhla stating that as between a transfer to Virginia or Washington, D.C., he "would submit that a transfer to Washington is more appropriate"); *id.* at 60 (counsel for Defendant Stefanowicz stating "Either DC or Virginia would certainly be a more convenient forum for Mr. Stevonovich [sic.]").

furthered in this District.  *See*, *e.g.*, *Berwyn Fuel, Inc. v. Hogan*, 399 A.2d 79, 80 (D.C. Ct. App. 1979) (holding that section 13-423 "permits a jurisdictional reach coextensive with that permitted by the due process clause"); *Dickson v. United States*, 831 F. Supp. 893, 897 (D.D.C. 1993) (same); *Youming Jin v. Ministry of State Sec.*, 335 F. Supp. 2d 72, 78-79 (D.D.C. 2004) (Urbina, J.) (holding that court may exercise personal jurisdiction over a defendant based on his co-conspirators' overt acts with the forum).  Here, the TAC alleges overt acts in this District, including, among others , forming and fostering relationships that furthered the conspiracy.  *TAC ¶ 98*.

        If this Court is not willing to exercise jurisdiction based on the conspiracy, plaintiffs should be granted jurisdictional discovery to establish non-conspiratorial minimum contacts.  For example, Defendant Nakhla lives and works within the Washington metropolitan area, and likely has personal contacts with this District sufficient to render him subject to personal jurisdiction under the D.C. long-arm statute independent of his co-conspirators.[3]  *See Memorandum Of Law In Support Of Defendant Adel L. Nakhla's Motion To Dismiss The Third Amended Complaint at 2.*  Living and working within the Washington metropolitan area, Defendant Nakhla almost certainly transacts business in the District and regularly engages in a "persistent course of conduct" in the District in accordance with D.C. Code § 13-423 (a).  Courts in this Circuit have liberally granted leave to plaintiffs to take jurisdictional discovery.  *GTE New Media Services Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1351-52 (D.C. Cir. 2000) ("This court has previously held that if a party demonstrates that it can supplement its jurisdictional allegations through discovery, then jurisdictional discovery is justified . . . .  We cannot tell whether jurisdictional discovery will assist [plaintiff] on this score, but it is entitled to pursue precisely focused

---

[3] Defendant Nakhla was served by personal service on his wife on July 22, 2004 at their residence, 9324 Frostburg Way, Montgomery Village, Maryland 20886.

discovery aimed at addressing matters relating to personal jurisdiction."); *Diamond Chemical Co., Inc. v. Atofina Chemicals, Inc*., 268 F. Supp. 2d 1, 15 (D.D.C. 2003) (granting jurisdictional discovery for facts supporting application of the D.C. long-arm statute and noting that it is "hard to imagine a situation where a plaintiff could not demonstrate that it can supplement its jurisdictional allegations through discovery" after the *GTE* Court permitted discovery where it could not tell whether it would help sort out jurisdictional questions) (internal citation omitted); *El-Fadl v. Cent. Bank of Jordan*, 75 F.3d 668, 676 (D.C. Cir. 1996) ("A plaintiff faced with a motion to dismiss for lack of personal jurisdiction is entitled to reasonable discovery, lest the defendant defeat the jurisdiction of a federal court by withholding information on its contacts with the forum.").

In sum, the individual defendants should not be able to benefit from the complexities created by the transfers. Plaintiffs brought suit in the Southern District of California. Defendant Israel did not contest jurisdiction there, so clearly he is not entitled to dismissal on jurisdictional basis. Defendants Nakhla and Stefanowicz did not contest the transfer on jurisdictional grounds, so they should not be permitted to escape accountability for their conspiratorial acts merely as a result of the transfer. At the very least, plaintiffs are entitled to a brief period of jurisdictional discovery. Plaintiffs respectfully request that the Court reconsider its prior ruling and find that the conspiratorial acts occurring in this District suffice to sustain personal jurisdiction over the individual defendants. Alternatively, plaintiffs seek leave to take jurisdictional discovery regarding Defendants Israel, Stefanowicz, and Nakhla.

## CONCLUSION

For the reasons cited herein, plaintiffs respectfully request that the Court grant the motion for reconsideration.

Dated: July 13, 2006                    /s/ Susan L. Burke
                                   Susan L. Burke (D.C. Bar # 414939)
                                   BURKE PYLE LLC
                                   4112 Station Street
                                   Philadelphia, PA 19127
                                   Telephone:    (215) 487-6590
                                   Facsimile:    (215) 482-0874

                                   Jennifer Green
                                   CENTER FOR CONSTITUTIONAL RIGHTS
                                   666 Broadway, 7th Floor
                                   New York, NY 10012
                                   Telephone:    (212) 614-6439
                                   Facsimile:    (212) 614-6499

                                   Shereef Hadi Akeel (admitted *pro hac vice*)
                                   AKEEL & VALENTINE, P.C.
                                   401 South Old Woodward Avenue
                                   Suite 430
                                   Birmingham, MI 48009
                                   Telephone:    (248) 594-9595
                                   Facsimile:    (248) 594-4477

                                   *Counsel for Plaintiffs and Class Plaintiffs*

## CERTIFICATE OF SERVICE

I, Jonathan H. Pyle, do hereby certify that on the 13th day of July 2006, I caused true and correct copies of Plaintiffs' Motion For Reconsideration And Leave For Jurisdictional Discovery to be served via electronic mail, upon the following individuals at the addressed indicated:

F. Whitten Peters
Thomas M. Craig
Williams and Connolly
725 12th Street, NW
Washington, D.C. 20005
wpeters@wc.com
*Counsel for Defendant Titan Corp.*

J. William Koegel Jr.
John F. O'Connor
Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, D.C. 20036
wkoegel@steptoe.com
*Counsel for Defendants CACI
International, CACI Inc. – Federal and
CACI-PT*

Ellen D. Marcus
Zuckerman Spaeder LLP
1800 M Street, NW
Washington, D.C. 20036
emarcus@zuckerman.com
*Counsel for Defendant Adel L. Nakhla*

Henry E. Hockeimer Jr.
Jessica Natali
Ballard Spahr Andrews & Ingersoll, LLP
1735 Market St, 51st Floor
Philadelphia, PA 19103
hockeimerh@ballardspahr.com
*Counsel for Defendant Steven Stefanowicz*

Alison L. Doyle
Shari L. Klevens
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, D.C. 20006-1108
adoyle@mckennalong.com
*Counsel for Defendant John B. Israel*

Jonathan H. Pyle