**EXHIBIT E**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division



|   |   |
|---|---|
| SALEH, et al., ) | |
| Plaintiffs, ) | |
| v. ) | Civil Action No. 05-0427 |
| TITAN CORPORATION, et al., ) | |
| Defendants. ) | |

### ORDER

This matter comes before the Court on remand from the Fourth Circuit Court of Appeals. The Fourth Circuit has directed the Court to reconsider the jurisdictional arguments raised by the CACI Defendants as to whether this matter may be properly transferred to the United States District Court for the District of Columbia (D.D.C.). The Court finds that there is jurisdiction in the D.D.C. because the D.D.C. has personal jurisdiction over Defendants under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968 (2000); and the District of Columbia's long-arm statute. D.C. Stat. § 13-423(a)(E) (2005).

Plaintiffs are Iraqi citizens who were detained in Abu Ghraib and other Iraqi prisons under the control of the United States military. Plaintiff's Complaint (Saleh Complaint) names as Defendants two government contractors and three of their

employees, and alleges that Defendants engaged in torture and abuse in violation of various international, federal, and state laws. The Saleh Complaint was originally filed in the United States District Court for the Southern District of California on June 9, 2004, and transferred to this Court on March 21, 2005, upon the motion of the CACI Defendants. On July 27, 2004, a similar Complaint was filed in the D.D.C. Ibrahim v. Titan Corp., Civil Action No. 04-1248 (Ibrahim Complaint). Plaintiffs seek to transfer the Saleh Complaint to the D.D.C. for consolidation with the Ibrahim Complaint.

The decision to transfer a matter to another district is committed to the discretion of the district court. 28 U.S.C. § 1404(a); see In re Ralston Purina, 726 F.2d 1002, 1005 (4th Cir. 1984). In ruling on a motion to transfer venue under § 1404(a), a court must consider the convenience of the parties and witnesses, and the interests of justice. 28 U.S.C. § 1404(a). Each of these considerations weighs in favor of transferring the Saleh Complaint to the D.D.C. 28 U.S.C. § 1404(a).

The Saleh Complaint and the Ibrahim Complaints are similar on various grounds. First, each of the counts alleged in the Ibrahim Complaint is alleged in the Saleh Complaint. Second, each of the defendants named in the Ibrahim Complaint is named in the Saleh Complaint. Third, both complaints are predicated upon events that occurred in the same detention facilities in Iraq and

arose out of the same government contracts. Fourth, discovery requests for the Saleh Complaint and the Ibrahim Complaint will likely be similar, if not identical, because both complaints contain similar factual allegations against identical corporate defendants. Fifth, the proximity of the District of Columbia to the Eastern District of Virginia ensures that transfer will not result in any inconvenience to the parties or witnesses or impair any party's access to evidence. Finally, the D.D.C. has already had occasion to examine the Ibrahim Complaint and is already intimately familiar with many of the facts and legal issues that will be determinative of the Saleh Complaint, thus increasing the judicial efficiency that will be occasioned by a transfer of venue. Accordingly, it is hereby

ORDERED that this case is transferred to the United States District Court for the District of Columbia.

_Claude M. Hilton_
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
January 13, 2006

3