# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ILHAM NASSIR IBRAHIM, *et al.*,<br><br>   Plaintiffs,<br><br>v.<br><br>THE TITAN CORPORATION, *et al.*,<br><br>   Defendants. | Civil Action No. 04-01248 (JR) |
| SALEH, *et al.*,<br><br>   Plaintiffs,<br><br>v.<br><br>THE TITAN CORPORATION, *et al.*,<br><br>   Defendants. | Civil Action No. 05-01165 (JR) |

**PROTECTIVE ORDER**

  1. All documents produced in the course of discovery, all answers to interrogatories, all answers to requests for admission, all responses to requests for production of documents, and all deposition testimony and deposition exhibits, and all filings shall be subject to this Order concerning Confidential Information, as set forth below.

  2. Any party or third party who provides information in this case (the "Producing Party") may designate it as "Confidential Information" if there is a good faith basis for the belief that it contains (a) personal, medical, or financial information regarding any individuals; (b) salary and/or other earnings information, job functions, job or performance evaluations, discipline, and/or other personal information of a confidential nature; (c) trade secrets,

confidential research and development, or business sensitive, confidential or proprietary information, including but not limited to, documents which state, reference or contain financial information and/or information regarding corporate structure, internal operating manuals or policies, organizational charts, job descriptions, and job postings; or (d) information subject, by law or by contract, to the control of the United States Government including, without limitation, information subject to the provisions of the Privacy Act of 1974, 5 U.S.C. § 552. This Protective Order applies to all documents containing Confidential Information, including all copies, extracts, and summaries prepared or derived from such products of discovery and further including those portions of briefs, memoranda, and any other writings filed with the Court that refer or relate to Confidential Information.

      3.     Confidential Information shall be designated as follows:

          a.     In the case of writings or recordings and the information contained therein, designation shall be made by: (1) placing the following legend on any such document prior to production, "CONFIDENTIAL INFORMATION"; or (2) identifying the Bates numbers or otherwise specifically identifying the information designated as Confidential Information. In the event that documents are produced for inspection at the Producing Party's facilities, such documents may be produced for inspection before being marked as containing Confidential Information. Once specific documents have been designated for copying, any documents containing Confidential Information will then be marked after copying but before delivery to the party who inspected and designated the documents. There will be no waiver of confidentiality by the inspection of confidential documents before they are copied and marked confidential pursuant to this procedure.

2

b.  In the case of depositions, any testimony that describes a document which has been designated as Confidential Information, as described above, shall also be deemed to be designated as containing Confidential Information. In addition, a designation of the portion of the transcript (including exhibits) which contain Confidential Information may be made, subject to the criteria listed above, by (a) a statement to such effect on the record in the course of the deposition by counsel or (b) a written statement by the Producing Party to all parties and the court reporter specifying the portions of the transcript and exhibits which are to be so designated within ten (10) business days after receipt of the deposition transcript. If requested by any party or third party before the expiration of the aforesaid ten-day period, the entire deposition transcript shall be treated as Confidential Information pending specific designations within the allotted period of time.

4.  Parties shall meet and confer to resolve any disputes as to the designation of Confidential Information. If the parties cannot resolve the dispute, a designation of confidentiality may be challenged upon motion. The burden of proving that the designated information meets the criteria set forth in this Order remains with the party asserting confidentiality.

5.  No Confidential Information shall be used by the receiving parties for any purpose other than preparing for and litigating this case (including appeals).

6.  Confidential Information will not be disclosed except to:

   a.  counsel and employees of counsel for the parties in this case who have direct functional responsibility for the preparation and trial of the lawsuit.

   b.  parties or employees of a party as required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed.

3

      c.      consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Prior to disclosure to any expert, the expert must agree in writing to be bound by the terms of this Order by signing the attached Confidentiality Agreement. The original Confidentiality Agreement shall be retained on file by the disclosing counsel.

      d.      court reporters engaged for depositions and outside vendors specifically engaged for the limited purpose of processing documents (e.g., making photocopies or scanning). Prior to disclosure to any such court reporter or vendor engaged in processing documents, such person or entity must agree in writing to be bound by the terms of this Order by signing the attached Confidentiality Agreement. The original Confidentiality Agreement shall be retained on file by the disclosing counsel (in the case of a court reporter, by the counsel noticing the deposition).

      e.      where necessary to testimony, a witness who is directly connected with the document or information, for example, a witness who is the author, recipient or subject of the document or information. Prior to disclosure to any witness, the witness must agree in writing to be bound by the terms of this Order by signing the attached Confidentiality Agreement. The original Confidentiality Agreement shall be retained on file by the disclosing counsel.

7.      No person or entity bound by this Order shall disclose any Confidential Information or discuss its contents for any purpose other than permitted herein, except that this Protective Order does not affect the Producing Party's use or disclosure of documents or information that it has designated as Confidential Information under this Order.

8.      A non-producing party shall not include or discuss Confidential Information in any pleading, motion, memorandum, or other paper unless the Confidential Information contained in such papers is filed (1) under seal; or (2) with the prior written consent of the Producing Party.

9.      If "Confidential Information" in the possession of a receiving party is subpoenaed by any court, administrative or legislative body, or any other person or organization purporting to have authority to subpoena such data or information, the party to whom the subpoena is directed

4

shall provide prompt written notice to counsel for the producing party of: (1) the information and the documentation which is requested for production in the subpoena; (2) the date on which compliance with the subpoena is requested; (3) the location at which compliance with the subpoena is requested; (4) the identity of the party serving the subpoena; and (5) the case name, jurisdiction, and index, docket, complaint, charge, civil action or other identification number or other designation identifying the litigation, administrative proceeding or other proceeding in which the subpoena has been issued. To the extent permitted by applicable law, such Confidential Information shall not be produced until ten (10) business days after such notice is provided to the Producing Party.

10. Nothing herein shall be construed as a waiver of the rights of any party to object to the request for any information sought by way of discovery or to the admissibility of any testimony or evidence.

11. At the conclusion of the litigation, all material treated as confidential under this Order and not received in evidence shall be returned to the producing party. If so stipulated, the material may be destroyed instead of being returned.

12. This order shall govern discovery and pre-trial matters. Prior to trial, counsel shall discuss how any Confidential Information should be used at trial and shall make recommendations in this regard to the Court in advance of trial.

**SO ORDERED,** this _____ day of _____, 2006

_____
JAMES ROBERTSON
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ILHAM NASSIR IBRAHIM, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> THE TITAN CORPORATION, *et al.*, <br><br> Defendants. | Civil Action No. 04-01248 (JR) |
| SALEH, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> THE TITAN CORPORATION, *et al.*, <br><br> Defendants. | Civil Action No. 05-01165 (JR) |

## CONFIDENTIALITY AGREEMENT

I have read the attached Stipulated Protective Order entered in this case and I agree to be bound by its terms. I further understand that by signing this order I consent to submit myself to the jurisdiction of the United States District Court for the District of Columbia for the purpose of enforcing the terms of this Agreement and the attached Stipulated Protective Order. I understand the Stipulated Protective Order prohibits me from using confidential documents and information

for any purpose other than preparing for and conducting this case and from disclosing such documents and information to any person not bound by the Stipulated Protective Order.

_____
Signature

_____
Printed Name

_____
Date