IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                     )
SALEH, *et al.*                         )
                                                   )
          Plaintiffs,                 )
                                                   )
v.                                                 )         Case Action No. 05-CV-1165 (JR)
                                                  )
TITAN CORP., *et al.*,              )
                                                 )
          Defendants.               )
_____)

## **PROPOSED ORDER**

       AND NOW, upon consideration of Plaintiffs' Motion for Reconsideration and Leave to Conduct Jurisdictional Discovery and Defendant Steven A. Stefanowicz's Memorandum in Opposition thereto, it is hereby ORDERED that Plaintiffs' motion is DENIED.

_____                               _____
Date                                                            James Robertson
                                                              United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
SALEH, *et al.*                     )
                                    )
            Plaintiffs,             )
                                    )
v.                                  )    Case Action No. 05-CV-1165 (JR)
                                    )
TITAN CORP., *et al.*,              )
                                    )
            Defendants.             )
_____ )

**DEFENDANT STEVEN A. STEFANOWICZ'S OPPOSITION TO
PLAINTIFFS' MOTION FOR RECONSIDERATION AND LEAVE TO CONDUCT
<u>JURISDICTIONAL DISCOVERY</u>**

<pre>
                              Henry E. Hockeimer, Jr.
                              (Bar No. 429798)
                              Ballard Spahr Andrews & Ingersoll, LLP
                              1735 Market Street, 51st Floor
                              Philadelphia, PA  19103
                              Telephone:  (215) 665-8500
                              Facsimile:  (215) 864-8999

                              Attorney for Defendant
                              Steven A. Stefanowicz
</pre>

Date:   August 4, 2006

## INTRODUCTION

On June 29, 2006, this Court issued a Memorandum Order granting Mr. Stefanowicz's Motion to Dismiss him from this case for lack of personal jurisdiction. The Court rejected plaintiffs' contention that RICO's nationwide service of process conferred personal jurisdiction over Mr. Stefanowicz; the Court also disagreed with plaintiffs' assertion that by transferring this matter to this Court, Judge Hilton in the Eastern District of Virginia made a finding that this Court has personal jurisdiction over Mr. Stefanowicz.  The Court also found that personal jurisdiction does not exist over Mr. Stefanowicz in the District of Columbia because Mr. Stefanowicz does not live in the District of Columbia, has no meaningful contacts in the District, and that the plaintiffs made no attempt to invoke the District of Columbia Long-Arm statute against him (or any of the individual defendants).  (Memorandum Order at 9).

In their Motion for Reconsideration and Leave to Conduct Jurisdictional Discovery, plaintiffs do not identify any evidence that the Court patently misunderstood their claims, or made an error of apprehension.  Nor do plaintiffs identify any change in the controlling or significant law or facts since the Court's June 29, 2006 Order to warrant reconsideration or leave.  Rather, plaintiffs now shift their personal jurisdiction argument from RICO and a "law of the case" theory to reliance, for the first time, on the District of Columbia Long-Arm statute.

Contrary to plaintiffs' last-ditch effort to rescue their claims against Mr. Stefanowicz, it is well settled that a motion for reconsideration is not "an opportunity to reargue facts and theories upon which a court has already ruled," *New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995), or a vehicle for presenting theories or arguments that could have been presented earlier." *Kattan v. Dist. of Columbia*, 995 F.2d 276, 276 (D.C. Cir. 1993).  In any event, Mr. Stefanowicz fully raised and briefed this Court's lack of personal jurisdiction over

him under the District of Columbia Long-Arm Statute in both his Memorandum Of Points And Authorities In Support of his Motion To Dismiss The Third Amended Complaint For Lack Of Personal Jurisdiction ("Opening Brief") and Reply Brief. (Opening Brief at 3-6; Reply Brief at 8-10). Although plaintiffs had full notice of the grounds upon which Mr. Stefanowicz sought dismissal – including this Court's lack of personal jurisdiction over him under the District of Columbia Long-Arm statute – plaintiffs made no effort to dispute Mr. Stefanowicz's lack of jurisdiction-conferring contacts in the District or to establish the existence of such contacts by, for example, asking this Court for leave to conduct jurisdictional discovery.

It was not until this Court's Order dismissing Mr. Stefanowicz from this case that plaintiffs sought, for the first time, to establish personal jurisdiction over Mr. Stefanowicz under the District of Columbia Long-Arm statute. Plaintiffs, however, have not even asserted (much less demonstrated) an error in the Court's apprehension or any change in the controlling or significant law or facts since the Court's June 29, 2006 Order to warrant reconsideration or leave to conduct jurisdictional discovery. Accordingly, the motion should be denied.

## ARGUMENT

### I. STANDARD

Although plaintiffs do not identify the standard for the Court's review of their Motion for Reconsideration and Leave to Conduct Jurisdictional Discovery, Federal Rule of Civil Procedure 54(b) governs reconsideration of orders that do not constitute a final judgment in the case. In a case involving multiple parties, an order adjudicating fewer than all of the parties or claims "is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties" unless the court has directed the entry of final judgment as to the particular parties or claims addressed by the order. Fed. R. Civ. P. 54(b).

Accordingly, Rule 54(b) "addresses interlocutory judgments." *Campbell v. United States Dep't of Justice*, 231 F. Supp. 2d 1, 6 n.8 (D.D.C. 2002).

Under Rule 54(b), "[r]econsideration of an interlocutory decision is available under the standard 'as justice requires.'" *Id*. at 7 (quoting *Childers v. Slater*, 197 F.R.D. 185, 190 (D.D.C. 2000)). As this Court has recognized, "[w]hile the phrase, "as justice requires," is somewhat abstract, it is a shorthand for more concrete considerations. *Singh v. George Washington University*, 383 F.Supp.2d 99, 101 -102 (D.D.C. 2005) (denying reconsideration) (quoting *Cobel v. Norton*, 224 F.R.D. 266, 272 (D.D.C. 2004)) (denying reconsideration). Reconsideration may be appropriate when the Court has "patently misunderstood a party, has made a decision outside the adversarial issues presented to the Court by the parties, has made an error not of reasoning but of apprehension, or where a controlling or significant change in the law or facts [has occurred] since the submission of the issue to the Court." *Singh*, 383 F. Supp. at 101-02 (citing *Cobell*, 224 F.R.D. at 272 (internal quotations omitted)). An error of apprehension may include a court's failure to consider "controlling decisions or data that might reasonably be expected to alter the conclusion reached by the court." *Singh*, 383 F. Supp. 2d at 101-02 (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995)).

Moreover, although the law of the case doctrine does not automatically apply to interlocutory decisions, *Langevine v. Dist. of Columbia*, 106 F.3d 1018, 1022-23 (D.C. Cir. 1997), "[t]he district court's discretion to reconsider a non-final ruling is, however, limited by the law of the case doctrine and 'subject to the caveat that where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again.'" *Singh*, 383 F. Supp. at 101-02 (citing *In re Ski Train Fire in Kaprun, Austria, on November 11, 2004*, 224 F.R.D. 543, 546 (S.D.N.Y.2004)) (internal quotations omitted).

This Court's June 29, 2006 Memorandum Order dismissing Mr. Stefanowicz from this case was not a final judgment as it only dismissed plaintiffs' claims against the individual defendants. Because the order is interlocutory, it may be revised only "as justice requires."

## II. PLAINTIFFS FAIL TO IDENTIFY ANY ERROR IN THE COURT'S APPREHENSION OR CHANGE IN THE CONTROLLING OR SIGNIFICANT LAW OR FACTS TO WARRANT RECONSIDERATION

Plaintiffs' efforts to rescue their claims against Mr. Stefanowicz by attempting to establish, for the first time, this Court's jurisdiction over Mr. Stefanowicz under the District of Columbia Long-Arm statute must fail.

In both his Opening and Reply Briefs, Mr. Stefanowicz demonstrated that plaintiffs failed to plead facts sufficient to confer jurisdiction over Mr. Stefanowicz under any of the requirements of the District of Columbia Long-Arm statute. (Opening Brief at 3-6; Reply Brief at 8-10). Specifically, Mr. Stefanowicz argued that plaintiffs failed to allege any facts to demonstrate that Mr. Stefanowicz has ever conducted business of any kind in the District of Columbia, that Mr. Stefanowicz has ever negotiated or signed a contract in the District of Columbia, that Mr. Stefanowicz has ever contracted to supply services in the District of Columbia, that Mr. Stefanowicz has ever caused tortious injury in the District of Columbia, that Mr. Stefanowicz has any bank accounts, automobiles registered, or any interest in real or personal property in the District of Columbia, or that Mr. Stefanowicz has ever contracted to insure or act as surety for or on any person, property, or risk, contract, obligation or agreement located, executed, or to be performed within the District of Columbia. (Opening Brief at 4).

In their Opposition Brief, plaintiffs did not dispute Mr. Stefanowicz's lack of jurisdiction-conferring contacts in the District. Nor did plaintiffs ask this Court for leave to conduct jurisdictional discovery to establish the existence of such contacts. Rather, plaintiffs claimed that jurisdiction existed under the District of Columbia Long-Arm statute based on

conspiracy jurisdiction by engrafting onto Judge Hilton's Order a finding that personal jurisdiction existed in the District of Columbia based on "conspiratorial acts occurring in this District."[1]  Aside from the fleeting mention of conspiracy jurisdiction, plaintiffs rested their opposition to Mr. Stefanowicz's Motion to Dismiss on the availability of personal jurisdiction in the District under RICO's nationwide service of process provision and Judge Hilton's order transferring venue to the District.  (Opposition Brief at 6-9).

Now that this Court has dismissed Mr. Stefanowicz from this case for lack of personal jurisdiction, plaintiffs seek reconsideration and leave to conduct jurisdictional discovery to make arguments that could have been advanced earlier or that were previously raised and rejected.  Plaintiffs, however, fail to identify any error of apprehension in the court's reasoning or point to any change in the controlling or significant law or facts that warrant reconsideration under the "as justice requires" standard.  *Singh*, 383 F. Supp. 2d 99 (denying reconsideration where plaintiffs failed to demonstrate that court misapplied the relevant law or consider other relevant decisions); *Moore v. Hartman*, 332 F. Supp. 2d 252, 257-58 (D.D.C. 2004) (denying reconsideration based on mere speculation that the judge failed to consider an issue before the court).

### A.  Waiver

Plaintiffs contend that reconsideration is warranted because Mr. Stefanowicz waived his right to contest personal jurisdiction in the District of Columbia.  According to plaintiffs, Mr. Stefanowicz's counsel's comment during oral argument on the Motion to Transfer (held before United States District Judge Rhoades in San Diego) that "either DC or Virginia

---

[1]  As Mr. Stefanowicz pointed out in his Reply Brief, nowhere in Judge Hilton's Order is there any mention, let alone finding, regarding "conspiratorial acts."  (Reply Brief at 8-9).

would certainly be a more convenient forum for Mr. Stevonovich [sic]" constituted a waiver of personal jurisdiction in the District of Columbia.

This "evidence" is neither new nor significant. First, Mr. Stefanowicz's counsel was simply commenting on the relative convenience of litigating this case in Virginia or the District of Columbia as compared to California. Those comments do not refer to or reflect any kind of personal jurisdictional analysis and do not constitute a waiver of personal jurisdiction in this District. Second, oral argument on the Motion to Transfer took place on February 14, 2005 – more than one year before Mr. Stefanowicz filed his Motion to Dismiss – and, therefore, plaintiffs were well aware of this alleged waiver "evidence" long before Mr. Stefanowicz filed his Motion to Dismiss in this Court and could have easily made this argument in their Opposition Brief. As this Court has held, it is "well established that [a] plaintiff cannot resuscitate her case post-dismissal by alleging facts and legal theories that were available to her at the inception of her case." *Niedermeier v. Office of Max Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C. 1991). In short, plaintiffs have waived their waiver argument.

B. Conspiratorial Acts

In response to the Court's Memorandum Order, plaintiffs reargue their position that personal jurisdiction exists under the District of Columbia Long-Arm statute based on alleged "conspiratorial acts" occurring in the District.

In their Opposition Brief, plaintiffs (however inartfully) raised the issue of conspiracy jurisdiction. Specifically, plaintiffs contended that Judge Hilton's order transferring this matter to the District was based on "the court's agreement with plaintiffs that jurisdiction under the D.C. long arm statute may be based on conspiratorial acts occurring in the district." (Opposition Brief at 8). In his Reply Brief, Mr. Stefanowicz countered that – even under

plaintiffs' far-flung version of Judge Hilton's Order – this Court does not have jurisdiction over Mr. Stefanowicz based on conspiracy jurisdiction or any other requirement of the District of Columbia Long-Arm statute. (Opposition Brief at 8-10). Thus, to the extent that plaintiffs raised this argument in their Opposition Brief, it was rebutted by Mr. Stefanowicz and rejected by this Court.

In their instant Motion for Reconsideration and Leave to Conduct Jurisdictional Discovery, plaintiffs point to the same allegations in the Third Amended Complaint regarding the alleged "Torture Conspiracy" that were previously considered and rejected by the Court and make no effort to identify any new or significant facts that would justify reconsideration. Similarly, none of the cases cited by plaintiffs in support of their conspiracy jurisdiction argument are new or represent a change in the controlling law to warrant reconsideration. In fact, all three cases were published well before Mr. Stefanowicz filed his Motion to Dismiss and two of the cases are directly adverse to plaintiffs' position. *Dickson v. U.S.*, 831 F. Supp. 893, 897 (D.D.C. 1993) (holding that personal jurisdiction did not exist under the District of Columbia Long-Arm statute where plaintiff presented no factual connection between the defendants' activities and the District); *Berwyn Fuel, Inc. v. Hogan*, 399 A.2d 79, 80 (D.C. Ct. App. 1979) (holding that personal jurisdiction did not exist under the District of Columbia Long-Arm statute where plaintiff's claim for relief related to defendant's actions outside the District).

Because plaintiffs failed to identify, as they must, any error in the court's apprehension or change in the controlling or significant law or facts, the motion for reconsideration should be denied.

### III.   PLAINTIFFS ARE NOT ENTITLED TO JURISDICTIONAL DISCOVERY

In the alternative, plaintiffs contend that they are entitled leave to conduct jurisdictional discovery to establish evidence of Mr. Stefanowicz's non-conspiratorial minimum

contacts in the District. Once again, plaintiffs fail to identify any error in the Court's apprehension or any change in controlling or significant law or facts since the Court's June 29, 2006 Order to justify leave. Mr. Stefanowicz filed his Motion to Dismiss based on lack of personal jurisdiction four months ago. Plaintiffs could have alleged evidence to establish personal jurisdiction under the District of Columbia Long-Arm statute and/or sought leave to conduct jurisdictional discovery but chose not to do so. And, in any event, as Mr. Stefanowicz has shown in his Opening and Reply Briefs, his utter lack of contacts in this District would make such an exercise futile. Accordingly, plaintiffs' thirteenth hour effort to now establish personal jurisdiction over Mr. Stefanowicz under the District of Columbia Long-Arm statute contravenes the well-established principles governing motion for reconsideration and, therefore, should be denied.

## CONCLUSION

For the reasons stated above, Mr. Stefanowicz respectfully requests that plaintiffs' Motion for Reconsideration and Leave to Conduct Jurisdictional Discovery be denied.

                                                BALLARD SPAHR ANDREWS & INGERSOLL, LLP


                                                By: /s/ Henry E. Hockeimer, Jr.
                                                     Henry E. Hockeimer, Jr.
                                                     Attorney for Defendant Steven A. Stefanowicz

Date: August 4, 2006

## CERTIFICATE OF SERVICE

I, Henry E. Hockeimer, Jr., do certify that on this 4th day of August 2006, I caused true and correct copies of Defendant Steven A. Stefanowicz's Opposition To Plaintiffs' Motion For Reconsideration And Leave To Conduct Jurisdictional Discovery to be served electronically on the following parties:

F. Whitten Peters
Ari Shlomo Zymelman
Williams and Connelly
725 12th Street, N.W.
Washington, DC  20005
wpeters@wc.com
azymelman@wc.com
Counsel for Defendant Titan Corp.

Adam L. Rosman
Eric R. Delinsky
Ellen D. Marcus
Zuckerman Spaeder LLP
1800 M Street, NW
Washington, DC  20036
arosman@zuckerman.com
edelinsky@zuckerman.com
emarcus@zuckerman.com
Counsel for Defendant Adel Nakhla

Alison L. Doyle
Shari L. Klevens
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC  20006-1108
adoyle@mckennalong.com
sklevens@mckennalong.com
Counsel for Defendant John B. Israel

J. William Koegel, Jr.
John F. O'Connor
Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, DC  20036
wkoegel@steptoe.com
joconnor@steptoe.com
Counsel for Defendants CACI International Inc., CACI Inc-Federal, and CACI-PT

Susan L. Burke
Burke Pyle LLC
3527 Lancaster Avenue
Philadelphia, PA  19104
(215) 387-4709
Fax:  (215) 387-4713
sburke@burkepyle.com
Counsel for Plaintiffs
Saleh, et al.

/s/ Henry E. Hockeimer, Jr.
Henry E. Hockeimer, Jr.