# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

SALEH, et al.                                   )
     Plaintiffs,                          )
                                          )
                                          )
v.                                              )     Case No. 1:05-cv-1165 (JR)
                                          )
                                          )
TITAN CORPORATION, et al.                       )
     Defendants.                          )
                                          )

## DEFENDANT JOHN B. ISRAEL'S OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION AND LEAVE FOR JURISDICTIONAL DISCOVERY

Alison L. Doyle. (Bar No. 376480)
Shari L. Klevens (Bar No. 467476)
McKENNA LONG & ALDRIDGE LLP
1900 K Street, N.W.
Washington, D.C. 20006
Telephone:   (202) 496-7500
Facsimile:   (202) 496-7756

*Counsel for Defendant John B. Israel*

August 4, 2006

# TABLE OF CONTENTS

I.    INTRODUCTION....................................................................................................1

II.   PLAINTIFFS IDENTIFY NO CLEAR ERROR OR MANIFEST INJUSTICE IN THE COURT'S RULING
DISMISSING MR. ISRAEL FROM THE CASE FOR LACK OF PERSONAL JURISDICTION ......................3

    A.   Plaintiffs Cannot Satisfy the Prerequisites to Reconsideration of the Court's Order..........3

    B.   Plaintiffs' New Argument that Mr. Israel Forfeited His Right to Object to Personal
Jurisdiction is Untimely and Unsupported ................................................................5

    C.   Plaintiffs May Not Reargue Their Case Regarding the Existence of Conspiracy
Jurisdiction Under the District of Columbia Long-Arm Statute ................................6

III.  PLAINTIFFS ARE NOT ENTITLED TO JURISDICTIONAL DISCOVERY..................................9

IV.   CONCLUSION ....................................................................................................10

# TABLE OF AUTHORITIES

**CASES**

*Acker v. Royal Merch. Bank and Fin. Co.*,
No. 98-00392, 1999 WL 1273476 (D.D.C. Feb. 10, 1999).......................................................10

*Burlington Ins. Co. v. Okie Dokie, Inc.*,
No. 03-2002 (RMU), 2006 WL 1982488 (D.D.C. July 17, 2006) ......................................5, 7, 8

*Campbell v. Dept. of Justice*,
231 F. Supp. 2d 1 (D.D.C. 2002).................................................................................................4

*Cobell v. Norton*,
226 F.Supp. 2d 175 (D.D.C. 2002)..............................................................................................4

*Doe I v. State of Israel, et al.*,
400 F. Supp.2d 86 (D.D.C. 2005).................................................................................................9

*El-Fadl v. Cent. Bank of Jordan*,
75 F.3d 668 (D.C. Cir. 1996)......................................................................................................10

*Epperson v. Entertainment Express, Inc.*,
338 F.Supp. 2d 328 (D. Conn. 2004)............................................................................................6

*GTE New Media Services, Inc. v. BellSouth Corp.*,
199 F.3d 1343 (D.C. Cir. 2000)....................................................................................................9

*Islamic Am. Relief Agency v. Unidentified FBI Agents*,
394 F. Supp. 2d 34 (D.D.C. 2005)................................................................................................8

*Jungquist v. Sheikh Sultan Bin Khalifa Al Nahyan*,
115 F.3d 1020 (D.C. Cir. 1997).....................................................................................................7

*Moore v. Hartman*,
332 F. Supp. 2d 252 (D.D.C. 2004).........................................................................................4, 8

*Richard v. Bell Atlantic Corp.*,
946 F. Supp. 54 (D.D.C. 1996).....................................................................................................8

*Singh v. George Washington Univ.*,
383 F. Supp. 2d 99 (D.D.C. 2005).............................................................................................3, 4

*Youming Jin v. Ministry of State Sec.*,
335 F. Supp.2d 72 (D.D.C. 2004).............................................................................................6, 7

## I.    **INTRODUCTION**

On July 13, 2006, Plaintiffs filed motions for reconsideration of the Court's dismissal of three individual defendants, including John B. Israel, from this proceeding pursuant to its June 29, 2006 Memorandum Order (the "Order" or "Mem. Order").  Plaintiffs' Motion for Reconsideration and Leave for Jurisdictional Discovery Regarding Defendant John B. Israel (the "Motion") identifies no error, and presents no new law or fact, that compels the Court to revisit its Order dismissing Defendant Mr. Israel from this case for lack of personal jurisdiction.  The Motion should be denied.

Mr. Israel's Motion to Dismiss Plaintiffs' Third Amended Complaint (the "Motion to Dismiss") challenged all four possible grounds on which Plaintiffs might have claimed this Court has personal jurisdiction over Mr. Israel, including nationwide service of process arising from the RICO allegations in the Third Amended Complaint and general, specific, or conspiracy jurisdiction arising under the District of Columbia's long-arm statute.  In its Order, the Court agreed with Mr. Israel on each of these four issues.  The Order dispensed with Plaintiffs' RICO claim, concluding that the individual Defendants "need not respond to a RICO claim that the plaintiffs have no standing to pursue." (*See* No. 05-1165 [70], Mem. Order at 9.)  The Order likewise concluded that Plaintiffs had made no meaningful effort to invoke the long-arm statute with respect to Mr. Israel, thereby ruling out the possibility of general or specific personal jurisdiction based on Mr. Israel's contacts with this forum, and also declined to exercise personal jurisdiction based on Mr. Israel's alleged participation in any conspiracy or conspiracies.  (Mem. Order at 9.)  Thus, the Court found that this forum does not have personal jurisdiction over Mr. Israel.

The current Motion offers no substantive challenge to the reasoning of or foundation for the Court's ruling on Plaintiffs' RICO claims, an issue that received a lion's share of Plaintiffs'

attention during the initial briefing of the Motion to Dismiss. Instead, Plaintiffs take a new tack, asking the Court to revisit the possibility of personal jurisdiction based on the District of Columbia long-arm statute. Plaintiffs now raise two arguments. The first they could have raised during the original briefing of the motions to dismiss, but chose to forego (although it was addressed in Mr. Israel's motion), and the second simply reiterates an argument they raised earlier, without success.

Neither argument identifies any error in the Court's Order or incorporates new law or previously unavailable facts; they simply rehash issues originally before the Court. Plaintiffs' desire to revisit previous arguments does not, and cannot, satisfy the prerequisites for reconsideration of a prior order, and accordingly their Motion should be denied.

Plaintiffs fare no better with their request – made for the first time in the Motion – for jurisdictional discovery. More than one year after they first sought to transfer this case to the District of Columbia, Plaintiffs still have *no* evidence that would permit this Court to exercise personal jurisdiction over Mr. Israel. Moreover, nothing in their Motion suggests a good-faith belief that they could obtain the necessary evidence through discovery. At best, their Motion expresses a hope that discovery might yield some evidence supporting personal jurisdiction in the District of Columbia, or perhaps elsewhere. Plaintiffs have plainly failed to satisfy their burden of establishing even a *prima facie* case for this Court's exercise of personal jurisdiction over Mr. Israel. Their request for discovery at this late date attempts to substitute the discovery process for investigation they should have completed before filing the Third Amended Complaint. The law does not permit such a substitution, and for all of these reasons, the Court should deny the Motion.

II.    **PLAINTIFFS IDENTIFY NO CLEAR ERROR OR MANIFEST INJUSTICE IN THE COURT'S RULING DISMISSING MR. ISRAEL FROM THE CASE FOR LACK OF PERSONAL JURISDICTION**

Plaintiffs do not seek to revisit their arguments for jurisdiction pursuant to their RICO claims. Instead, Plaintiffs assert that their allegations of common law conspiracy – made for the first time in the Third Amended Complaint filed on March 22, 2006 – allow the Court to exercise personal jurisdiction under the District of Columbia long-arm statute. First, Plaintiffs argue (for the first time) that the Court should not have allowed Mr. Israel to object to personal jurisdiction on these grounds because he forfeited his right to do so, and second that the Court should not have rejected their admittedly "inartful" arguments on the question of conspiracy jurisdiction.

Both arguments come too late. Plaintiffs could have raised a "forfeiture" argument in their Opposition to Mr. Israel's Motion to Dismiss, but chose not to do so. Mr. Israel fully argued the question of conspiracy jurisdiction in his Motion to Dismiss and in his Reply. Regardless of whether Plaintiffs are, in retrospect, satisfied with their response to those arguments, the issue of conspiracy jurisdiction was presented to the Court and properly decided. Plaintiffs have demonstrated no justification that should entitle them to a second chance to raise arguments they previously failed to present, or to remake arguments that were not persuasive the first time around.

A.    **Plaintiffs Cannot Satisfy the Prerequisites to Reconsideration of the Court's Order**

Plaintiffs do not address the standards for the Court's review of their Motion, but Fed. R. Civ. P. Rule 54(b) generally governs reconsideration, alteration, or amendment of orders adjudicating the rights of fewer than all the parties to litigation. *Singh v. George Washington Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005). Reconsideration is a matter within the discretion of the trial court, but the court's discretion may be "limited by the law of the case doctrine and

[is] subject to the caveat that where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again. " *Id.* at 101-02 (quoting *In re Ski Train Fire in Kaprun, Austria on Nov. 11, 2004*, 224 F.R.D. 543, 546 (S.D.N.Y. 2004) (internal quotes removed)).

Pursuant to Rule 54(b), this Court may permit revision of an earlier ruling only "as justice requires," a shorthand term that requires a movant to demonstrate that the Court has "patently misunderstood" the party's argument, has made a decision that is "outside the adversarial issues presented" for the Court's consideration, has made an error "not of reasoning but of apprehension," or when the facts or law have changed in a controlling or significant manner. *Id.* at 101, (citing *Cobell v. Norton*, 224 F.R.D. 266, 272 (D.D.C. 2004) (internal cites removed)); *see also Cobell v. Norton*, 226 F.Supp. 2d 175, 177 (D.D.C. 2002) (court may deny motion for reconsideration unless it finds a change in controlling law, newly available evidence, or a "need to correct clear error or manifest injustice").

Movants seeking reconsideration of a prior order must do more than simply reiterate their position. A movant must meet the Court "head on," and demonstrate how the Court's prior ruling is impermissible or incorrect. *Singh*, 383 F. Supp. 2d at 102 n.1. Reconsideration is not merited when a movant merely suggests the possibility of error. *Moore v. Hartman*, 332 F. Supp. 2d 252, 257 (D.D.C. 2004) (refusing to reconsider a prior ruling based on "speculation" that the presiding judge forgot to rule on an issue originally before the court); *see also Campbell v. Dept. of Justice*, 231 F. Supp. 2d 1, 6 n.8 (D.D.C. 2002) ("strongly discourag[ing]" motions reasserting "arguments previously raised and rejected" or posing new arguments "that should have been previously raised"). Plaintiffs have made none of these showings in the instant

Motion, and accordingly have failed to demonstrate that justice requires reconsideration of the Court's prior ruling.

**B.     Plaintiffs' New Argument that Mr. Israel Forfeited His Right to Object to Personal Jurisdiction is Untimely and Unsupported**

Plaintiffs argue in their Motion – for the first time – that the Court should have concluded that Mr. Israel has forfeited his right to object to personal jurisdiction based on common law conspiracy. Their new theory centers on Mr. Israel's actions in connection with motions to transfer the case from two previous forums. Critically, all of the proceedings to which Plaintiffs refer were part of the record of this case when Plaintiffs first opposed the Motion to Dismiss. Plaintiffs have not identified any new facts or authority that became available only after they submitted their Opposition. Thus, Plaintiffs could have raised this theory in their Opposition, but failed to do so.

Having failed to raise an argument that was previously available to them, Plaintiffs may not resuscitate the issue in a motion for reconsideration unless they identify "extraordinary circumstances" that prevented them from addressing the issue previously. *Burlington Ins. Co. v. Okie Dokie, Inc.*, No. 03-2002 (RMU), 2006 WL 1982488 at *6 (D.D.C. July 17, 2006) (citing *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988)) (other citations removed). Plaintiffs have identified no circumstances – extraordinary or otherwise – that would justify reconsideration of the Court's ruling on the basis of this new and untimely argument.

Even assuming, without conceding, that Plaintiffs could legitimately raise the argument at this late date, it must fail because Mr. Israel has never forfeited his objections to this Court's exercise of personal jurisdiction over him. Mr. Israel had no occasion to oppose jurisdiction based on common law conspiracy when the case was transferred from the Eastern District of Virginia , because those claims *were not included in the complaint that was then at issue.* Thus,

the issue was not ripe for consideration, and Mr. Israel of course had no obligation to anticipate issues Plaintiffs had not yet raised in this litigation. To hold otherwise would be to burden defendants with *disproving* personal jurisdiction, contradicting well settled-authority placing that burden solely with the Plaintiffs. *Youming Jin v. Ministry of State Sec.*, 335 F. Supp.2d 72, 78-80 (D.D.C. 2004) (citations omitted). The same reasoning applies with equal force to the initial transfer of this case from the Southern District of California to the Eastern District of Virginia. At the time of that transfer, the complaint likewise contained no allegations of common law conspiracy. Again, Mr. Israel could not have "forfeited" objections to issues that Plaintiffs had not yet raised.[1]

In short, Plaintiffs have not and cannot point to any facts or authority supporting their new claim that Mr. Israel waived his objections to personal jurisdiction, to say nothing of *new* facts or authority that were unavailable to them when they first opposed the Motion to Dismiss. These arguments come too late to merit reconsideration, and must fail even if they were timely.

C.    **Plaintiffs May Not Reargue Their Case Regarding the Existence of Conspiracy Jurisdiction Under the District of Columbia Long-Arm Statute**

In its Order, the Court correctly concluded that Plaintiffs' vague allegations of a common law conspiracy (or conspiracies) do not give rise to personal jurisdiction over Mr. Israel under the District of Columbia's long-arm statute. Mr. Israel thoroughly argued his objections to any

---

[1] *Epperson v. Entertainment Express, Inc.*, 338 F.Supp. 2d 328 (D. Conn. 2004), which Plaintiffs cite in support of their argument, is not to the contrary. The defendant in that case *consented* to a transfer of the case without first informing the transferor court that he intended to assert the transferee court lacked personal jurisdiction over him. *Id.* at 334. This case, transferred twice based upon RICO's nationwide jurisdiction, is not comparable. Moreover, Plaintiffs cannot reasonably assert that any Defendants are bound by their arguments during earlier transfer proceedings in light of their own prior arguments casting doubt on this Court's ability to exert personal jurisdiction. (*See, e.g.*, S.D. Cal. 04-cv-1143 [96], Opp. to Mot. to Transfer, at 19 (arguing that "it is unclear whether defendant's [CACI Intl Inc, CACI Inc., Federal, CACI NV] proposed 'alternate' forum [of the District of Columbia] even has personal jurisdiction over all defendants.").) Plaintiffs' failure to address their own inconsistent positions further undermines their new "forfeiture" argument.

exercise of jurisdiction on this basis in the Memorandum in Support (the "Mem. in Support") of his Motion to Dismiss, and again in his Reply in support of that motion (the "Reply"). (*See* 05-1165 [38], Mem. in Support, at 9-11; [50], Reply, at 6-8.)

Plaintiffs responded to these arguments at the time, focusing chiefly on the baseless claim that the issue had been settled in the Eastern District of Virginia, although it might be possible to read some of their brief as a half-hearted argument on the jurisdictional merits of their conspiracy claims. Plaintiffs now apparently regret that choice, and concede their response was "inartful." (*See* 05-1165 [72], Mem. in Sup. of Mot. for Reconsideration, at 3.) However, the mere fact that Plaintiffs attempted to respond to Mr. Israel's arguments but believe they could do better in a second round of briefing is not an "extraordinary circumstance" that would justify reconsideration of the Court's ruling. *Burlington Ins. Co.*, 2006 WL 1982488 at *6 (citing *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988)) (other citations removed).

The law regarding the use of conspiracy allegations as a basis for asserting personal jurisdiction is clear. As explained in detail in Mr. Israel's Motion to Dismiss, courts can exercise personal jurisdiction over a defendant based on overt acts by co-conspirators within the forum only where Plaintiffs satisfy the burden of presenting unusually particularized pleadings that detail 1) the existence of the conspiracy, 2) the defendant's participation in the conspiracy, 3) a co-conspirator's overt act within the forum in furtherance of the conspiracy and 4) the conspirators' purposeful availment of the forum in order to establish the existence of jurisdiction on this basis. *Youming Jin*, 335 F. Supp. 2d at 78-80 (citing *Edmond v. United States Postal Serv. Gen. Counsel*, 949 F.3d 415, 428 (D.C. Cir. 1991) (Silberman, J., concurring in part and dissenting in part) and *Jung v. Ass'n of Am. Med. Colls.*, 300 F. Supp.2d 119, 141 (D.D.C.

2004)); *Jungquist v. Sheikh Sultan Bin Khalifa Al Nahyan*, 115 F.3d 1020, 1030 (D.C. Cir. 1997)

(citations omitted).[2]  None of Plaintiffs' allegations, even today, satisfy these stringent criteria,

and on this record the Court correctly concluded that Plaintiffs had offered no meritorious

argument to apply the long-arm statute on the basis of their conspiracy allegations.[3]

    Plaintiff's Motion presents no new arguments or new legal analysis that a) would remedy

the defects in their pleading and b) could not have been raised previously.  Instead, Plaintiffs

merely reiterate the rejected argument that the Eastern District of Virginia had ruled on the issue,

and request an opportunity to make more "artful" arguments on conspiracy jurisdiction.[4]  Neither

request is a permissible use of a motion for reconsideration, and Plaintiffs are not entitled to

reconsideration of the Court's ruling on these bases.  *Burlington Ins. Co.*, 2006 WL 1982488 at

---

[2] Defendant Adel L. Nakhla's Opposition to Plaintiffs' Motion for Reconsideration and Leave for Jurisdictional Discovery, filed concurrently, includes additional discussion of Plaintiffs' failure to state a sufficient basis for asserting conspiracy jurisdiction in this case.  Mr. Israel adopts the arguments of Mr. Nakhla on this topic by reference.

[3] The question of conspiracy jurisdiction was fully briefed and before the Court. While Plaintiffs might argue it was not fully considered, the mere fact the Memorandum Order did not directly discuss the arguments does not mean the issue was not decided; the Court's Order is explicit in its determination that it cannot exercise personal jurisdiction over Mr. Israel on any grounds.  *See, e.g., Moore v. Hartman*, 332 F. Supp. 2d 252, 257 (D.D.C. 2004) (movant could not justify reconsideration by observing that Court's order did not specifically address a particular argument).

[4] To the extent that the Motion attempts to identify error by arguing that the Court did not give appropriate deference to the allegations of the Complaint, it is in error.  Plaintiffs argue that the Court must treat allegations in the complaint as true in considering a motion to dismiss for lack of personal jurisdiction.  (Memorandum at 3.)  It is not surprising that Plaintiffs cite no authority in support of this assertion; it contradicts existing authority.  While the Court resolves factual discrepancies in the record in favor of the plaintiff, it need not treat plaintiffs' allegations as true in considering a motion to dismiss for lack of personal jurisdiction, because plaintiffs cannot satisfy their burden merely by reciting conclusory allegations.  *Islamic Am. Relief Agency v. Unidentified FBI Agents*, 394 F. Supp. 2d 34, 56 (D.D.C. 2005).  Satisfying the burden of proof here requires plaintiffs to allege specific facts upon which personal jurisdiction can be based, and courts will not speculate as to facts not alleged in the complaint in order to accept conclusory allegations.  *Id.* (citing *First Chicago Int'l v. United Exchange Co.*, 836 F.2d 1375, 1378 (D.C. Cir. 1998); *Richard v. Bell Atlantic Corp.*, 946 F. Supp. 54, 73 (D.D.C. 1996).  Thus, the Court was under no obligation to accept as true and adequate Plaintiffs' jurisdictional allegations.  Plaintiff at all times had the burden of alleging specific and sufficient facts to form a basis for personal jurisdiction.  *Islamic Am. Relief Agency.*, 394 F. Supp. 2d at 56.

*6 (citing *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988)) (other citations removed); *Singh*, 383 F. Supp. 2d at 101; *Moore*, 332 F. Supp. 2d at 257.

## III.    PLAINTIFFS ARE NOT ENTITLED TO JURISDICTIONAL DISCOVERY

Plaintiffs argue that if the Court declines to revisit its refusal to exercise personal jurisdiction, they should, in the alternative, be entitled to jurisdictional discovery to "establish non-conspiratorial minimum contacts." This is the first time that Plaintiffs have ever expressed any interest in attempting to establish the court's jurisdiction over Mr. Israel on that basis. They offer no theory as to what minimum contacts they expect to discover between Mr. Israel and the District of Columbia. Nor can Plaintiffs' theory be discerned from the Third Amended Complaint. As discussed at length in Mr. Israel's Motion to Dismiss, the Third Amended Complaint alleges no contacts whatsoever between Mr. Israel and the District of Columbia. In effect Plaintiffs want to use the Court and this case, under which there is no personal jurisdiction, to go fishing for a basis to make a nonfrivolous claim of personal jurisdiction. We submit it is neither Mr. Israel's nor the Court's responsibility to help Plaintiffs develop the basis for a claim of jurisdiction where none exists or is even alleged.

Jurisdictional discovery is intended "to supplement, not substitute for, initial jurisdictional allegations." *Doe I v. State of Israel, et al.*, 400 F. Supp.2d 86, 121-22 (D.D.C. 2005) (citing *GTE New Media Svs., Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1351 (D.C. Cir. 2000) and *Caribbean Broad Sys., Ltd. v. Cable & Wireless PLC*, 148 F.3d 1080, 1089 (D.C. Cir. 1998)). Where initial jurisdictional allegations fail to allege facts upon which jurisdiction could be based after the completion of discovery, the allegations are "patently inadequate," and jurisdictional discovery is not merited. *Id.* Two additional issues make jurisdictional discovery particularly inappropriate here. First, Plaintiffs suggest no particular limits on the scope of the discovery. Even their own authority emphasizes that jurisdictional discovery must be subject to

-9-

some reasonable limits. *See, e.g., GTE New Media Svs., Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1351-52 (D.C. Cir. 2000) (emphasizing that jurisdictional discovery should be "precisely focused"); *El-Fadl v. Cent. Bank of Jordan*, 75 F.3d 668, 676 (D.C. Cir. 1996) (emphasizing that jurisdictional discovery must be "reasonable"). Second, the Court may properly deny a request for jurisdictional discovery when the discovery will not assist in deciding the jurisdictional question. *Acker v. Royal Merch. Bank and Fin. Co.*, No. 98-00392, 1999 WL 1273476 *5-6 (D.D.C. Feb. 10, 1999). None of the issues presently before the Court require further factual development. To the contrary, the Court's prior ruling demonstrates that it already has sufficient facts to decide the jurisdictional question. *Id.*

Plaintiffs' hope that they might be able to establish some sort of "non-conspiratorial minimum contacts" between Mr. Israel and the District of Columbia as a result of unspecified discovery is not an adequate basis upon which to obtain discovery. Nor do Plaintiffs cite any authority or rationale whatsoever for their unusual request to use this Court's authority to elicit discovery into Mr. Israel's contacts with *another forum* – the Southern District of California – which no longer has any responsibility for this matter. Nothing in their pleadings, in their prior submissions, or in the current Motion suggests that Plaintiffs have any prospect of discovering contacts between Mr. Israel and the District of Columbia which could support the exercise of personal jurisdiction. Accordingly, Plaintiffs are not entitled to jurisdictional discovery.

## IV.    **CONCLUSION**

Plaintiffs have failed to identify any "extraordinary circumstances" that would justify the Court's reconsideration of its previous order granting Mr. Israel's Motion to Dismiss the Third Amended Complaint as to him. For that reason, their Motion for Reconsideration should be denied. Because Plaintiffs also fail to identify the types of contacts they might expect to find

between Mr. Israel and the District of Columbia, their request for unspecified jurisdictional

discovery should likewise be denied.

s/ Shari L. Klevens/
Alison L. Doyle. (Bar No. 376480)
Shari L. Klevens (Bar No. 467476)
McKENNA LONG & ALDRIDGE LLP
1900 K Street, N.W.
Washington, D.C. 20006
Telephone:   (202) 496-7500
Facsimile:    (202) 496-7756

**Counsel for Defendant John B. Israel**

August 4, 2006

## FOR THE DISTRICT OF COLUMBIA

SALEH, et al.                 )
     Plaintiffs,          )
                         )
                         )
v.                        )     Case No. 1:05-cv-1165 (JR)
                         )
                         )
TITAN CORPORATION, et al.   )
     Defendants.        )
                         )

## <u>ORDER</u>

Upon consideration of Plaintiffs' Motion for Reconsideration and Leave for Jurisdictional Discovery, the Oppositions thereto and the entire record herein, it is hereby

ORDERED this ___ day of _____, 2006 that Plaintiffs' Motion is denied, each party bearing its own fees and costs.

_____
United States District Judge

Copies of this Order should sent electronically to:

Alison L. Doyle,  adoyle@mckennalong.com,

Shari L. Klevens, sklevens@mckennalong.com,

Shereef Akeel, shereef@akeelvalentine.com,

Susan L. Burke, sburke@burkepyle.com

Eric R. Delinsky, edelinsky@zuckerman.com

Henry Eric Hockeimer , Jr., hockeimerh@ballardspahr.com, natalij@ballardspahr.com

Ellen D. Marcus, emarcus@zuckerman.com

John F. O'Connor, Jr., joconnor@steptoe.com,

Adam L. Rosman, arosman@zuckerman.com

Ari Shlomo Zymelman, azymelman@wc.com,