IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SALEH, et al., ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. 05-1165 (JR) |
| ) | |
| v. ) | |
| ) | |
| TITAN CORPORATION, et al., ) | |
| ) | |
| Defendants. ) | |

### DEFENDANT ADEL L. NAKHLA'S OPPOSITION
### TO PLAINTIFFS' MOTION FOR RECONSIDERATION AND
### LEAVE FOR JURISDICTIONAL DISCOVERY

On June 29, 2006, this Court granted Defendant Adel L. Nakhla's motion to dismiss for lack of personal jurisdiction. Plaintiffs now seek reconsideration of this ruling. None of their arguments, however, has merit. First, they argue that personal jurisdiction lies over Mr. Nakhla by virtue of their allegations of conspiracy. But plaintiffs' allegations to this effect are wholly conclusory and not even close to sufficient under the law of this Circuit. Second, plaintiffs argue that they are entitled to jurisdictional discovery to ascertain whether Mr. Nakhla has sufficient contacts with this forum under the D.C. long-arm statute. But to obtain such discovery, plaintiffs must allege at least some facts upon which sufficient contacts with this forum could be found. They allege none here. Third, plaintiffs allege that Mr. Nakhla waived his right to contest jurisdiction because he did not raise the issue in connection with the transfer motion. But Mr. Nakhla did raise jurisdiction in opposition to transfer. For these reasons, and those set forth below, Mr. Nakhla respectfully requests that the Court deny plaintiffs' motion.

Before turning to the merits of the motion, it bears noting that plaintiffs had every opportunity to make these arguments initially. But they elected not to. Indeed, in opposition to Mr. Nakhla's motion to dismiss, they chose to rely in full on their law of the case argument, to the exclusion of the arguments they make now. Plaintiffs thus use this motion to brief arguments that they could have, but did not, brief before. A motion for reconsideration is not available for this purpose. It is not an opportunity for plaintiffs to tier their arguments in serial briefs to the Court. Nor is it an opportunity to re-brief an unsuccessful opposition memorandum. Plaintiffs' motion should be denied for this reason alone.

### A. Plaintiffs Fail To Set Forth A Basis for Conspiracy Jurisdiction.

Plaintiffs contend that the Court should reconsider its dismissal order because, in their view, "conspiratorial acts occurring in this District suffice to sustain personal jurisdiction over the individual defendants." Reconsideration Mot. at 6. Mr. Nakhla raised, and refuted, this very theory of jurisdiction in his opening memorandum in support of his motion to dismiss. *See* Nakhla Mem. at 7 n.5 (April 7, 2006). Nevertheless, plaintiffs' opposition brief mentioned conspiracy jurisdiction only in connection with plaintiffs' law of the case argument and, even then, only in a passing sentence or two. *See* Plaintiffs Opp. to Nakhla Mot. at 14 (May 8, 2006). Their brief did not respond to Mr. Nakhla's substantive arguments regarding conspiracy jurisdiction. *Id.* Nor did it make any other meaningful attempt to address the merits of such a theory. *Id.* Even now, plaintiffs avoid any meaningful discussion of the merits of conspiracy jurisdiction in this case. Their motion for reconsideration devotes just two cursory sentences to it. Reconsideration Mot. at 4-5.

Plaintiffs avoid the merits of their argument for good reason. They do not even come close to stating a sufficient basis for the assertion of conspiracy jurisdiction. To prevail on such

a theory, plaintiffs must make out a *prima facie* case of conspiracy and must do so with "particularity" and by pleading "specific facts." *Second Amendment Foundation v. United States Conference of Mayors*, 274 F.3d 521, 524 (D.C. Cir. 2001); *Jungquist v. Sheikh Sultan Bin Khalifa Al Nahyan*, 115 F.3d 1020 (D.C. Cir. 1997). Plaintiffs utterly fail to do so here.

First, plaintiffs fail to identify any conspiratorial acts that took place in the District of Columbia, the first requirement for conspiracy jurisdiction. *See Jungquist*, 115 F.3d at 1031 ("the plaintiff must plead with particularity … overt acts within the forum taken in furtherance of the conspiracy"); *Wiggins v. Equifax, Inc.*, 853 F. Supp. 500 (D.D.C. 1994) ("plaintiff must allege … overt acts committed in the District of Columbia in furtherance of the conspiracy"). This forum is mentioned in but one paragraph of the Complaint – a paragraph which alleges that the corporate defendants engaged in undescribed communications in the District of Columbia (and in three states) which fostered undescribed "relationships." Compl. ¶ 98. It alleges that these "relationships" ultimately "assisted" in the formation of the alleged conspiracy. Compl. ¶ 98. This allegation could not be more vague and attenuated and is not the type of specific and particular allegation that the D.C. Circuit requires. Moreover, by the allegation's own terms, it does not describe communications that are in furtherance of the conspiracy. It does not say whether the contents of the communications related to the conspiracy. And it alleges that they occurred before the conspiracy even formed and were, at most, in furtherance of "relationships" that were not conspiratorial themselves, but which merely "assisted" in the formation of the conspiracy later on.

Second, plaintiffs fail to allege facts to establish that Mr. Nakhla even was a member of the conspiracy. They do not allege that Mr. Nakhla attended any meetings about the alleged conspiracy or that he participated in any conversations about the alleged conspiracy. They do

3

not refer to any documents that connect him to the alleged conspiracy.  Nor do they allege any other facts that might support an inference that Mr. Nakhla agreed to the alleged conspiracy.  Rather, in group allegations that simply lump Mr. Nakhla together with many other individuals and entities, they merely assert that Mr. Nakhla and these other individuals and entities "conspired . . . to engage in a series of wrongful acts."  Compl. ¶ 28.

This is not close to enough.  A mere "allegation that [defendants] 'conspired together' represents nothing more than a legal conclusion, which … does not constitute the *prima facie* showing necessary to carry the burden of establishing personal jurisdiction."  *Second Amendment Foundation*, 274 F.3d at 524 (quotations omitted); *see also Jungquist*, 115 F.3d at 1031 ("bald speculation or a conclusory statement that individuals are co-conspirators is insufficient to establish personal jurisdiction under a conspiracy theory").  Accordingly, there is no basis for the assertion of conspiracy jurisdiction.

### B.    Plaintiffs Are Not Entitled To Jurisdictional Discovery.

Plaintiffs also argue that they should be granted leave to take discovery to establish jurisdiction on an alternative ground – based not on conspiracy, but rather on personal contacts Mr. Nakhla might have with this forum.  *See* Reconsideration Mot. at 5.  Specifically, they seek discovery to determine whether his personal contacts with the District (if any) are sufficient to confer jurisdiction under the D.C. long-arm statue, D.C. Code § 13-423.  *Id.*  Plaintiffs, however, did not seek this relief at any time before their motion for reconsideration, and they offer no excuse why.  Their request for discovery therefore is out of time.

In any event, plaintiffs are not entitled to jurisdictional discovery.  To obtain such discovery, "a plaintiff must have at least a good faith belief that such discovery will enable it to show that the court has personal jurisdiction over the defendant."  *Caribbean Broadcasting*

4

*System, Ltd. v. Cable & Wireless PLC*, 148 F.3d 1080, 1090 (D.C. Cir. 1998).  "[J]urisdictional discovery … is intended to supplement, not substitute for, initial jurisdictional allegations." *Doe I v. State of Israel*, 400 F. Supp. 2d 86, 121-22 (D.D.C. 2005).  Thus, "[a] plaintiff must, at a minimum, allege <u>some</u> <u>facts</u> upon which jurisdiction could be found after discovery is completed." *Id.* at 122 (emphasis added); *see also GTE New Media Services Inc. v. Bellsouth Corp.*, 199 F.3d 1343, 1351 (D.C. Cir. 2000) (plaintiff must "demonstrate[]" that it can supplement its jurisdictional allegations through discovery).

      Plaintiffs fail altogether to meet this standard.  Far from alleging "some facts upon which jurisdiction could be found," they identify no contacts at all that Mr. Nakhla has with this forum.  Not a single one.  The most they allege is that he resides in a neighboring state (Maryland).  Reconsideration Mot. at 5.  But this fact establishes only his contacts with Maryland.  It says nothing about his contacts, if any, with the District of Columbia.  And it is bald speculation to merely assume from this fact, as plaintiffs do, that Mr. Nakhla "almost certainly transacts business in the District and regularly engages in a persistent course of conduct in the District." *Id.*  Without more, the fact that Mr. Nakhla lives in Maryland is not a "fact[] upon which jurisdiction could be found" and thus not a fact sufficient to support jurisdictional discovery. *Doe I*, 400 F. Supp. at 122; *see also Staton v. Looney*, 704 F. Supp. 303, 304 n.1 (D.D.C. 1989) (rejecting argument that "the Court must initially presume that the defendants' residential propinquity to the District (since it appears that they live within a few miles of the D.C.-Maryland border) has produced the requisite minimum contacts").

      Even if Mr. Nahkla's residence in Maryland created an inference that he has contacts in the District, there still would be no basis for jurisdictional discovery.  As indicated above, plaintiffs seek discovery for the purpose of establishing jurisdiction under § 13-423. *See*

Reconsideration Mot. at 5.  For jurisdiction to lie under this provision, however, there must be a nexus between the underlying claims for relief and the defendant's contacts with the District; phrased differently, a plaintiff's substantive claims must "aris[e] from" the defendant's contacts in this forum.  D.C. Code § 13-423(b); *see also Etchebarne-Bourdin v. Radice*, 754 A.2d 322 (D.C. 2000) ("the claim must be related to or substantially connected with the defendant's conduct in the forum") (quoting *Shoppers Food Warehouse v. Moreno*, 746 A.2d 320, 335 (D.C. 2000)).  Here, however, the alleged conduct (and injuries) that give rise to plaintiffs' claims occurred entirely in Iraq.  Thus by definition, there is no conceivable nexus between plaintiffs' claims and Mr. Nakhla's contacts (if any) with this forum and therefore no conceivable basis for jurisdiction under § 13-423, regardless of what discovery might show.  Discovery therefore is not warranted.

### C.     Mr. Nakhla Did Not Waive His Right to Challenge Jurisdiction.

Lastly, plaintiffs argue that Mr. Nakhla waived the right to contest jurisdiction because he "did not contest transfer on jurisdictional grounds."  Reconsideration Mot. at 6; *see also id.* at 4.  Once again, plaintiffs failed to raise this issue initially (without excuse) and raise it now for the first time .  Their argument therefore is untimely.  Moreover, there is no merit to it.  Mr. Nakhla did in fact raise his jurisdictional objection prior to transfer.  In opposing plaintiffs' motion to transfer the case from the Eastern District of Virginia to this forum, Mr. Nakhla stated explicitly: "assuming dismissal of the RICO counts, neither this Court nor the District Court for the District of Columbia has jurisdiction over him."  Reconsideration Mot. at Ex. C.  Plaintiffs themselves point this out.  *Id.* at 2.  And in any event, as long as the RICO claim remained part of the Complaint, jurisdiction over Mr. Nakhla continued to lie by virtue of RICO's nationwide service of process provision.  For this reason, Mr. Nakhla's motion to dismiss for lack jurisdiction was

contingent on his motion to dismiss the RICO claim for failure to state a claim. His jurisdictional objection therefore was not necessarily ripe at the time of transfer, and Mr. Nakhla did not waive his right to assert it.

## CONCLUSION

For these reasons, and those set forth in the memoranda submitted in support of Mr. Nakhla's motion to dismiss, Mr. Nakhla respectfully requests that the Court deny plaintiffs' motion for reconsideration. A proposed order is attached.

Respectfully submitted,

/s/ Eric R. Delinsky
Eric R. Delinsky D.C. Bar No. 460954
Ellen D. Marcus D.C. Bar No. 475045
ZUCKERMAN SPAEDER LLP
1800 M Street, N.W.
Washington, DC 20036
202-778-1800 (phone)
202-822-8106 (facsimile)

Dated: August 4, 2006    Counsel for Defendant Adel L. Nakhla

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of August 2006, I caused the foregoing Opposition to be served on counsel of record via ECF.

/s/ Eric R. Delinsky