IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SALEH, *et al.*, <br><br> Plaintiffs <br><br> v. <br><br> TITAN CORP., *et al.*, <br><br> Defendants. | Case Action No. 05-CV-1165 (JR) |

**MOTION OF DEFENDANT DANIEL E. JOHNSON**
**TO DISMISS THE THIRD AMENDED COMPLAINT**

Defendant Daniel E. Johnson respectfully moves to dismiss Plaintiffs' Third Amended Complaint for lack of personal jurisdiction and for failure to state a claim pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure.

                     Respectfully submitted,

                     /s/ Patrick O'Donnell
                     Patrick O'Donnell, D.C. Bar #459360
                     Justin Dillon, motion for admission *pro hac vice* pending
                     HARRIS, WILTSHIRE & GRANNIS LLP
                     1200 18th Street, N.W., Suite 1200
                     Washington, DC 20036
                     Phone: (202) 730-1300
                     Facsimile: (202) 730-1301

                     *Counsel for Defendant Daniel E. Johnson*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SALEH, *et al.*,<br><br>       Plaintiffs<br><br>    v.<br><br>TITAN CORP., *et al.*,<br><br>       Defendants. | Case Action No. 05-CV-1165 (JR) |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT DANIEL E. JOHNSON'S MOTION TO
<u>DISMISS THE THIRD AMENDED COMPLAINT</u>**

In their Third Amended Complaint ("the Complaint") filed on March 22, 2006, Plaintiffs added Daniel E. Johnson as an individual defendant in this case. On June 29, 2006, this Court granted the respective motions of three of Mr. Johnson's previously named co-defendants—John B. Israel, Adel L. Nakhla, and Steven A. Stefanowicz—to dismiss for lack of personal jurisdiction: "None of them lives in the District of Columbia or has meaningful contacts here, and plaintiffs have made no attempt to invoke the District of Columbia's long-arm statute as to any of them." (Mem. Order 9-10, June 29, 2006.) The same holds true for Mr. Johnson. Plaintiffs have failed to allege any connection whatsoever between Mr. Johnson and the District of Columbia or otherwise plead facts anywhere near sufficient to allow this Court jurisdiction over him. Plaintiffs have failed to allege that Mr. Johnson has ever lived in the District, has ever worked in the District, has ever owned property in the District, has ever transacted business in the District, has ever caused tortious injury in the District, has ever registered to vote in the

District, has ever held a driver's license issued by the District, or has otherwise had any relevant connection to the District. Accordingly, this forum does not meet the minimum constitutional requirements for jurisdiction over Mr. Johnson, just as it did not meet those requirements for his co-defendants. Plaintiffs' Complaint should thus be dismissed for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. Furthermore, because Plaintiffs' Complaint alleges only broad legal conclusions unsupported by any allegations of fact, it fails to state a claim against Mr. Johnson and should be dismissed pursuant to Rule 12(b)(6).

### I.     This Court Lacks Personal Jurisdiction Over Mr. Johnson

Plaintiffs bear the burden of establishing personal jurisdiction over each defendant. *Robinson v. Ashcroft*, 357 F. Supp. 2d 142, 148 (D.D.C. 2004). When a defendant resides outside the District, Plaintiffs must show first that jurisdiction is proper under the District of Columbia's long-arm statute, and second that the exercise of jurisdiction does not violate the constitutional requirements of due process. *See United States v. Ferrara*, 54 F.3d 825, 828 (D.C. Cir. 1995). Here, Plaintiffs have failed to allege facts sufficient to meet either requirement. Nor have they alleged facts sufficient to support any other form of personal jurisdiction, such as under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964, or conspiracy jurisdiction. Because Plaintiffs have not met their burden, this action should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2).

### A.     There Is No Basis for Jurisdiction Under the D.C. Long-Arm Statute

The relevant portion of the District of Columbia's long-arm statute provides jurisdiction over a person who, either directly or by agent:

> (1) transact[s] any business in the District of Columbia;
> (2) contract[s] to supply services in the District of Columbia;

> (3) caus[es] tortious injury in the District of Columbia by an act or omission in the District of Columbia;
>
> (4) caus[es] tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia[.]

D.C. Code § 13-423(a) (2006).[1] Plaintiffs have not alleged any facts sufficient to show the Court has jurisdiction under this statute. In fact, Plaintiffs mention the District of Columbia only once in their entire 66-page Complaint. (Compl. ¶ 98.)

Regarding subsections (1) and (2), Plaintiffs have not alleged that Mr. Johnson has ever transacted business in the District of Columbia or contracted to supply services in the District of Columbia. Regarding subsections (3) and (4), although the Complaint does contain the general allegation that Mr. Johnson caused tortious injury, none of the torts are alleged to have been committed or caused injury "in the District of Columbia." *See, e.g.*, *Helmer v. Doletskaya*, 393 F.3d 201, 208 (D.C. Cir. 2004) (stating that emotional injury occurs "where the plaintiff lives or works").

Finally, regarding subsection (4), even if the alleged torts had caused injury in the District of Columbia, Plaintiffs still have failed to allege facts showing that Mr. Johnson "regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia." D.C. Code § 13-432(a)(4). Nor could they, consistent with Rule 11. Plaintiffs' inability to allege any "meaningful contacts" (Mem. Order at 9), between Daniel Johnson and the District of Columbia makes it impossible for D.C.'s long-arm statute to provide jurisdiction over Mr. Johnson.

---

[1] Subsections 5-7 allow jurisdiction in circumstances involving real property and certain contractual and family relationships. *See* D.C. Code §§ 13-423(a)(5)-(7). None of these circumstances apply to Mr. Johnson.

3

### B. Exercising Jurisdiction Over Mr. Johnson in This Venue Would Violate His Due Process Rights

Even if this Court were to find jurisdiction appropriate under the District of Columbia's long-arm statute, due process would preclude jurisdiction over Mr. Johnson. The Due Process Clause requires Plaintiffs to demonstrate "'minimum contacts' between the defendant and the forum establishing that 'the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *GTE New Media Servs. v. BellSouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). To satisfy due process, it is "'essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Creighton Ltd v. Gov't of State of Qatar*, 181 F.3d 118, 127 (D.C. Cir. 1999) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).

Jurisdiction that satisfies due process can be either general or specific. Courts may exercise specific jurisdiction when the cause of action is "based on acts of a defendant that touch and concern the forum." *Steinberg v. Int'l Criminal Police Org.*, 672 F.2d 927, 928 (D.C. Cir. 1981). If the defendant has contacts with the forum that are "continuous and systematic," the forum can exercise general jurisdiction over the defendant for any cause of action. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415-16 (1984). Plaintiffs' Complaint provides no facts to support either specific or general jurisdiction over Mr. Johnson.

There is plainly no specific jurisdiction. The few acts actually laid at the feet of Daniel Johnson (*see* Section II, *infra*) are all apparently alleged to have occurred in Iraq, not in the District of Columbia. Further, the Complaint does not allege any facts that show Mr. Johnson's alleged acts touch and concern the District of Columbia, or that by these acts Mr. Johnson "purposefully avail[ed]" himself of the privilege of conducting activities within the District of

4

Columbia. *See Creighton Ltd.*, 181 F.3d at 127. Likewise, Plaintiffs have alleged no facts to support general jurisdiction. As noted earlier, the Complaint lacks even a single allegation that Mr. Johnson has any contact with the District of Columbia, let alone "continuous and systematic" contacts. *Helicopteros*, 466 U.S. at 416.

Exercising jurisdiction over Mr. Johnson would violate his rights under the Due Process Clause. Plaintiffs have failed to allege that Mr. Johnson has *any* contacts with the District of Columbia, much less contacts that suggest he should "reasonably anticipate being haled into court" in the District of Columbia. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

### C. RICO's Nationwide Service of Process Provision Does Not Provide Jurisdiction Over Mr. Johnson

Because there is clearly no jurisdiction over Mr. Johnson under D.C.'s long-arm statute, Plaintiffs may argue for jurisdiction under RICO, 18 U.S.C. § 1964. Under RICO, defendants can be served with civil lawsuits in any judicial district of the United States, when the "ends of justice" require. *See* 18 U.S.C. § 1965(b). In a related case that this Court has treated as "*stare decisis*" (Mem. Order 3), this Court held that before a plaintiff can benefit from RICO's nationwide service of process provision, he must first have standing to bring a RICO claim. *See Ibrahim v. Titan Corp.*, 391 F. Supp. 2d 10, 24 (D.D.C. 2005). In the instant case, this Court has already decided that Plaintiffs lack standing to bring a RICO claim against the defendants (Mem. Order 6-7), which means that Plaintiffs cannot use RICO to establish personal jurisdiction over Mr. Johnson.

"A plaintiff seeking RICO standing must allege damage to 'business or property.' . . . Allegations of personal injuries alone are not sufficient." *Ibrahim*, 391 F. Supp. 2d at 24 (quoting 18 U.S.C. § 1964(c)). In its June 29 Order, this Court held that Plaintiffs lacked

5

standing under RICO because their allegations of robbery were "vague to the point of rumor" and "too attenuated for RICO." (Mem. Order 6-7); *see also Anza v. Ideal Steel Supply Corp.*, 126 S. Ct. 1991, 1994 (2006) (holding that plaintiff may sue under RICO only if the alleged RICO violation was the proximate cause of plaintiff's injury). This Court then held that Mr. Johnson's three co-defendants "need not respond to a RICO claim that plaintiffs have no standing to pursue." (Mem. Order 9.) The same result obtains for Mr. Johnson, who is no differently situated than his co-defendants: each of Plaintiffs' two RICO counts mentions Mr. Johnson only once, and each time in a long list of the defendants, alongside Messrs. Israel, Nakhla, and Stefanowicz. (Compl. ¶¶ 319, 329.)

Even if Plaintiffs had standing to bring the RICO claim, it still would not provide jurisdiction because Plaintiffs cannot meet RICO's "ends of justice" test. *See* 18 U.S.C. § 1965(b). As explained above, in light of Mr. Johnson's complete lack of contacts with the District of Columbia, the Due Process Clause prevents this Court's exercise of jurisdiction over him. "Ends of justice" does *not* mean "that when due process gets in the way of the application of one jurisdictional theory, the defendant should be haled in to court on a more lenient theory." *Youming Jin v. Ministry of State Sec.*, 335 F. Supp. 2d 72, 84 n.8 (D.D.C. 2004).

### D. Vague "Conspiracy" Allegations Cannot Provide Jurisdiction Over Mr. Johnson

Finally, Plaintiffs may argue for conspiracy jurisdiction.[2] "[C]onspiracy jurisdiction [is] a form of long-arm jurisdiction in which the defendant's 'contact' with the forum consists of the

---

[2] In fact, Plaintiffs have already filed a motion asking the Court to reconsider its dismissal of Mr. Johnson's co-defendants on the basis that the Complaint pleads sufficient facts for the Court to find conspiracy jurisdiction. (Pl.'s Mot. for Recons., Jul. 13, 2006.) Plaintiffs assert that they "inartfully" attempted to invoke D.C.'s long-arm statute based on conspiracy allegations. (*Id.* at 3.) As this section shows, however, the Complaint's single allegation involving the District of Columbia (that unnamed co-conspirators "fostered relationships" in

acts of the defendant's co-conspirators within the forum." *Youming Jin*, 335 F. Supp. 2d at 78. Because the District of Columbia's long-arm statute grants jurisdiction over persons acting through agents, "courts deem the defendant's co-conspirator the defendant's 'agent.'" *Id.*

The D.C. Circuit requires "unusually particularized pleading" of the conspiracy elements to support jurisdiction under this theory. *Id.* (quoting *Edmond v. United States Postal Serv. Gen. Counsel*, 949 F.2d 415, 428 (D.C. Cir. 1991) (Silberman, J., concurring in part and dissenting in part)). Plaintiffs must make a prima facie showing of three traditional elements: "(1) a conspiracy (2) in which the defendant participated and (3) a co-conspirator's overt acts within the forum, subject to the long-arm statute and in furtherance of the conspiracy." *Id.* Finally, if Plaintiffs are able to sufficiently plead all three of those elements, they still must show that the court's exercise of jurisdiction conforms to due process. *Id.* at 80

Plaintiffs have failed to plead properly each of the three traditional conspiracy elements. First, they broadly allege that all of the defendants conspired "to engage in a series of wrongful acts" and "to prevent the discovery and investigation of these wrongful acts." (Compl. ¶ 28.)

---

D.C. (Compl. ¶ 98)) is woefully inadequate to support conspiracy jurisdiction under D.C.'s long-arm statute.

Also in their Motion for Reconsideration, Plaintiffs ask that if this Court declines to exercise conspiracy jurisdiction, it instead grant them leave for "jurisdictional discovery to establish non-conspiratorial minimum contacts." (Pl.'s Mot. for Recons. at 5.) This desperate request overlooks the fact that jurisdictional discovery is meant "to supplement, not substitute for, initial jurisdictional allegations." *Doe v. State of Israel*, 400 F. Supp. 2d 86, 121-22 (D.D.C. 2005). It is not meant to give another bite at the apple to plaintiffs who, despite having amended their complaint multiple times, simply cannot allege facts sufficient to support personal jurisdiction over a defendant.

Moreover, no amount of jurisdictional discovery could overcome the fact that Plaintiffs' substantive claim is not "'related to' or 'substantial[ly] connect[ed] with' the defendant's conduct in the forum." *Etchebarne-Bourdin v. Radice*, 754 A.2d 322, 327 (D.C. 2000) (quoting *Shoppers Food Warehouse v. Moreno*, 746 A.2d 320, 335 (D.C. 2000) (alteration in original)). None of the alleged acts took place in the District or had anything to do with the District; they all happened in Iraq. Jurisdictional discovery is thus plainly unwarranted.

7

Plaintiffs never relate the scope of this alleged conspiracy or any of the particulars as to what defendants agreed to do.  Second, Plaintiffs never allege how or when Mr. Johnson became involved in such conspiracy, nor do they allege any overt acts he made in furtherance of it.  Finally, even if Plaintiffs had properly pleaded Mr. Johnson's involvement in the conspiracy, they fall far short of pleading the third element.  Plaintiffs never allege that any particular conspirator made any overt act in furtherance of the conspiracy in the District of Columbia or what that act might be.  Plaintiffs instead assert that "[c]ertain government officials and senior management" of corporate defendants Titan and CACI "had relationships that assisted in the formation and implementation of the Torture Conspiracy," and that these relationships were fostered by unspecified communications at unspecified times that occurred in, "among other places, Arizona, California, Virginia, and the District of Columbia."  (Compl. ¶ 98.)  *As noted above, this single reference is the only mention of the District of Columbia in Plaintiffs' entire 66-page Complaint.*  Even assuming the Plaintiffs' allegations were true, the Complaint only alleges that unnamed persons "fostered relationships" in many places, including in the District.  Plaintiffs do not claim that "fostering relationships" constitutes an overt act in furtherance of a conspiracy, let alone explain how such "fostering" furthered any conspiracy.  Certainly these vague allegations, which do not even describe who spoke to whom, what was said, or how the conversation furthered the alleged conspiracy, cannot constitute "unusually particularized pleading" of an overt act within the District of Columbia by one of Mr. Johnson's supposed co-conspirators.  *Edmond*, 949 F.2d at 428 (Silberman, J., concurring in part and dissenting in part).

Finally, Plaintiffs still must show that jurisdiction satisfies due process, *i.e.*, "'that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.'"  *Youming Jin*, 335 F. Supp. 2d at 79 (quoting *World-*

8

*Wide Volkswagen*, 444 U.S. at 297). As discussed above, Plaintiffs' failure to allege any ties between Mr. Johnson and the District makes this showing impossible.

Because Plaintiffs have failed to particularly plead each of the necessary elements and have failed to show that the Court's exercise of jurisdiction would satisfy due process, they cannot use conspiracy jurisdiction to establish jurisdiction over Mr. Johnson.

## II. The Complaint Should Be Dismissed for Failure to State a Claim Pursuant to Rule 12(b)(6)

In addition to the Complaint's failure to establish that this Court has jurisdiction over Mr. Johnson, the Complaint also fails to state a claim against him. In testing whether the Complaint is legally sufficient, courts may "accept neither 'inferences drawn by plaintiffs if such inferences are unsupported by the *facts* set out in the complaint,' nor 'legal conclusions cast in the form of factual allegations.'" *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002) (quoting *Kowal v. MCI Comms. Corp.*, 16 F.3d 1271, 1275 (D.C. Cir. 1994) (emphasis added)).

Mr. Johnson's name appears in only nine of the Complaint's 331 paragraphs. (Compl. ¶¶ 24, 27, 28, 52, 80, 81, 82, 319, 329.) Each reference, combined with the allegations in the Complaint, does not come even close to stating a claim.

- Paragraphs 24, 81 and 82 allege only that CACI is responsible for the actions of its employees and thus are irrelevant to stating a claim against Mr. Johnson.

- Paragraphs 319 and 329 allege that Mr. Johnson and the other defendants "formed an Enterprise as that term is defined by RICO," "agreed to conduct the affairs of the Enterprise through a pattern of racketeering activity," and agreed to "predicate acts committed by" other members of the Enterprise.

9

- Paragraphs 28 and 52 allege that Mr. Johnson and others conspired "to engage in a series of wrongful acts in prisons under the United States' control" and "to torture and otherwise mistreat Plaintiffs and Class Members."

- Paragraphs 27 and 80 allege that Mr. Johnson "directed and engaged in torture and mistreatment of Class Members" and "conducted interrogations in a manner that violated United States law and policy as well as international law."

To state a claim for conspiracy (either RICO or civil), "a plaintiff must set forth more than just conclusory allegations of an agreement," but must allege *specific facts* that *show* an agreement. *McCreary v. Heath*, No. Civ. A. 04-0623 PLF, 2005 WL 3276257, at *5 (D.D.C. Sept. 26, 2005) (dismissing complaint because it failed "to allege the existence of any events, conversations, or documents indicating that there was ever an agreement"); *see also Second Amendment Found. v. U.S. Conf. of Mayors*, 274 F.3d 521, 524 (D.C. Cir. 2001) (dismissing conspiracy claim because the bare allegation that the defendants "'conspired together' represents nothing more than a legal conclusion, which we have held 'does not constitute the prima facie showing necessary to carry the burden of establishing personal jurisdiction'") (quoting *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 787-88 (D.C. Cir. 1983)).

Plaintiffs' conclusory allegations that Mr. Johnson was part of a broad RICO conspiracy and civil conspiracy (Compl. ¶¶ 319, 329, 28, and 52) fail for a number of reasons. First, Plaintiffs never allege "the existence of any events, conversations, or documents indicating there was ever an agreement" or when and how Mr. Johnson joined in the agreement. *McCreary*, 2005 WL 3276257, at *5. Second, Plaintiffs fail to allege any facts to support their legal conclusions. Allegations that Mr. Johnson "conspired… to engage in a series of wrongful acts" and "agreed to... conduct the affairs of [a RICO] Enterprise through a pattern of racketeering

10

activity" (Compl. ¶¶ 28, 329) simply parrot the underlying law Plaintiffs allege was violated. *See Doe v. State of Israel*, 400 F. Supp. 2d 86, 119 (D.D.C. 2005) (dismissing RICO claim because the complaint's "broad and vague assertions simply recite legal conclusions and regurgitate the RICO elements without directing the Court to specific facts").

Plaintiffs' allegations that Mr. Johnson "directed and engaged in torture and mistreatment" and "conducted interrogations in a manner that violated United States law" fail on similar grounds. (Compl. ¶¶ 27, 80.) Plaintiffs do not support their broad legal conclusions that Daniel Johnson "torture[d]" or "violated United States law" by citing specific acts or any other facts. Because the Third Amended Complaint does not cite facts to support its conclusory allegations against Mr. Johnson, it should be dismissed.

### III.    Conclusion

For the foregoing reasons, as well as the reasons stated in the April 7, 2006 Memoranda submitted by Mr. Johnson's co-defendants Mr. Israel, Mr. Nakhla, Mr. Stefanowicz, Titan Corporation and CACI Corporation, this Court should dismiss the Third Amended Complaint.

Respectfully submitted,

/s/ Patrick O'Donnell_____
Patrick O'Donnell, D.C. Bar #459360
Justin Dillon, motion for admission *pro hac vice* pending
HARRIS, WILTSHIRE & GRANNIS LLP
1200 18th Street, N.W., Suite 1200
Washington, DC 20036
Phone: (202) 730-1300
Facsimile: (202) 730-1301

*Counsel for Defendant Daniel E. Johnson*

11

## **CERTIFICATE OF SERVICE**

I, Patrick O'Donnell, do hereby certify that on this 16th day of August 2006, I caused true and correct copies of Defendant Daniel E. Johnson's Motion to Dismiss the Third Amended Complaint to be served via electronic mail upon the following individuals at the addresses indicated:

| | |
|---|---|
| F. Whitten Peters<br>Ari Shlomo Zymelman<br>Williams and Connolly<br>725 12th Street, N.W.<br>Washington, DC 20005<br>wpeters@wc.com<br>azymelman@wc.com<br>*Counsel for Defendant Titan Corp.* | J. William Koegel, Jr.<br>John F. O'Connor<br>Steptoe & Johnson LLP<br>1330 Connecticut Avenue, N.W.<br>Washington, D.C. 20036<br>wkoegel@steptoe.com<br>joconnor@steptoe.com<br>*Counsel for Defendants CACI International Inc., CACI Inc-Federal, and CACI-PT* |
| Adam L. Rosman<br>Eric R. Delinsky<br>Ellen D. Marcus<br>Zuckerman Spaeder LLP<br>1800 M Street, N.W.<br>Washington, D.C. 20036<br>arosman@zuckerman.com<br>edelinsky@zuckerman.com<br>emarcus@zuckerman.com<br>*Counsel for Defendant Adel Nakhla* | Henry E. Hockeimer, Jr.<br>Ballard Spahr Andrews & Ingersoll, LLP<br>1735 Market Street, 51st Floor<br>Philadelphia, PA 19103<br>hockeimerh@ballardspahr.com<br>*Counsel for Defendant Steven A. Stefanowicz* |
| Alison L. Doyle<br>Shari L. Klevens<br>McKenna Long & Aldridge LLP<br>1900 K Street, N.W.<br>Washington, D.C. 20006-1108<br>adoyle@mckennalong.com<br>sklevens@mckennalong.com<br>*Counsel for Defendant John B. Israel* | Susan L. Burke<br>Burke Pyle LLC<br>3527 Lancaster Avenue<br>Philadelphia, PA 19104<br>sburke@burkepyle.com<br>*Counsel for Plaintiffs Saleh, et al.* |

/s/ Patrick O'Donnell
Patrick O'Donnell, D.C. Bar #459360