**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| SALEH *et al.*,<br><br>       Plaintiffs,<br>v.<br><br>TITAN CORPORATION *et al.*,<br><br>       Defendants. | )<br>)<br>)<br>)  Civil Action No. 05-1165 (JR)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR
RECONSIDERATION AND LEAVE FOR JURISDICTIONAL DISCOVERY**

Plaintiffs respectfully asked the Court to reconsider its dismissal without prejudice of the three individual defendants, Adel Nakhla, Steven Stefanowicz, and John Israel ("individual defendants"), on the basis of the Court's lack of personal jurisdiction over these defendants. Each of these defendants has opposed Plaintiffs' request for reconsideration, relying primarily on the argument that Plaintiffs' conspiracy allegations contained in the Third Amended Complaint ("TAC") are insufficiently specific. In the same breath, however, the individual defendants protest Plaintiffs' request for jurisdictional discovery designed to add additional factual support to these conspiracy allegations. The conspiracy allegations are sufficiently particular to put the individual defendants on notice of the claims against them and thus satisfy the due process requirements inherent in a personal jurisdiction analysis. This Court should either find that it has personal jurisdiction over the three individual defendants as co-conspirators under the D.C. long-arm statute or, in the alternative, grant Plaintiffs leave to take jurisdictional discovery on facts supporting the application of the long-arm statute to these three defendants.

**ARGUMENT**

**A. The Plaintiffs Invoked the Reach of the D.C. Long-Arm Statute in Seeking To Establish Jurisdiction Under the Principles of Conspiracy-Jurisdiction.**

The conspiracy allegations in the TAC suffice to establish personal jurisdiction over the three individual defendants. As noted many times in this jurisdiction, to succeed in establishing conspiracy jurisdiction, Plaintiffs must first make a *prima facie* showing of conspiracy. *E.g., Second Amendment Found. v. United States Conference of Mayors*, 274 F.3d 521, 524 (D.C. Cir. 2001). This requires allegations of (1) an agreement between two parties (2) to participate in an unlawful act, (3) injury caused by the unlawful act of one of the co-conspirators, and (4) the injury causing overt act was done pursuant to and in furtherance of a common scheme. *Id.* (citing *Halberstam v. Welch*, 705 F.2d 472, 477 (D.C.Cir. 1983)).

Here, the TAC details agreement among multiple parties to engage in unlawful torture, the torture itself, the resulting injuries and overt acts pursuant to and in furtherance of a common scheme. The TAC alleges two inter-related conspiracies: a conspiracy to commit torture and a conspiracy to cover-up torture. The elements of a *prima facie* case for conspiracy against each of the individual defendants are clearly contained within the allegations of the complaint. Paragraph 56 alleges that Defendants Nakhla and Israel agreed with other co-conspirators to engage in torture and that the corporate parties were aware of such agreements. *TAC ¶56.* Paragraphs 49 and 50 allege specific acts of torture by individual defendants Nakhla and Israel, alleging their participation in the conspiracy, specific acts resulting in injury, and linking those acts to the conspiracies detailed throughout the TAC. *TAC ¶¶ 49-50.* Paragraphs 63 and 64 allege overt acts by co-conspirators and the individual defendants taken pursuant to the common scheme. *TAC ¶¶ 63-64.* With respect to defendant Stefanowicz, paragraph 78 alleges Stefanowicz engaged in torture and directed other individuals to engage in torture, and these

individuals then did engage in torture, thus alleging the necessary agreement to establish a conspiracy. *TAC ¶78.* Paragraph 81 further alleges that defendant Stefanowicz was torturing and mistreating prisoners and had agreed with other to perform these acts in furtherance of the conspiracy. *TAC ¶81.* Paragraph 82 alleges that defendants Stefanowicz engaged in repeated violent crimes against Plaintiffs and Class Members. *TAC ¶82.* Taken together, and in consideration of the numerous other specific allegations against the corporate defendants under whose authority the individual defendants worked in Iraq, these allegations are sufficient to plead a *prima facie* case for conspiracy against each of the individual defendants.

The Plaintiffs must also allege acts connecting the defendants with the forum. *Second Amendment Found.*, 274 F.3d at 524. The TAC alleges overt acts in furtherance of the conspiracy, including meetings, telephonic discussions, in-person discussions, email discussions and other communications occurred in the District of Columbia. *TAC ¶ 98.*[1]

In contrast to these allegations, the individual defendants offer no facts contradicting such overt act and forum specific allegations. Instead, the individual defendants fault Plaintiffs for failing to assert that defendants "attended any meetings" or "participated in discussions" regarding the conspiracy, or that Plaintiffs fail to establish the "scope" of the agreement or to identify all of the co-conspirators. *See, e.g., Nakhla Opposition (Aug. 4, 2006) at 3-4; Israel Opposition (Aug. 4, 2006) at 10.* Such claims are red herrings. No case law requires that the

---

[1] The Court's suggestion that the Plaintiffs did not invoke the District of Columbia long-arm statute is contradicted by Plaintiffs' prior reliance on a conspiracy jurisdiction theory. *See* Plaintiffs' Opposition to Defendant Israel's Motion to Dismiss, at 7; Plaintiffs' Opposition to Defendant Nakhla's Motion to Dismiss, at 14; Plaintiffs' Opposition to Defendant Stefanowicz' Motion to Dismiss, at 8. As numerous courts in this circuit have recognized, "the District of Columbia long-arm statute provides for jurisdiction over persons acting directly *and* their agents, D.C. Code § 13-423(a), courts deem the defendant's co-conspirator the defendant's agent." *Youming Jin v. Ministry of State Sec.*, 335 F.Supp.2d 72, 78 (D.D.C. 2004) (citing *Jungquist v. Sheikh Sultan Bin Khalifa Al Nahyan*, 115 F.3d 1020, 1031 (D.C.Cir. 1997)).

plaintiff prove in its complaint each and every detail of the conspiracy – a conspiracy that many persons have worked diligently to hide.  If this was the requirement, conspirator jurisdiction could never be established.  The plain language of the conspiracy jurisdiction test "does not demand that a contact be specifically alleged for each non-resident defendant."  *Edmond v. United States Postal Serv. Gen. Counsel*, 949 F.2d 415, 425 (D.C. Cir. 1991).

The TAC clearly alleges that these individual defendants participated in the conspiracy and their participation in the conspiratorial agreement is evidenced by the allegations that these individuals actually performed acts of torture at issue.  See *TAC ¶¶ 49-50* (alleging specific acts of torture by individual defendants Nakhla and Israel); *TAC ¶¶81-82* (alleges that defendant Stefanowicz was torturing and mistreating prisoners).  These allegations alone, supported by specific allegations of torture and other abuse pursuant to the conspiracy by other co-defendants and other co-conspirators, "entails a significant probability" that these defendants knew of and assented to the conspiracy and its objectives.  *Id.*  Nothing more is necessary to make out a *prima facie* case of conspiracy so as to support the Court's jurisdiction over these defendants.

**B.    Plaintiffs Are Entitled to Jurisdictional Discovery.**

If this Court is not willing to exercise jurisdiction based on the conspiracy as alleged in the TAC, Plaintiffs should be granted jurisdictional discovery to establish facts supporting the jurisdictional claims.  Courts in this Circuit have liberally granted leave to plaintiffs to take jurisdictional discovery.  *See, e.g., GTE New Media Servs. Inc. v. BellSouth Corp*., 199 F.3d 1343, 1351-52 (D.C. Cir. 2000) ("This court has previously held that if a party demonstrates that it can supplement its jurisdictional allegations through discovery, then jurisdictional discovery is justified.  . . . We cannot tell whether jurisdictional discovery will assist [plaintiff] on this score, but it is entitled to pursue precisely focused discovery aimed at addressing matters relating to

personal jurisdiction."); *El-Fadl v. Cent. Bank of Jordan*, 75 F.3d 668, 676 (D.C. Cir. 1996) ("A plaintiff faced with a motion to dismiss for lack of personal jurisdiction is entitled to reasonable discovery, lest the defendant defeat the jurisdiction of a federal court by withholding information on its contacts with the forum."); *Crane v. Carr*, 814 F.2d 758, 760 (D.C. Cir. 1987) (vacating judgment based on lack of opportunity to conduct discovery on the issue of personal jurisdiction and citing numerous authorities); *Diamond Chem. Co. v. Atofina Chems., Inc.*, 268 F. Supp. 2d 1, 15 (D.D.C. 2003) (granting jurisdictional discovery for facts supporting application of the D.C. long-arm statute and noting that it is "hard to imagine a situation where a plaintiff could not demonstrate that it can supplement its jurisdictional allegations through discovery") (internal citation and quotation marks omitted);.

The individual defendants object to Plaintiffs' request by claiming that such a request is too late.  In fact, these defendants have not yet responded to any discovery and so would not be prejudiced by responding to such discovery at this early stage of the litigation.  Plaintiffs, despite having filed suit over two years ago, have yet to have access to the "broad in scope and freely permitted" discovery that is a lynch-pin of the American justice system.  *See Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 788 (D.C. Cir. 1983).  Plaintiffs had no opportunity for discovery while the case was in either the California or Virginia District Courts.  To date, Plaintiffs' opportunity to obtain discovery has been limited to the government contractor defense.  The Court has within its discretion the power to provide Plaintiffs with the discovery necessary to establish whether in fact the Court properly has jurisdiction over the individual defendants.  *Edmond,*, 949 F.2d 415.  It would be a simple and straightforward matter to permit Plaintiffs to take jurisdictional discovery during the time period provided for discovery relating to the government contractor defense.

## CONCLUSION

For the reasons cited herein, Plaintiffs respectfully request that the Court grant the motion for reconsideration and find that the conspiratorial acts alleged to have occurred in this District suffice to sustain personal jurisdiction over the individual defendants.  Alternatively, Plaintiffs seek leave to take jurisdictional discovery regarding defendants Israel, Stefanowicz, and Nakhla.


Dated: August 16, 2006                    _____/s/ Susan L. Burke_____
                                          Susan L. Burke (D.C. Bar # 414939)
                                          BURKE PYLE LLC
                                          4112 Station Street
                                          Philadelphia, PA 19127
                                          Telephone:    (215) 487-6590
                                          Facsimile:    (215) 482-0874

                                          Jennifer Green
                                          CENTER FOR CONSTITUTIONAL RIGHTS
                                          666 Broadway, 7th Floor
                                          New York, NY 10012
                                          Telephone:    (212) 614-6439
                                          Facsimile:    (212) 614-6499

                                          Shereef Hadi Akeel (admitted *pro hac vice*)
                                          AKEEL & VALENTINE, P.C.
                                          401 South Old Woodward Avenue
                                          Suite 430
                                          Birmingham, MI 48009
                                          Telephone:    (248) 594-9595
                                          Facsimile:    (248) 594-4477

                                          *Counsel for Plaintiffs and Class Plaintiffs*

## CERTIFICATE OF SERVICE

I, Jonathan H. Pyle, do hereby certify that on the 16th day of August 2006, I

caused true and correct copies of Plaintiffs' Reply In Support of Plaintiffs' Motion For

Reconsideration And Leave For Jurisdictional Discovery to be served via electronic mail,

upon the following individuals at the addressed indicated:

F. Whitten Peters
Thomas M. Craig
Williams and Connolly
725 12th Street, NW
Washington, D.C. 20005
wpeters@wc.com
*Counsel for Defendant Titan Corp.*

J. William Koegel Jr.
John F. O'Connor
Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, D.C. 20036
wkoegel@steptoe.com
*Counsel for Defendants CACI International, CACI Inc. – Federal and CACI-PT*

Ellen D. Marcus
Zuckerman Spaeder LLP
1800 M Street, NW
Washington, D.C. 20036
emarcus@zuckerman.com
*Counsel for Defendant Adel L. Nakhla*

Henry E. Hockeimer Jr.
Jessica Natali
Ballard Spahr Andrews & Ingersoll, LLP
1735 Market St, 51st Floor
Philadelphia, PA 19103
hockeimerh@ballardspahr.com
*Counsel for Defendant Steven Stefanowicz*

Alison L. Doyle
Shari L. Klevens
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, D.C. 20006-1108
adoyle@mckennalong.com
*Counsel for Defendant John B. Israel*

Jonathan H. Pyle