**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ILHAM NASSIR IBRAHIM *et al.*, ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. 04-01248 (JR) |
| ) | |
| v. ) | |
| ) | |
| THE TITAN CORPORATION *et al.*, ) | |
| ) | |
| Defendants. ) | |

| | |
|---|---|
| SALEH *et al.*, ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. 05-1165 (JR) |
| ) | |
| v. ) | |
| ) | |
| TITAN CORPORATION *et al.*, ) | |
| ) | |
| Defendants. ) | |

### *SALEH* PLAINTIFFS' MOTION FOR LEAVE TO TAKE DISCOVERY FROM THE CACI DEFENDANTS UNDER FEDERAL RULE OF CIVIL PROCEDURE 56(f)

Pursuant to Federal Rule of Civil Procedure 56(f), the *Saleh* Plaintiffs seek leave to take discovery from CACI P.T. and CACI International Inc. ("the CACI Defendants") in order to be able to oppose the CACI Defendants' motion for summary judgment filed on August 4, 2006. As set forth in further detail in the accompanying Memorandum of Points and Authorities and the Declaration of Susan L. Burke ("Burke Decl.") (Exhibit A), Plaintiffs need certain information to oppose the CACI Defendants' motion for summary judgment and are unable to obtain that information except through discovery. This motion is directed only to the CACI

Defendants because Plaintiffs and the Titan Corporation reached an agreement on the scope of discovery.  *Stipulation About Document Discovery (filed Aug. 25, 2006).*

Plaintiffs respectfully request that Court grant this motion and enter an Order directing the CACI Defendants to respond in a reasonable time period to Document Requests Nos. 1-7, which are appended to the Burke Decl.  A proposed Order is attached.


Dated: August 30, 2006                    /s/ Susan L. Burke
Susan L. Burke (D.C. Bar # 414939)
BURKE PYLE LLC
4112 Station Street
Philadelphia, PA 19127
Telephone:   (215) 487-6590
Facsimile:   (215) 482-0874

Jennifer Green
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, NY 10012
Telephone:   (212) 614-6439
Facsimile:   (212) 614-6499

Shereef Hadi Akeel (admitted *pro hac vice*)
AKEEL & VALENTINE, P.C.
401 South Old Woodward Avenue
Suite 430
Birmingham, MI 48009
Telephone:   (248) 594-9595
Facsimile:   (248) 594-4477

*Counsel for Plaintiffs and Class Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ILHAM NASSIR IBRAHIM *et al.*, ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. 04-01248 (JR) |
| ) | |
| v. ) | |
| ) | |
| THE TITAN CORPORATION *et al.*, ) | |
| ) | |
| Defendants. ) | |
| | |
| SALEH *et al.*, ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. 05-1165 (JR) |
| ) | |
| v. ) | |
| ) | |
| TITAN CORPORATION *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF
*SALEH* PLAINTIFFS' MOTION FOR LEAVE TO TAKE DISCOVERY
FROM THE CACI DEFENDANTS
UNDER FEDERAL RULE OF CIVIL PROCEDURE 56(f)**

The CACI Defendants have moved for a summary judgment holding that the torture victims should not have their claims heard because the CACI Defendants are entitled to the "government contractor defense." This Court has ruled that, in order to prevail on that defense, the CACI Defendants bear the burden of establishing that their employees were soldiers in all but name. The Court directed the parties to answer four pivotal questions to determine whether the CACI employees were soldiers in all but name: (1) What were the contractual responsibilities? (2) To whom did the contractors

report?  (3) How were the contractors supervised?  (4) What were the structures of command and control?  *Ibrahim v. Titan Corp.*, 391 F. Supp. 2d 10, 19 (D.D.C. 2005).

Plaintiffs need to obtain documents from the CACI Defendants in order to be able to establish on the record the answers to these four questions.  Although Plaintiffs have been and will continue to engage in informal fact-finding, there is no practicable way for Plaintiffs to obtain information critical to their Opposition without being provided documents from the CACI Defendants.  *See* Burke Decl. and attachment thereto (Exhibit A).  Plaintiffs have acted in a timely and diligent fashion to obtain this information and thus are entitled to obtain the essential discovery in accord with this Circuit's "generous approach" towards granting Rule 56(f) motions.  *Berkeley v. Home Ins. Co.*, 68 F.3d 1409, 1414 (D.C. Cir. 1995).

### STATEMENT OF RELEVANT PROCEDURAL HISTORY

On June 29, 2006, this Court granted in part and denied in part the CACI Defendants' motion to dismiss the *Saleh* Plaintiffs' Third Amended Complaint.  The Court held that the applicability of the so-called "government contractor defense" to Plaintiffs' tort claims was a question of fact that should be addressed on a motion for summary judgment.  The Court directed the parties to meet and confer and present a proposed schedule for further proceedings.  *June 29, 2006 Order* at 11.

Plaintiffs and Defendants engaged in a lengthy series of negotiations to determine the scope of discovery that Defendants would voluntarily agree to produce.  *Burke Decl. ¶ 3*.  To bring precision to the process, Plaintiffs set forth in Document Requests the scope of the discovery they sought and served those Requests on July 26, 2006.  *Burke Decl. ¶ 4*.  Negotiations thereafter continued and culminated in Plaintiffs and Titan

Corporation entering into a Stipulation that was filed on August 25, 2006. *Burke Decl. ¶ 6.*

Plaintiffs sought a similar resolution with the CACI Defendants, but were unable to reach agreement. *Burke Decl. ¶ 7.* In the absence of a Stipulation, Plaintiffs are seeking a Court order directing the CACI Defendants to respond to the discovery requests in the form served on July 26, 2006. These document requests are attached to the Burke Decl. (Exhibit A).

The document requests seek the information needed to oppose the CACI Defendants' motion for summary judgment:

- Request No. 1 seeks documents relating to CACI employees' contractual responsibilities.[1]

- Request No. 2 seeks documents relating to any supervision CACI exercised over its own employees.[2]

- Request No. 3 seeks documents relating to the CACI reporting structures.[3]

---

[1] Document Request No. 1 seeks: "Documents that reflect, refer or relate to the contractual responsibilities assumed by CACI employees, including, but not limited to, contracts, statements of work, delivery orders, task orders, invoices, and any other documents evidencing any contractual responsibilities assumed in response to a request from the United States."

[2] Document Request No. 2 seeks documents relating to "any supervision that CACI exercised or intended to exercise over CACI employees, including but not limited to, employee handbooks, manuals, compensation and benefit packages, codes of conduct, managerial training materials, performance reviews, warnings, terminations, disciplinary reports, reporting procedures for violation of procedures, and any documents reflecting the disciplinary structure to which employees were subject."

[3] Document Request No. 3 seeks: "Documents that reflect, refer or relate to the CACI reporting structures applicable to CACI employees, including but not limited to, formal and informal job descriptions, documents reflecting whether CACI employees had to adhere to CACI compliance and other policies, documents reflecting the managerial

- Request No. 4 seeks documents relating to CACI employees' interactions with the United States' military command and control structures.[4]

- Request No. 5 seeks documents relating to screening, training, testing or security briefing provided by either CACI or the United States.[5]

- Request No. 6 seeks documents relating to CACI employees' status as non-combatants.[6]

- Request No. 7 seeks documents produced to the government that relate to how CACI operated and managed its personnel in Iraq.[7, 8]

---

structure in Iraq, offer letters sent to employees, contracts entered into with employees, and any advertisements or other recruiting materials that address the CACI reporting structures."

[4] Document Request No. 4 seeks documents relating to "CACI employees' interactions with the United States' military command and control structures, including, but not limited to, emails and other communications with the contracting officer's representatives ('CORs'), communications with the General Accounting Office regarding CACI's interactions with the military, communications with the United States military about whether CACI employees gave orders or refused to follow orders, and memoranda or other documents sufficient to establish the facts and information obtained during CACI's internal investigation into the interaction between the military chain of command and civilian contractors."

[5] Document Request No. 5 seeks: "Documents that reflect, refer or relate to any screening, training (including military training), testing or security briefing provided to CACI employees either by the United States or CACI."

[6] Document Request No. 6 seeks: "Documents that reflect, refer or relate to preserving or jeopardizing CACI employees' status as non-combatants, including, but not limited to, recruitment materials, advertising, and communications regarding whether CACI employees could be armed."

[7] Document Request No. 7 seeks: "Documents that reflect, refer or relate to any governmental inquiries, investigations or communications about how [CACI] operated and managed its personnel in Iraq, including but not limited to, documents that were produced in response to subpoenas or other requests from the United States military, the Department of Justice, General Accounting Office or Congress."

[8] Plaintiffs initially sought communications between CACI and Titan about their employees' contractual responsibilities in Iraq, but both companies have represented that no such documents exist. Plaintiffs therefore withdrew Request No. 8.

- 4 -

These Document Requests are narrowly tailored to elicit the facts needed to oppose the CACI Defendants' motion for summary judgment, which argues that the United States military, not the CACI Defendants, supervised and controlled the CACI employees.

## ARGUMENT

Plaintiffs are confronting a motion for summary judgment that, if granted, would eliminate their right to seek redress for being tortured by CACI employees. Under these circumstances, Plaintiffs are entitled to obtain from the CACI Defendants the documents that contradict the CACI Defendants' allegation that they had no obligation to, and did not, supervise their employees in Iraq. *Statement Of Material Undisputed Facts In Support Of The Motion For Summary Judgment Of Defendants CACI International Inc. And CACI Premier Technology, Inc. (Aug. 4, 2004) ¶¶ 5, 12, 20).*

### I. THIS CIRCUIT PERMITS PARTIES TO OBTAIN THE DISCOVERY THEY NEED TO OPPOSE MOTIONS FOR SUMMARY JUDGMENT.

This Court's Order in *Ibrahim* provides guidance to the parties on the parameters applicable to litigating the government contractor defense. The Court stated:

> More information is need on what exactly defendants' employees were doing in Iraq. What were their contractual responsibilities? To whom did they report? How were they supervised? What were the structures of command and control? If the were indeed soldiers in all but name, the government contractor defense will succeed, but the burden is on defendants to that they are entitled to preemption.

*Ibrahim v. Titan Corp.*, 391 F. Supp. 2d 10, 19 (D.D.C. 2005).

Plaintiffs crafted discovery that tracks these questions. That is, the discovery is limited to documents relating to CACI employees' contractual responsibilities (Request No. 1); any supervision CACI exercised over its own employees (Request No. 2); CACI

- 5 -

reporting structures (Request No. 3); CACI employees' interactions with the United States' military command and control structures (Request No. 4); screening, training, testing or security briefing provided by either CACI or the United States (Request No. 5); CACI employees' status as non-combatants (Request No. 6) and documents already produced to the government that relate to how CACI operated and managed its personnel in Iraq (Request No. 7). These Document Requests are narrowly tailored to elicit the facts needed to oppose the CACI Defendants' motion for summary judgment. They do not stray from the central issues outlined by the Court.

It is black letter law in this Circuit that a party is entitled to the discovery he or she needs to oppose a motion for summary judgment. Indeed, the Court of Appeals for the D.C. Circuit has noted the "usual generous approach toward granting Rule 56(f) motions" where the moving party has acted diligently and in a timely manner in requesting the discovery. *Berkeley v. Home Ins. Co*., 68 F.3d 1409, 1414 (D.C. Cir. 1995). *See also Loughlin v. United States*, 230 F. Supp. 2d 26, 51 (D.D.C. 2002) ("This Circuit has noted that courts should follow a generous approach toward granting Rule 56(f) motions."); *Hudert v. Alion Science & Tech. Corp*., 429 F. Supp. 2d 99, 109 (D.D.C. 2006) ("Consistent with Rule 56(f), the District of Columbia Circuit has stated that courts should normally provide for 'a reasonable opportunity to complete discovery before grappling with a summary judgment motion . . . .'") (quoting *Martin v. Malhoyt*, 830 F.2d 237, 256 (D.C. Cir. 1987)); *Khan v. Parsons Global Services, Ltd*., 428 F.3d 1079, 1087 (D.C. Cir. 2005) ("The court has long recognized that a party opposing summary judgment needs a 'reasonable opportunity' to complete discovery before

responding to a summary judgment motion and that 'insufficient time or opportunity to engage in discovery' is cause to defer decision on the motion.").

As is the case with the majority of issues relating to discovery, the scope of discovery allowed under Rule 56(f) is within the District Court's discretion. *Hudert*, 429 F. Supp. 2d at 109. Here, there is no dispute about whether the plaintiffs have acted diligently and in a timely fashion. Plaintiffs and the CACI Defendants have been engaged in good faith negotiations over the appropriate scope of the discovery since the issuance of the Court's June 29, 2006, Order. *Burke Decl. ¶¶ 3, 7.* Unfortunately, although both parties made substantial concessions from their original positions, those discussions did not culminate in agreement. *Burke Decl. ¶ 7.* Plaintiffs therefore seek a Court order directing the CACI Defendants to respond to the discovery as initially drafted. There is no valid reason not to grant Plaintiffs the limited discovery they seek.

## II. PLAINTIFFS' DOCUMENT REQUESTS ARE NOT BURDENSOME BECAUSE THEY SEEK DOCUMENTS THAT HAVE ALREADY BEEN COLLECTED.

Indeed, these Document Requests do not impose a substantial burden on the CACI Defendants because they have already compiled and produced most, if not all, of the requested documents in (a) other litigation, (b) a Government Accountability Office investigation and (c) an internal investigation whose results are going to be disseminated to the public.

### *(a) The Rhodes Litigation*

The CACI Defendants unsuccessfully sued a radio station and talk show host (Randi Rhodes) for defamation when the host commented on CACI employees' complicity in the torture of the Abu Ghraib prisoners. *CACI Premier Technology, Inc. et*

*al. v. Rhodes et al.* (E.D. Va. 1:05-cv-01111-GBL-TCB). CACI sought $11 million for defamation, but lost the litigation on summary judgment. A substantial number of documents were produced, but have all been made subject to a protective order and thus are unavailable to Plaintiffs. Given that the CACI Defendants, by virtue of bringing their own lawsuit, have already collected and produced in litigation the emails and other documents relating to events in Iraq, it imposes hardly any additional burden on the CACI Defendants to produce a subset of those documents to Plaintiffs.

### *(b) Government Accountability Office Investigation*

The CACI Defendants also have had to produce relevant material to the Government Accountability Office ("GAO"), which undertook an inquiry into the implementation of the contractual relationship between the United States and the CACI Defendants. This, of course, is the very relationship at issue in this phase of the litigation. Plaintiffs' Document Request No. 7 expressly seeks documents that relate to any governmental inquiries, investigations or communications about how CACI operated and managed its personnel in Iraq, including documents that were produced in response to subpoenas or other requests from the United States military, the Department of Justice, GAO or Congress.

The GAO's report squarely contradicts the CACI Defendants' claim that the United States military supervised its personnel. *Statement Of Material Undisputed Facts In Support Of The Motion For Summary Judgment Of Defendants CACI International Inc. And CACI Premier Technology, Inc. (Aug. 4, 2004) ¶ 20*. The GAO found that the military and government officials did not exercise sufficient oversight and control over the CACI contractors. *Interagency Contracting: Problems with DOD and Interior's*

*Orders To Support Military Operations ("GAO Report")* at 12, attached as Exhibit B ("***Interior officials, including the contracting officer who placed the orders for DOD, had no explanation for why contractor surveillance policies were not followed***. Moreover, the contracting officer had little to no communication with the CORs in Iraq and did ***not follow up to obtain monthly reports from them on the contractor's performance***.") (emphasis added).[9] Given that the GAO's findings so directly contradict what the CACI Defendants claim to be the facts in their Statement of Material Facts, it is important and relevant for the Plaintiffs to be able to obtain the CACI documents produced to the GAO. Given that the CACI Defendants already compiled and produced those documents to the GAO, it imposes hardly any additional burden on the CACI Defendants to produce those documents to Plaintiffs.

*(c) Internal Investigation*

CACI International Inc., a publicly-traded company, announced to the media and to the Securities and Exchange Commission that it was going to conduct and publicize an internal investigation into its employees' roles in the events in Iraq. *See*, *e.g.*, *8-K (May 27, 2004)* at 8 ("We've all been horrified and enraged by the brutal acts of American contractors as well . . . . At CACI we are investigating these accusations diligently.") (Exhibit C); *8-K (May 5, 2004)* at 4 ("CACI . . . has retained outside counsel to investigate actions of company employees in connection with the allegations reported in

---

[9] The GAO also found that the CACI Defendants did not have valid contracts with the United States because 10 out of the 11 Task Orders issued to CACI P.T. for work in Iraq were outside the scope of the underlying GSA contract. *GAO Report* at 7 (Exhibit B).

- 9 -

the media.") (Exhibit D); *8-K (Aug. 12, 2004)* (CACI pledged to inform the public of the results of its internal investigation and any actions taken) (Exhibit E).[10]

One of the topics of the internal investigation was inquiry into "[c]hain of command: military – civilian contractors." *See Transcript of Daniel J. Porvaznik Deposition* at 321-25 *and Deposition Exhibit No. 9* (Excerpt of Transcript and Porvaznik Ex. 9 attached hereto as Exhibit F). In short, CACI conducted an internal investigation into the very topic at issue in this phase of the litigation – the relationship between its employees and the military chain of command. *See*, *e.g.*, *Statement Of Material Undisputed Facts In Support Of The Motion For Summary Judgment Of Defendants CACI International Inc. And CACI Premier Technology, Inc. (Aug. 4, 2004) ¶¶ 21, 23, 10)* (alleging that the military brigade commander was "in charge" of the CACI interrogators and that the CACI interrogators were under the "control and supervision" of the Army's Officer in Charge of the Interrogation Control Element). Plaintiffs' Document Request No. 4 therefore seeks "memoranda or other documents sufficient to establish the facts and information obtained during CACI's internal investigation into the interaction between the military chain of command and the civilian contractors."

Given that CACI International Inc, a publicly-traded company, has been citing to its intent to publicize the internal investigation as a means of allaying the investing public's fears about CACI's complicity in the abuse, the CACI Defendants cannot now claim that investigation is actually protected work product or attorney-client communications. *See In re United Mine Workers of Am. Employee Benefit Plans Litig.*,

---

[10] To the best of plaintiffs' knowledge, CACI International Inc. has not yet released its investigation results to the public, but presumably intends to abide by the promises made by CACI Chief Executive Officer J.P. London to do so. *See Transcript of Daniel J. Porvaznik Deposition (Aug. 16, 2006)* at 332-34 (Exhibit F).

159 F.R.D. 307, 310 (D.D.C. 1994) (disclosure of a document protected by the work-product privilege typically acts as a waiver); *Wichita Land & Cattle Co. v. Am. Fed. Bank*, 148 F.R.D. 456, 457 (D.D.C. 1992) ("Disclosure of otherwise-privileged materials, even where the disclosure was inadvertent, serves as a waiver of the privilege."); *Bowles v. Nat'l Ass'n of Home Builders*, 224 F.R.D. 246, 259 (D.D.C. 2004) (disclosure waives protection for not only the document actually disclosed, but also for documents relating to the same subject matter); *United States v. American Tel. & Tel. Co.*, 86 F.R.D. 603, 612-13 (D.D.C. 1979) (finding that a party seeking to assert the attorney-client privilege must show that that communication was "intended to be confidential.").

The fact that the CACI Defendants used attorneys to assist with the fact-gathering does not convert an avowedly public investigation done to benefit shareholders into confidential and protected legal advice. *See generally Upjohn Co. v. United States*, 449 U.S. 383 (1981) (limiting attorney-client privilege to legal advice). *See also Nesse v. Pittman*, 206 F.R.D. 325, 328 (D.D.C. 2002) ("This Circuit . . . more narrowly defines the attorney-client privilege to protect from disclosure the communications made by the client to the attorney for the purpose of seeking legal advice. *Tax Analysts v. Internal Revenue Service*, 117 F.3d 607, 617 (D.C. Cir. 1997).") (quoting *Evans v. Atwood*, 177 F.R.D. 1 (D.D.C. 1997)).

Plaintiffs have no interest in the thoughts and impressions of CACI attorneys' impressions of the facts and evidence, which presumably are already set forth in CACI's motion for summary judgment. *Motion For Summary Judgment Of Defendants CACI International Inc. and CACI Premier Technology, Inc. (Aug. 4, 2004).* Rather, Plaintiffs seek the facts themselves – namely, the documents and memoranda that set forth the facts

found during the internal investigation about the relationship between the military chain of command and civilian contractors.  Again, seeking these documents does not burden the CACI Defendants because they have already collected them for purposes of their internal investigation.

## CONCLUSION

For the reasons set forth above and in the attached Declaration, the *Saleh* Plaintiffs respectfully request that the Court order the CACI Defendants to produce the documents requested by Plaintiffs' Document Requests Nos. 1-7.  A proposed Order is attached.

Dated: August 30, 2006                    /s/ Susan L. Burke
                                                    Susan L. Burke (D.C. Bar # 414939)
BURKE PYLE LLC
4112 Station Street
Philadelphia, PA 19127
Telephone:    (215) 487-6590
Facsimile:     (215) 482-0874

Jennifer Green
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, NY 10012
Telephone:    (212) 614-6439
Facsimile:     (212) 614-6499

Shereef Hadi Akeel (admitted *pro hac vice*)
AKEEL & VALENTINE, P.C.
401 South Old Woodward Avenue
Suite 430
Birmingham, MI 48009
Telephone:    (248) 594-9595
Facsimile:     (248) 594-4477

*Counsel for Plaintiffs and Class Plaintiffs*

## CERTIFICATE OF SERVICE

I, Jonathan H. Pyle, do hereby certify that on the 30th day of August 2006, I caused true and correct copies of *Saleh* Plaintiffs' Motion For Leave To Take Discovery From The CACI Defendants Under Federal Rule Of Civil Procedure 56(f) to be served via electronic mail, upon the following individuals at the addressed indicated:

F. Whitten Peters
Thomas M. Craig
Williams & Connolly LLP
725 12th Street, NW
Washington, D.C. 20005
wpeters@wc.com
*Counsel for Defendant Titan Corp.*

J. William Koegel Jr.
John F. O'Connor
Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, D.C. 20036
wkoegel@steptoe.com
*Counsel for Defendants CACI International, CACI Inc. – Federal and CACI-PT*

L. Palmer Foret
The Law Firm of L. Palmer Foret, P.C.
1735 20th Street, NW
Washington, D.C. 20009
lpforet@foretlaw.com
*Counsel for Ibrahim Plaintiffs*

Craig T. Jones
Edmond & Jones, LLP
127 Peachtree Street, NE
Suite 410
Atlanta, GA 30303
cjones@edmondfirm.com
*Counsel for Ibrahim Plaintiffs*

Patrick P. O'Donnell
Justin Dillon
Harris, Wiltshire & Grannis LLP
1200 18th St. NW
12th Floor
Washington, DC 20036
podonnell@harriswiltshire.com
*Counsel for Defendant Daniel Johnson*

By regular mail:

Timothy Dugan
3696 Summit Road, SW
Pataskala, OH 43062
*Proceeding Pro Se*

/s/ Jonathan H. Pyle
Jonathan H. Pyle