**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ILHAM NASSIR IBRAHIM *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> THE TITAN CORPORATION *et al.*, ) <br> ) <br> Defendants. ) | Civil Action No. 04-01248 (JR) |
| SALEH *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> TITAN CORPORATION *et al.*, ) <br> ) <br> Defendants. ) | Civil Action No. 05-1165 (JR) |

**[PROPOSED] ORDER**

AND NOW, this _____ day of _____, 2006, upon consideration of *Saleh* Plaintiffs' Motion For Leave To Take Discovery From the CACI Defendants Under Federal Rule of Civil Procedure 56(f), and any response thereto, it is hereby ORDERED that CACI P.T. and CACI International Inc. shall produce documents that reflect, refer or relate to:

    1.    the contractual responsibilities assumed by CACI employees, including, but not limited to, contracts, statements of work, delivery orders, task orders, invoices, and any other documents evidencing any

        contractual responsibilities assumed in response to a request from the United States;

2. the supervision that CACI exercised or intended to exercise over CACI employees, including but not limited to, employee handbooks, manuals, compensation and benefit packages, codes of conduct, managerial training materials, performance reviews, warnings, terminations, disciplinary reports, reporting procedures for violation of procedures, and any documents reflecting the disciplinary structure to which employees were subject;

3. CACI reporting structures applicable to CACI employees, including but not limited to, formal and informal job descriptions, documents reflecting whether CACI employees had to adhere to CACI compliance and other policies, documents reflecting the managerial structure in Iraq, offer letters sent to employees, contracts entered into with employees, and any advertisements or other recruiting materials that address the CACI reporting structures;

4. CACI employees' interactions with the United States' military command and control structures, including, but not limited to, emails and other communications with the contracting officer's representatives ('CORs'), communications with the Government Accountability Office regarding CACI's interactions with the military, communications with the United States military about whether CACI employees gave orders or reused to follow orders, and memoranda or other documents

sufficient to establish the facts and information obtained during CACI's internal investigation into the interaction between the military chain of command and civilian contractors;

5. any screening, training (including military training), testing or security briefing provided to CACI employees either by the United States or CACI;

6. preserving or jeopardizing CACI employees' status as non-combatants, including, but not limited to, recruitment materials, advertising, and communications regarding whether CACI employees could be armed; and

7. any governmental inquiries, investigations or communications about how CACI operated and managed its personnel in Iraq, including but not limited to, documents that were produced in response to subpoenas or other requests from the United States military, the Department of Justice, Government Accountability Office or Congress.

_____
JAMES ROBERTSON
UNITED STATES DISTRICT COURT JUDGE