**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ILHAM NASSIR IBRAHIM *et al.*, ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. 04-01248 (JR) |
| ) | |
| v. ) | |
| ) | |
| THE TITAN CORPORATION *et al.*, ) | |
| ) | |
| Defendants. ) | |

| | |
|---|---|
| SALEH *et al.*, ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. 05-1165 (JR) |
| v. ) | |
| ) | |
| TITAN CORPORATION *et al.*, ) | |
| ) | |
| Defendants. ) | |

**DECLARATION OF SUSAN L. BURKE**

I, Susan L. Burke, hereby declare the following under penalty of perjury:

1. I am a member in good standing of the District of Columbia Bar. I am lead counsel for the *Saleh* Plaintiffs in the above-captioned matter.

2. We are submitting this Declaration pursuant to Fed. R. Civ. P. 56(f) and in support of *Saleh* Plaintiffs' motion for leave to take discovery of defendants CACI P.T. and CACI International Inc.

3. We are working closely with the counsel in the related *Ibrahim* litigation to determine the extent of discovery necessary to oppose the defendants' motions for summary judgment. We convened a meeting on July 13, 2006 of all counsel (*Ibrahim*

counsel and defense counsel) to understand the extent of discovery that had been agreed to and conducted prior to this Court's entry of the June 29, 2006 Order in the *Saleh* litigation. It appeared from that meeting that the parties had differing understandings of the scope of the discovery required to be produced under the existing *Ibrahim* stipulation.

    4. Rather than try to resolve varying views of what had been agreed to in the past, we worked together with *Ibrahim* counsel to determine the universe of information needed from defendants in order to oppose the motions for summary judgment. We served on July 26, 2006, documents requests that set forth in writing what documents were necessary to oppose the factual averments set forth in the defendants' motions for summary judgment.

    5. We thereafter reached agreement with both the CACI Defendants and Titan Corporation on the number of depositions to be permitted as well as on a process by which we would resolve our differences about the scope of the document requests. This agreement is memorialized in the Proposed Schedule For Further Proceedings filed on July 31, 2006.

    6. Thereafter, on August 25, 2006, we reached an agreement with Titan Corporation under which we agreed to refrain from pressing certain document requests in exchange for Titan voluntarily and promptly agreeing to produce documents relating to (a) supervision of employees in Iraq, (b) communications with the contracting officers, and (c) carrying of weapons (an element of the non-combatant status). We also agreed to negotiate in good faith going forward if we discovered through the deposition process that we needed certain additional documents to oppose the motions for summary

judgment. This agreement is set forth in the Stipulation filed with the Court on August 25, 2006.

7. We were unable to reach a similar agreement with the CACI Defendants, although the parties worked hard to resolve the differences through several lengthy, cordial and professional discussions.

8. We therefore seek the Court's intervention. We narrowly crafted discovery requests to seek documents from the CACI Defendants that speak to the Court's questions. Based on what we have learned from our investigative efforts to date, we believe: (a) CACI employees had narrow responsibilities circumscribed by contract terms and could not be ordered to do tasks outside the terms of the CACI contracts; (b) CACI employees reported to CACI middle management, not to the military; (c) CACI, not the military, supervised (or should have supervised) the CACI employees; and (d) the military chain of command and control had to work through contracting officers, rather than directly with the CACI employees. But in order to establish these facts on the record, we need access to the CACI Defendants' documents.

9. Plaintiffs' requests are not burdensome. Indeed, the CACI Defendants have already collected and compiled the majority of documents relating to their employees in Iraq because (a) they unsuccessfully sued a radio station and talk show host who discussed the CACI employees' role in the torture and abuse; (b) they were required to turn over much of this information to the Government Accountability Office and other government agencies who were looking at the very issues being examined by this Court; and (c) they collected the documents for an internal investigation into the relationship between the military chain of command and civilian contractors.

      10. We have no alternative means of obtaining the documents we seek.


Date:  August 30, 2006                             _____/s/ Susan L. Burke_____
                                                                                      Susan L. Burke

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SALEH *et al.*, <br><br> Plaintiffs, <br> v. <br><br> TITAN CORPORATION *et al.*, <br><br> Defendants. | ) <br> ) <br> ) <br> ) Civil Action No. 05-1165 (JR) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## PLAINTIFFS' REQUEST TO CACI P.T. AND CACI INTL. INC. FOR PRODUCTION OF DOCUMENTS RELATING TO THE GOVERNMENT CONTRACTOR DEFENSE

Pursuant to the Court Order dated June 29, 2006, Plaintiffs hereby request that Defendant CACI P.T. and CACI Intl. Inc. produce the following documents in addition to those documents required to be produced by the April 27, 2006, Order in the related *Ibrahim* matter.

### DEFINITIONS AND INSTRUCTIONS

1. "Document(s)" is used in the broadest possible sense and means without limitation, any electronically-stored, written, printed, typed, photostated, photographed, recorded or otherwise reproduced or stored communication or representation, whether comprised of letters, words, numbers, data, pictures, sounds or symbols, or any combination thereof. Without limiting the generality of the foregoing, "document" includes, but is not limited to, email correspondence, instant messages, photographs, phonograph recordings, films, tapes, disks, data cells, information stored or maintained by electronic means, and data compilations from which information can be obtained.

2. The term "Defendant" or "CACI" refers to Defendant CACI International Inc. or Defendant CACI P.T. (hereafter "CACI"), its officers, directors, affiliates, employees, representatives and agents (whether actual, apparent or otherwise).

3. "Communication" and "communications" are used in a comprehensive sense, and shall mean and include every conceivable manner or means of disclosure, transfer or exchange of oral or written information (in the form of facts, ideas, inquiries or otherwise) between one or more persons or entities including, but not limited to, writings, documents, inter- or intra-office memoranda, correspondence, meetings, conferences, conversations, and/or agreements, whether face-to-face, by telephone, by mail, by telecopier, by telex, by computer or otherwise.

4. "Employee" refers to any person located in Iraq who performed any service or received any remuneration from CACI regardless of whether the relationship rises to the legal status of an employment relationship.

5. If CACI objects to producing any document based on claims of privilege or work product, identify the documents by producing a privilege log setting forth sufficient information to assess the validity of the claim.

6. If CACI has responsive documents, but those documents are classified and cannot be produced without permission from the United States, CACI shall provide Plaintiffs with sufficiently detailed description of said documents to permit Plaintiff to decide whether to request permission for production from the United States. CACI shall not request the documents from the United States.

7. All documents shall be produced in the file folder, envelope or other container in which the documents are kept or maintained by you. If, for any reason, the container cannot be produced, produce copies of all labels or other identifying marks. To the extent possible, documents shall be produced in such fashion as to identify the department, branch or office in whose possession it was located and, where applicable, the natural person in whose possession it was found and the business address of each document's custodian(s). Documents attached to each other should not be separated.

## REQUESTS FOR DOCUMENTS RELATING
## TO WHETHER CACI EMPLOYEES WERE ESSENTIALLY SOLDIERS

### DOCUMENT REQUEST NO. 1

Documents that reflect, refer or relate to the contractual responsibilities assumed by CACI employees, including, but not limited to, contracts, statements of work, delivery orders, task orders, invoices, and any other documents evidencing any contractual responsibilities assumed in response to a request from the United States.

### DOCUMENT REQUEST NO. 2

Documents that reflect, refer or relate to any supervision CACI exercised or intended to exercise over CACI employees, including but not limited to, employee handbooks, manuals, compensation and benefit packages, codes of conduct, managerial training manuals, performance reviews, warnings, terminations, disciplinary reports, reporting procedures for violation of procedures, and any documents reflecting the disciplinary structure to which employees were subject.

### DOCUMENT REQUEST NO. 3

Documents that reflect, refer or relate to the CACI reporting structures applicable to CACI employees, including but not limited to, formal and informal job descriptions, documents reflecting whether CACI employees had to adhere to CACI compliance and other policies, documents reflecting the managerial structure in Iraq, offer letters sent to employees, contracts entered into with employees, and any advertisements or other recruiting materials that address the CACI reporting structures.

## DOCUMENT REQUEST NO. 4

Documents that reflect, refer or relate to CACI employees' interactions with the United States' military command and control structures, including, but not limited to, emails and other communications with the contracting officer's representatives ("CORs"), communications with the General Accounting Office regarding CACI's interactions with the military, communications with the United States military about whether CACI employees gave orders or refused to follow orders, and memoranda or other documents sufficient to establish the facts and information obtained during CACI's internal investigation into the interaction between the military chain of command and civilian contractors.

## DOCUMENT REQUEST NO. 5

Documents that reflect, refer or relate to any screening, training (including military training), testing or security briefing provided to CACI employees by either the United States or CACI.

## DOCUMENT REQUEST NO. 6

Documents that reflect, refer or relate to preserving or jeopardizing CACI employees' status as non-combatants, including, but not limited to, recruitment materials, advertising, and communications regarding whether CACI employees could be armed.

## DOCUMENT REQUEST NO. 7

Documents that reflect, refer or relate to any governmental inquiries, investigations or communications about how Titan operated and managed its personnel in Iraq, including, but not limited to, documents that were produced in response to subpoenas or other requests from the United States military, the Department of Justice, General Accounting Office or Congress.

## DOCUMENT REQUEST NO. 8

Documents that reflect, refer or relate to communications among or between the defendants about their employees' contractual responsibilities in Iraq.

Dated: July 26, 2006

*Susan L. Burke* (signature)

Susan L. Burke (D.C. Bar # 414939)
BURKE PYLE LLC
4112 Station Street
Philadelphia, PA 19127
Telephone:   (215) 487-6596
Facsimile:    (215) 482-0874

Jennifer Green
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, NY 10012
Telephone:   (212) 614-6439
Facsimile:    (212) 614-6499

Shereef Hadi Akeel (admitted *pro hac vice*)
AKEEL & VALENTINE, P.C.
401 South Old Woodward Avenue
Suite 430
Birmingham, MI 48009
Telephone:   (248) 594-9595
Facsimile:    (248) 594-4477

*Counsel for Plaintiffs and Class Plaintiffs*