IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SALEH, *et al.*, <br><br> Plaintiffs <br><br> v. <br><br> TITAN CORP., *et al.*, <br><br> Defendants. | Case Action No. 05-CV-1165 (JR) |

### REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT DANIEL E. JOHNSON'S MOTION TO DISMISS THE THIRD AMENDED COMPLAINT

Plaintiffs' response to Daniel E. Johnson's motion to dismiss shows, if nothing else, that they are resourceful: when one argument is rejected by this Court, they will try a new tact to see if, eventually, they can get where they want to go.  In Plaintiffs' response to the other individual defendants' respective motions to dismiss, Plaintiffs argued that Judge Hilton had already found this Court to have personal jurisdiction over the individual defendants and that that finding was law of the case.  *See, e.g.*, Plaintiffs' Opposition to Defendant Steven A. Stefanowicz'[s] Motion to Dismiss the Third Amended Complaint at 6 (May 8, 2006).  This Court summarily and rightly rejected that argument in its Memorandum Order of June 29, 2006.

Plaintiffs now abandon their law of the case argument in favor of a cruder but equally unavailing path: their opposition parrots the Complaint's maddeningly vague allegations about the defendant along with the inflammatory horrors alleged to be committed by *others*, asks the court to credit allegations *not* made in the pleadings, restates the basic principles of tort and conspiracy law, and then  simply declares – with no real effort to link the facts and the law – that

Daniel Johnson has purposefully availed himself of the protection of District of Columbia law. Anticipating the failure of these arguments, Plaintiffs fall back to asking this Court for leave to conduct a jurisdictional-discovery fishing expedition against Mr. Johnson. But Plaintiffs' new path ends up at the same dead end as their old one, and the Court should not hesitate to grant Mr. Johnson's motion to dismiss.

### I. Plaintiffs Have Plainly Failed to Prove that this Court May Exercise Personal Jurisdiction over Mr. Johnson

Plaintiffs' Memorandum in Opposition boldly begins its jurisdictional journey by claiming that Mr. Johnson "fails to acknowledge the critical fact that the Third Amendment Complaint ("TAC") alleges (and evidence on the public record supports) that Defendant Johnson participated in a conspiracy formed and furthered in this District." Plaintiffs' Opposition to Defendant Daniel E. Johnson's Motion to Dismiss the Third Amended Complaint at 9 (September 6, 2006) (hereinafter "Pl. Mem. Opp."). [1] This allegation—which the TAC does indeed put forth—can hardly be called a "critical fact" in light of Circuit precedent, which requires more than such conclusory allegations of conspiracy to maintain personal jurisdiction.

#### A. Plaintiffs' Bare Allegations of Conspiracy Cannot Sustain Personal Jurisdiction over Mr. Johnson

Under the conspiracy doctrine of long-arm jurisdiction, "acts undertaken within the forum by one co-conspirator in furtherance of an alleged conspiracy may subject a non-resident co-conspirator to personal jurisdiction under the long-arm statute." *Jung v. Ass'n of Am. Med. Colls.*, 300 F. Supp. 2d 119, 140 (D.D.C. 2004). To establish conspiracy jurisdiction, a plaintiff must make "a prima facie showing of (1) a conspiracy (2) in which the defendant participated

---

[1] Presumably in light of this Court's previous rejection of Plaintiffs' RICO claims against Mr. Johnson's co-defendants, Mem. Order at 6-7, Plaintiffs do not now assert that RICO

and (3) a co-conspirator's overt act within the forum, subject to the long-arm statute and in furtherance of the conspiracy." *Youming Jin v. Ministry of State Security*, 335 F. Supp. 2d 72, 78-79 (D.D.C. 2004) (citation omitted).[2]  It is not enough for a plaintiff to simply incant the word "conspiracy" to establish personal jurisdiction over a defendant; more is required. *See First Chicago Int'l v. United Exchange Co.*, 836 F.2d 1375, 1378-79 (D.C. 1988) ("It is settled a plaintiff must allege *specific acts connecting [the] defendant with the forum*, and that the bare allegation of conspiracy or agency is insufficient to establish personal jurisdiction.") (internal quotation marks and citations omitted) (alteration in original) (emphasis added).  Despite their protestations to the contrary, Pl. Mem. Opp. at 10, and their inflammatory recitation of abuses alleged to have occurred some 8000 miles away, Plaintiffs have alleged *no* specific acts connecting Mr. Johnson *or any other defendant* to the District of Columbia.  Indeed, they mention the District of Columbia only once in their entire 331-paragraph TAC.  See TAC ¶ 98. That paragraph reads, in its entirety:

> Certain government officials and senior management in Defendant Titan and defendants CACI Intl., CACI-Federal and CACI-PT had relationships that assisted in the formation and implementation of the Torture Conspiracy.  These relationships were formed and fostered by meetings, telephonic discussions, in-person discussions, email discussions and other communications that occurred in, among other places, Arizona, California, Virginia and the District of Columbia.

---

provides a basis for jurisdiction over Mr. Johnson and instead rely solely on the District of Columbia's long-arm statute.  *See* Pl. Mem. Opp. at 9.

[2] Plaintiffs' suggestion that *Youming Jin* is "on all fours" with the instant case is wishful thinking.  Pl. Mem. Opp. at 10.  In *Youming Jin*, the plaintiffs alleged specific acts that had taken place in the District of Columbia.  The allegations included "'approximately 25 Chinese individuals emerging from the [PRC] embassy' in 1999 to attack a Falun Gong member and 'Chinese individuals' or 'individuals hired by the PRC embassy' taking photographs of various plaintiffs in 2000 and 2002." *Youming Jin,* 335 F. Supp. 2d at 83.  In the instant case, by contrast, Plaintiffs have failed to allege that any such specific acts occurred in the District.  The TAC is wholly devoid of any allegation that, for example, any defendant made a phone call, held a meeting, or committed *any* specific act in furtherance of the alleged conspiracy in the District.

TAC ¶ 98.

Despite all the ink that has been spilled in briefing the personal-jurisdiction issues of this case, the Court will search in vain for some explanation of what role the District of Columbia is alleged to have played in the conspiracy Plaintiffs have pled. The "formed and fostered" allegation in ¶98 contains not a single date, time or place that these alleged "meetings" and "discussions" occurred, who participated, what was said in these "discussions" or "communications," or how these "relationships" were "formed and fostered." Such a broad, fact-free, nearly meaningless allegation cannot reasonably be read to meet the standard of "*unusually particularized pleading*" that this Circuit's cases require for conspiracy jurisdiction. *Edmond v. U.S. Postal Serv. Gen. Counsel*, 949 F.2d 415, 428 (D.C. Cir.1991) (Silberman, J., concurring in part and dissenting in part) (emphasis in original). Any connection between the defendants and the District is thus purely speculative, and courts in this Circuit have repeatedly held that the "bald speculation" of conspiracy is not enough to establish personal jurisdiction. *See Jungquist v. Sheikh Sultan Bin Khalifa Al Nahyan*, 115 F.3d 1020, 1031 (D.C. Cir. 1997) (holding that "bald speculation or a conclusionary statement that individuals are co-conspirators is insufficient to establish personal jurisdiction under a conspiracy theory") (internal quotation marks and citation omitted); *Hasenfus v. Corp. Air Servs.*, 700 F. Supp. 58, 62 (D.D.C. 1988) ("Bald speculations that defendants are alleged co-conspirators do not constitute the threshold showing necessary to carry the burden of establishing personal jurisdiction…. Here, plaintiffs only superficially allude to a conspiracy and fail to allege that any overt, tortious act occurred in the District."). This Court should reject Plaintiffs' attempt to obtain personal jurisdiction over Mr. Johnson through conspiracy allegations that so plainly fall short of the level of specificity that this Circuit requires.

### B.     Due Process Considerations Preclude this Court from Exercising Personal Jurisdiction over Mr. Johnson

Even had Plaintiffs alleged sufficient facts to justify a finding of personal jurisdiction based on conspiracy, their attempt to have this Court exercise personal jurisdiction over Mr. Johnson would still fail for due process reasons.  Proving conspiracy with some District of Columbia nexus alone is not enough; a plaintiff must also prove that a defendant *purposefully availed* himself of the jurisdiction.  *See Youming Jin*, 335 F. Supp. 2d at 80 ("[J]urisdiction based on the three traditional elements of conspiracy jurisdiction alone violates due process.  Personal jurisdiction, even if based on conspiracy, requires purposeful availment.").  The Plaintitffs' parallel recitation of general factual allegations and general legal principles, with no analysis connecting the two, fails utterly to suggest that Mr. Johnson purposefully availed himself of the benefits and protections of the District of Columbia in any way.

Plaintiffs pay lip service to the due-process requirement of personal jurisdiction by suggesting that Mr. Johnson "has purposefully availed himself of this District" in the following manner: "By entering into an employment agreement with CACI to work on a contract for the U.S. Army in Iraq, Defendant Johnson created a connection to the nation's capital such that he could reasonably anticipate being brought into court here."  Pl. Mem. Opp. at 11.  Plaintiffs fail to explain how Mr. Johnson's decision to enter into an employment contract with a *Virginia* company (CACI PT) to work in a *foreign country* (Iraq) created the kind of connection that should have made him expect to get haled into court in the *District of Columbia*.  Although we are left to guess at Plaintiffs' theory regarding how these facts could possibly satisfy the legal standards governing purposeful availment, the invocation of the U.S. Army may signal the idea that anyone dealing with this venerable institution of the federal government purposefully avails himself of the capital city for any claim involving the Army.  Unfortunately for plaintiffs (though

5

fortunately for the local court system and the actual Washingtonians who use it), such efforts to use federal connections expansively in order to turn the District into a national judicial forum have repeatedly been rejected.

In the District Court's most recent adherence to this long-standing principle, it explained:

> a defendant does not subject itself to the jurisdiction of the courts of the District by being in contact with federal governmental agencies and officials. *Naartex Consulting Corp. v. Watt,* 722 F.2d 779, 787 (D.C.Cir.1983). This is so due to the unique character of the District as the seat of the federal government and persons need unfettered access to federal agencies and officials. *Cellutech,* 871 F.Supp. at 50. *See also Environmental Research Int'l,* 355 A.2d at 813 ("to permit our local courts to assert personal jurisdiction over nonresidents whose sole contact with the District consists of dealing with a federal instrumentality not only would pose a threat to free public participation in government, but also would threaten to convert the District of Columbia into a national judicial forum.").

*Gibbons & Co. Inc. v. Roskamp Inst.*, 2006 WL 2506646, slip op. at * 2 (D.D.C., Aug. 28, 2006) (Sullivan, J.).[3]

---

[3] Plaintiffs ask this Court for leave to take jurisdictional discovery. Pl. Mem. Opp. at 11-12. This Court should reject that invitation. Jurisdictional discovery "is intended to supplement, not substitute for, initial jurisdictional allegations. A plaintiff must, at minimum, *allege some facts* upon which jurisdiction could be found after discovery is completed." *Doe v. State of Israel*, 400 F. Supp. 2d 86, 121-22 (D.D.C. 2005) (emphasis added) (citations omitted). As noted above, Plaintiffs have wholly failed to allege any such facts; there is not even a hint in either their TAC or their Memorandum in Opposition to suggest that jurisdictional discovery would uncover facts that could establish personal jurisdiction over Mr. Johnson. "Jurisdictional discovery might have been appropriate had plaintiffs shown that the… defendants interacted with the District of Columbia in some way, but were unable to conclusively establish personal jurisdiction. However, plaintiffs have made no such showing." *Id.* at 122 (citation omitted). In keeping with jurisdictional practice, Mr. Johnson provides the attached Declaration detailing his complete lack of contacts with the District – other than a classic school-age visit with his parents. *See Bancoult v. McNamara,* 214 F.R.D. 5, 9 (D.D.C. 2003) (noting ability to consider affidavits for 12(b)(2) motion). Under Plaintiffs' own vague "formed and fostered" allegations in ¶98, "senior management" of the corporate defendants, not Mr. Johnson, engaged in some unspecified communications and discussions in the District. TAC at ¶98. Under the circumstances, an order allowing jurisdictional discovery would amount to little more than a fishing license that is highly likely to be abused.

In short, there is simply no evidence (or even a credible allegation) suggesting that Mr. Johnson has "'purposefully availed' [himself] of the benefits or protections of District of Columbia law, or that [he has] entangled [himself] with the District of Columbia in a way that makes it foreseeable that [he] could be haled into court here." *Doe v. State of Israel*, 400 F. Supp. 2d 86, 121 (D.D.C. 2005) (citations omitted). Forcing Mr. Johnson to come to the District to defend himself based on these essentially nonexistent contacts with this city would clearly violate "traditional notions of fair play and substantial justice," *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945), and by extension the Due Process Clause.

## II.     Plaintiffs' Conclusory Allegations of Common-Law Tort and Conspiracy Fail to State a Claim Upon Which Relief May Be Granted

Plaintiffs attempt to resist dismissal for failure to state a claim by doing little more than realleging all of the torts in their TAC and citing cases stating the legal standards for those torts. Pl. Mem. Opp. at 3-9 (citing cases dealing with conspiracy, civil assault, battery, intentional infliction of emotional distress, and aiding and abetting). What Plaintiffs have wholly failed to do is either allege specific torts committed by Mr. Johnson or allege facts sufficient to show that Mr. Johnson entered into a conspiracy with his co-defendants and thus should be liable for all of their torts. This Court should thus reject Plaintiffs' arguments and grant Mr. Johnson's motion to dismiss for failure to state a claim upon which relief can be granted.

Plaintiffs begin by arguing that "Defendant Johnson admits, as he must, that the TAC alleges that he *personally* 'directed and engaged in torture and mistreatment' and 'conducted interrogations in a manner that violated United States law.'" Pl. Mem. Opp. at 4 (quoting Motion to Dismiss at 11) (emphasis in original). The TAC does indeed allege that. As Mr. Johnson pointed out in his opening Motion, however, that allegation is not specific enough to survive a motion to dismiss. In determining whether a complaint suffices to state a claim, a court

7

may "accept neither 'inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint,' nor 'legal conclusions cast in the form of factual allegations.'" *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002) (quoting *Kowal v. MCI Comms. Corp.*, 16 F.3d 1271, 1275 (D.C. Cir. 1994)). Plaintiffs fail to point to a single paragraph in the TAC alleging that Mr. Johnson committed any specific act. There is no allegation that he tortured or otherwise mistreated any particular prisoner, or that he entered into an agreement with any particular defendant. The numerous paragraphs in the TAC that do allege details of mistreatment of various Plaintiffs *do not contain a single reference to Mr. Johnson*. Pl. Mem. Opp. at 7-8. Thus, the TAC's allegation that he "directed and engaged in torture and mistreatment" and "conducted interrogations in a manner that violated United States law," TAC ¶¶ 27, 80, merely recasts the law that Mr. Johnson is accused of violating as a factual assertion—precisely the kind of substitution of legal conclusions for fact pleading that the *Browning* Court rejected.[4]

To the extent that Plaintiffs attempt to tie Mr. Johnson to the alleged wrongful acts through conspiracy liability, that attempt also fails for the simple reason that Plaintiffs have not pled the existence of such a conspiracy with the requisite specificity. "A plaintiff must set forth *more than just conclusory allegations of an agreement* to sustain a claim of conspiracy against a motion to dismiss." *Brady v. Livingood*, 360 F. Supp. 2d 94, 104 (D.D.C. 2004) (emphasis

---

[4] Perhaps realizing that the TAC is completely devoid of *specific* allegations against Mr. Johnson, Plaintiffs now cite to allegations of the so-called Fay Report as evidence, despite the fact that it is not part of the TAC. Pl. Mem. Opp. at 5-6. In contrast to the practice of allowing supplemental affidavits when considering a 12(b)(2) motion, it is hornbook law that "[w]hen considering a motion to dismiss under Rule 12(b)(6), the Court generally may not look outside the facts contained within the four corners of the complaint unless it treats the motion to dismiss as a motion for summary judgment." *Bannum, Inc. v. Citizens for a Safe Ward Five, Inc.*, 383 F. Supp. 2d 32, 39 (D.D.C. 2005) (citations omitted). This Court should reject Plaintiffs' back-door attempt to rely upon another set of hotly disputed allegations that are not before this Court. Mr. Johnson will not, therefore, reply in detail to the scurrilous new allegations made against him, other than to note that he disputes them.

8

added); *see also Estate of Phillips v. District of Columbia*, 257 F. Supp. 2d 69, 83 (D.D.C.2003) ("While plaintiffs maintain that the defendants acted 'in concert' to place them in circumstances in which they were likely to be injured, they fail to specify how the defendants conspired or what actions they took in furtherance of their plan."). As noted above in Section I, the TAC contains not a single allegation regarding the manner in which any of the defendants conspired, much less an allegation regarding any specific agreement to which Mr. Johnson was a party. Because Plaintiffs have not properly pled their conspiracy allegation, they do not state a claim against Mr. Johnson for any of the wrongful acts alleged in the TAC. As a result, this Court should dismiss Plaintiffs' complaint for failure to state a claim upon which relief can be granted.

### III.    Conclusion

For the foregoing reasons, as well as the reasons stated in the April 7, 2006 Memoranda submitted by Mr. Johnson's co-defendants Mr. Israel, Mr. Nakhla, Mr. Stefanowicz, Titan Corporation and CACI Corporation, this Court should dismiss the Third Amended Complaint.

Dated: September 18, 2006

Respectfully submitted,

/s/ Patrick O'Donnell
Patrick O'Donnell, D.C. Bar #459360
Justin Dillon, *pro hac vice* pending
HARRIS, WILTSHIRE & GRANNIS LLP
1200 18th Street, N.W., Suite 1200
Washington, DC 20036
Phone: (202) 730-1300
Facsimile: (202) 730-1301

*Counsel for Defendant Daniel E. Johnson*

## CERTIFICATE OF SERVICE

I, Patrick O'Donnell, do hereby certify that on this 18th day of September 2006, I caused true and correct copies of Defendant Daniel E. Johnson's Motion to Dismiss the Third Amended Complaint to be served via electronic mail upon the following individuals at the addresses indicated:

F. Whitten Peters
Ari Shlomo Zymelman
Frank Gregory Bowman
Williams and Connolly
725 12th Street, N.W.
Washington, DC 20005
wpeters@wc.com
azymelman@wc.com
*Counsel for Defendant Titan Corp.*

Eric R. Delinsky
Ellen D. Marcus
Zuckerman Spaeder LLP
1800 M Street, N.W.
Washington, D.C. 20036
arosman@zuckerman.com
edelinsky@zuckerman.com
emarcus@zuckerman.com
*Counsel for Defendant Adel Nakhla*

Alison L. Doyle
Shari L. Klevens
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C. 20006-1108
adoyle@mckennalong.com
sklevens@mckennalong.com
*Counsel for Defendant John B. Israel*

J. William Koegel, Jr.
John F. O'Connor
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
wkoegel@steptoe.com
joconnor@steptoe.com
*Counsel for Defendants CACI International Inc., CACI Inc-Federal, and CACI-PT*

Henry E. Hockeimer, Jr.
Ballard Spahr Andrews & Ingersoll, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
hockeimerh@ballardspahr.com
*Counsel for Defendant Steven A. Stefanowicz*

Susan L. Burke
Jonathan H. Pyle
Shereef Akeel
Burke Pyle LLC
3527 Lancaster Avenue
Philadelphia, PA 19104
sburke@burkepyle.com
*Counsel for Plaintiffs Saleh, et al.*

Michael Nussbaum
Bonner Kiernan Trebach & Crociata, LLP
1233 20th Street, N.W., 8th Floor
Washington, D.C. 20036
*Counsel for Defendant Timothy Dugan*

/s/ Patrick O'Donnell
Patrick O'Donnell, D.C. Bar #459360