IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SALEH *et al.*, | ) |
| Plaintiffs, | ) Civil Action No. 05-1165 (JR) |
| v. | ) |
| TITAN CORPORATION *et al.*, | ) |
| Defendants. | ) |

## *SALEH* PLAINTIFFS' REPLY TO CACI'S
## OPPOSITION TO RULE 56 DISCOVERY

The *Saleh* Plaintiffs seek a narrow and focused set of documents from CACI's files in order to be able to obtain the contemporaneously-created business records that contradict and undermine CACI's "statement of material facts" filed in support of its motion for summary judgment. There are substantial reasons to believe CACI is withholding documents that directly contradict CACI's version of the "facts" alleged in the motion for summary judgment.

*First*, on September 21, 2006, a federal court judge in the Eastern District of Virginia ruled on the record evidence developed through depositions and discovery in *CACI Premier Technology Inc. et al. v. Rhodes et al.* that "[t]here is evidence that CACI, in fact, contributed to this confusion [in the chain of command] by acting in a supervisory and managerial capacity, giving order to United States military personnel, and, at times, taking orders from military personnel." September 21, 2006 Order, *CACI Premier Technology Inc. et al. v. Rhodes et al.*, C.A. No. 1::05cv1111 (E.D. Va.) at 29, attached as Exhibit A. The underlying evidence upon which the Court reached this conclusion is clearly relevant here. Plaintiffs are not able to obtain directly the documents and

deposition transcripts in this matter because CACI has placed all of the materials under the scope of the protective order controlling that case.

*Second*, a former CACI interrogator, Torin Nelson, has directly contradicted the "facts" alleged by CACI. *See Declaration of Torin Nelson, attached as Exhibit B.*[1]

*Third*, CACI site manager Daniel Porvaznik testified during his deposition as to facts in a manner that directly contradicts CACI's alleged "facts." Some of these contradictions are set forth in the attached Opposition To CACI's Motion For Protective Order, which is attached as Exhibit C.[2]

For these reasons, Plaintiffs have a good faith belief that the documents contemporaneously created by CACI will not necessarily support the "facts" alleged in support of the motion for summary judgment. Although depositions are obviously critical as well, Plaintiffs are entitled to review CACI documents to test and challenge the veracity of the CACI "facts."

Although CACI goes on at length in its 19-page Opposition about why the *Saleh* Plaintiffs should be forced to get the information from other methods, CACI does not – and cannot – establish that the requested discovery actually imposes any burden on the company. CACI has already compiled the requested materials for the *Rhodes* litigation

---

[1] CACI suggests that the *Saleh* counsel acted impermissibly by conducting placing Mr. Nelson under oath for purposes of an interview. In fact, given that CACI has repeatedly threatened the *Saleh* counsel with sanctions (although never in fact seeking them), *Saleh* counsel deemed it prudent to obtain an under-oath declaration from Mr. Nelson before he deployed to a war zone.
[2] Exhibit C is a redacted version of the Opposition that is being filed publicly. Plaintiffs are moving to file the unredacted version of the Opposition under seal because of material CACI has designated confidential.

and for the government investigations. CACI simply does not want to have to turn over this material to *Saleh* counsel.[3]

This unwillingness to turn over materials, nothing more, is the reason the *Saleh* plaintiffs were forced to seek Court intervention in a discovery issue that should have been resolved by agreement between counsel. As is demonstrated by the agreement reached with Defendant Titan, *Saleh* counsel is willing to reduce the administrative burdens associated with the government contractor defense discovery. *Saleh* counsel was willing to stipulate to discovery from CACI on terms almost identical in scope to those applying to Titan.[4] But CACI refused to agree to those terms, seeking instead to limit the document production by date, including a cut-off.

On that issue, *Saleh* counsel explained that it was very likely that they would be moving to modify which clients would be serving as class counsel either before or after the ruling on the government contractor defense because, as is to be expected, some of the existing class representative torture victims are suffering from such serious depression that they may not be able to withstand the rigors of litigation. As *Saleh* counsel shared with CACI counsel, *Saleh* counsel are working with physicians to determine which torture victims are strong enough physically and mentally to serve as a class representative during depositions and trial. For that reason, *Saleh* counsel was not

---

[3] With respect to CACI's internal investigation, CACI has not borne the burden of proving that the precise materials sought (namely, any compilations of facts that do not include attorney work product) are privileged. An investigation is not privileged merely because it is conducted by counsel.

[4] The only difference was email searches. CACI counsel John O'Connor represented CACI would not need to conduct an expensive and difficult email search (such as that encountered by Titan) because the universe of emails in CACI's control had already been collected for the *Rhodes* litigation and government investigations. Thus, CACI did not need the limitation on email searches.

willing to base the cut-off time for documents on existing class representatives, but rather asked CACI to agree to either (1) agreeing not to oppose a motion to substitute class representatives based the fact that the Court's ruling on the government contractor defense applied only to existing class representatives or (2) selecting May 2005 as the cut-off date for document production. That date represents the latest date of release of the 160 torture victims who have engaged *Saleh* counsel. CACI was unwilling to agree to either approach.

Now, having been forced to seek Court intervention in a discovery issue that should have been resolved by consensus, *Saleh* Plaintiffs seek the discovery set forth in the Document Requests appended to the motion. This discovery tracks the Court's Order and is needed to prove that CACI's allegations of "fact" are not consistent with the reality of CACI employees' actual interactions with the military at Abu Ghraib and other CACI interrogation shops.

Dated: October 2, 2006             /s/ Susan L. Burke
                                   Susan L. Burke (D.C. Bar # 414939)
                                   BURKE PYLE LLC
                                   4112 Station Street
                                   Philadelphia, PA 19127
                                   Telephone:  (215) 487-6590
                                   Facsimile:  (215) 482-0874

                                   Jennifer Green
                                   CENTER FOR CONSTITUTIONAL RIGHTS
                                   666 Broadway, 7th Floor
                                   New York, NY 10012
                                   Telephone:  (212) 614-6439
                                   Facsimile:  (212) 614-6499

                                   Shereef Hadi Akeel (admitted *pro hac vice*)
                                   AKEEL & VALENTINE, P.C.
                                   401 South Old Woodward Avenue

Suite 430
Birmingham, MI 48009
Telephone: (248) 594-9595
Facsimile: (248) 594-4477

*Counsel for Plaintiffs and Class Plaintiffs*

## CERTIFICATE OF SERVICE

I, Anne K. Heidel, do hereby certify that on the 2nd day of October, 2006, I caused true and correct copies of the foregoing Reply To CACI's Opposition Rule 56 Discovery to be served via electronic mail upon the following individuals at the addressed indicated:

F. Whitten Peters
Thomas M. Craig
WILLIAMS & CONNOLLY LLP
725 12th Street, NW
Washington, D.C. 20005
wpeters@wc.com
*Counsel for Defendant Titan Corp.*

J. William Koegel Jr.
John F. O'Connor
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, D.C. 20036
wkoegel@steptoe.com
*Counsel for Defendants CACI International, and CACI-PT*

Patrick O'Donnell
Justin Dillon
HARRIS, WILTSHIRE & GRANNIS, LLP
1200 18th Street, NW
Suite 1200
Washington, D.C. 20036
podonnell@harriswiltshire.com
*Counsel for Defendant Daniel E. Johnson*

Michael Nussbaum
Jocelyn Leyretana
BONNER KIERNAN TREBACH & CROCIATA, LLP
1233 20th Street, NW
8th Floor
Washington, D.C. 20036
mnussbaum@bktc.net
*Counsel for Defendant Timothy Dugan*

_____
Anne K. Heidel