IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SALEH, *et al.*,

    Plaintiffs,

v.                                                                Civil Action No. 05-1165 (JR)

TITAN CORPORATION, *et al.*,

    Defendants.

**DEFENDANT TIMOTHY DUGAN'S MOTION
TO DISMISS THE THIRD AMENDED COMPLAINT**

Defendant Timothy Dugan respectfully moves to dismiss Plaintiffs' Third Amended Complaint for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) and for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). This Motion is supported by an accompanying Memorandum of Law and Proposed Order. To the extent the Motion is made pursuant to Rule 12(b)(2), it is supported by the accompanying Declaration of Timothy Dugan.

    Respectfully submitted,

    */s/ Michael Nussbaum*
    Michael Nussbaum (DC Bar No. 9464)
    Special Counsel
    Jocelyn Leyretana (DC Bar No. 479341
    Bonner Kiernan Trebach & Crociata, LLP
    1233 20th Street, NW, 8th Floor
    Washington, DC 20036
    Tel (202) 712-7000
    Fax (202) 712-7100
    mnussbaum@bktc.net
    jleyretana@bktc.net

Dated: October 14, 2006        *Counsel for Defendant Timothy Dugan*

## CERTIFICATE OF SERVICE

  I hereby certify that true copies of the foregoing Defendant Timothy Dugan's Motion to Dismiss the Third Amended Complaint together with Memorandum of Law, Declaration of Timothy Dugan, and Proposed Order were, this 14th day of October 2006, served upon counsel for the parties by electronic mail as follows:

Susan L. Burke
Burke Pyle, LLC
4112 Station Street
Philadelphia, PA 19127
sburke@burkepyle.com
*Counsel for Plaintiffs and Class Plaintiffs*

F. Whitten Peters
Williams & Connolly, LLP
725 12th Street, NW
Washington, DC 20005
wpeters@wc.com
*Counsel for Defendant Titan Corp.*

J. William Koegel, Jr.
Steptoe & Johnson, LLP
1130 Connecticut Avenue, NW
Washington, DC 20036
wkoegel@steptoe.com
*Counsel for Defendants CACI International,
CACI Inc. – Federal and CACI-PT*

Patrick P. O'Donnell
Harris, Wiltshire & Grannis, LLP
1200 18th Street, NW, 12th Floor
Washington, DC 20036
podonnell@harriswiltshire.com
*Counsel for Defendant Daniel Johnson*

_____
Jocelyn Leyretana

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SALEH, *et al.*, | : |
| Plaintiffs, | : |
| v. | : Civil Action No. 05-1165 (JR) |
| TITAN CORPORATION, *et al.*, | : |
| Defendants. | : |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT TIMOTHY DUGAN'S MOTION
TO DISMISS THE THIRD AMENDED COMPLAINT**

In a Memorandum Order dated June 29, 2006 ("June 29 Order"), this Court, among other things, dismissed the Third Amended Complaint as against individual Defendants Stefanowicz, Israel, and Nakhla for lack of personal jurisdiction (S*ee* June 29 Order, 9). Because Mr. Dugan's time to file a responsive pleading had not yet expired, the Court noted the June 29 Order was inapplicable to him (June 29 Order, 2 n.2). For the reasons stated in that Order and in this Memorandum, the Court should now dismiss the Third Amended Complaint ("Complaint") as against Mr. Dugan pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction[1]. In the alternative, the absence of any specificity in the allegations against Mr. Dugan warrants dismissal pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

---

[1] We note in this connection that Plaintiffs on July 13, 2006 moved for Reconsideration of the jurisdictional dismissals against the individual defendants and alternatively for Leave to take jurisdictional discovery; the Motion is fully briefed. On August 16, 2006, newly added Defendant Daniel E. Johnson moved to dismiss the Complaint for lack of personal jurisdiction and alternatively for failure to state a claim; that Motion is also fully briefed.

## BACKGROUND

Mr. Dugan is a long time resident of Ohio (October 12, 2006 Declaration of Timothy Dugan ¶¶ 3, 6 annexed hereto as Exhibit A) ("Dec.").[2] In 2003, Mr. Dugan responded to a website posting by CACI Premier Technology ("CACI-PT") that resulted in his employment. He traveled from Ohio to Fort Bliss, Texas for processing and then on to Iraq (Dec. ¶ 6). He served as an interrogator of detainees in Iraq for eight months when he voluntarily terminated his CACI-PT employment and returned to Ohio. (Complaint ¶ 26; Dec. ¶ 6). Mr. Dugan has never had any personal contacts with the District of Columbia, except for a one day visit here in 1986 while he was in Virginia on his honeymoon (Dec ¶¶ 4-5). The Complaint nowhere alleges any personal contacts by Mr. Dugan with the District of Columbia.

The briefs filed by Plaintiffs in support of their July 13, 2006 Motion for Reconsideration of the jurisdictional dismissals against the individual defendants and alternatively for Leave to Take Jurisdictional Discovery as well as Plaintiffs' brief in opposition to the pending Motion to Dismiss filed by Defendant Johnson on August 16, 2006 make clear that Plaintiffs have no evidence whatsoever regarding the personal contacts of the three already dismissed individual defendants and Mr. Johnson with the District just as they have no evidence of personal contacts of Mr. Dugan with the District. Plaintiffs' briefs make equally clear that they now rely upon their common law conspiracy allegations to establish personal jurisdiction over the individual defendants.[3]

It is right that conspiracy allegations may form the basis for personal jurisdiction pursuant to the District of Columbia long-arm statute. *Jung v. Ass'n of Am. Med. Colls.*, 300 F.

---

[2] The Court may consider Declarations on a Rule 12(b)(2) motion. *Arista Records, Inc. v. Sakfield Holding Co. S.L.*, 314 F. Supp. 2d 27, 30 (D.D.C. 2004); *Bancoult v. McNamara*, 214 F.R.D. 5, 9 (D.D.C. 2003).

[3] The Court's June 29 Order dismissed Plaintiffs' federal claims and left intact only certain common law tort claims.

2

Supp. 2d 119, 140 (D.D.C. 2004); *Youming Jin v. Ministry of State Security,* 335 F. Supp. 2d 72, 78-79 (D.D.C. 2004). But as we show below, the common law conspiracy allegations in Plaintiffs' Complaint fall far short of establishing personal jurisdiction over Mr. Dugan in the District of Columbia.

## ARGUMENT

### I. The Court Lacks Personal Jurisdiction over Mr. Dugan.

#### A. Personal Contacts with the District.

A plaintiff has the burden of establishing a *prima facie* case that personal jurisdiction exists. *Second Amendment Found. v. United States Conf. of Mayors,* 274 F.3d 521, 524 (D.C. Cir. 2001); *Robinson v. Ashcroft,* 357 F. Supp. 2d 146, 148 (D.D.C. 2004). The only allegation linking Mr. Dugan to any jurisdiction within the United States or elsewhere appears at ¶ 26 of the Complaint which alleges that Mr. Dugan is a resident of Ohio who worked for CACI-PT in Iraq. In light of the absence of any allegation of personal contacts of Mr. Dugan with the District of Columbia and Mr. Dugan's annexed Declaration showing that he has never had any such contacts, Plaintiffs have no good faith basis in fact or in law to assert personal jurisdiction over Mr. Dugan based on personal contacts with the District of Columbia. For this reason, we respectfully submit that it is unnecessary to brief personal contacts jurisdiction under the D.C. long-arm statute and therefore turn directly to Plaintiffs' theory that the common law conspiracy allegations support personal jurisdiction over Mr. Dugan.

#### B. Common Law Conspiracy Jurisdiction.

To establish common law conspiracy jurisdiction over a non-resident defendant, a plaintiff must first make a "*prima facie* showing of (1) a conspiracy (2) in which the defendant participated and (3) a co-conspirator's overt act within the forum, subject to the long-arm statute

3

and in furtherance of the conspiracy." *Youming Jin v. Ministry of State Security,* 335 F. Supp. 2d 72, 78-80 (D.D.C. 2004) (citation omitted). A plaintiff is required to show these three elements with "particularity" and "specific facts." *Second Amendment Foundation v. United States Conference of Mayors,* 274 F.3d 521, 524 (D.C. Cir. 2001); *Junquist v. Sheikh Sultan Bin Khalifa Al Nahyan,* 115 F.3d 1020 (D.C. Cir. 1997); *Wiggins v. Equifax, Inc.,* 853 F. Supp. 500 (D.D.C. 1994).

To satisfy due process requirements, a plaintiff must additionally show some act by which the defendant purposefully availed himself of the privilege of conducting activities within the forum so that the defendant should reasonably anticipate being haled into court there. *See Youming Jin v. Ministry of State Security,* 335 F. Supp. 2d 72, 78 (D.D.C. 2004) (citations omitted).

The Complaint specifically identifies Mr. Dugan in nine of the 331 paragraphs: ¶¶ 24, 26, 28, 52, 79, 81, 82, 319, 329. Only four of these paragraphs – ¶¶ 28 52, 319, and 329 – allege conspiracy. Two of those paragraphs – ¶¶ 319 and 329 – no longer form part of this case because they are contained in the RICO counts dismissed by this Court in the June 29 Order.

The two common law conspiracy paragraphs – ¶¶ 28 and 52 – fail to plead conspiracy with requisite particularity or specificity to establish conspiracy jurisdiction over Mr. Dugan. Paragraph 28 merely alleges that all corporate and individual defendants "conspired with each other and other persons…to engage in a series of wrongful acts…" These allegations are conclusory and therefore do not satisfy Plaintiffs' obligation to make a *prima facie* showing of conspiracy with particularity and specificity. *Brady v. Livengood,* 360 F. Supp. 2d 94, 104 (D.D.C. 2004); *Graves v. United States,* 961 F. Supp. 314, 321 (D.D.C. 1997). The conspiracy

4

allegation therefore fails to meet Plaintiffs' obligation to make a *prima facie* showing of personal jurisdiction over Mr. Dugan.

Paragraph 52 alleges that Defendant Titan employees and CACI employees, including Mr. Dugan, "conspired…to torture and otherwise mistreat Plaintiffs…" These conclusory allegations fare no better than the conclusory allegations in paragraph 28. *Second Amendment Found. v. U.S. Conf. of Mayors,* 274 F.3d 521, 524 (D.C. Cir. 2001).

Even if the Complaint had alleged conspiracy with the required particularity and specificity, Plaintiffs do not properly plead personal jurisdiction over Mr. Dugan because the Complaint fails to tie the alleged conspiracy to any overt act in the District of Columbia. The Complaint mentions the District of Columbia only once. Paragraph 98 alleges that:

> Certain government officials and senior management in Defendant Titan and defendants CACI Intl., CACI-Federal and CACI-PT had relationships that assisted in the formation and implementation of the Torture Conspiracy. These relationships were formed and fostered by meetings, telephonic discussions, in-person discussions, email discussions and other communications that occurred in, among other places, Arizona, California, Virginia and the District of Columbia.

Plaintiffs fail to allege the subject matter of any alleged meetings or discussions, when they occurred, the identity of the participants, and whether the meetings or discussions were in furtherance of the alleged conspiracy. Significantly, ¶ 98 does not allege that Mr. Dugan participated in any of the alleged events, and he in fact did not assuming the events indeed occurred (Dec. ¶¶ 7-8). In sum, Plaintiffs allege no specific overt act in the District of Columbia by a co-conspirator in furtherance of the conspiracy. This failure is fatal to Plaintiffs' theory of conspiracy jurisdiction over Mr. Dugan.

Finally, even if the Complaint's allegations were sufficient to satisfy Plaintiffs' burden of showing conspiracy jurisdiction under the D.C. long-arm statute, the exercise of personal

5

jurisdiction over Mr. Dugan would violate due process. The Complaint fails to allege that Mr. Dugan had any "knowledge, control, approval, or discretion" with respect to anything alleged in ¶ 98. *Youming Jin v. Ministry of State Security,* 335 F. Supp. 2d 72, 83 (D.D.C. 2004). To satisfy due process, Plaintiffs must show that Mr. Dugan "purposefully availed" himself "of the privilege of conducting activities within the [District of Columbia], thus invoking the benefits and protections of its laws." *Id* at 78. They have not.

II.   **The Complaint Fails to State a Claim.**

A motion to dismiss for failure to state a claim under Rule 12(b)(6) will be granted only if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). The complaint will be construed in the light most favorable to the plaintiff, and the plaintiff will have "the benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Communications Corp.,* 16 F.3d 1271, 1276 (D.C. Cir. 1994) (citations omitted). On the other hand, a court may accept "neither 'inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint,' nor 'legal conclusions cast in the form of factual allegations.'" *Browning v. Clinton,* 292 F.3d 235, 242 (D.C. Cir. 2002) (quoting *Kowal,* 16 F.3d at 1275).[4]

Plaintiffs' allegations against Mr. Dugan are either unsupported by the facts set forth in the Complaint or are simply legal conclusions cast in the form of factual allegations. They are insufficient to survive a Rule 12(b)(6) motion.

Of the nine paragraphs identifying Mr. Dugan, two – ¶¶ 24 and 82 – contain no substantive allegations against him. Two other paragraphs – ¶¶ 319 and 329 – are, as already

---

[4] This formulation is taken from this Court's opinion in *Ibrahim v. Titan Corp.,* 391 F.Supp 2d 10, 13 (D.D.C. 2005) as the legal standard to be applied in considering a Rule 12(b)(6) motion.

6

noted, no longer part of the Complaint because of the dismissal of the RICO counts in this Court's June 29 Order. Paragraph 26 alleges that Mr. Dugan "directed and engaged in the torture and mistreatment of Class Members and, upon information and belief, one or more of the Plaintiffs." This boilerplate allegation is in all respects identical to the allegations against already dismissed Defendant Stefanowicz in ¶ 25 and Defendant Johnson in ¶ 26. The common law conspiracy paragraphs simply allege that Mr. Dugan conspired to "engage in a series of wrongful acts" (¶ 28) and conspired "to torture and otherwise mistreat Plaintiffs and Class Members" (¶ 52). In similar fashion, ¶ 79 alleges that Mr. Dugan "tortured and otherwise mistreated Plaintiffs and Class Members..." and that he conducted interrogations "in a manner that violated the United States law and policy as well as international law." (These boilerplate allegations are identical to the allegations made against already dismissed Defendant Stefanowicz in ¶ 78 and Defendant Johnson in ¶ 80.)

The foregoing allegations do not satisfy the pleading standards set by this Court in *Ibrahim*. Plaintiffs plead no facts, only conclusions. As one court has aptly noted, a bare allegation of being "tortured with physical violence" does not survive a Rule 12(b)(6) motion. *Aldana v. Del Monte Fresh Produce N.A., Inc.,* 416 F.3d 1242, 1253 (11th Cir. 2005) (dismissing physical torture claim based on allegation that plaintiffs were "tortured with physical violence"). The conclusory allegations in the Complaint fail to give Mr. Dugan the notice he is entitled to under Fed. R. Civ. P. 8 as to the basic facts underlying Plaintiffs' conclusory claims. *See Galbreath v. Dudas,* No 04-2222 (JR), 2006 WL 156701, at *3 (D.D.C. Jan. 20, 2006).

Plaintiffs do make one allegation particular to Mr. Dugan that is not boilerplate. Paragraph 79 of the Complaint alleges that he "threatened death to one or more of those who were unwilling to participate in the conspiracy…" Paragraph 81, targeting only the CACI

defendants, refers to, albeit somewhat inconsistently, the ¶ 79 allegation. Paragraph 81 asserts that CACI knew or should have known that Mr. Dugan had "threatened death to a person who was unwilling to participate in the conspiracy..." Whether the alleged threat was made to "one or more persons" as ¶ 79 alleges or only to "a person" as ¶ 81 alleges, no individual against whom the threat was allegedly made is anywhere identified. Plaintiffs allege no facts and provide no particulars whatsoever. Plaintiffs do not even allege in ¶¶ 79 and 81 that any threat was made to any Plaintiff or Class Member, only to a third party.

## CONCLUSION

For the foregoing reasons and such reasons as appear in Defendant Daniel E. Johnson's filings in support of his August 16, 2006 Motion to Dismiss, Mr. Dugan respectfully requests the Court to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(2) on the grounds that the Court has no jurisdiction over him. Alternatively, Mr. Dugan requests the Court to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim against him as to which relief can be granted.

Respectfully submitted,

*/s/ Michael Nussbaum*
Michael Nussbaum (DC Bar No. 9464)
Special Counsel
Jocelyn Leyretana (DC Bar No. 479341
Bonner Kiernan Trebach & Crociata, LLP
1233 20th Street, NW, 8th Floor
Washington, DC 20036
Tel (202) 712-7000
Fax (202) 712-7100
mnussbaum@bktc.net
jleyretana@bktc.net

Dated: October 14, 2006        ***Counsel for Defendant Timothy Dugan***

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SALEH, *et al.*,

    Plaintiffs,

v.

TITAN CORPORATION, *et al.*,

    Defendants.

Civil Action No. 05-CV-1165 (JR)

### DECLARATION OF TIMOTHY DUGAN

Pursuant to 28 USC § 1746, Timothy Dugan hereby states as follows:

1. I make this Declaration in support of my Motion to Dismiss the Third Amended Complaint and have personal knowledge of the facts set forth.

2. I was first added as a defendant in Plaintiff's Third Amended Complaint filed on March 22, 2006. (The complaint misspells my last name.)

3. I was born, educated in, and have been a lifetime resident of the State of Ohio, even when stationed elsewhere during my service in the military. I currently reside at 3696 Summit Road, SW, Pataskala, Ohio, 43062.

4. I have had no personal contacts with the District of Columbia. I have never lived, worked, owned or rented property, maintained a bank account, transacted any business, voted, or held a driver's license in the District of Columbia.

5. My only visit to the District of Columbia consisted of a day trip in 1986 while I was staying in Virginia for 4 nights for my honeymoon.

EXHIBIT A
PAGE 1 OF 2

6. I was hired by CACI in August 2003 as the result of an online inquiry I made in response to a CACI posting on www.intelligencecareers.com. Three months later I went from Ohio to Fort Bliss in Texas for one week of processing. From Texas I traveled to Iraq where I worked for eight months whereupon I voluntarily left CACI's employ and returned to Ohio.

7. I note that paragraph 98 of the Third Amended Complaint alleges that:

> Certain government officials and senior management in Defendant Titan and defendants CACI Intl., CACI-Federal and CACI-PT had relationships that assisted in the formation and implementation of the Torture Conspiracy. These relationships were formed and fostered by meetings, telephonic discussions, in-person discussions, email discussions and other communications that occurred in, among other places, Arizona, California, Virginia and the District of Columbia.

8. I did not participate in any meetings, telephonic discussions, in-person discussions, email discussions or other communications with any CACI management or with any government officials in the District of Columbia. I have no idea if there were any such meetings or communications in the District of Columbia, much less any knowledge of the subject matter of any such meetings or communications if they did in fact take place.

Pursuant to 28 USC § 1746, I hereby declare under penalty of perjury that the foregoing is true and correct. Executed this 12th day of October 2006 in Pataskala, Ohio.

_____
Timothy Dugan

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SALEH, *et al.*,

    Plaintiffs,

v.

TITAN CORPORATION, *et al.*,

    Defendants.

Civil Action No. 05-1165 (JR)

## PROPOSED ORDER

Upon consideration of Defendant Timothy Dugan's October 14, 2006 Motion to Dismiss the Third Amended Complaint and the opposition and reply papers pertaining to the Motion, it is hereby

ORDERED that pursuant to Fed. R. Civ. P. 12(b)(2) Plaintiffs' Third Amended Complaint is dismissed for lack of personal jurisdiction over Defendant Timothy Dugan.

_____
United States District Judge

Dated: _____