IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SALEH, *et al.*,                                  ) | |
| ) | |
| Plaintiffs,                          ) | |
| ) | Civil Action No. 05-CV-1165 (JR) |
| v.                                                ) | |
| ) | |
| TITAN CORP., *et al.*,                            ) | |
| ) | |
| Defendants.                          ) | |

**SUR-OPPOSITION OF DEFENDANTS CACI INTERNATIONAL INC AND CACI PREMIER TECHNOLOGY, INC. REGARDING THE *SALEH* PLAINTIFFS' MOTION FOR LEAVE TO TAKE DISCOVERY FROM THE CACI DEFENDANTS UNDER FEDERAL RULE OF CIVIL PROCEDURE 56(f)**

Defendants CACI International Inc and CACI Premier Technology, Inc. (collectively, the "CACI Defendants") respectfully submit this sur-opposition to correct a misrepresentation in the reply filed by Plaintiffs in support of their Motion for Leave to Take Discovery from the CACI Defendants under Federal Rule of Civil Procedure 56(f). Plaintiffs' reply creates an erroneous record as to the burden involved if the CACI Defendants were required to conduct an email search as part of the limited discovery permitted by the Court on Defendants' summary judgment motions. Specifically, Plaintiffs' reply inaccurately states that CACI's counsel had indicated that CACI could conduct an email search that would be neither burdensome nor costly. CACI's counsel asked Ms. Burke to correct the misstatement; she failed to do so, necessitating this memorandum.

The genesis of this dispute is the agreement Plaintiffs reached with Defendant Titan Corporation ("Titan") concerning summary judgment discovery. That agreement explicitly provided that Titan would *not* be required to conduct any search of emails in producing

documents for the summary judgment phase of this action, a recognition of the burden involved in an email search. The Plaintiffs did not reach a comparable agreement with CACI, and filed a motion for discovery pursuant to Rule 56(f). In their reply, Plaintiffs claimed that emails were the "only difference" between what Plaintiffs had agreed to with Titan and what Plaintiffs were willing to agree to with CACI. Specifically, Plaintiffs claimed that CACI did not need an exclusion for emails like the exclusion agreed to between Plaintiffs and Titan. The reason for the disparate treatment, Plaintiffs' reply provided, was that "CACI counsel John O'Connor represented CACI would not need to conduct an expensive and difficult email search (such as that encountered by Titan) because the universe of emails in CACI's control had already been collected for the Rhodes litigation and government investigations. Thus, CACI did not need the limitation on email searches." Reply Mem. at n. 4. That representation is incorrect.

*First*, in the course of seeking to negotiate an agreed-upon scope of summary judgment discovery, CACI's counsel explicitly raised the issue of email searches for responsive documents. In these conversations, CACI's counsel did not state that an email search would be acceptable, but that an email search would be unnecessary if the parties agreed on the scope of document production suggested by the CACI Defendants because the responsive documents would not be in email. CACI's counsel made this representation after receiving clarification from Plaintiffs' counsel that Plaintiffs' request for personnel evaluations meant evaluations with a degree of formality, such as annual performance reviews, and was not intended to include any random comment on a CACI PT interrogator's performance of duties. This clarification was important because regular performance reviews would be available in individual employees' personnel files, while stray comments on employee performance theoretically might exist in email form. *See* O'Connor Decl., ¶¶ 3.

In addition, the parties were discussing an agreement that would have required the CACI

Defendants to produce correspondence with the Contracting Officer's representative concerning any requests to remove CACI PT interrogators from the relevant contract.  CACI's counsel similarly advised Plaintiffs' counsel that an email search would be unnecessary for this category of documents because, even though it was possible that one or more such documents had been transmitted by email, counsel had ready access to such documents without resort to a burdensome email search.  Thus, in the discussions among counsel, CACI's counsel did not represent that a search of emails was not burdensome in general, but that an email search would be unnecessary if the parties reached agreement on the documents to be produced because those documents were available in hard copy.  *See Id.* at ¶ 4.

*Second*, the discovery sought by Plaintiffs in their Rule 56(f) affidavit is considerably broader than the limited discovery over which Plaintiffs and the CACI Defendants were negotiating.  The discovery sought by Plaintiffs in their Rule 56(f) affidavit, if granted in its entirety with no limitation on email production, *would* require a search of emails by the CACI Defendants.  The database in which the CACI Defendants have housed emails to and from personnel with a connection to CACI PT's work in Iraq contains over 140,000 emails, or approximately 8 gigabytes of data, most of which have nothing to do with Iraq.  It would be a massive undertaking to search these emails for the presumably few documents having some theoretical connection to command and control issues relevant to the pending summary judgment motion.  *Id.* ¶ 5.  Such a search is particularly inappropriate when that burden is considered in light of the fact that Plaintiffs are entitled to take nearly thirty depositions on the issues raised in Defendants' summary judgment motions.  For these reasons, the Court should not require the CACI Defendants to conduct a search of emails for any potentially responsive documents, an extremely burdensome task that Plaintiffs have not required of Titan.

                                                Respectfully submitted,

                                                            _____
J. William Koegel, Jr. (Bar No. 323402)
John F. O'Connor (Bar No. 460688)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 429-3000

*Attorneys for Defendants CACI International Inc., and CACI PT Inc*

October 20, 2006