IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SALEH, *et al.*,  )<br>  )<br>          Plaintiffs,  )<br>  )<br>     v.  )<br>  )<br>TITAN CORP., *et al.*,  )<br>  )<br>          Defendants.  )<br>_____) | Civil Action No. 05-CV-1165 (JR) |

## SUPPLEMENTAL DECLARATION OF JOHN F. O'CONNOR

I, John F. O'Connor, hereby declare as follows:

1. I am a partner in the law firm of Steptoe & Johnson LLP, and am one of the counsel of record for Defendants CACI International Inc and CACI Premier Technology, Inc. (collectively, the "CACI Defendants") in the above-captioned action.

2. I was the counsel principally involved in negotiating on behalf of the CACI Defendants with Plaintiffs' counsel to determine whether the parties could reach agreement on the scope of document discovery during the summary judgment stage of this case. During this process, I had several conversations with Susan Burke, Esq., who was negotiating these issues on behalf of Plaintiffs' counsel.

3. During my conversations with Ms. Burke, I explicitly raised the issue of email searches for responsive documents. In these conversations, and contrary to the intimations in Plaintiffs' reply, I did not state that an email search would be acceptable to the CACI Defendants. Rather, I stated that an email search would be unnecessary if the parties agreed on the scope of document production suggested by the CACI Defendants because the responsive

documents would not be in email. I made this representation after receiving clarification from Plaintiffs' counsel that Plaintiffs' request for personnel evaluations meant evaluations with a degree of formality, such as annual performance reviews, and was not intended to include any random comment on a CACI PT interrogator's performance of duties. This clarification was important because regular performance reviews would be available in individual employees' personnel files, while stray comments on employee performance theoretically might exist in email form.

4.  In addition, the parties were discussing an agreement that would have required the CACI Defendants to produce correspondence with the Contracting Officer's representative concerning any requests to remove CACI PT interrogators from the relevant contract. During these conversations, I similarly advised Plaintiffs' counsel that an email search would be unnecessary for this category of documents because, even though it was possible that one or more such documents had been transmitted by email, counsel had ready access to such documents without resort to a burdensome email search. Thus, in the discussions among counsel, I did not represent that a search of emails was not burdensome in general, but that an email search would be unnecessary if the parties reached agreement on the documents to be produced because those documents were available in hard copy.

5.  The discovery sought by Plaintiffs in their Rule 56(f) affidavit also is considerably broader than the limited discovery over which Plaintiffs and the CACI Defendants were negotiating. The discovery sought by Plaintiffs in their Rule 56(f) affidavit, if granted in its entirety with no limitation on email production, *would* require a search of emails by the CACI Defendants. During the course of my representation of the CACI Defendants, I have learned that the database in which the CACI Defendants have housed emails to and from personnel with a connection to CACI PT's work in Iraq contains over 140,000 emails, or approximately 8

gigabytes of data, most of which have nothing to do with Iraq. It would be a massive undertaking to search these emails for the presumably few documents having some theoretical connection to command and control issues relevant to the pending summary judgment motion.

6. I swear under penalty of perjury that the foregoing in true and correct. Executed this 20th day of October, 2006.

_____
John F. O'Connor