**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| SALEH et al., | ) |
|  | ) |
| Plaintiffs, | ) Case No. 05-cv-1165 (JR) |
| v. | ) |
|  | ) |
| TITAN et al., | ) |
| Defendants. | ) |
|  | ) |

**PLAINTIFFS' OPPOSITION TO CACI'S MOTION FOR
<u>LEAVE TO FILE SUR-OPPOSITION</u>**

CACI is seeking leave to file a sur-opposition.  As set forth in the prior papers, CACI

counsel and undersigned counsel engaged in lengthy negotiations that eventually collapsed when

CACI refused to agree to produce documents for the time period in which the victims were

tortured.  Instead, CACI insisted the time period be limited to the time period in which the class

representative victims were tortured.  Counsel for the victims was unable to agree to that

limitation in good faith because she knew that the torture victims will be seeking leave to

substitute class representatives in the relatively near future.  (The victims are awaiting the results

of physical and psychiatrist examinations before filing the motion for substitution.)  Thus, it

would waste judicial resources to have to re-litigate the government contractor defense again if

CACI argued that any Court ruling on the issue applied only to those victims now serving as

class representatives.[1]

---

[1] The torture victims stand ready to bring on the motion for class certification at such time as the
Court deems it appropriate.  (The motion had already been brought on in earlier stages of the
litigation, but never ruled on by the two other District Courts that had this case before them.)
The Court previously had suggested that it may not be the appropriate juncture to do so.
*Transcript Of Status Conference (March 8, 2006) at 20.*

Undersigned counsel stands by the statements made in the footnote of the prior paper.  In one of the many conversations occurring as part of the negotiations, CACI counsel told undersigned counsel that CACI had already engaged in the task of segregating and collecting emails regarding CACI interrogators in Iraq as a result of the *CACI v. Rhodes* litigation and government investigations.  It is unclear from CACI's latest missive as to whether CACI is actually now claiming it has not segregated and collected emails in response to those separate matters.  Obviously, undersigned counsel has no independent knowledge of what CACI has or has not done in terms of collecting documents for production to the government and to the Defendants in the *Rhodes* matter, but it certainly seems logical to believe that CACI counsel accurately portrayed the reality that other litigations and investigations have resulted in CACI already completing some of the work relating to emails that would have to be undertaken to respond to the torture victims' discovery requests.

Finally, CACI argues it should not be obliged to search emails because Titan and Plaintiffs agreed that Titan did not need to search emails.  But that agreement was reached based on representations from Titan about where the documents are located within Titan's business structure.  The agreement with Titan has no bearing on whether CACI should produce the requested documents.

More importantly, Titan and Plaintiffs' counsel worked collaboratively and professionally to work out an agreement that served the interests of both the parties.  In contrast, CACI seems to take the view that the best manner to proceed is to go the Court on each and every dispute, regardless of how trivial.  For example, when confronted by CACI with a demand that undersigned counsel file a paper retracting her statement (which was and remains wholly accurate), victims' counsel tried to persuade CACI to refrain from filing yet another motion, and

instead agree that, if the Court granted the torture victims' motion, the parties would work together to determine how best to serve CACI's goal in avoiding an exhaustive and expensive email search and the victims' goal in obtaining a fairly limited and discrete set of information, some of which are likely to have been memorialized in emails. As is evidenced by the victims' agreement with Titan, the torture victims are not interested in placing burdens on defendants and receiving a flood of paper for no real reason.  Rather, they want documents reflecting certain types of business interactions (such as between the Contracting Officers and CACI) that will be useful in opposing the Motions for Summary Judgment.  Some of the documents likely may be in email, but that does not mean that CACI needs to do an exhaustive search of its server.  CACI, however, rejects such efforts to work together professionally, preferring instead to seek court intervention and delay any discovery.

As a result of CACI's tactics, this litigation has made only modest progress.  In the six months since the Court approved the joint discovery plan in the *Ibrahim* matter, very little has occurred.  On August 4, 2006, CACI produced 194 pages of documents; Titan produced 1163 pages.  On August 16, 2006, a CACI witness was made available for deposition.  CACI immediately thereafter filed for a protective order and all discovery ground to a halt, with CACI refusing to participate in any further discovery until such time as the Court rules on CACI's pending motion for a protective order.  Although CACI counsel's scorched-earth tactic of running to court rather than working professionally with the torture victims' counsel may effective in delaying CACI from having to cooperate with discovery, the tactic unnecessarily consumes scarce judicial resources.

**CONCLUSION**

For the reasons set forth above, the torture victims respectfully request that the Court

deny CACI's Motion For Leave To File Sur-Opposition.


Dated: October 31, 2006                         /s/ Susan L. Burke

                                        Susan L. Burke (D.C. Bar # 414939)
                                        BURKE PYLE LLC
                                        4112 Station Street
                                        Philadelphia, PA 19127
                                        Telephone:    (215) 487-6590
                                        Facsimile:    (215) 482-0284

                                        Jennifer Green
                                        CENTER FOR CONSTITUTIONAL RIGHTS
                                        666 Broadway, 7th Floor
                                        New York, NY 10012
                                        Telephone:    (212) 614-6439
                                        Facsimile:    (212) 614-6499

                                        Shereef Hadi Akeel (admitted *pro hac vice*)
                                        AKEEL & VALENTINE, P.C.
                                        401 South Old Woodward Avenue
                                        Suite 430
                                        Birmingham, MI 48009
                                        Telephone:    (248) 594-9595
                                        Facsimile:    (248) 594-4477

                                        *Counsel for Plaintiffs and Class Plaintiffs*

## CERTIFICATE OF SERVICE

I, Anne K. Heidel, do hereby certify that on the 31st day of October 2006, I caused true and correct copies of Plaintiffs' Opposition To CACI's Motion For Leave To File Sur-Opposition to be served via electronic mail upon the following individuals:

F. Whitten Peters
Thomas M. Craig
Williams and Connolly
725 12th Street, North West
Washington, DC  20005
wpeters@wc.com
*Counsel for Defendant Titan Corp.*

J. William Koegel Jr.
John F. O'Connor
Steptoe & Johnson LLP
1330 Connecticut Avenue, North West
Washington, DC  20036
wkoegel@steptoe.com
*Counsel for Defendants CACI
International, CACI Inc. – Federal*

Patrick O'Donnell
Justin Dillon
HARRIS, WILTSHIRE & GRANNIS, LLP
1200 18th Street, NW
Suite 1200
Washington, D.C. 20036
podonnell@harriswiltshire.com
*Counsel for Defendant Daniel E. Johnson*

Michael Nussbaum
Jocelyn Leyretana
BONNER KIERNAN TREBACH &
CROCIATA, LLP
1233 20th Street, NW
8th Floor
Washington, D.C. 20036
mnussbaum@bktc.net
*Counsel for Defendant Timothy Dugan*

_____
Anne K. Heidel