IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SALEH, *et al.*,

    Plaintiffs,

v.

TITAN CORPORATION, *et al.*,

    Defendants.

Civil Action No. 05-1165 (JR)

### REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT TIMOTHY DUGAN'S MOTION TO DISMISS THE THIRD AMENDED COMPLAINT

Plaintiffs' October 30, 2006 Opposition to Defendant Timothy Dugan's Motion to Dismiss is substantially similar to the Opposition Plaintiffs' filed on September 6, 2006 in response to Defendant Daniel E. Johnson's Motion to Dismiss.[1] For this reason, Mr. Dugan respectfully joins, adopts, and incorporates by reference the arguments in the September 18, 2006 Johnson Reply. To avoid needless duplication, this Reply is limited to supplementing certain key points in the Johnson Reply and to addressing two allegations Plaintiffs make unique to Mr. Dugan.

### ARGUMENT

**I.    This Court Lacks Personal Jurisdiction Over Mr. Dugan.**

Mr. Dugan agrees with Plaintiffs that the legal principles set forth in *Youming Jin*, 335 F. Supp. 2d 72 (D.D.C. 2004) correctly state the law in the District of Columbia regarding

---

[1] Though very similar in substance, Plaintiffs' two Oppositions do differ in format in that the Johnson Opposition first addresses the Rule 12(b)(6) Motion and then the Rule 12(b)(2) Motion; the Dugan Opposition reverses this order.

conspiracy jurisdiction. See Plaintiffs' Opposition to Defendant Timothy Dugan's Motion to Dismiss Third Amended Complaint, 3) ("Opposition"). *Youming Jin* states:

> To establish personal jurisdiction over a non-resident, a court must engage in a two part inquiry. A court must first examine whether jurisdiction is applicable under the state's long-arm statute and then determine whether a finding of jurisdiction satisfies the constitutional requirements of due process. *Id* at 77.

Plaintiffs insist this case is "on all fours with *Youming Jin*" (Opposition, 3). It is not. As regards the first part of the inquiry, the Court in *Youming Jin* found that plaintiffs had not simply alleged defendant's participation in a conspiracy, but had alleged specific acts in which defendant was personally involved plus specific overt acts in the District of Columbia by co-conspirators (personal attack in the District of Columbia against a plaintiff and vandalization of a plaintiff's car on the campus of Catholic University). *Youming Jin*, 335 F. Supp. 2d 72 at 83.

Unlike *Youming Jin*, the Plaintiffs here fail to make a *prima facie* showing that Mr. Dugan participated in a conspiracy. Allegations such as those contained in ¶ 28 of Plaintiffs' Complaint – "conspired with each other and other persons…to engage in a series of wrongful acts…" – and in ¶ 52 – "conspired…to torture and otherwise mistreat Plaintiffs…" – are merely conclusory. Conclusory statements are insufficient to establish personal jurisdiction over nonresident defendants. *See Second Amendment Found. v. U.S. Conf. of Mayors*, 274 F.3d 521 (D.C. Cir. 2001). "It is settled that a plaintiff must allege specific acts connecting [the] defendant with the forum and that the bare allegation of conspiracy or agency is insufficient to establish personal jurisdiction." *First Chicago Int'l v. United Exchange Co.*, 836 F.2d 1375, 1378-79 (D.C. Cir. 1988) (internal quotations and citations omitted).

Plaintiffs attempt to show a nexus between Mr. Dugan's alleged co-conspirators and the District of Columbia fare no better. The only allegation in the Complaint mentioning the District (¶ 98) is insufficient to plead a specific and overt act here. Paragraph 98 only speculates that

meetings or discussions took place in the District; the time, date, participants, and subject matter of these meetings or discussions are nowhere mentioned. In response to these omissions, Plaintiffs' Opposition offers only one explanation:

> As is to be expected, the torture victims have learned more information (dates, etc.) about the facts alleged in the TAC *about CACI interrogators* engaging in direct telephonic communications with government officials located in the District of Columbia. (Opposition, 4) (emphasis added).

But ¶ 98 of the Complaint says nothing about CACI *interrogators* engaging in any communications with government officials located in the District of Columbia. Paragraph 98 only alleges communications by "senior management" of Titan and CACI with unidentified persons on unidentified dates regarding unidentified subjects. Plaintiffs' Opposition is simply at odds with ¶ 98 of the Complaint.

Even had Plaintiffs adequately pleaded jurisdiction over Mr. Dugan under the District of Columbia long-arm statute (D.C. Code § 13-423), they fail to meet the second part of the inquiry in *Youming Jin* because they plead no facts to make a *prima facie* showing that Mr. Dugan purposefully availed himself of the privilege of conducting activities within the District of Columbia so that he should reasonably anticipate being haled into here. *Youming Jin,* 335 F. Supp. 2d 72 at 78. Thus, the exercise of personal jurisdiction over Mr. Dugan would violate due process. Plaintiffs' Opposition attempts to cure this omission by asserting that:

> By entering into an employment agreement with CACI to work on a contract for the U.S. Army in Iraq, Defendant Dugan created a connection to the nation's capital such that he could reasonably anticipate being brought into court here. (Opposition, 5).

Plaintiffs' argument that an individual who enters into an employment agreement with a federal government contractor to work outside the United States automatically submits himself to personal jurisdiction in the District of Columbia has no support.

## II. There Is No Basis for Jurisdictional Discovery.

Plaintiffs' Opposition argues that should the Court disagree that Mr. Dugan could have reasonably anticipated being haled into Court in the District of Columbia, Plaintiffs should be allowed "jurisdictional discovery to establish additional minimum contacts" (Opposition, 5). But where "initial jurisdictional allegations are patently inadequate," courts do not allow jurisdictional discovery. *Doe v. Israel,* 400 F.Supp.2d 86, 121-122 (D.D.C. 2005). The Declaration filed by Mr. Dugan (Exhibit A to the Memorandum in Support of Mr. Dugan's Motion to Dismiss) makes clear that he has no additional minimum contacts with the District of Columbia. Plaintiffs do not suggest that Mr. Dugan's Declaration is erroneous. They do not hint at what they would expect to learn if jurisdictional discovery were allowed. The request should be denied.

## III. The Two Allegations Unique to Mr. Dugan Neither Support Personal Jurisdiction Nor State a Claim.

Plaintiffs make two allegations unique to Mr. Dugan. First, they assert in the Complaint that he threatened death to one or more individuals unwilling to participate in the conspiracy who instead reported it to the military authorities (Complaint, ¶ 79). Second, they assert in their Opposition, but not in the Complaint, that one or more unidentified persons made "[Mr. Dugan] interrogate a dead guy" (Opposition, 6). Neither allegation is sufficient to save Plaintiffs' Complaint from dismissal.

### A. The Death Threat Allegation.

As to the "death threat," ¶ 79 of Complaint alleges that: "Defendant Dugan threatened death to one or more of those who were unwilling to participate in the conspiracy and instead reported it to the military authorities." Plaintiffs' Opposition adds to and modifies this allegation by asserting that the victim of the alleged threat was a CACI co-worker: "Defendant Dugan

4

threatened CACI co-worker Torin Nelson with death because Nelson identified Dugan to military criminal investigators" (Opposition, 6).  To support the new assertions in their Opposition, Plaintiffs attach as Exhibit A to the Opposition a "Statement of Torin Nelson" purporting to describe Mr. Nelson's version of his exchange with Mr. Dugan after Mr. Nelson had talked to a military official in Iraq:

> The next day, I'm walking – let's see, I was getting ready for work, and Tim [Dugan] had walked by the cell, and I was getting ready to talk to him, and he just completely ignored me and continued on.  So I ran him down, and – you know, trying to get him to talk to me and see what was up; and then he turned around – and he did not look too happy – and he just stared at my face and said, "You better watch your back.  You're dead to me.  I'm through with you," and then he turned around and walked away. (Exhibit A, 56 lines 12 – 21).

The alleged encounter between Messrs. Dugan and Nelson does not support personal jurisdiction over Mr. Dugan.  Nothing is alleged to have occurred in the District of Columbia, it being apparent from the context that the encounter between Messrs. Dugan and Nelson occurred in Iraq.

Nor does the alleged encounter between Messrs. Dugan and Nelson state a claim by Plaintiffs against Mr. Dugan.  Mr. Nelson's own statement to Plaintiffs' counsel hardly describes a "death threat."  Instead, it appears that there was ill will between them, that Mr. Nelson approached Mr. Dugan, that Mr. Dugan chose to ignore Mr. Nelson, that Mr. Nelson nonetheless initiated a conversation with Mr. Dugan, and that they had brief words, including Mr. Dugan's alleged statement to Mr. Nelson "You're dead to me.  I'm through with you." whereupon Mr. Dugan turned and walked away.

First, no fact finder could from this description conclude that Mr. Dugan made a "death threat" to Mr. Nelson.  Second, no threat to any plaintiff is alleged, only to Mr. Nelson.  Third, Mr. Nelson has made no claim against Mr. Dugan based on the encounter.

### B. The "Interrogate a Dead Guy" Allegation.

The allegation in the Opposition that someone made Mr. Dugan "interrogate a dead guy" (Opposition, 6) nowhere appears in the Complaint. Instead, it first appears in an August 22, 2006 e-mail from Plaintiffs' litigation counsel to CACI's litigation counsel attached as Exhibit B to Plaintiffs' Opposition. That e-mail purports to describe a telephone conversation Plaintiffs' litigation counsel had directly with Mr. Dugan at a time when Mr. Dugan was not represented by counsel. Setting aside the obvious difficulty posed by litigation counsel discussing the case with an unrepresented party, Exhibit B is an effort to amend the Complaint through Plaintiffs' Opposition to a motion to dismiss for failure to state a claim. In opposing a motion to dismiss for failure to state a claim, a plaintiff cannot properly add allegations not already brought in the complaint. *Doe v. Israel,* 400 F.Supp.2d 86, 100 (D.D.C. 2005). ("Court will not consider facts included in, or legal inferences arising from, the opposition papers if they are absent from the complaint.")

Even if true and even if alleged in the Complaint, interrogating a dead guy obviously fails to state a claim by Plaintiffs against Mr. Dugan.

### CONCLUSION

Plaintiffs' Opposition concludes by summarizing some of the heinous conduct the Complaint alleges, noting that this Court has already described the alleged conduct as "nearly unspeakable acts of torture and other mistreatment" (Opposition, 10-11). Mr. Dugan agrees with this Court's description of the conduct. But the Complaint nowhere connects Mr. Dugan with any of the conduct alleged, although the Opposition attempts to give a contrary impression. And while recognizing that it is not pertinent to a Motion to Dismiss, Mr. Dugan reiterates – as he

stated in his August 3, 2006 letter to the Court requesting additional time to respond to the Complaint – that he denies participating in any of the conduct alleged.

Mr. Dugan respectfully requests that the Court grant his Motion to Dismiss and deny Plaintiffs' request to take jurisdictional discovery.

Respectfully submitted,

*/s/ Michael Nussbaum*
Michael Nussbaum (DC Bar No. 9464)
Special Counsel
Jocelyn Leyretana (DC Bar No. 479341)
Bonner Kiernan Trebach & Crociata, LLP
1233 20th Street, NW
Washington, DC 20036
Tel (202) 712-7000
Fax (202) 712-7100
mnussbaum@bktc.net
jleyretana@bktc.net

Dated: November 3, 2006          ***Counsel for Defendant Timothy Dugan***

## CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing Reply Memorandum of Law in Support of Defendant Timothy Dugan's Motion to Dismiss the Third Amended Complaint were served on this 3rd day of November 2006 upon counsel for the parties by electronic mail as follows:

Susan L. Burke
Burke Pyle, LLC
4112 Station Street
Philadelphia, PA 19127
sburke@burkepyle.com
*Counsel for Plaintiffs and Class Plaintiffs*

F. Whitten Peters
Williams & Connolly, LLP
725 12th Street, NW
Washington, DC 20005
wpeters@wc.com
*Counsel for Defendant Titan Corp.*

J. William Koegel, Jr.
Steptoe & Johnson, LLP
1130 Connecticut Avenue, NW
Washington, DC 20036
wkoegel@steptoe.com
*Counsel for Defendants CACI International,
CACI Inc. – Federal and CACI-PT*

Patrick P. O'Donnell
Harris, Wiltshire & Grannis, LLP
1200 18th Street, NW, 12th Floor
Washington, DC 20036
podonnell@harriswiltshire.com
*Counsel for Defendant Daniel Johnson*

_____
Jocelyn Leyretana