**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

SALEH, *et al.*,                              :
                                              :
      Plaintiffs,                    :
                                              :
    v.                                     :   Civil Action No. 05-1165 (JR)
                                              :
TITAN CORPORATION, *et al.*,                  :
                                              :
      Defendants.                    :

**MEMORANDUM ORDER**

Before me are a motion by plaintiffs [#72] for reconsideration of my June 29, 2006 order dismissing three individual defendants, and motions by two other individual defendants, Daniel Johnson [#82] and Timothy Duggan [#99], to dismiss plaintiffs' third amended complaint.

The first motion seeks reconsideration of my dismissal of defendants John Israel, Adel Nakhla, and Steven Stefanowicz for lack of personal jurisdiction, and, in the alternative, leave to take jurisdictional discovery to determine whether those individuals have minimum contacts with the District of Columbia. The motion, in both of its parts, will be denied. Plaintiffs do not challenge my rejection of their law of the case basis for personal jurisdiction. Instead, they raise for the first time two new arguments for personal jurisdiction: waiver and "conspiracy jurisdiction" (the exercise of personal jurisdiction over a defendant based on overt acts within the forum by co-conspirators). Motions for reconsideration are to be granted "as

justice requires," <u>Singh v. George Washington University</u>, 383 F. Supp. 2d. 99, 101 (D.D.C. 2005), but justice does not require reconsideration on the basis of arguments made on second thought. Plaintiffs have made no showing that the court patently misunderstood an argument that was made, or rendered a decision outside the adversarial issues presented by the parties, or made an error not of reasoning but of apprehension; nor have plaintiffs showed that a controlling or significant change in the law or facts has occurred since the issue was submitted. <u>Id.</u> The waiver and "conspiracy jurisdiction" arguments will not be considered as they relate to Messrs. Israel, Nakhla, and Stefanowicz.

Plaintiffs' argument for "conspiracy jurisdiction" as to Messrs. Johnson and Duggan is made timely, however, and must be addressed. To establish conspiracy jurisdiction, plaintiffs must show (1) that a conspiracy existed, (2) that the defendant was a participant, and (3) that an overt act in furtherance of the conspiracy (an act that is subject to the long-arm statute) was committed by a co-conspirator within the forum. <u>Youming Jin v. Ministry of State Security</u>, 335 F. Supp. 2d 72, 78 (D.D.C. 2004)(Urbina, J.). Plaintiffs must also show as to each defendant assertedly within the court's "conspiracy jurisdiction" - not just any co-conspirator - that he has purposefully availed himself of the forum. <u>Id.</u> at 80, 83. This additional showing is

- 2 -

necessary to comply with the due process requirement that "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there."  Id. at 79 (citing World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980)).

Of course, a plaintiff cannot always make the requisite showing at the initial pleading stage.  In order to merit jurisdictional discovery, however, a party's initial pleading must at least be sufficiently specific in its allegations.  In this regard, plaintiffs argue that this case is "on all fours" with Youming, in which jurisdictional discovery was allowed. Youming involved an allegation that the Chinese government had conspired with American officials to abuse and intimidate Chinese practitioners of Falun Gong.  Denying the motion to dismiss of an individual defendant, Judge Urbina found that plaintiffs' specific allegations of acts by co-conspirators within the District of Columbia had satisfied the prima facie requirements for conspiracy jurisdiction, and he granted the plaintiffs leave to take discovery on the issue of whether the defendant seeking dismissal had purposefully availed himself of the District.  Id. at 83-84.

In this case, the allegations of the third amended complaint are not nearly as specific as those which Judge Urbina found to be sufficient in Youming.  Plaintiffs allege only that:

- 3 -

> Certain government officials and senior management in
> Defendant Titan and defendants CACI Intl., CACI-Federal
> and CACI-PT had relationships that assisted in the
> formation and implementation of the Torture Conspiracy.
> These relationships were formed and fostered by
> meetings, telephonic discussions, in-person
> discussions, email discussions and other communications
> that occurred in, among other places, Arizona,
> California, Virginia and the District of Columbia.

Third Amended Complaint ¶ 98.  A "bare allegation of conspiracy,"

absent any allegations of specific fact connecting defendants to

the forum, is insufficient to establish personal jurisdiction.

Second Amendment Foundation v. United States Conference of

Mayors, 274 F.3d 521, 524 (D.C. Cir. 2001).  See also Jungquist

v. Sheikh Sultan Bin Khalifa Al Nahyan, 115 F.3d 1020, 1031 (D.C.

Cir. 1997)("[T]he plaintiff must plead with particularity...overt

acts within the forum taken in furtherance of the conspiracy.")

(internal quotations and citations omitted).

Even if plaintiffs could properly allege the elements

of conspiracy jurisdiction, there is no hint in this record of

purposeful availment by either defendant, and Messrs. Johnson and

Duggan have made clear in their filings and during oral argument

that jurisdictional discovery is unlikely to turn up any evidence

of purposeful availment.  Mr. Johnson has exactly one contact

with the District of Columbia - a family trip when he was in

elementary school.  Decl. of Daniel Johnson at ¶ 4.  Mr. Duggan

also has only one contact - a one day visit during his honeymoon

in 1986.  Decl. of Timothy Duggan at ¶ 5.  Plaintiffs have failed

to show "at least a good faith belief that...discovery will
enable it to show that the court has personal jurisdiction over
the defendant." <u>Caribbean Broadcasting System, Ltd. v. Cable &
Wireless PLC</u>, 148 F.3d 1080, 1090 (D.C. Cir. 1998).
Jurisdictional discovery "is intended to supplement, not
substitute for, initial jurisdictional allegations.  A plaintiff
must, at minimum, allege some facts upon which jurisdiction could
be found after discovery is completed." <u>Doe v. State of Israel</u>,
400 F. Supp. 2d 86, 121-22 (D.D.C. 2005)(internal citations
omitted).

                              *  *  *  *  *

        For the foregoing reasons, it is

        **ORDERED** that plaintiffs' motion for reconsideration
[#72] is **denied;** it is

        **ORDERED** that defendant Daniel Johnson's motion to
dismiss [#82] is **granted;** and it is

        **ORDERED** that defendant Timothy Duggan's motion to
dismiss [#99] is **granted.**


                              JAMES ROBERTSON
                        United States District Judge