IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IBRAHIM, *et al.*,<br><br>   Plaintiffs,<br><br>  v.<br><br>TITAN CORP., *et al.*,<br><br>   Defendants. | Civil Action No. 04-CV-1248 (JR) |
| SALEH, *et al.*,<br><br>   Plaintiffs,<br><br>  v.<br><br>TITAN CORP., *et al.*,<br><br>   Defendants. | Civil Action No. 05-CV-1165 (JR) |

**MOTION OF DEFENDANTS CACI INTERNATIONAL INC
AND CACI PREMIER TECHNOLOGY, INC., TO STRIKE PLAINTIFFS'
UNAUTHORIZED "SUR-REPLY" OR, IN THE ALTERNATIVE, FOR
<u>LEAVE TO FILE A RESPONSE TO PLAINTIFFS' "SUR-REPLY"</u>**

  Defendants CACI International Inc and CACI Premier Technology, Inc. (collectively, the "CACI Defendants") hereby move to strike Plaintiffs' unauthorized "Sur-Reply to CACI's Reply Seeking Summary Judgment on the Government Contractor Defense," a pleading Plaintiffs' filed without leave of Court on August 9, 2007. The Court should strike Plaintiffs' "Sur-Reply" because parties are not permitted to file sur-replies without first obtaining leave of Court. If the Court does not strike Plaintiffs' unauthorized "sur-reply," the CACI Defendants respectfully

request that the Court grant the CACI Defendants leave to file the response attached hereto as Exhibit A.  Granting the CACI Defendants leave to file its proposed response under these circumstances would be appropriate because the summary judgment schedule contemplated that the Defendants would receive have the final response on the issues raised in the parties' motions, and Plaintiffs' unauthorized sur-reply presents the CACI Defendants' argyuments in a misleading manner that would be clarified by the proposed response.  The bases for the CACI Defendants' motion is set forth in greater detail in the accompanying memorandum of law.  The CACI Defendants conferred with Plaintriffs' counsel concerning the relief sought herein.  Plaintiffs' counsel advised that Plaintiffs oppose the CACI Defendants' request to strike Plaintiffs' sur-reply, but consent to the CACI Defendants' request to respond to Plaintiffs' sur-reply.

      Wherefore, the CACI Defendants respectfully request that the Court grant the CACI Defendants' motion.  A proposed order is attached.

                Respectfully submitted,

                */s/  John F. O'Connor*
                _____
                J. William Koegel, Jr. (Bar No. 323402)
                John F. O'Connor (Bar No. 460688)
                Frank H. Griffin, IV (Bar No. 481446)
                STEPTOE & JOHNSON LLP
                1330 Connecticut Avenue, N.W.
                Washington, D.C. 20036
                (202) 429-3000

                *Attorneys for Defendants CACI International Inc. and CACI PT Inc*

August 14, 2007


request that the Court grant the CACI Defendants leave to file the response attached hereto as Exhibit A.  Granting the CACI Defendants leave to file its proposed response under these circumstances would be appropriate because the summary judgment schedule contemplated that the Defendants would receive have the final response on the issues raised in the parties' motions, and Plaintiffs' unauthorized sur-reply presents the CACI Defendants' argyuments in a misleading manner that would be clarified by the proposed response.  The bases for the CACI Defendants' motion is set forth in greater detail in the accompanying memorandum of law.  The CACI Defendants conferred with Plaintriffs' counsel concerning the relief sought herein.  Plaintiffs' counsel advised that Plaintiffs oppose the CACI Defendants' request to strike Plaintiffs' sur-reply, but consent to the CACI Defendants' request to respond to Plaintiffs' sur-reply.

Wherefore, the CACI Defendants respectfully request that the Court grant the CACI Defendants' motion.  A proposed order is attached.

Respectfully submitted,

*/s/  John F. O'Connor*
_____
J. William Koegel, Jr. (Bar No. 323402)
John F. O'Connor (Bar No. 460688)
Frank H. Griffin, IV (Bar No. 481446)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 429-3000

*Attorneys for Defendants CACI International Inc. and CACI PT Inc*

August 14, 2007

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IBRAHIM, *et al.*, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>TITAN CORP., *et al.*, )<br>)<br>Defendants. )<br>) | Civil Action No. 04-CV-1248 (JR) |
| SALEH, *et al.*, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>TITAN CORP., *et al.*, )<br>)<br>Defendants. )<br>) | Civil Action No. 05-CV-1165 (JR) |

**MEMORANDUM OF DEFENDANTS CACI INTERNATIONAL
INC AND CACI PREMIER TECHNOLOGY, INC., IN SUPPORT
OF THEIR MOTION TO STRIKE PLAINTIFFS' UNAUTHORIZED
"SUR-REPLY" OR, IN THE ALTERNATIVE, FOR LEAVE
TO FILE A RESPONSE TO PLAINTIFFS' "SUR-REPLY"**

On August 9, 2007, Plaintiffs filed, under seal, a pleading entitled "Plaintiffs' Sur-Reply to CACI's Reply Seeking Summary Judgment on the Government Contractor Defense."[1] Plaintiffs filed this "sur-reply" without first seeking leave of Court or Defendants' consent to its filing. The Court's local rules contemplate that the submissions on a motion are limited to a

---

[1] Plaintiffs' unauthorized "sur-reply" is reflected on the *Saleh* docket as entry #127, and as docket entry #92 on the *Ibrahim* docket.

summary judgment memorandum, an opposition, and a reply memorandum. Local Rule (a), (b), (d). Similarly, the summary judgment briefing schedule established for these cases contemplates that the pleadings would close upon Defendants' filing of reply memoranda. *See* Plaintiffs' Status Report on Discovery (filed Apr. 17, 2007) [Dkt. #109 in the *Saleh* case; Dkt. #76 in the *Ibrahim* case]. The practice in this Court when a party files a "sur-reply" without first obtaining leave of Court is to strike the offending pleading. *Robinson v. Detroit News, Inc.*, 211 F. Supp. 2d 101, 113 (D.D.C. 2002) ("The plaintiff failed to submit a motion for leave to file a surreply.... A party seeking to file a surreply must move the court for leave to file such a surreply. The court thus strikes the pleading as unauthorized." (citations omitted)); *Anthony v. WMATA*, No. 04-622, 2005 WL 5329517, at *1 n.1 (D.D.C. Apr. 8, 2005) (same). If the Court were disinclined to strike Plaintiffs' unauthorized "sur-reply," it would be appropriate for the Court to permit the CACI Defendants to file the proposed response they have attached to this motion so that they can correct the mischaracterization of the CACI Defendants' arguments in Plaintiffs' "sur-reply."

For these reasons, the Court should strike Plaintiffs' "sur-reply" or, in the alternative, grant the CACI Defendants leave to file their proposed response to Plaintiffs' "sur-reply."

Respectfully submitted,

*/s/ John F. O'Connor*

J. William Koegel, Jr. (Bar No. 323402)
John F. O'Connor (Bar No. 460688)
Frank H. Griffin, IV (Bar No. 481446)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 429-3000

*Attorneys for Defendants CACI International Inc. and CACI PT Inc*

August 14, 2007

2