**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IBRAHIM, *et al.*,               ) | |
| )                                   | |
| Plaintiffs,     )                  | |
| )                                   | Civil Action No. 04-CV-1248 (JR) |
| v.             )                    | |
| )                                   | |
| TITAN CORP., *et al.*,           ) | |
| )                                   | |
| Defendants.    )                   | |

| | |
|---|---|
| SALEH, *et al.*,                 ) | |
| )                                   | |
| Plaintiffs,     )                  | |
| )                                   | Civil Action No. 05-CV-1165 (JR) |
| v.             )                    | |
| )                                   | |
| TITAN CORP., *et al.*,           ) | |
| )                                   | |
| Defendants.    )                   | |

**RESPONSE OF DEFENDANTS CACI INTERNATIONAL
INC AND CACI PREMIER TECHNOLOGY, INC., TO PLAINTIFFS'
UNAUTHORIZED "SUR-REPLY TO CACI'S RELY SEEKING
SUMMARY JUDGMENT ON THE GOVERNMENT CONTRACTOR DEFENSE"**

On August 9, 2007, Plaintiffs filed an unauthorized "sur-reply" in opposition to the CACI Defendants' summary judgment reply memorandum. Plaintiffs' sur-reply mischaracterizes the facts and the CACI Defendants' summary judgment arguments, making a brief response in order.

*First*, with respect to the availability of administrative remedies, Plaintiffs' disingenuousness stems not from concealing that administrative claims existed, but in concealing the express statement by the U.S. Army to Mr. Saleh's counsel that *the Army will entertain*

*administrative claims arising from detainee abuse,* even involving civilian personnel. Griffin Decl., Ex. 6 at 1; Ex. 8 at 1. In Mr. Saleh's case, however, the Army's investigation concluded that Mr. Saleh was *lying* about his claims of abuse. That finding, however, does not undermine the Army's position that it will pay administrative claims involving *actual* detainee abuse. *Id.*, Ex. 5 at 8-12. Indeed, after the Army announced that it had jurisdiction to consider and pay claims regarding detainee abuse, Ms. Burke sent the U.S. Army a letter trying to talk the Army out of its position (*id.*, Ex. 7). The Army explicitly rejected Ms. Burke's approach. *Id.*, Ex. 8. Plaintiffs' counsel disclosed none of this to the Court or to the Defendants.

*That* is where Plaintiffs' lack of candor arises – in allowing the Court to assume that the Army would not entertain or pay substantiated claims of detainee abuse when Plaintiffs' counsel knew that this assumption was incorrect. The Plaintiffs' response is to claim that the CACI Defendants could have raised this issue in their opening brief. That diversionary argument is incorrect; the CACI Defendants did not know about the correspondence between Ms. Burke and the U.S. Army until less than a week before CACI's summary judgment reply was due.

*Second*, with respect to Colonel Karpinski, it is a bedrock principle that declarations submitted in opposition to a summary judgment motion must be based on the personal knowledge of the declarant. Fed. R. Civ. P. 56(e). The CACI Defendants' point was not that Plaintiffs' counsel failed to interview Colonel Karpinski, but that they *did*, and still tried to finesse a Declaration that would gloss over Colonel Karpinski's utter lack of personal knowledge of *anything* relating to the CACI Defendants or their provision of interrogators in support of military intelligence units in Iraq. To say, as Plaintiffs do, that Col. Karpinski's ostensible sources are themselves reliable misses the point. Even if the government reports that Colonel Karpinski may have read long after the fact were themselves admissible on summary judgment, itself a highly questionable proposition, testimony by Colonel Karpinski about her perception of

the contents of those reports is clearly inadmissible.  *See* Fed. R. Evid. 1002; *Gordon v. United States*, 344 U.S. 414, 421 (1953) ("The elementary wisdom of the best evidence rule rests on the fact that the document is a more reliable, complete and accurate source of information as to its contents and meaning than anyone's description . . . ."); *United States v. Marshall*, 935 F.2d 1298, 1300 & n.2 (D.C. Cir. 1991) (same).[1]  Col. Karpinski's second-hand information is no substitute for personal knowledge.

*Third*, with respect to Private Graner, Plaintiffs' allegations of detainee abuse are simply irrelevant to the issues before the Court on summary judgment.  Plaintiffs offer the Graner "testimony" not for its probative value with respect to summary judgment issues, but for what they hope will be some prejudicial effect.  That design, however, does not make it relevant and the fact that the CACI Defendants dispute Graner's assertions about CACI PT personnel does not create a material dispute over supervision, direction and control.  Moreover, Private Graner's "testimony" would be inadmissible even if it were relevant because his statement is *unsworn*.  Unsworn statements are not admissible on summary judgment.  *Veitch v. England*, 471 F.3d 124, 134 (D.C. Cir. 2006) ("Although [plaintiff] is entitled as the non-moving party to the benefit of all reasonable inferences, he cannot rely in opposing summary judgment on mere allegations in his unsworn complaint, much less an assertion in his brief on appeal; the court may consider only sworn statements setting forth specific facts.").  Ignoring this, Plaintiffs continue to rely on Graner's statement in their "sur-reply," repeating Plaintiffs' incorrect characterization of the

---

[1] Plaintiffs' efforts to elevate Colonel Karpinski's uninformed statements about the CACI Defendants to "official" Army statements is belied by the record.  While information obtained by government employees in the course of their employment might constitute "official" information in a sense, Colonel Karpinski learned essentially *nothing* about the CACI Defendants or their employees in the course of her official duties in Iraq.  Moreover, Colonel Karpinski, who was reduced in rank upon retirement for dereliction of duty in Iraq, is hardly a source of the U.S. Army's official position on *anything*, and there is no record evidence to support such an improbable notion.  Indeed, as LTC Daniels made clear in the supplemental declaration he submitted at Plaintiffs' request, the information provided by military declarants is not a statement of the Army's official position by any stretch of the imagination.  *See* Pl. Ex. A-1 at ¶ 2.

Graner statement as a "sworn" statement, even though the CACI Defendants' reply noted its unsworn nature. Tellingly, Plaintiffs did not depose Graner during summary judgment discovery. They cannot now employ an unsworn statement in lieu of pursuing whatever admissible and relevant evidence Graner theoretically might have possessed.

    Respectfully submitted,

    */s/ John F. O'Connor*

    J. William Koegel, Jr. (Bar No. 323402)
    John F. O'Connor (Bar No. 460688)
    Frank H. Griffin, IV (Bar No. 481446)
    STEPTOE & JOHNSON LLP
    1330 Connecticut Avenue, N.W.
    Washington, D.C. 20036
    (202) 429-3000

    *Attorneys for Defendants CACI International Inc. and CACI PT Inc*

August 14, 2007