**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SALEH *et al.*, | ) |
| | ) |
| | ) |
| Plaintiffs, | ) Civil Action No. 05-1165 (JR) |
| | ) |
| v. | ) |
| | ) |
| THE TITAN CORPORATION *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

*PLAINTIFFS' MOTION TO RECONSIDER*
*GRANT OF SUMMARY JUDGMENT TO TITAN*

On November 6, 2007, the Court issued a ruling on the defendants' motions for

summary judgment on the government contractor defense.  As part of this ruling, the

Court granted summary judgment to defendant Titan, on grounds that its employees in

Iraq were subject to the exclusive operational control of the U.S. military.  Plaintiffs

respectfully move the Court to reconsider its grant of summary judgment to Titan for the

reasons set forth in the attached Memorandum of Points and Authorities.  A proposed

order is attached.

<div align="right">

      /s/ Susan L. Burke
Susan L. Burke (D.C. Bar No. 414939)
William T. O'Neil (D.C. Bar No. 426107)
Katherine R. Hawkins (admitted *pro hac vice*)
BURKE O'NEIL LLC
Telephone:  (215) 487-6590
Facsimile:  (215) 482-0874
sburke@burkeoneilllc.com

Shereef Hadi Akeel (admitted *pro hac vice*)
AKEEL & VALENTINE, P.C.
401 South Old Woodward Avenue
Suite 430
Birmingham, MI 48009

</div>

Telephone:  (248) 594-9595
Facsimile:  (248) 594-4477
shereef@akeelvalentine.com

Jennifer Green
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway
 7th Floor
New York, NY 10012
Telephone:  (212) 614-6439
Facsimile:  (212) 614-6499
jgreen@ccr-ny.org

*Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SALEH *et al.*,<br><br>       Plaintiffs,<br><br>       v.<br><br>THE TITAN CORPORATION *et al.*,<br><br>       Defendants. | )<br>)<br>)<br>)  Civil Action No. 05-1165 (JR)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

*MEMORANDUM OF POINTS AND AUTHORITIES*
*IN SUPPORT OF PLAINTIFFS' MOTION TO RECONSIDER*
*GRANT OF SUMMARY JUDGMENT TO TITAN*

Pursuant to Fed.R.Civ.Pro. 54(b), and in the alternative, Fed.R.Civ.Pro. 59(e),

*Saleh* counsel respectfully ask the Court to reconsider its grant of summary judgment on

the government contractor defense to defendant Titan. Rule 54(b) permits the Court to

revise orders that do not constitute final judgments "as justice requires," such as when a

court has misunderstood a party, made an error of apprehension, or where a controlling or

significant change in the law or facts has occurred since the submission of the issue to the

Court. *Singh v. George Washington University*, 383 F.Supp.2d 99, 101 (D.D.C. 2005)

*See also Ciralsky v. CIA*, 355 F.3d. 661, 671 (D.C. Cir. 2004) (Rule 59(e) motions may

be granted if "the district court finds that there is an intervening change of controlling

law, the availability of new evidence, or the need to correct a clear error or prevent

manifest injustice.") Given the severity of the injuries resulting from the torture, and the

compelling evidence that Titan employee Adel Nakhla directly participated in the

torture,[1] undersigned counsel believe that denying the torture victims the right to go to

trial against Titan based on a factual misapprehension would result in a manifest

injustice.

**ARGUMENT**

On November 6, 2007, the Court issued a ruling on the defendants' motions for

summary judgment on the government contractor defense. The Court, noting that

"[d]iscovery and briefing in this case have allowed a sharper definition of the showing

necessary for preemption pursuant to the FTCA's combatant activities exception,"

*Summary Judgment Order at 5*, held  that:

> When the military allows private contractors to retain authority to
> oversee and manage their employees' job performance on the
> battlefield, no federal interest supports relieving those contractors
> of their state law obligations to select, train, and supervise their
> employees properly.

*Id. at 8-9.*

The test, as stated by the Court, is whether the military "allows private contractors

to retain authority to oversee and manage their employees' job performance" in theater,

not whether the contractor actually chooses to exercise this authority.  *Id.* As the Court

held, the purpose of preemption under the combatant activities exemption is to ensure

that contract employees "need not weigh the consequences of obeying military orders

against the possibility of exposure to state law liability."  *Id. at 8.*  A contractor who

voluntarily declines to train, screen, or supervise its employees to cut costs and increase

corporate profits--rather than because the military requires it--is not eligible for the

---

[1] Evidence that Adel Nakhla tortured prisoners is set forth in *Titan Opp. Appendix C-38
(Sworn Statement of Adel Nakhla to U.S. Army Criminal Investigations Division)* as well
as in the *Saleh Plaintiffs' Opposition to Defendant Nakhla's Motion to Dismiss the Third
Amended Complaint, (May 8, 2006).*

defense: "common law claims against private contractors will be preempted only to the extent necessary to insulate *military* decisions from state law regulation." *Id. at 8* (emphasis in original).

Applying this standard, the Court found that the military's operational control over Titan employees was "exclusive," and that "the military, and not Titan gave **all** the orders that determined how linguists performed their duties." *Id. at 19, 20-21* (emphasis added).

The following documentary and testamentary record evidence should have been drawn to the Court's attention, as they establish a clear jury question as to whether Titan management had the power to oversee and prevent their translator employees from abusing prisoners:

***First***, Titan's own documents contradict the Titan testimony that the military prevented Titan from exercising any control over its employees. █████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████

      ██████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████



[redacted]

[redacted]

[redacted]

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████ also consistent with general military policy, which forbade contractors from

participating in the torture of prisoners, and required them to report torture that they

witnessed.  ████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████

    **Second,** military testimony confirms that Titan translators, as corporate

employees, had the ability to control their own conduct irrespective of military orders or

actions.  ██████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

███████████████

        ████████████████████████████████████████

██████████████████████████████████████████████████

███████████

                ████████████████████████████████

                ██████████████████



[redacted]

***Third,*** Titan's own witnesses created a factual dispute as to whether the military exercised exclusive control over Titan translators. During depositions, Titan witnesses contradicted the Winkler Declaration's statement that Titan was "prohibited by the military from observing linguists performing their duties or from discussing their interrogations," which was relied on by the Court to establish exclusive military control. *Id. at 12* (quoting Winkler Decl., ¶ 36). [redacted]

2 [redacted]



████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████[3]

Based on Titan's own contradictory documents and testimony, as well as on the
military witnesses' testimony, Titan cannot carry its burden on establishing beyond
dispute the facts needed to sustain the affirmative defense government contractor defense
at this time.  If the facts are as Titan portrays in its papers, Titan obviously will have the
ability to invoke the defense at trial after discovery.  But given that the defense is
intended to protect the United States, and that the United States has not sought its
invocation here, the defense should not be extended on the basis of such a disputed
factual record.

## CONCLUSION

For the foregoing reasons, the plaintiffs respectfully request that their motion for
relief under Rule 54(b) and Rule 59(e) be granted, and that the Court reverse its grant of
summary judgment to defendant Titan on the government contractor defense.

Respectfully submitted,


_____/s/ Susan L. Burke_____
Susan L. Burke (D.C. Bar No. 414939)
William T. O'Neil (D.C. Bar No. 426107)
Katherine R. Hawkins (admitted *pro hac vice*)
BURKE O'NEIL LLC
Telephone:  (215) 487-6590
Facsimile:  (215) 482-0874
sburke@burkeoneilllc.com

---

[3] Former Titan Site Manager Thomas Crowley has also contradicted Winkler's testimony
about company reporting policies regarding abuse of prisoners.  *See Titan Opp. Appendix
A-1.*

Shereef Hadi Akeel (admitted *pro hac vice*)
AKEEL & VALENTINE, P.C.
401 South Old Woodward Avenue
Suite 430
Birmingham, MI 48009
Telephone:  (248) 594-9595
Facsimile:  (248) 594-4477
shereef@akeelvalentine.com

Jennifer Green
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway
 7th Floor
New York, NY 10012
Telephone:  (212) 614-6439
Facsimile:  (212) 614-6499
jgreen@ccr-ny.org

*Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SALEH *et al.*, | ) |
| | ) |
| | ) |
| Plaintiffs, | ) Civil Action No. 05-1165 (JR) |
| | ) |
| v. | ) |
| | ) |
| THE TITAN CORPORATION *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## [PROPOSED] ORDER

AND NOW this _____day of _____, 2007, upon consideration of Plaintiffs' Motion to Reconsider and any response thereto, it is hereby ORDERED that Plaintiffs Motion is GRANTED, and Titan's Motion for Summary Judgment on the Government Contractor Defense is DENIED.

_____
ROBERTSON, J.

**CERTIFICATE OF SERVICE**

I, Susan L. Burke, do hereby certify that on the 20[st] day of November, 2007, I caused true and correct copies of the foregoing document to be served on opposing counsel via the Court's ECF electronic filing system.

_____/s/ Susan L. Burke_____