**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IBRAHIM, *et al.*, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>TITAN CORP., *et al.*, )<br>)<br>Defendants. )<br>) | Civil Action No. 04-CV-1248 (JR) |
| SALEH, *et al.*, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>TITAN CORP., *et al.*, )<br>)<br>Defendants. )<br>) | Civil Action No. 05-CV-1165 (JR) |

**MOTION OF DEFENDANTS CACI INTERNATIONAL INC
AND CACI PREMIER TECHNOLOGY, INC., FOR EXTENSION
OF DEADLINE TO FILE NOTICE OF APPEAL AS OF RIGHT**

Defendants CACI International Inc and CACI Premier Technology, Inc. (collectively, the "CACI Defendants") hereby move pursuant to Federal Rule of Appellate Procedure 4(a)(5) to extend by thirty days the deadline for the CACI Defendants' filing of any notice of appeal from the Court's November 6, 2007 Memorandum Order (the "Memorandum Order") denying the CACI Defendants' motion for summary judgment. The requested extension is appropriate because the CACI Defendants have pending before the Court a motion for reconsideration of the Memorandum Order, and the interests of efficiency favor delaying any potential deadline for

noticing an appeal until the CACI Defendants' motion for reconsideration has been decided by the Court. The bases for the CACI Defendants' motion are set forth in greater detail in the accompanying Memorandum.

Wherefore, the CACI Defendants respectfully request that the Court extend by thirty days the deadline for the CACI Defendants' filing of any notice of appeal from the Memorandum Order. A proposed order is attached.

Respectfully submitted,

*/s/ John F. O'Connor*

J. William Koegel, Jr. (Bar No. 323402)
John F. O'Connor (Bar No. 460688)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 429-3000

*Attorneys for Defendants CACI International Inc. and CACI PT Inc*

November 30, 2007

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IBRAHIM, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Action No. 04-CV-1248 (JR) |
| v. ) | |
| ) | |
| TITAN CORP., *et al.*, ) | |
| ) | |
| Defendants. ) | |

| | |
|---|---|
| SALEH, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Action No. 05-CV-1165 (JR) |
| v. ) | |
| ) | |
| TITAN CORP., *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF DEFENDANTS CACI INTERNATIONAL
INC AND CACI PREMIER TECHNOLOGY, INC., IN
SUPPORT OF THEIR MOTION FOR EXTENSION
<u>OF DEADLINE TO FILE NOTICE OF APPEAL AS OF RIGHT</u>**

Defendants CACI International Inc and CACI Premier Technology, Inc. (collectively, the "CACI Defendants") seek a thirty-day extension on the potential deadline to file a Notice of Appeal of the Court's November 6, 2007 Memorandum Order (the "Memorandum Order") denying the CACI Defendants' motion for summary judgment on the issue of preemption. The CACI Defendants seek this extension in order to eliminate any argument that their time for noticing an appeal from the memorandum Order is running, and might expire, before the Court

rules on the CACI Defendants' motion for reconsideration of the Memorandum Order.

On November 6, 2007, the Court issued the Memorandum Order, denying the CACI Defendants' summary judgment motion on the issue of combatant activities preemption. Under ordinary circumstances, if the Memorandum Order is an immediately appealable collateral order (which the CACI Defendants believe it is), the last day on which the CACI Defendants may notice an immediate appeal of the Memorandum Order would be December 6, 2007, thirty days after entry of the Memorandum Order.

The CACI Defendants, however, have filed a motion seeking reconsideration of the Memorandum Order under Federal Rules of Civil Procedure 54(b) and 59(e). In the event that the Court denies that motion, the CACI Defendants contemplate filing a Notice of Appeal of the Memorandum Order under the collateral order doctrine.[1] Federal Rule of Appellate Procedure 4(a)(4)(A)(iv) provides that the time for filing a Notice of Appeal does not run while a Rule 59(e) motion to alter or amend a judgment is pending. By contrast, however, a Rule 54(b) motion for reconsideration is not one of the motions listed in Fed. R. App. P. 4(a)(4)(A) that delays the running of the time to file a Notice of Appeal. While there is some authority indicating that the CACI Defendants' motion for reconsideration is considered a Rule 59(e) motion, *Harrison v. Lappin*, 510 F. Supp. 2d 153, 155 (D.D.C. 2007), the CACI Defendants believe the motion is more properly considered under Rule 54(b) because the Memorandum Order did not constitute a final judgment on Plaintiffs' claims against the CACI Defendants.

---

[1] The CACI Defendants believe that the collateral order doctrine permits an immediate appeal of an order denying an assertion of combatant activities preemption. That is because the CACI Defendants' assertion of combatant activities preemption is derivative of the sovereign immunity retained by the combatant activities exception to the Federal Tort Claims Act, 28 U.S.C. § 2869(j). *See Nixon v. Forsyth*, 457 U.S. 731, 742 (1982) (holding that orders rejecting nonfrivolous claims of absolute immunity are immediately appealable collateral orders); *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985) (holding that orders rejecting nonfrivolous claims of qualified immunity are immediately appealable collateral orders); *Puerto Rico Aqueduct & Sewer Auth. V. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993) (holding that orders rejecting claims of Eleventh Amendment immunity are immediately appealable collateral orders).

Therefore, in the absence of an order extending the deadline for the CACI Defendants' filing of a Notice of Appeal, the CACI Defendants would run the risk that their motion for reconsideration would be treated solely as a Rule 54(b) motion, and denied more than thirty days after entry of the Memorandum Order.  That would create the possibility that the Court of Appeals might later conclude that the CACI Defendants' motion for reconsideration did not stay the running of the thirty-day period for filing a Notice of Appeal, rendering the Notice of Appeal untimely.  To avoid this potential result, the CACI Defendants submit that an extension for filing a Notice of Appeal is appropriate.

      Granting the requested extension would avoid the dilemma currently faced by the CACI Defendants: whether to file a Notice of Appeal out of an abundance of caution while they are simultaneously asking the Court to reconsider the order from which the CACI Defendants would notice an appeal.  The requested extension also would serve the interests of efficiency.  If the Court grants the CACI Defendants' motion for reconsideration and, upon reconsideration, enters summary judgment in the CACI Defendants' favor, there is no need for an interlocutory appeal.  That would spare the parties the expense and expenditure of resources associated with a Notice of Appeal from the Memorandum Order.  Moreover, in the event that Plaintiffs take the position that the collateral order doctrine does not apply, an extension will avoid litigation of that dispute with respect to an interlocutory appeal that might become unnecessary depending on the Court's resolution of the motion for reconsideration.  In a perfect world, therefore, the parties would know the result of the CACI Defendants' motion for reconsideration before the deadline for filing a Notice of Appeal has even arguably run.  The most efficient way to achieve this result is to extend the deadline for filing a Notice of Appeal from the Memorandum Order by the thirty days permitted under Federal Rule of Appellate Procedure 4(a)(5).  This would allow the parties to know whether an immediate appeal, if permitted as the CACI Defendants believe it is, is even

necessary before the CACI Defendants are required to file a Notice of Appeal.

          Respectfully submitted,

          */s/ John F. O'Connor*

          J. William Koegel, Jr. (Bar No. 323402)
          John F. O'Connor (Bar No. 460688)
          STEPTOE & JOHNSON LLP
          1330 Connecticut Avenue, N.W.
          Washington, D.C. 20036
          (202) 429-3000

          *Attorneys for Defendants CACI International Inc. and CACI PT Inc*

November 30, 2007