IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ILHAM NASSIR IBRAHIM, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>THE TITAN CORPORATION, *et al.*,<br><br>Defendants. | Civil Action No. 04-01248 (JR) |
| SALEH, *et al.*,<br><br>Plaintiffs,<br>v.<br><br>THE TITAN CORPORATION, *et al.*,<br><br>Defendants. | Civil Action No. 05-1165 (JR) |

### DEFENDANT L-3 COMMUNICATIONS TITAN CORPORATION'S REPLY IN SUPPORT OF ITS MOTION FOR ENTRY OF JUDGMENT UNDER RULE 54(b)

Plaintiffs present not a single reason why this Court should change its preliminary determination that the summary judgment in favor of L-3 Communications Titan Corporation ("Titan") was suitable for certification under Federal Rule of Civil Procedure 54(b). The absence of arguments or reasons in opposition is basis enough to reject the objection, but as more fully set forth below, there is "no just reason for delay" in entering a final judgment for Titan under Rule 54(b), regardless of the outcome of CACI's application to the Court of Appeals.

On December 6, 2007, the Court accepted Titan's motion in open court for certification of its summary judgment under Rule 54(b). That same day the Court issued a memorandum order directing the Clerk to enter a final judgment under that rule in favor of Titan unless plaintiffs objected by December 17, 2007. (12/6/07 Mem. Order at ¶1.) On December 17, 2007 plaintiffs filed a one paragraph opposition to entry of a final judgment pursuant to Rule 54(b) if the Court of Appeals does not permit CACI to take an interlocutory appeal. The opposition acknowledges that the Court should enter judgment under Rule 54(b) for Titan if the Court of appeals accepts CACI's interlocutory appeal, but does not explain why "this Court should refrain

from issuing a Rule 54(b) judgment to Titan until the conclusion of the trial against CACI," beyond the obvious conclusion that if the Court delays final judgment for Titan, "both matters would be able to be appealed together." (Opp. at 2.)

The standards for entering a final judgment under Rule 54(b) are well-known. It is committed to the Court's discretion and requires the Court to expressly direct entry of a final judgment in favor of fewer than all the defendants upon finding that there is "no just reason for delay." *See generally Curtis-Wright Corp. v. General Electric Co.*, 446 U.S. 1 (1980) (describing standard of review and balance of administrative interests and equities in the context of separate claims). The district court "is the one most likely to be familiar with the case and with any justifiable reasons for delay." *Id.* at 10 (internal quotation and citation omitted). Here there are no reasons for delay. The claims against Titan and CACI are separate, they employed different personnel, performing different functions, and were supervised differently. As the claims on which judgment was granted are either vicarious, and therefore flow upward from the different corporations' employees, or direct arising from the alleged distinct negligence of each defendant, there is no reason that the judgment for Titan cannot be appealed separately from a trial of plaintiffs' claims against CACI. Moreover, after plaintiffs' exhaustive discovery of Titan's employees, the Court concluded that there was no material dispute of fact about the control of Titan employees, while the Court found there was with regard to CACI. Nothing is going to emerge at a trial of plaintiffs' claims against CACI that is going to affect that determination that the Titan employees were exclusively supervised by the military.

At the same time, there would be a significant cost imposed on Titan if it must remain in this court until the trial of CACI is completed. Under Rule 54(b), the summary judgment against Titan is open to reconsideration at any time, and plaintiffs have refused to agree not to seek reconsideration. Therefore, to protect its interest, Titan would have to weigh whether to participate in courts proceeding and depositions lest the plaintiffs succeed in convincing the Court to pull Titan back into the litigation or, in the unlikely event of a reversal in an appeal from a final judgment resolving the whole case, a court were to find that Titan is somehow bound by

determinations made here in subsequent proceedings. For example, the *Ibrahim* plaintiffs have filed a fourth amended complaint, and have continued to assert claims against Titan. Does Titan have to move to dismiss and move for summary judgment again? There is no reason that Titan should have to or should have to continue in this lawsuit that is now solely against CACI when there are no outstanding issues about Titan.

The plaintiffs also have backwards the relationship between the grant of a Rule 54(b) judgment to Titan, and the courts' 1292(b) certification to CACI. The Court first decided (albeit subject to consideration of any arguments or reasons plaintiffs filed in opposition) to grant Titan a final judgment under Rule 54(b). Afterwards, in light of that decision, the Court granted the 1292(b) certification. While the Court of Appeals might choose to consider CACI's interlocutory appeal given a final judgment for Titan, that does not mean the Court should wait to see what the Court of Appeals does, especially since the lack of a final judgment for Titan might influence the Court of Appeals the other way. But, whether the Court of Appeals accepts CACI's appeal has nothing to do with whether the separate judgment for Titan should be final thereby excusing Titan from further jeopardy from and participation in what has become an action against CACI alone.

Accordingly, Titan respectfully requests the Court to direct the Clerk to enter a final judgment on behalf of Titan having found no just reason for delay. A form order is attached.

Respectfully Submitted,

F. Whitten Peters (DC Bar No. 255083)
Ari S. Zymelman (DC Bar No. 421593)
F. Greg Bowman (DC Bar No. 486097)

WILLIAMS & CONNOLLY LLP
725 12th Street, N.W.
Washington, D.C. 20005
(202) 434-5000

Dated: December 18, 2007

*Attorneys for Defendant L-3 Communications Titan Corporation*