**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| _____ ) | |
| SALEH, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. 05-CV-1165 (JR) |
| ) | |
| v. ) | |
| ) | |
| TITAN CORP., *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**MOTION OF DEFENDANTS CACI INTERNATIONAL INC AND
CACI PREMIER TECHNOLOGY, INC., TO ADJOURN BRIEFING SCHEDULE
ON DEFENDANTS' MOTION TO DISMISS FOURTH AMENDED COMPLAINT**

Defendants CACI International Inc and CACI Premier Technology, Inc. (collectively, the "CACI Defendants") hereby move to adjourn the briefing schedule on the CACI Defendants' Motion to Dismiss Plaintiffs' Fourth Amended Complaint until all appeals in this action have been resolved. Adjournment of the briefing schedule is appropriate because: (1) the CACI Defendants' Notice of Appeal has divested the Court of jurisdiction over the merits of this action; (2) adjournment of the briefing schedule is most consistent with the Court's prior order adjourning the previously-scheduled Rule 16 conference until the pending appeals were resolved; and (3) the Court has granted the motion by the plaintiffs in the related case of *Ibrahim v. CACI Premier Technology, Inc.*, No. 04-1248 (D.D.C.), to adjourn the briefing schedule on CACI PT's motion to dismiss the third amended complaint in that action, and notions of efficiency favor having the motions to dismiss in both of these cases briefed and argued on the same track. The bases for the CACI Defendants' motion are set forth in greater detail in the

accompanying Memorandum.[1]

Wherefore, the CACI Defendants respectfully request that the Court adjourn the briefing schedule in this action so that Plaintiffs' opposition is due thirty days after resolution of all appeals in this action. A proposed order is attached.

Respectfully submitted,

/s/ John F. O'Connor

J. William Koegel, Jr. (Bar No. 323402)
John F. O'Connor (Bar No. 460688)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 429-3000

*Attorneys for Defendants CACI International Inc. and CACI PT Inc*

February 4, 2008

---

[1] Counsel for the CACI Defendants conferred with Plaintiffs' counsel on January 30, 2008, with respect to the relief sought herein. Plaintiffs' counsel advised that they intended to file their opposition to the CACI Defendants' motion to dismiss on February 1, 2008, which Plaintiffs in fact did, without seeking the CACI Defendants' concurrence in any extension beyond that to which the CACI Defendants had previously agreed. Plaintiffs' counsel also stated that Plaintiffs would not support an adjournment of the briefing schedule. Plaintiffs did indicate that they would be willing to consent to an extension on the deadline for the CACI Defendants' reply brief, to some date certain, but would not consent to adjourning the briefing schedule until all appeals are resolved.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| SALEH, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Action No. 05-CV-1165 (JR) |
| v. | ) | |
| | ) | |
| TITAN CORP., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM OF DEFENDANTS CACI INTERNATIONAL
INC AND CACI PREMIER TECHNOLOGY, INC., IN
SUPPORT OF THEIR MOTION TO ADJOURN BRIEFING SCHEDULE
ON DEFENDANTS' MOTION TO DISMISS FOURTH AMENDED COMPLAINT**

**I.    INTRODUCTION**

Defendants CACI International Inc and CACI Premier Technology, Inc. (collectively, the "CACI Defendants") seek an order adjourning the briefing schedule on the CACI Defendants' Motion to Dismiss Plaintiffs' Fourth Amended Complaint.  Adjournment of the briefing schedule is appropriate because: (1) in the CACI Defendants' view, their pending Notice of Appeal divests the Court of jurisdiction over the merits of this action; (2) adjournment of the briefing schedule is most consistent with the Court's prior adjournment of the Rule 16 conference in this action; and (3) adjournment would allow the motions to dismiss in this action and the related case of *Ibrahim v. CACI Premier Technology*, No. 04-1248 (D.D.C.) to proceed on the same track.

## II.    BACKGROUND

Plaintiffs in this action filed their Fourth Amended Complaint on December 17, 2007. That same day, this Court issued an order certifying its November 6, 2007 Memorandum Order (the "Memorandum Order") for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). The CACI Defendants timely filed a petition for permission to appeal with the D.C. Circuit on January 2, 2008. On January 4, 2008, the CACI Defendants filed a Notice of Appeal from the Memorandum Order in the D.C. Circuit based on the collateral order doctrine. On January 17, 2008, Plaintiffs filed a Notice of Appeal of the Rule 54(b) Final Judgment entered in favor of Defendant Titan Corporation. Thus, there presently are two appeals from the Memorandum Order (one by the CACI Defendants and one by Plaintiffs against Titan), as well as a petition for permission to appeal by the CACI Defendants, pending in the D.C. Circuit.

On January 8, 2008, the Court issued an order canceling the Rule 16 conference that previously had been scheduled for January 17, 2008. The Court's order states in pertinent part:

> [The Rule 16 conference] will be taken off calendar and will be re-set, if at all, in light of developments in the Court of Appeals. It will thus be unnecessary to decide whether this Court has been completely ousted of jurisdiction, as counsel suggests . . . .

1/8/08 Order at 1-2.

On January 29, 2008, plaintiffs in the related *Ibrahim* case filed an unopposed motion to adjourn the briefing schedule until after the two pending appeals and the petition for permission to appeal, as well as any appeal authorized as a result of that petition, were resolved by the D.C. Circuit. The Court issued a minute order on January 29, 2008 granting the *Ibrahim* plaintiffs' motion.

2

## III.    THE COURT SHOULD ADJOURN THE MOTION TO DISMISS BRIEFING SCHEDULE

There are three reasons why the Court should adjourn the briefing schedule on the CACI Defendants' Motion to Dismiss Plaintiffs' Fourth Amended Complaint.  *First*, in the CACI Defendants' view, the Court is divested of jurisdiction to adjudicate the merits of this action by virtue of the CACI Defendants Notice of Appeal filed on January 4, 2008.  *Princz v. Fed. Rep. of Germany*, 998 F.2d 1 (D.C. Cir. 1993) (holding that an interlocutory appeal pursuant to the collateral order doctrine from the district court's denial of an immunity defense divests the district court of jurisdiction over the merits of an action).  Because the CACI Defendants' combatant activities preemption defense, the subject of the Memorandum Order, is entirely derivative of the sovereign immunity conferred by the combatant activities exception to the Federal Tort Claims Act, the CACI Defendants view the Memorandum Order as immediately appealable as of right, with such appeal divesting the Court of jurisdiction over the merits.  In its January 8, 2008 order adjourning the Rule 16 conference in this action, the Court acknowledged the CACI Defendants' position on divestiture of jurisdiction but found it unnecessary to resolve the issue at that time.  However, if the briefing schedule is not adjourned in this action, as it was in *Ibrahim*, the Court will have to confront this jurisdictional issue, and the CACI Defendants assert that such an analysis supports a finding of a lack of jurisdiction to proceed.

*Second*, the Court's January 8, 2008 order adjourning the Rule 16 conference appeared to evince a determination by the Court that any analysis of divestiture of jurisdiction would be unnecessary because the Court was going to cease district court proceedings on the merits while the various appeals remained pending.  However, the Court's order certifying the Memorandum Order for interlocutory appeal did not act on the CACI Defendants' request for a stay of district court proceedings, nor did the Court's January 8, 2008 order canceling the Rule 16 conference explicitly adjourn the briefing on the pending motion to dismiss.  Nevertheless, the common

theme running through the Court's order appears to be an intention to allow the appellate proceedings to run their course before district court proceedings continue, a result that would be achieved through adjournment of the motion to dismiss briefing schedule. In any event, allowing the briefing schedule to continue is seemingly inconsistent with the Court's observation in its January 8, 2008 order that determining whether the Court is divested of jurisdiction over the merits. By contrast, adjourning the briefing schedule avoids the jurisdictional issues the Court has determined are unnecessary to resolve and allows the Court and parties to obtain guidance from the Court of Appeals before continuing proceedings on the merits.

*Third*, the Court's order adjourning the briefing schedule in *Ibrahim* heightens the efficiencies inherent in adjourning the briefing schedule in this action. There are many common issues in the *Saleh* and *Ibrahim* cases, including a number of common bases for dismissal argued in the CACI Defendants' motions to dismiss the two cases. Therefore, the CACI Defendants submit that the motions to dismiss in these cases should be briefed, argued, and decided on the same track. Moreover, as with *Ibrahim*, it makes sense to obtain the guidance of the Court of Appeals on a number of issues that are raised in the motions to dismiss before the Court rules on the pending motions to dismiss. The pending appeals necessarily will confront the Court's preemptions rulings in the Memorandum Order, and Plaintiffs' appeal of the Final Judgment entered in Titan's favor likely will involve appellate review of the Court's prior motion to dismiss rulings in this case. Therefore, with the *Ibrahim* briefing schedule stayed pending resolution of all of the pending appeals, the efficient course, even if it were not required by virtue of the Court's divestiture of jurisdiction, would be to adjourn the briefing schedule on the same basis as in the *Ibrahim* case.

IV.    **CONCLUSION**

For the foregoing reasons, the Court should adjourn the briefing schedule in the present action until all pending appeals, including any appeal flowing from the CACI Defendants' petition for permission to appeal, have been finally resolved.

                    Respectfully submitted,

                    */s/  John F. O'Connor*

                    _____

                    J. William Koegel, Jr. (Bar No. 323402)
                    John F. O'Connor (Bar No. 460688)
                    STEPTOE & JOHNSON LLP
                    1330 Connecticut Avenue, N.W.
                    Washington, D.C. 20036
                    (202) 429-3000

                    *Attorneys for Defendants CACI International Inc. and CACI PT Inc*

February 4, 2008